Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dwayne J. Scott and Derell J. Meynard , individually and on behalf of all others similarly situated, | Case No.  COMPLAINT |
| Plaintiff, | |
| *-against-* | |
| Whole Foods Market Group, Inc. | |
| Defendant. | |

# CLASS ACTION COMPLAINT

Plaintiffs Dwayne J. Scott and Derell J. Meynard, individually and on behalf of all others similarly situated, as class representatives, alleges as follows:

## INTRODUCTION

1. Plaintiffs bring this class action under the New York Labor Law for failure to timely pay wages under New York Labor Law § 191.

## THE PARTIES

2. Dwayne J. Scott ("Mr. Scott") is a resident of New York State

3. Derell J. Meynard ("Mr. Meynard") is a resident of New York State.

4. Defendant Whole Foods Market Group, Inc. ("Whole Foods") is a Delaware Corporation.

5. Defendant Whole Foods is headquartered in Austin, Texas.

6. Defendant Whole Foods operates a nationwide chain of grocery stores.

7. Upon information and belief, Defendant Whole Foods has operated a chain of grocery stores in the State of New York since prior to December 11, 2011 until the present.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

10. Mr. Scott was employed by the defendant from approximately July of 2011 until December 2015.

11. Mr. Scott worked at the Whole Foods supermarket located in Manhasset, New York.

12. Mr. Scott was a cashier's helper.

13. Mr. Scott spent at least 25% of his time engaged in physical labor.

14. Mr. Scott was a manual worker.

15. During his entire employment with Whole Foods, Mr. Scott was paid on a bi-weekly basis.

16. Mr. Meynard was employed by the defendant from June 24, 2010 until July 13, 2013.

17. Between June 24, 2010 and July 13, 2013, Mr. Meynard worked at the Whole Foods located in Manhasset, New York.

18. Mr. Meynard spent at least 25% of his work time engaged in physical labor.

19. Mr. Meynard was a manual worker.

20. During his entire employment with Whole Foods, Mr. Meynard was paid on a bi-weekly basis.

21. Prior to December 22, 2011 Whole Foods had a uniform national practice of paying all employees every two weeks.

22. At some time prior to December 22, 2011 Whole Foods became aware that New York Labor Law § 191 required it to pay manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

23. When Whole Foods became aware of NYLL § 191, it employed manual workers in the State of New York.

24. Under NYLL § 191(1)(a)(i) & (ii), an employer may obtain authorization from the commissioner of labor to pay manual workers "in accordance with the agreed terms of employment, but not less frequently than semi-monthly."

25. Until April 27, 2012, Whole Foods was not authorized by the commissioner to pay manual workers, including the Plaintiff, on a bi-weekly basis.

26. Until April 27, 2012, Whole Foods was required by law to pay manual workers, including the Plaintiff, "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

27. Between December 22, 2011 and April 26, 2016 Whole Foods was aware that it was not paying manual workers in the state of New York "on a weekly basis and not later than

seven calendar days after the end of the week in which the wages are earned" as required by NYLL § 191.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of all manual workers who were employed at any time from December 11, 2011 until April 27, 2012 (the "Class").

29. Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

30. The members of the Class are so numerous that joinder of all members is impracticable.

31. As of December 11, 2011, Whole Foods employed approximately 3,300 employees in the State of New York. The overwhelming majority of individuals employed at Whole Foods grocery stores were manual workers. The precise number of class members is known to the Defendants.

32. A common question of law exists as to the Class that predominates over any questions only affecting class members individually, namely, the damages to which class members are entitled due to the Defendants' knowing delayed payment of wages under NYLL § 191(1).

33. The Plaintiff's claims are typical of the claims of the class they seek to represent. Plaintiffs and all of the Class members work, or have worked, in the State of New York at Whole

Foods grocery stores. They all spent at least 25% of their time engaged in manual labor. The Plaintiffs and the Class all enjoyed the same statutory right under NYLL § 191 to be paid "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

34. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

35. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

36. There is no conflict between Plaintiffs and the Class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's violations of NYLL § 191. Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual class members lack the financial resources to prosecute vigorously individual lawsuits against Defendant to

recover liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

38. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

39. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF NYLL §§ 191 AND 198

40. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Plaintiffs and the Class were manual workers as defined by the NYLL.

42. Plaintiffs and the Class were entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were earned.

43. Defendant willfully failed to pay the Plaintiffs and the Class as frequently as required by NYLL § 191.

44. Defendant willfully failed to pay wages to the Plaintiffs and the Class within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

45.     Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendant liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

a)  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)  Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

c)  Liquidated damages permitted by law pursuant to the NYLL;

d)  Prejudgment interest;

e)  Reasonable attorneys' fees and costs of the action; and

f)  Such other relief as this Court shall deem just and proper.

Dated:  Glen Cove, New York
        January 5, 2018

> Respectfully Submitted,
> MOSER LAW FIRM, P.C.
>
> _____
> Steven John Moser
> 3 School Street, Suite 207B
> Glen Cove, New York  11542
> (516) 671-1150 •
> smoser@moseremploymentlaw.com