UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
Dwayne J. Scott and Derell J. Meynard,                    :
individually and on behalf of all others similarly        :
situated,                                                 :
                                                          :       2:18 Civ. 86 (SJF) (AKT)
                                        Plaintiffs,       :
                                                          :
              -against-                                   :
                                                          :
WHOLE FOODS MARKET GROUP, INC.,                           :
                                                          :
                                                          :
                                        Defendant.        :
------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPOR OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

   Respectfully submitted,

**GREENBERG TRAURIG, LLP**
Eric B. Sigda
Michael J. Slocum
200 Park Avenue
MetLife Building
New York, New York 10166
(212) 801-9200
sigdae@gtlaw.com
slocumm@gtlaw.com
*Attorneys for Defendant Whole Foods Market Group, Inc.*

AUS 536753009v1

Defendant Whole Foods Market Group, Inc. ("Whole Foods"), by its attorneys, Greenberg Traurig, LLP, submits this Memorandum of Law in support of its motion to dismiss, pursuant to Rule 12(b)(6), Plaintiffs' Dwayne Scott ("Scott") and Derell Meynard ("Meynard") Class Action Complaint asserting a single cause of action, under New York Labor Law §§ 198 and 191, for Whole Foods' alleged failure to timely pay wages. For the reasons detailed below, Plaintiffs' Complaint fails as a matter of law, and should therefore be dismissed.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Plaintiffs Scott and Meynard seek to represent a putative class of "manual workers" employed by Whole Foods throughout the State of New York from roughly December 2011 through April 2012. [ECF Doc. No. 1] ("Complaint") at ¶ 28.[1] Whole Foods, the Nation's largest retailer of natural and organic foods and nutritional products, formerly employed Scott and Meynard at its Manhasset store. (Complaint at ¶¶ 11, 17). Whole Foods paid Scott and Meynard "on a bi-weekly basis." (Complaint at ¶ 15).

Plaintiffs do not allege that Whole Foods failed to pay them – or any other putative class member – any portion of wages due them for their labor. Nor do Plaintiffs allege that Whole Foods wrongfully deducted any portion of their – or any other putative class members' – wages. In other words, Plaintiffs do not dispute that they were paid in full for their labor.

Rather, Plaintiffs' sole claim is that until April 27, 2012, when Whole Foods obtained authorization from the Commissioner of the New York State Department of Labor to pay its "manual worker" employees on a bi-weekly basis, Plaintiffs and the putative class should have been "paid weekly and not later than seven calendar days after the end of the week in which the wages [we]re earned[.]" N.Y. Labor Law § 191(1)(a)(i). Nowhere do Plaintiffs explain how this

---

[1] Solely for purposes of this motion, Whole Foods assumes the factual allegations of Plaintiffs' Complaint to be true.

alleged failure to pay them weekly harmed them in any way. Indeed, Plaintiffs do not even seek underlying damages in their Prayer for Relief. Instead, they ask only for undefined "liquidated damages," together with their attorneys' fees and costs. This is impermissible.

Plaintiffs cannot bootstrap a claim through § 198, as it is well settled that "Section 198 merely provides employees with a mechanism to recover costs and expenses in connection with a successful litigation against an employer **_for failure to pay wages_**." *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 30 (2nd Cir. 1994) (emphasis added). Here, Plaintiffs cannot plausibly "succeed" in establishing that Whole Foods failed to pay them wages. To the contrary, Plaintiffs do not even allege that Whole Foods did so.

Furthermore, § 191 of the Labor Law does not afford Plaintiffs, who have suffered no ascertainable damages from Whole Foods' paying them bi-weekly, a private cause of action to right an intangible "wrong." The Labor Law does not deputize individual employees such as Plaintiffs to police their employers' compliance with every technical statutory requirement.

In short, Plaintiffs fail to state a plausible claim entitling them to relief. As such, their Complaint should be dismissed.

## ARGUMENT

Plaintiffs' Complaint requires dismissal under Rule 12(b)(6) because it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Put another way, Plaintiffs' assertions do not "nudge [Plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

To survive a motion to dismiss, Plaintiffs' claim must have "facial plausibility." "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2)).

### 1. *Plaintiffs Cannot Bootstrap a Claim Through § 198 of the Labor Law.*

Plaintiffs' claims are not salvaged by their reliance on Labor Law § 198. In *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 626 N.E.2d 29, 30, 33 (N.Y. 1993), the New York Court of Appeals considered "the plain language, legislative history and purpose of" § 198, and concluded that "the entire section was intended merely to afford procedural rules, including costs and cost-related remedies, to apply in actions brought for wage claims created under the substantive provisions of Labor Law article 6." Following *Gottlieb*, it is settled that § 198 "is merely a procedural provision dealing with costs and attorneys' fees that may be recovered after there has been a successful and independent action under the Labor Law to recover wages." *Wallace v. BMO Nesbitt Burns Corp.*, 2002 WL 32063120 * 4 (S.D.N.Y. Nov. 25, 2002) (citing *Gottlieb*). As the Second Circuit instructed in *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 30 (2nd Cir. 1994), "Section 198 merely provides employees with a mechanism to recover costs and expenses in connection with a successful litigation against an employer ***for failure to pay wages***." (Emphasis added). *Cf. Alter v. Bogoricin*, 1997 WL 691332 * 13 (S.D.N.Y. Nov. 6, 1997) (recognizing that "§ 198 does not stand alone").

Plaintiffs' reliance on § 198 is thus misplaced. Plaintiffs do not allege that they were denied any portion of their wages during the proposed class period.[2] Plaintiffs make passing

---

[2] Whole Foods notes that Plaintiffs propose a class period from December 11, 2011 until April 27, 2012. (Complaint at ¶ 28). The Labor Law, however, imposes a strict six year limitations

3

reference to "the damages [they sustained] due to the Defendants' [sic] knowing delayed payment of wages under NYLL § 191(1)." (Complaint at ¶ 32). Plaintiffs even describe these supposed "damages" as being "not *de minimis*[.]" (Complaint at ¶ 37).

Yet these phantom "damages" are tellingly absent from Plaintiffs' "Prayer for Relief." Plaintiffs seek (a) certification of a class, (b) appointment of class representatives and counsel, (c) "liquidated damages" under Labor Law § 198, (d) prejudgment interest, (e) attorney fees and costs, and (f) "such other relief as this Court shall deem just and proper." But not actual **damages** – an omission fatal to their Complaint. *See, e.g., Scheer v. Kahn*, 221 A.D.2d 515 (N.Y. App. Div., 2nd Dept. 1995) (plaintiff real estate broker who claimed wrongful denial of commissions under his employment contract could not recoup liquidated damages under § 198, where plaintiff did not claim damages under the substantive provisions of Labor Law independent of § 198). *Cf. Beshty v. General Motors*, 327 F.Supp.2d 208, 223 (W.D.N.Y. 2004) (plaintiff, who alleged a violation of § 193 based on his employer's temporarily stopping payment on his final paycheck, could not recover liquidated damages and attorneys' fees under § 198 "since plaintiff received the full amount of his final paycheck before this action was commenced" and thus did not seek independent damages under the Labor Law's substantive provisions).

Indeed, that Plaintiffs lack a viable cause of action under the Labor Law is further demonstrated by § 198 itself. Section 198 enumerates several types of remedies available to employees who bring suit for alleged violation of select and specified substantive provisions of the Labor Law. Principally, § 198(1-a) provides for additional recovery where an employee is "paid less than the wage to which he or she is entitled[.]" Specifically:

---

period. *See* § 198(3). Because Plaintiffs did not file their Class Action Complaint until January 5, 2018, any claims based upon alleged conduct prior to January 5, 2012 are time barred.

4

> In any action instituted in the courts upon a wage claim ***by an employee*** … in which the employee prevails, the court shall allow such employee to recover the full amount of ***any underpayment***, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer provides a good faith basis to believe that its ***underpayment of wages*** was in compliance with the law, and additional amount as liquidated damages equal to one hundred percent of the total amount of the wages ***found to be due***[.]

*Id.* (emphasis added).

Again, Plaintiffs here do not allege that Whole Foods failed to pay them or any putative class member "the wage to which he or she [wa]s entitled[.]" But § 198 is not limited to underpayment of wages. Section 198(1-b) stipulates that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur[.]" And Section 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur[.]"

No other substantive provisions of the Labor Law are envisioned in § 198 as carrying a private cause of action. *See, e.g.,* § 192 (prohibiting direct deposit of wages absent employee's written consent). *See also, Chuk on Chan v. Good Chows Inc.*, 2017 WL 6550689 (S.D.N.Y. Dec. 21, 2017) (noting that § 195's requirement of annual wage statements, as distinct from initial statements, is "a right without a remedy" for which no private right of action exists) (collecting cases). In particular, there is no provision for any recovery under § 191 where, as here, an employer's sole alleged violation was to pay its workers bi-weekly rather than weekly. As such, Plaintiffs cannot rely upon § 198 to state a claim here.

5

### *2. Labor Law § 191 Does Not Afford Plaintiffs a Private Right of Action.*

As noted above, Plaintiffs' sole "claim" against Whole Foods is that the Company "fail[ed] to timely pay wages under New York Labor Law § 191." (Complaint at ¶ 1). New York Labor Law § 191 provides in pertinent part that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]" But the statute is silent respecting enforcement of this requirement. In particular, Labor Law § 191 does not by its terms create a private right of action that can be brought by employees, like Plaintiffs, who allege their employer failed to pay them weekly.

Defendant's research has uncovered a lone case suggesting that "[p]ursuant to § 191, certain kinds of employees can bring a claim for an employer's failure to pay their wages on a certain schedule." *Wiggins v. Hain Pure Protein Corp.*, 829 F.Supp.2d 231, 241 (S.D.N.Y. 2011). Whole Foods respectfully suggests that this Court should disregard *Wiggins*.

Initially, *Wiggins* is readily distinguishable from the present action. Plaintiff there was formerly the Chief Executive Officer of the defendant employer, and thus plainly not a "manual worker" under § 191. Indeed, the Court hastened to note that "[e]xecutives such as Wiggins are not entitled to bring claims under § 191 of the NYLL[.]" *Id.* at 241. Furthermore, the Court in *Wiggins* cited no authority in support of its dicta that "certain kinds of employees" enjoy a private right of action under § 191, nor did the Court engage in any statutory analysis. The Court simply assumed, without more, that § 191 permits a private action. And Defendant's research found no subsequent decision that has ever embraced *Wiggins'* assumption.

Whole Foods therefore submits that the dicta in *Wiggins*, suggesting employees have a viable "claim" for technical violations of § 191, is mistaken. Indeed, nowhere in § 191 can the terms "claim," "action," "complaint" or "suit" even be found. *Id.*

Rather, this case presents a moot claim that fails to satisfy the Constitutional requirement of a "Case" or "Controversy." As noted above, Plaintiffs do not allege that Whole Foods failed to pay them any amount of wages due. Nor do Plaintiffs allege that any portion of their wages were wrongfully deducted. Rather, Plaintiffs allege *only* that Whole Foods failed to pay their wages "as frequently as required by NYLL § 191." (Complaint at ¶ 43).

In *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013), plaintiff employee asserted collective action claims under the Fair Labor Standards Act on behalf of a putative class of other employees "similarly situated[.]" Plaintiff conceded that her personal claim had been mooted as a result of defendant's offer of judgment. Proceeding from that concession, the Court held that plaintiff "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness. [Plaintiff]'s suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction." *Id.* at 78-79. *Cf. Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016) (holding "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's [class action] case," but leaving intact *Genesis Healthcare*'s holding that plaintiffs must have "a 'personal stake in the outcome of the lawsuit'" to proceed).

Here, Plaintiffs have by their own admission suffered no actual damages. Akin to a plaintiff who accepts an offer of judgment making him whole, Plaintiffs lack any concrete interest in the outcome of this litigation. Dismissal is thus warranted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion, and dismiss Plaintiffs' Class Action Complaint, in its entirety and with prejudice.

Dated: New York, New York

    April 9, 2018

7

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Michael J. Slocum*
    Eric B. Sigda
    Michael J. Slocum
    200 Park Avenue
    MetLife Building
    New York, New York 10166
    (212) 801-9200
    sigdae@gtlaw.com
    slocumm@gtlaw.com
    *Attorneys for Defendant Whole Foods Market Group, Inc.*