**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DWAYNE J. SCOTT and DERELL J. MEYNARD, individually
and on behalf of all others similarly situated,

Plaintiffs,

-*against*-

Case No.
18-cv-000861(SJF)(AKT)

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, NY  11542
(516) 671-1150 * F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 3

I.   NYLL § 191 CREATES A SUBSTANTIVE RIGHT, FOR WHICH NYLL § 198 IS THE REMEDIAL PROVISION ................................................................................ 3

II.   THE NEW YORK STATE DEPARTMENT OF LABOR, NEW YORK STATE COURTS, AND FEDERAL COURTS HAVE UNANIMOUSLY AGREED THAT A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191 ...... 3

   A.   The New York State Department Of Labor Has Consistently Expressed Its Opinion That a Violation Of NYLL § 191 Gives Rise to a Private Right Of Action. .............................................................................................................. 3

   B.   New York State Courts Have Consistently Held That a Private Right Of Action Exists For Violations Of NYLL 191. ..................................................... 5

   C.   District Courts Within the Second Circuit Have Also Found That a Violation Of NYLL § 191 Gives Rise to a Private Right Of Action. .............................. 6

III.   THE REASONING USED BY THE SUPREME COURT IN CONCLUDING THAT THE LATE PAYMENT OF WAGES GIVES RISE TO A PRIVATE RIGHT OF ACTION UNDER THE FLSA APPLIES WITH EQUAL FORCE TO THE NYLL .. 9

   A.   The FLSA And the NYLL Have Identical Purposes and Similar Provisions ... 9

   B.   Because the FLSA and NYLL Are Virtually Identical, Courts Apply FLSA Principles When Analyzing Liability Under the NYLL ................................. 10

   C.   The Failure to Timely Pay Wages Is a Violation of the FLSA for Which There is a Private Right of Action, Even in the Absence of an Express Statutory Provision ................................................................................................... 11

   D.   Late-Paid Wages are Unpaid Wages, Because Wages Become "Unpaid" If Not Paid When They Are Due ...................................................................... 11

   E.   The Reasoning Applied to Late Payment of Wages Under the FLSA is Applicable to the NYLL ............................................................................... 13

   F.   Whole Foods' Proposed Interpretation of the Statute is Logically Inconsistent ....................................................................................................................... 14

IV.   DEFENDANT'S PROPOSED INTERPRETATION WOULD LEAD TO ILLOGICAL AND UNJUST RESULTS ........................................................... 15

V.   THE CASES CITED BY DEFENDANT EITHER ARE NOT ON POINT, OR DIRECTLY SUPPORT THE PLAINTIFFS' CLAIMS ............................................ 16

VI.   ACTUAL DAMAGES ARE NOT A REQUIREMENT UNDER THE NYLL OR THE FLSA .................................................................................................... 17

CONCLUSION ................................................................................................................ 18

## TABLE OF AUTHORITIES

**Supreme Court Opinions**

Brook. Sav. Bank v. O'Neil, 324 U.S. 697, 65 S. Ct. 895 (1945) .................................... 11, 13, 17

Bush v. Gore, 531 U.S. 98, 121 S. Ct. 525 (2000) ................................................................... 5

**Second Circuit Opinions**

Alter v. Bogoricin, No. 97 Civ. 0662 (MBM), 1997 WL 691332 (S.D.N.Y. Nov. 4, 1997) ...... 16

Belizaire v. Rav Investigative & Sec. Servs., 61 F. Supp. 3d 336, 354 (S.D.N.Y. 2014) ............. 8

Beshty v. GM, 327 F. Supp. 2d 208 (W.D.N.Y. 2004) ............................................................. 16

Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59 (2d Cir. 2016) ................................9

Cuzco v. Orion Builders, Inc., 06-Civ-2789 (KMW) (THK)(S.D.N.Y. May 26, 2010) .............. 7

Eschmann v. White Plains Crane Serv., No. 11-CV-5881 (KAM)(VVP), 2014 U.S. Dist. LEXIS 38580, 2014 WL 1224247 (E.D.N.Y. Mar. 24, 2014) ................................................................. 10

Glatt v. Fox Searchlight Pictures Inc., 293 F.R.D. 516 (S.D.N.Y. 2013) .................................... 10

Gaughan v. Rubenstein, No. 16-cv-08062, 2017 U.S. Dist. LEXIS 79999, at *46-47 (S.D.N.Y. May 23, 2017)(adopted by Gaughan v. Rubenstein, 2017 U.S. Dist. LEXIS 107042, at *35 (S.D.N.Y. July 11, 2017) ...................................................................................................................... 8

Gonzalez v. Gan Isr. Preschool, No. 12-CV-06304 (MKB) (VMS), 2014 U.S. Dist. LEXIS 34633 (E.D.N.Y. Feb. 5, 2014) ...................................................................................... 1, 13

Gonzalez v. Jane Roe Inc., No. 10 CV 1000 (NGG)(RML), 2015 U.S. Dist. LEXIS 103370, 2015 WL 4662490 (E.D.N.Y. July 15, 2015) ....................................................................................... 10

Guardado v. 13 Wall St., Inc., No. 15-CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887 (E.D.N.Y. Dec. 2, 2016) ................................................................................................................. 9

Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76 (E.D.N.Y. 2012) ........................................... 9

Hamelin v. St. Luke's Healthcare, 274 F.R.D. 385 (N.D.N.Y. 2011) ........................................... 8

Herrera v. Tri-State Kitchen & Bath, Inc., No. CV 14-1695 (ARR)(MDG), 2015 U.S. Dist. LEXIS 51809, at *8 (E.D.N.Y. Mar. 12, 2015) ............................................................................ 10

Ho v. Target Constr. of NY, Corp., 08-cv-4750, 2011 U.S. Dist. LEXIS 33365, at *43 (E.D.N.Y. Mar. 28, 2011) ............................................................................................................................. 8

Larin v. Smith, No. 11-CV-5921 (ADS)(SIL), 2017 U.S. Dist. LEXIS 129011 (E.D.N.Y. Aug. 11, 2017) ...................................................................................................................................... 9

Lopez-Serrano v. Rockmore, 132 F. Supp. 3d 390 (E.D.N.Y. 2015) ........................................... 8

Martz v. Inc. Valley Stream, 22 F.3d 26 (2d Cir. 1994) ............................................................. 16

Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442 (E.D.N.Y. 2014) ...................................... 11

Muhammed Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59 (2d Cir. 2016) ... 10, 17

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010) ................................................................. 8

Ortiz v. Arthur T. Mott Real Estate, L.L.C., No. CV 15-3940 (SJF)(AYS), 2016 U.S. Dist. LEXIS 127597 (E.D.N.Y. Sept. 15, 2016) ............................................................................... 8

Pashaian v. Eccelston Props., No. 92 Civ. 5487 (JSM), 1993 U.S. Dist. LEXIS 11347 (S.D.N.Y. Aug. 12, 1993) .............................................................................................................. 8

Poplawski v. Metroplex on the Atl., L.L.C., No. 11-CV-3765, 2012 U.S. Dist. LEXIS 46408 (E.D.N.Y. Apr. 2, 2012) .............................................................................................................. 9

Qiu Hua Tan v. Voyage Express Inc., No. 15 CV 6202 (RJD) (RML), 2017 U.S. Dist. LEXIS 81397 (E.D.N.Y. May 25, 2017) .................................................................................... 9

Rice v. Scudder Kemper Invs., Inc., No. 01 Civ. 7078 (RLC), 2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug. 13, 2003) .............................................................................................................. 3

Santillan v. Henao, 822 F. Supp. 2d 284 (E.D.N.Y. 2011) ............................................................ 9

Urtubia v. B.A. Victory Corp., 857 F. Supp. 2d 476 (S.D.N.Y. 2012) ........................................ 7

Wiggins v. Hain Pure Protein Corp., 829 F. Supp. 2d 231 (S.D.N.Y. 2011) .................... 6, 16, 17

**Federal Court Opinions**

Biggs v. Wilson, 1 F.3d 1537 (9th Cir. 1993) ........................................................... 11, 12, 13, 14

Brooks v. Vill. of Ridgefield Park, 185 F.3d 130 (3d Cir. 1999) ................................................. 12

Brooks v. Vill. of Ridgefield Park, 978 F. Supp. 613 (D.N.J. 1997) ...................................... 11, 13

Martin v. United States, 117 Fed. Cl. 611 (2014) ............................................................... 11, 13

Wilbur v. Mullaney, 473 F.2d 943 (1st Cir. 1973) ...................................................................... 5

**United States Code**

29 U.S.C. § 202 (2012) .................................................................................................................. 9

29 U.S.C. § 206 (2012) ............................................................................................................ 3, 12

29 U.S.C. § 207 (2012) .................................................................................................................. 3

29 U.S.C. § 216 (2012) ............................................................................................................ 3, 10

**State Cases**

Bynog v. Cipriani Grp., Inc., 298 A.D.2d 164, 748 N.Y.S.2d 9 (App. Div. 2002) ....................... 6

Dwyer v. Burlington Broads. Inc., 295 A.D.2d 745, 744 N.Y.S.2d 55 (3d Dep't 2002) ............. 6

Epelbaum v. Nefesh Achath B'Yisrael, Inc., 237 A.D.2d 327, 654 N.Y.S.2d 812 (2d Dep't 1997) ................................................................................................................................................... 6

Gottlieb v. Kenneth D. Laub & Co. , 82 N.Y.2d 457, 605 N.Y.S.2d 213, 626 N.E.2d 29 (1993) ...................................................................................................................................... 3, 5, 6, 17

Kazakias v. Bistricer, 180 A.D.2d 666, 580 N.Y.S.2d 879 (2d Dep't 1992) ................................ 6

Moran Towing & Transp. Co. v. N.Y. State Tax Com. , 72 N.Y.2d 166, 531 N.Y.S.2d 885, 527 N.E.2d 763 (1988) .......................................................................................................................... 4

People v. Vetri, 309 N.Y. 401, 131 N.E.2d 568 (1955) ............................................................... 1

IV

Scheer v. Kahn, 221 A.D.2d 515, 634 N.Y.S.2d 148 (2d Dep't 1995)  ....................................... 16

Slotnick v. RBL Agency, 271 A.D.2d 365, 706 N.Y.S.2d 431 (2000) ........................................ 6

Watson v. Prentice-Hall, Inc., 50 A.D.2d 1077, 376 N.Y.S.2d 339 (4th Dep't 1975)  ................. 6

**State Statutes**

N.Y. Lab. Law § 191  ...................................................................................................  passim.

N.Y. Lab. Law § 193  ...........................................................................................................  3, 16

N.Y. Lab. Law § 196  ...............................................................................................................  3

N.Y. Lab. Law § 198  ....................................................................................................  3, 8, 10, 5

**INTRODUCTION**

Adam Smith recognized that workers have an immediate need for wages, and that "[m]any workmen could not subsist a week" without receiving pay.  Wealth of Nations, Book 1, Chapter 8.  For more than 125 years the New York Labor Law has required the weekly payment of wages to manual workers.  See People v. Vetri, 309 N.Y. 401, 405, 131 N.E.2d 568, 570 (1955); L. 1890, ch. 388, § 1.

New York Labor Law Section 191 states in relevant part:

1.      Every employer shall pay wages in accordance with the following provisions:

   a.   Manual worker.--- (i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]

The purpose of section 191 of the Labor Law is "to protect the manual worker who [is] dependent upon the 'wages' he receive[s] weekly for his existence."  Gonzalez v. Gan Isr. Preschool, No. 12-CV-06304 (MKB) (VMS), 2014 U.S. Dist. LEXIS 34633 (E.D.N.Y. Feb. 5, 2014)(citing People ex. Rel. Gianotti v. Bloom, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179, 181 (1957).

Plaintiffs intend on establishing the following: At some point in 2011 Whole Foods realized that it was not paying manual workers in a timely fashion.  Instead of immediately coming into compliance, it requested a waiver from the New York State Department of Labor.  Whole Foods, however, concealed from the New York State Department of Labor the material fact that it had never complied with NYLL 191, and that it continued to violate NYLL 191 during the entire pendency of its application.  In a letter dated December 22, 2011 Whole Foods attorneys represented to the New York State DOL that the purpose of seeking the waiver from NYLL 191 was to obtain "cost efficiencies."  However, since Whole Foods had never paid employees in New York on a weekly basis, it had never incurred any additional costs for weekly

payment of wages.  In a letter dated April 16, 2012 to the New York State Department of Labor, Defendant's attorneys stated that they were making the waiver application so that Whole Foods "can pay its New York State Workers bi-weekly", again suggesting that Whole Foods was paying manual workers on a weekly basis.   A New York State Department of Labor Memoranda dated April 17, 2012 noted that Whole Foods "employs well over an average of 2500 employees in New York State and in excess of 56,000 employees nationwide.  Those <u>employees outside of New York State are being paid bi-weekly and it is costly to have New York State employees on a separate payroll.</u>"  (emphasis supplied).  The only problem with this information is that at no time were New York State employees on a "separate payroll."  Although the assistant secretary of Whole Foods and Whole Foods' attorneys both received a copy of the memo, it does not appear that they ever brought to the DOL's attention the material fact that Whole Foods had never paid New York employees on a weekly basis.  Whole foods now argues that the failure to pay wages on time does not expose them to liability.

Contrary to the representations made in the Defendant's Memorandum, there is a mountain of law holding that a private right of action exists when a worker does not receive wages as promptly as the law requires.

Credit card companies, landlords, mortgage companies, automobile financing companies, automobile leasing companies and virtually all businesses are entitled to prompt payment as well as damages when they are not paid on time.  Penalties and interest are levied by the IRS if taxpayers do not make timely payment of taxes to the US Treasury.  Retailers insist on payment at the time of purchase.  The Defendant argues that employees' right to timely payment is somehow different – although they have a statutory right to the timely payment of wages, they do not have a remedy when an employer delays payment past the time required by law.

**ARGUMENT**

I.     **NYLL § 191 CREATES A SUBSTANTIVE RIGHT, FOR WHICH NYLL § 198 IS THE REMEDIAL PROVISION**

NYLL §§ 191 and § 198 are the functional equivalent to Sections 6, 7 and 16 of the FLSA. (29 U.S.C. §§ 206, 207 & 216).  Sections 6 and 7 of the FLSA require the payment of minimum wages and overtime, but they do not authorize a private right of action.  Instead, 29 U.S.C. § 216(b) authorizes employees to sue for violations of Sections 6 or 7.  Similarly, Article 6 of the NYLL and contains numerous requirements regarding the payment of wages.  *E.g.* NYLL § 191 (requiring the timely payment in full of an employee's wages); NYLL § 193 (prohibiting deductions from wages); NYLL § 196 (prohibiting employers from retaining gratuities); NYLL § 198-b (prohibiting "kick-back" of wages).  But just like the FLSA, these provisions do not authorize a private right of action.  Instead, NYLL § 198 (the NYLL equivalent of 29 U.S.C. § 216) authorizes employees to sue for violations of Article 6.  Gottlieb v. Kenneth D. Laub & Co., 82 N.Y.2d 457, 464, 605 N.Y.S.2d 213, 217, 626 N.E.2d 29, 33 (1993).

In its simplest form, a "substantive law" is one that "specif[ies] what one may do or not do."  Wolters Kluwer Bouvier Law Dictionary Desk Edition.  The first line of NYLL § 191 states that "[e]very employer shall pay wages in accordance with the following provisions."  The "substantive provisions" of Article 6 thus include NYLL § 191.  See Gottlieb, 82 N.Y.2d at 464, 605 N.Y.S.2d at 217, 626 N.E.2d at 33; Rice v. Scudder Kemper Invs., Inc., No. 01 Civ. 7078 (RLC), 2003 U.S. Dist. LEXIS 14239, at *8 (S.D.N.Y. Aug. 13, 2003).

II.    **THE NEW YORK STATE DEPARTMENT OF LABOR, NEW YORK STATE COURTS, AND FEDERAL COURTS HAVE UNANIMOUSLY AGREED THAT A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191**

   **A.  The New York State Department Of Labor Has Consistently Expressed Its Opinion That a Violation Of NYLL § 191 Gives Rise to a Private Right Of Action.**

3

The "[i]nterpretation of a statute by the agency charged with its enforcement is, as a general matter, given great weight and judicial deference so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute." Moran Towing & Transp. Co. v. N.Y. State Tax Com., 72 N.Y.2d 166, 173, 531 N.Y.S.2d 885, 889, 527 N.E.2d 763, 767 (1988).

The NYS Dep't of Labor has consistently observed that "Section 191 of the Labor Law requires the timely payment in full of an employees agreed upon wages and sets for the frequency of such payment for particular categories of employees.  For example, manual workers must be paid weekly and not later than seven days after the end of the week in which their wages are earned[.]"  RO-08-0001, RO-08-0045, RO-09-0022, RO-09-0086 (Oct. 29, 2009); RO-09-0161 (Jun. 18, 2010); RO-09-0129 (Feb. 25, 2010); RO-10-0003(Oct. 28, 2010); RO-10-0165 (Nov. 8, 2010)(emphasis supplied).[1]  In its February 25, 2010 Opinion Letter (RO-09-0129)[2] the Department of Labor reiterated that "Section 191 of the Labor Law requires employees be paid for all hours worked no later than the time period specified by that Section"  and that the guarantees of Section 191 are "enforceable."  Id.

In an October 28, 2010 opinion letter, the Department of Labor reiterated that NYLL § 191 is enforceable by a private right of action.  See RO-10-0003[3].  In response to the employer's question as to whether employees may be required to "sign-off" on their timesheets, the Department of Labor responded that while an employer could require an employee to sign off on the time sheet, the employee's signature "neither relieves the employer of its obligations under []

---

[1] These opinion letters are annexed as exhibits 1-5 to the Declaration of Steven J. Moser.
[2] Exhibit 3 to the Moser Declaration.
[3] Exhibit 4 to the Moser Declaration.

Section [191], nor does it prevent an employee from filing a complaint with this Department or bringing an action for a violation of [NYLL § 191.]" Id. (emphasis supplied).

### B.  New York State Courts Have Consistently Held That a Private Right Of Action Exists For Violations Of NYLL 191.

*The statutory provision in [] article 6 which generally regulates payment of wages by employers and creates reciprocal rights of employees is Labor Law § 191.*

Gottlieb, 82 N.Y.2d at 461, 605 N.Y.S.2d at 216, 626 N.E.2d at 32.

Within broad limits, a state court must be the one to interpret its own laws. Wilbur v. Mullaney, 473 F.2d 943, 945 (1st Cir. 1973).  For this reason, the federal courts regularly defer the interpretation of state law to state courts.  Bush v. Gore, 531 U.S. 98, 114, 121 S. Ct. 525, 535 (2000).  If the Second Circuit or the Supreme Court finds that there are questions of New York Law "for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals."  N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27.

In this case the issue need not be certified to the New York Court of Appeals, because the Court of Appeals has already spoken on the issue of whether a private right of action exists for violations of NYLL § 191.  In Gottlieb, 82 N.Y.2d 457, 605 N.Y.S.2d 213, 626 N.E.2d 29, a case which is widely cited but misread by the Defendant, the Court of Appeals recognized that the purpose of NYLL § 191 was to create an enforceable substantive right.

The Court recognized that the "over-all objective" of the passage of the 1966 Enactment of the New York Labor Law, including section 191, "was to strengthen and clarify the substantive laws protecting the rights of employees to the payment of wages."  Gottlieb, 82 N.Y.2d at 461, 605 N.Y.S.2d at 215-16, 626 N.E.2d at 31-32 (emphasis supplied).  "The statutory provision in the 1966 enactment of Labor Law article 6 which generally regulates

5

payment of wages by employers and creates reciprocal rights of employees is Labor Law § 191."
Gottlieb, 82 N.Y.2d at 461, 605 N.Y.S.2d at 216, 626 N.E.2d at 32 (emphasis supplied).

An employee has a private right of action if not timely paid in accordance with NYLL
191.  Bynog v. Cipriani Grp., Inc., 298 A.D.2d 164, 164, 748 N.Y.S.2d 9, 10 (App. Div.
2002)(reversing trial court's dismissal of complaint and reinstating claim for untimely payment
of wages under NYLL 191), aff'd on other grounds, 1 N.Y.3d 193, 770 N.Y.S.2d 692, 802
N.E.2d 1090 (2003); Watson v. Prentice-Hall, Inc., 50 A.D.2d 1077, 1077, 376 N.Y.S.2d 339,
340 (4th Dep't 1975)(upholding claim based upon violation of NYLL 191 and finding that
contracts or contractual provisions in violation of section 191 and its predecessor concerning the
frequency with which employers must pay the wages earned by employees are void).

New York courts have explicitly authorized employees to recover on wage claims
prosecuted under various provisions of NYLL 191, including Section 191(1)(c), which governs
the frequency of payment of wages to commissioned salespersons, and Section 191(1)(d),
governing the frequency of payment of wages to "clerical and other worker[s]." See, e.g., Dwyer
v. Burlington Broads. Inc., 295 A.D.2d 745, 745-46, 744 N.Y.S.2d 55 (3d Dep't 2002); Slotnick
v. RBL Agency, 271 A.D.2d 365, 365-66, 706 N.Y.S.2d 431 (2000); Epelbaum v. Nefesh
Achath B'Yisrael, Inc., 237 A.D.2d 327, 654 N.Y.S.2d 812 (2d Dep't 1997); Kazakias v.
Bistricer, 180 A.D.2d 666, 666-67, 580 N.Y.S.2d 879 (2d Dep't 1992).

### C.  District Courts Within the Second Circuit Have Also Found That a Violation Of NYLL § 191 Gives Rise to a Private Right Of Action.

Like New York State Courts and the New York State Dep't of Labor, District Courts
within the Second Circuit have found that a private right of action exists under NYLL § 191.
These decisions are not limited to Wiggins v. Hain Pure Protein Corp., 829 F. Supp. 2d 231, 241
(S.D.N.Y. 2011), in which Judge Cote explicitly recognized that "[p]ursuant to § 191, certain

kinds of employees can bring a claim for an employer's failure to pay their wages on a certain

schedule."

For example, in a factually identical case in which an employer failed to comply with

NYLL § 191(1)(a)(i), the Court observed:

> In this case, Defendants did not pay wages as often as the law requires, and did not pay
> wages as early as the law requires. Defendants paid wages every two weeks (rather than
> weekly) and paid these wages no earlier than two weeks after the end of the period in
> which those wages were earned. These facts are undisputed. Therefore, Plaintiffs [] are
> entitled to summary judgment on their claims that Defendants violated the timely
> payment provisions of NYLL § 191.

Cuzco v. Orion Builders, Inc., 06-Civ-2789 (KMW) (THK), at 7-8 (S.D.N.Y. May 26,

2010)(Wood, J.).

In Urtubia v. B.A. Victory Corp., 857 F. Supp. 2d 476, 481 (S.D.N.Y. 2012) (Swain, J.),

the Plaintiffs brought claims on behalf of manual workers, claiming violations of both the timely

pay provisions and frequency of pay provisions under the NYLL § 191.  The defendants argued

that the § 191 claims should have been resolved through a complaint with the New York State

Department of Labor.  Id.  In denying the motion to dismiss, and permitting the employees

claims under NYLL § 191 to proceed, the Court observed that the New York Labor Law does

not preclude employees from bringing a private action. Urtubia, 857 F. Supp. 2d at 482.

In a recent case in which a Defendant challenged whether the Plaintiff had asserted a

valid cause of action under NYLL § 191, the court observed:

> Here, Plaintiff alleges that she was not paid in a timely manner and that [the employer]
> withheld her paychecks on various occasions. [] She also alleges that, upon her
> termination on July 31, 2015, [her employer] dated her paycheck for five days into the
> future, which precluded her from being able to immediately access her wages. []
> Defendants' delay in paying Plaintiff her wages, either by failing to issue paychecks or
> by forward-dating her paychecks, violates the prompt payment requirements of the FLSA
> and the NYLL…  Therefore, this Court grants Plaintiff's motion to amend the Complaint
> to add a claim for untimely wage payments[.]

Gaughan v. Rubenstein, No. 16-cv-08062, 2017 U.S. Dist. LEXIS 79999, at *46-47 (S.D.N.Y. May 23, 2017)(Parker, M.J.)(adopted by Gaughan v. Rubenstein, 2017 U.S. Dist. LEXIS 107042, at *35 (S.D.N.Y. July 11, 2017)(Engelmayer, J.)(authorizing pursuit of claims for "untimely payment of wages").

Judge Spatt also addressed whether a violation of NYLL § 191 gives right to a private right of action in Lopez-Serrano v. Rockmore, 132 F. Supp. 3d 390, 403-04 (E.D.N.Y. 2015). In that case, Karla Lopez-Serrano, a housekeeper, made a claim under NYLL § 191 against her former employer "based on Rockmore's failure to timely pay her wages for work performed during the Relevant Time Period." Lopez-Serrano, 132 F. Supp. 3d at 403-04. Judge Spatt noted that "'[a]n employer's failure to timely pay its employees for their work" entitles the employees to a remedy under NYLL § 198. Id. (emphasis supplied)(citing Ho v. Target Constr. of NY, Corp., 08-cv-4750, 2011 U.S. Dist. LEXIS 33365, at *43 (E.D.N.Y. Mar. 28, 2011)).

These are not isolated cases. There is overwhelming authority from within the Second Circuit that a failure to timely pay wages under NYLL § 191 gives rise to a private right of action. See, e.g., Myers v. Hertz Corp., 624 F.3d 537, 543 (2d Cir. 2010) (N.Y. Lab. Law § 191 "guarantees the timely payment of wages by employers"); Pashaian v. Eccelston Props., No. 92 Civ. 5487 (JSM), 1993 U.S. Dist. LEXIS 11347, at *5 (S.D.N.Y. Aug. 12, 1993) (the purpose of NYLL § 191 and its damages provision (NYLL § 198) is to ensure "timely payment" of wages); Ortiz v. Arthur T. Mott Real Estate, L.L.C., No. CV 15-3940 (SJF)(AYS), 2016 U.S. Dist. LEXIS 127597, at *23-24 (E.D.N.Y. Sept. 15, 2016) (denying defendant's motion to dismiss plaintiffs' NYLL § 191 claim and stating that N.Y. Lab. Law § 191 "guarantees the timely payment of wages by employers"); Belizaire v. Rav Investigative & Sec. Servs., 61 F. Supp. 3d 336, 354 (S.D.N.Y. 2014) (allegation that bounced paychecks resulted in delayed payment of

wages was sufficient to set forth a cause of action for "late payments" under New York Labor
Law § 191); Poplawski v. Metroplex on the Atl., L.L.C., No. 11-CV-3765, 2012 U.S. Dist.
LEXIS 46408, at *24 (E.D.N.Y. Apr. 2, 2012) (granting Class Certification of NYLL § 191
claims where it was alleged that there was a "failure to pay wages in a timely manner"); Qiu Hua
Tan v. Voyage Express, Inc., No. 15 CV 6202 (RJD) (RML), 2017 U.S. Dist. LEXIS 63435, at
*11 (E.D.N.Y. Apr. 25, 2017) (holding employer liable under NYLL § 191 where wages were
withheld)[4]; Larin v. Smith, No. 11-CV-5921 (ADS)(SIL), 2017 U.S. Dist. LEXIS 129011, at *14
(E.D.N.Y. Aug. 11, 2017) (recognizing private right of action for violation of NYLL § 191).

## III.   THE REASONING USED BY THE SUPREME COURT IN CONCLUDING THAT THE LATE PAYMENT OF WAGES GIVES RISE TO A PRIVATE RIGHT OF ACTION UNDER THE FLSA APPLIES WITH EQUAL FORCE TO THE NYLL

### A.   The FLSA And the NYLL Have Identical Purposes and Similar Provisions

The FLSA and the NYLL serve identical purposes.  The purpose of the FLSA is the
"maintenance of the minimum standard of living necessary for health, efficiency, and general
well-being of workers." 29 U.S.C. § 202.  The purpose of the NYLL is to "provide adequate
maintenance for [New York workers] and their families."  NYLL § 650.

Courts analyze claims arising under the NYLL and the FLSA similarly. Hamelin v. St.
Luke's Healthcare, 274 F.R.D. 385, 401 (N.D.N.Y. 2011) ("NYLL largely parallels the FLSA.");
Chowdhury v. Hamza Express Food Corp., No. 14-CV-150 (JBW), 2015 U.S. Dist. LEXIS
125166, at *8 (E.D.N.Y. Aug. 21, 2015) (" NYLL is quite similar to the FLSA.");Gunawan v.
Sake Sushi Rest., 897 F. Supp. 2d 76, 84 (E.D.N.Y. 2012) ("NYLL mirrors the FLSA in most
but not all respects."); Santillan v. Henao, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) (New York
Labor Law "is the state analogue to the federal FLSA."); Guardado v. 13 Wall St., Inc., No. 15-

---

[4] (adopted by Qiu Hua Tan v. Voyage Express Inc., No. 15 CV 6202 (RJD) (RML), 2017 U.S. Dist.
LEXIS 81397, at *1 (E.D.N.Y. May 25, 2017)

CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887, at *1 (E.D.N.Y. Dec. 2, 2016) ("NYLL overtime compensation scheme is identical to the FLSA"); Glatt v. Fox Searchlight Pictures Inc., 293 F.R.D. 516, 526 (S.D.N.Y. 2013) ("The NYLL's definitions are nearly identical to the FLSA's.").

The Respective Damages Provisions for Violations of the NYLL (NYLL § 198(1-a) and the FLSA (29 U.S.C. § 216(b)) are also virtually identical. The FLSA states that a prevailing employee is entitled to "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b). The NYLL states that a prevailing employee is entitled "to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and…an additional amount as liquidated damages…"  NYLL § 198(1-a).

The Second Circuit recently held that the damages provision of the FLSA and the NYLL "are identical in all material respects, serve the same functions, and redress the same injuries." Muhammed Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59 (2d Cir. 2016); see also Gonzalez v. Jane Roe Inc., No. 10 CV 1000 (NGG)(RML), 2015 U.S. Dist. LEXIS 103370, 2015 WL 4662490, at *5 n.11 (E.D.N.Y. July 15, 2015) (Recognizing that since the 2011 amendments to the NYLL, "courts have concluded that the distinction drawn between the purposes of the two statutes is no longer persuasive[.].").

### B.  Because the FLSA and NYLL Are Virtually Identical, Courts Apply FLSA Principles When Analyzing Liability Under the NYLL

Because the New York Labor Law is "substantially similar to the federal scheme", the analysis of claims under the FLSA is applied to claims brought under the New York Labor law. Herrera v. Tri-State Kitchen & Bath, Inc., No. CV 14-1695 (ARR)(MDG), 2015 U.S. Dist. LEXIS 51809, at *8 (E.D.N.Y. Mar. 12, 2015); see also Eschmann v. White Plains Crane Serv.,

No. 11-CV-5881 (KAM)(VVP), 2014 U.S. Dist. LEXIS 38580, 2014 WL 1224247, at *4, *14

(E.D.N.Y. Mar. 24, 2014) (treating federal and state overtime claims as analytically identical for

summary judgment purposes).

### C.   The Failure to Timely Pay Wages Is a Violation of the FLSA for Which There is a Private Right of Action, Even in the Absence of an Express Statutory Provision

Although the FLSA contains no explicit timeline for the payment of wages, the Supreme

Court has found that because failure to pay wages "on time" may be as detrimental to the

"maintenance of the minimum standard of living 'necessary for health, efficiency and general

well-being of workers'" as non-payment, the late payment of wages is a violation of the FLSA.

Brook. Sav. Bank v. O'Neil, 324 U.S. 697, 707, 65 S. Ct. 895, 902 (1945); see Martin v. United

States, 117 Fed. Cl. 611, 617 (2014)).  Therefore, "[t]he general rule [under the FLSA] is that

overtime compensation earned in a particular workweek must be paid on the regular pay day for

the period in which such workweek ends." 29 C.F.R. § 778.106; Mendez v. U.S. Nonwovens

Corp., 2 F. Supp. 3d 442, 445 (E.D.N.Y. 2014).

### D.   Late-Paid Wages are Unpaid Wages, Because Wages Become "Unpaid" If Not Paid When They Are Due

*[Defendants] urge us to distinguish between late payment and nonpayment, but offer us no principled way to make such a distinction. We cannot come up with one either… Any kind of sliding scale [] would force employees, employers, and courts alike to guess when 'late payment' becomes 'nonpayment'.*

Biggs v. Wilson, 1 F.3d 1537, 1539-40 (9th Cir. 1993)

In Brooks v. Vill. of Ridgefield Park, 978 F. Supp. 613, 617 (D.N.J. 1997), the Plaintiff, a

K-9 officer in the Village of Ridgefield Police department, challenged the Village's schedule of

paying officers overtime compensation monthly.  There was no dispute that the officers had

agreed to this payment schedule in their collective bargaining agreement. *Id.*  The Plaintiff

alleged that the delayed payment of overtime wages violated the FLSA.  The Court granted

summary judgment to the Plaintiff, noting that

> [if] an employer is not obligated to compensate an employee for overtime worked during a given week on the regular pay day for that week, this would lead to an ambiguous standard for determining when wages became 'unpaid' under the statute. <u>Employers would then be permitted to withhold overtime compensation for some undefined period of time without incurring any legal liability and employees would be left with no recourse during this delay</u>. Allowing such a delay in the payment of wages would run counter to the primary purpose of the FLSA to "protect certain groups . . . from substandard wages and excessive hours."

<u>Id.</u> at 618 (citing <u>Brook. Sav. Bank v. O'Neil</u>, 324 U.S. 697, 706 (1945)(emphasis supplied).  On

appeal, the 3rd Circuit agreed that the failure to pay overtime "on the regular pay day for the

period in which such workweek ends" violates the Act.  <u>Brooks v. Vill. of Ridgefield Park</u>, 185

F.3d 130, 140 (3d Cir. 1999).

Similarly, in <u>Biggs</u>, 1 F.3d at 1539-40, the plaintiffs, a group of state employees, sued for

an approximately two-week delay in the payment of wages caused by a budget impasse.  The 9th

Circuit reasoned that wages become "unpaid" under if they are not paid when due:

> If a payday has passed without payment, the employer cannot have met his obligation to "pay". . . Unless there is a due date after which minimum wages become unpaid, imposing liability for both unpaid minimum wages and liquidated damages would be meaningless.  The statute must therefore contemplate a time at which § 206 is violated, or, put another way, when minimum wages become "unpaid." "Unpaid minimum wages" have to be "unpaid" as of some distinct point, otherwise courts could not compute either the amount of wages which are unpaid, or the additional "equal" amount of liquidated damages.

<u>Biggs</u>, 1 F.3d at 1539-40.  The Court further noted that the defendants "urge us to

distinguish between late payment and nonpayment, but offer us no principled way to make such

a distinction. We cannot come up with one either… Any kind of sliding scale [] would force

employees, employers, and courts alike to guess when 'late payment' becomes 'nonpayment'."

<u>Id.</u> at 1540.

In short, a violation of the FLSA occurs when an employee does not receive overtime on his regular payday.  Martin, 117 Fed. Cl. at 620. "To hold otherwise would create sufficient uncertainty as to when a violation occurs, and statutory enforcement would prove unworkable." Id.

### E.  The Reasoning Applied to Late Payment of Wages Under the FLSA is Applicable to the NYLL

While the right to payment of wages on the "regular payday" under the FLSA is implied, the New York Labor Law explicitly requires that manual workers be paid on a weekly basis, and "not later than seven calendar days after the end of the week in which the wages are earned." NYLL 191(1)(a)(i).

As previously noted, the failure to pay wages "on time" gives an employee the right to sue because it runs contrary to the purposes of the FLSA in that it may be detrimental to the "maintenance of the minimum standard of living" of workers. Brook. Sav. Bank, 324 U.S. at 707, 65 S. Ct. at 902.  The delayed payment of wages to workers runs contrary to the purpose of the NYLL because the NYLL and the FLSA serve identical purposes.  Furthermore, the failure to timely pay wages runs contrary to the specific purpose of purpose of Section 191 "to protect the manual worker who [is] dependent upon the 'wages' he receive[s] weekly for his existence." Gonzalez, 2014 U.S. Dist. LEXIS 34633, at *27 (citing People v. Bloom, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179 (1957)).

The reasoning of Brooks and Biggs applies here.  Whole Foods argues that there is no privately enforceable right to the timely payment of wages under the NYLL.  Just like the FLSA the NYLL's guarantee of wages would be meaningless if the statute did not set a date on which those wages become due.  As pointed out by the District Court in Brooks, if a statute does not set a date on which an employee's wages become due, "this would lead to an ambiguous standard

for determining when wages became 'unpaid' under the statute. Employers would then be permitted to withhold overtime compensation for some undefined period of time without incurring any legal liability and employees would be left with no recourse during this delay." 978 F. Supp. at 618.  And just like the FLSA, NYLL "wages have to be 'unpaid' as of some distinct point, otherwise courts could not compute [] the amount of wages which are unpaid."  See Biggs, 1 F.3d at 1540.

And just as with the FLSA, there is no meaningful way to distinguish between "late wages" and "unpaid wages" under the NYLL.  To permit such a distinction would mean that under the NYLL an employee can sue an employer who says, "I will never pay you", but cannot sue an employer who says, "I will not pay you now, but will pay you someday."  If the employer continues to tell the employee "I will pay you someday", the employee's claim would never mature.  Either NYLL 191 governs the payment of wages to New York's workers, or it does not.  And if it does not, then there is no privately enforceable right to the regular and timely payment of wages under New York Law, nor is there a date on which wages become "unpaid" under the NYLL.

### F.  Whole Foods' Proposed Interpretation of the Statute is Logically Inconsistent

Whole Foods proposes that a violation of NYLL 191 does not give rise to a private right of action.  This would mean that the FLSA, which does not explicitly require the timely payment of wages, embodies a private right of action for delayed payment of wages, while the NYLL, which explicitly requires timely payment of wages, does not authorize a private right of action, despite the fact that the two statutes have the same purpose.

**IV.    DEFENDANT'S PROPOSED INTERPRETATION WOULD LEAD TO ILLOGICAL AND UNJUST RESULTS**

The following hypotheticals illustrate how the defendant's interpretation of the NYLL

would lead to an entirely unworkable enforcement scheme.

Example 1.  After two weeks at her new job a waitress still has not received her first paycheck.  She speaks to her supervisor, who informs her that there is a two-month delay for processing of the first paycheck.  She has no remedy under the NYLL.  If she sues the employer for unpaid wages, the employer can respond that the wages were not "unpaid" but simply "delayed."

.

Example 2. On payday a landscaping company informs its employees that money is tight, and that they will only pay workers on the following Friday.  The employees cannot meet their immediate financial obligations.  The workers have no remedy under the NYLL.

Example 3. An employer distributes a handbook that describes the following policy: employees will receive all wages on December 31 of each calendar year for the entire year.  The employees immediately quit, and sue for the wages they earned during their last workweek.  The employer responds that wages are not yet due, because he promised to pay them on December 31, and points out that NYLL § 191 does not guarantee the "timely" payment of wages.

Example 4. A housekeeping services company pays employees inconsistently and unpredictably.  Sometimes it pays housekeepers weekly, but other times it pays every two weeks, or every three weeks, or monthly, depending on its own convenience and the availability of funds.  The housekeepers sue, claiming that NYLL 191 requires that they be paid weekly and timely.  The employer points out that as they eventually pay the wages there are no "unpaid" wages and no liability.

Example 5. An employee sues for his last week of wages, which is never paid after he resigns.  After two years of litigation, the Court finds the employer liable and wants to award prejudgment interest under NYLL § 198.  However, the Defendant points out that there is no way for the court to calculate the interest owed, because the NYLL does not set any specific time when those wages became "unpaid."

Example 6.  A worker begins a new job.  He asks for his pay at the end of his first workday.  When he is not paid immediately, he files a lawsuit the next day claiming that his first day of wages is "unpaid."  Can the employer rely on NYLL as a defense to the claim that wages are not yet due?  If an employer can rely on NYLL 191 as a defense to a premature lawsuit, doesn't it follow that it cannot ignore the requirement to timely pay wages?  NYLL 191 cannot be used as both a sword and a shield.

Of course, Whole Foods may respond that they only delayed wages to workers for an

additional week beyond what the law required.  The problem with this reasoning is that a delay

15

of one day, one week, one month or one year beyond the time set by NYLL 191 all violate the law.   Whole Foods' unstated request is that the delay in payment of wages should be forgiven. The problem with this argument is twofold.   First, it appears that Defendant knowingly concealed from the New York State Department of Labor the fact that it was not paying employees in a timely manner, and knowingly delayed the payment of wages to employees. Second, the statute does not set forth any basis for "forgiving" a delayed payment of wages.

## V. THE CASES CITED BY DEFENDANT EITHER ARE NOT ON POINT, OR DIRECTLY SUPPORT THE PLAINTIFFS' CLAIMS

The cases cited by the defendant in support of its motion either are not on point, or directly support the Plaintiffs' claims.  In Scheer v. Kahn, 221 A.D.2d 515, 634 N.Y.S.2d 148 (2d Dep't 1995) the plaintiff was attempting to recover commissions due from three real estate transactions during his employment with the defendant.  There was no allegation that wages were not timely paid.  In Martz v. Inc. Valley Stream, 22 F.3d 26 (2d Cir. 1994) the plaintiff was seeking the recovery of attorney's fees rendered to the Village of Valley Stream.   There was no employment relationship between the parties, much less an allegation of a violation of NYLL § 191.  In Alter v. Bogoricin, 1997 WL 691332 * 13 (S.D.N.Y. Nov. 6, 1997) the plaintiff alleged (1) breach of contract; (2) breach of an implied covenant of good faith and fair dealing; (3) fraud; (4) quantum meruit and unjust enrichment; and (5) tortious interference with contract.   There was no allegation of a violation of NYLL § 191.  In Beshty v. GM, 327 F. Supp. 2d 208, 223 (W.D.N.Y. 2004), the court found that issuing stop payment on a paycheck did not constitute violation of NYLL § 193 prohibiting deductions from wages.   There was no allegation of a violation of NYLL § 191 and the court never addressed the issue.

There is, however, one case cited by the Defendant in which the plaintiff alleged a violation of NYLL § 191 - Wiggins, 829 F. Supp. 2d at 241.  In that case the court recognized

that NYLL § 191 gives rise to a private right of action for violations of its provisions.  Although this is the only case on point, the Defendant requests that this Court disregard Wiggins.

Finally, as previously mentioned, the defendant widely cites to Gottlieb, 82 N.Y.2d at 461, 605 N.Y.S.2d at 216, 626 N.E.2d at 32, in which the New York Court of Appeals stated that Section 191 "regulates payment of wages by employers and creates reciprocal rights of employees."

## VI.   ACTUAL DAMAGES ARE NOT A REQUIREMENT UNDER THE NYLL OR THE FLSA

Defendant asserts that the absence of "actual damages" is "fatal to the complaint."  *See* Def's MOL, at 4.

There is no prerequisite for "actual damages" when an employee's wages are delayed.  In fact, the whole idea of liquidated damages is to compensate employees whose wages have been delayed.  The Supreme Court has long recognized that the delayed payment of wages "may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages."  Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583, 62 S. Ct. 1216, 1223 (1942).  Nor does the delayed payment of wages in full act as a release.  The acceptance of delayed payment of wages does not constitute a waiver of an employee's right to recover liquidated damages. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 702-03, 65 S. Ct. 895, 900 (1945).

As pointed out in Section III(A) herein, the Second Circuit recently held that the damages provision of the FLSA and the NYLL "are identical in all material respects, serve the same functions, and redress the same injuries." Muhammed Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59 (2d Cir. 2016).  In other words, the very purpose of the liquidated

17

damages provisions of the NYLL and the FLSA is to compensate workers for the retention of wages by the employer after the time permitted by law.

## CONCLUSION

The overwhelming weight of legal authority contradicts Whole Foods' suggested interpretation of the NYLL.  The New York State Department of Labor, the New York Court of Appeals, and District Courts within the Second Circuit have unanimously agreed that a violation of NYLL § 191 gives rise to a private right of action.  The logic of the cases interpreting the FLSA comfortably fits the NYLL.  When an employer fails to pay wages "on time" those wages are "unpaid."  If this were not the case, employers could indefinitely delay wages, thus undermining the purposes of the NYLL.

Whole Foods' suggested interpretation also treats claims under the NYLL and FLSA differently and inconsistently because it would mean that the FLSA, which does not explicitly require the timely payment of wages, grants a private right of action for delayed payment of wages, while the NYLL, which explicitly requires timely payment of wages, does not.

Finally, Defendant ignores a mountain of case law, suggests that the Court apply numerous cases in which there was no allegation of a violation of NYLL § 191 to the facts of this case, and requests that this Court disregard the only case cited in Defendant's brief which directly addressed NYLL § 191.

Therefore, the Defendant's motion seeking to dismiss the cause of action under NYLL §§ 191 and 198 should be denied.

Dated:  Glen Cove, New York
       April 30, 2018

_____
Steven John Moser