UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

Dwayne J. Scott and Derell J. Meynard,   :
individually and on behalf of all others similarly   :
situated,

                                             :     2:18 Civ. 86 (SJF) (AKT)

                         Plaintiffs,   :
                                               :

                 -against-       :
                                             :

WHOLE FOODS MARKET GROUP, INC.,   :
                                           :
                                           :
                                           :

                       Defendant.   :

-------------------------------------------------------- x

## <u>REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S</u><br><u>MOTION TO DISMISS CLASS ACTION COMPLAINT</u>

                                   Respectfully submitted,

                                   **GREENBERG TRAURIG, LLP**
                                   Eric B. Sigda
                                   Michael J. Slocum
                                   200 Park Avenue
                                   MetLife Building
                                   New York, New York 10166
                                   (212) 801-9200
                                   sigdae@gtlaw.com
                                   slocumm@gtlaw.com
                                   *Attorneys for Defendant Whole Foods*
                                   *Market Group, Inc.*

Defendant Whole Foods Market Group, Inc. ("Whole Foods"), by its attorneys, Greenberg Traurig, LLP, submits this Reply Memorandum of Law in further support of its motion to dismiss, pursuant to Rule 12(b)(6), Plaintiffs' Dwayne Scott ("Scott") and Derell Meynard ("Meynard") Class Action Complaint asserting a single cause of action, under New York Labor Law §§ 198 and 191, for Whole Foods' alleged failure to timely pay wages, and in reply to Plaintiffs' Memorandum of Law in Opposition ("Plf. Opp.").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition reveals this case for what it truly is – a brazen attempt to impose purely punitive liability, including attorneys' fees, without any underlying damages. This flies in the face of long-settled law that a claim for liquidated damages, like a claim for punitive damages, cannot stand as an independent cause of action. Plaintiffs' attempt to recover such damages in a class action, moreover, is directly contrary to New York statute, which expressly forbids "imposing a penalty" here. *See* C.P.L.R. § 901(b). In short, Plaintiffs' entire claim is facially invalid and requires dismissal.

Plaintiffs' Complaint should be dismissed for other reasons, detailed in Whole Foods' moving brief. Plaintiffs do not cite a single case, from any Court, squarely considering whether, let alone concluding that, they and the putative class enjoy a private right of action under Labor Law § 191(1)(a)(i) arising solely from Whole Foods' alleged practice of paying its "manual worker" employees bi-weekly rather than weekly. As Whole Foods observed in its moving brief, Plaintiffs do not allege that Whole Foods failed to pay them – or any other putative class member – any portion of wages due them for their labor. Nor do Plaintiffs allege that Whole Foods wrongfully deducted any portion of their – or any other putative class members' – wages. In other words, Plaintiffs do not dispute that they were paid ***in full*** for their labor.

Rather, Plaintiffs' lone claim is that until April 27, 2012, when Whole Foods obtained authorization from the Commissioner of the New York State Department of Labor to pay its "manual worker" employees on a bi-weekly basis, Plaintiffs and the putative class should have been "paid weekly and not later than seven calendar days after the end of the week in which the wages [we]re earned[.]"  N.Y. Labor Law § 191(1)(a)(i).  Plaintiffs wax philosophical, fretting when "late payments" become "non-payments."  (Plf. Opp. at 11-13)  But nowhere do Plaintiffs explain how, many years after they admittedly received all wages owed to them, they have been harmed in any tangible way.  Indeed, and as Whole Foods previously noted, Plaintiffs do not even seek underlying damages in their Prayer for Relief.  Instead, they ask only for undefined "liquidated damages," together with their attorneys' fees and costs.

Plaintiffs' claims fail as a matter of law, and should be dismissed under Rule 12(b)(6).

## ARGUMENT

### 1.   *Plaintiffs Cannot Pursue a Class Claim for Purely Liquidated Damages.*

In their Class Action Complaint, Plaintiffs allege that they suffered actual (albeit unspecified) "damages" arising from Whole Foods' alleged conduct.  *See* (Complaint at ¶¶ 32, 37).  Abandoning even that modest allegation, Plaintiffs now contend that "actual damages" are not a "prerequisite" to their claim.  Indeed, during the May 10 conference before the Court, Plaintiffs conceded they do not assert a claim for "actual damages."  Rather, Plaintiffs argue they and the putative class can seek purely liquated damages instead.  (Plf. Opp. at 17)  Plaintiffs are sorely mistaken

### a.   *A Claim for Liquidated Damages Is Not a Viable Cause of Action.*

New York Courts have long held that "[an] action for punitive damages cannot stand as a separate cause of action since it constitutes merely an element of the single total claim for

2

damages on the underlying causes of action." *APS Food Systems, Inc. v. Ward Foods, Inc.*, 70 A.D.2d 483, 488 (N.Y. App. Div. 1979).  *Accord Jan Sparka Travel, Inc. v. Hamza*, 182 A.D.2d 1067 (N.Y. App. Div. 1992) ("A claim for punitive damages may not be asserted as a separate cause of action"); *Kubert v. Specht*, 971 N.Y.S.2d 71 (Sup. Ct. 2013) ("A cause of action for punitive damages cannot stand as a separate cause of action") (collecting cases).  The Second Circuit likewise instructs that "there is no separate cause of action in New York for punitive damages." *Martin v. Dickson*, 100 Fed. Appx. 14, 16 (2nd Cir. 2004).  *Accord Young v. Southwest Airlines Co.*, 2017 WL 1247921 * 4 (E.D.N.Y. Feb. 3, 2017) ("New York does not recognize an independent cause of action for punitive damages"); *Rentrak Corp. v. Handsman*, 2014 WL 1342960 * 11 (E.D.N.Y. March 31, 2014) (dismissing punitive damages claim *sua sponte* because "It is well settled under New York law that punitive damages may not be asserted as a separate cause of action").

Having abandoned even their allegations of actual damages, Plaintiffs seek to advance a single count for purely liquidated – i.e., punitive – damages.  This is simply not a viable claim.

### b. *Plaintiffs Cannot Pursue Liquidated Damages on a Class Basis.*

Even if Plaintiffs could seek purely liquidated damages individually – and they cannot – their attempt to seek such damages on a class-wide basis runs counter to New York law.

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

N.Y. C.P.L.R. § 901(b).

New York Courts have long held that this statutory provision precludes a putative class from seeking liquidated damages under § 198 of the Labor Law.  *See, e.g., Pesantez v. Boyle Environmental Services, Inc.*, 251 A.D.2d 11, 12 (N.Y. App. Div. 1998) (instructing that

3

"punitive claims pursuant to Labor Law § 198(1-a) … *cannot be maintained in a class action* (CPLR 901[b])) (emphasis added).  As this Court instructed in *Guzman v. VLM, Inc.*, 2007 WL 2994278 at * 5 (E.D.N.Y. Oct. 11, 2007), "[u]nder New York law, a plaintiff may not seek statutory liquidated or punitive damages on behalf of a class unless the statute explicitly authorizes class actions.  N.Y.C.P.L.R. 901(b).  As the NYLL includes liquidated damages and no explicit authorization for enforcement through class actions, N.Y. Lab. Law § 198(1-a), *plaintiffs cannot seek liquidated damages through a class action*."  (Emphasis added).

Thus, plaintiffs may maintain a class action under the Labor Law *only* if the named plaintiffs expressly waive their right to liquidated damages and if putative class members are advised that they may opt out to pursue any liquidated damages individually.  *Picard v. Bigsbee Enterprises, Inc.*, 977 N.Y.S.2d 669 (Sup. Ct. 2013) (collecting cases).  Federal Courts likewise "have adopted the rule stated in *Pesantez*, certifying Labor Law class actions on the condition that plaintiffs waive their right to liquidated damages."  *Creighton v. Oppenheimer & Co., Inc.*, 2008 WL 11396789 at * 3 (S.D.N.Y. Feb. 25, 2008) (collecting cases).  Here, Plaintiffs' proposal to pursue a class action seeking exclusively liquidated damages under the Labor Law is therefore barred as a matter of law.

Furthermore, Plaintiffs' argument ignores the very language of § 198 on which they seek to rely.  Section 198(1-a) provides for liquidated damages in the event an employee is "paid less than the wage to which he or she is entitled[.]"[1]  Under the statute, such liquidated damages are to be "equal to one hundred percent of the total amount of wages *found to be due*[.]"  *Id.*

---

[1] As Whole Foods has repeatedly observed, Plaintiffs have in fact been paid the full wages to which they were entitled – and do not claim otherwise.  Nonetheless, § 198(1-a) appears to be the closest to applicable of any portion of § 198.

4

(emphasis added).  Here, there are no wages "due" and thus there can be no liquidated damages. In other words, twice zero is still zero.

### 2.   *Contrary to Plaintiffs' Assertions, § 191(1)(a)(i) Does Not Create a Private Action.*

Plaintiffs claim to offer "a mountain of law" recognizing a private right of action under Labor Law § 191(1)(a)(i).  (Plf. Opp. at 2).  Under scrutiny, however, Plaintiffs' purported "mountain" crumbles to a molehill.

### a.   *The State Department of Labor Has Not Recognized Plaintiffs' "Claim."*

Plaintiffs' principal reliance upon a handful of Opinion Letters issued by the New York State Department of Labor is woefully misplaced.  (Plf. Opp. at 3-4).  *Not a one* of those Opinion Letters is remotely germane to the issue here, i.e., whether Plaintiffs can pursue a private right of action predicated purely upon their claim that Whole Foods paid them bi-weekly rather than weekly prior to obtaining a statutory exemption. *See* Opinion Letter re: RO-08-001 *et al.* (Oct. 29, 2009) ("this response is intended to enunciate this Department's opinion as to the permissibility of the use of debit cards for the payment of wages in general under the New York State Labor Law"); Opinion Letter re: RO-09-0161 (June 18, 2010) (offering Department's opinion "regarding use of compensatory time at a CPA firm during tax seasons so that employees for that firm may 'bank' hours for later use"); Opinion Letter re: RO-09-0129 (Feb. 25, 2010) (offering Department's opinion "as to whether an employer's rounding practice described [in its opinion request] is permissible under the New York State Labor Law"); Opinion Letter re: RO-10-0003 (Oct. 28, 2010) (opining on "questions relating to the direct deposit of wages, meal periods, and child labor"); Opinion Letter re: RO-10-0165 (Nov. 8, 2010) (offering Department's opinion "regarding a private employer's obligation to contact the next of kin or the

*AUS 536758121v1*

estate representative of a deceased employee where the employer … owes wages to that employee").

In short, Plaintiffs offer *no* support for their assertion that the New York State Department of Labor has "consistently" endorsed the theory Plaintiffs seek to advance.

### b.   The Courts Have Not Recognized Plaintiffs' "Claim."

Equally misplaced is Plaintiffs' reliance on a random smattering of cases supposedly "recogniz[ing] that the purpose of NYLL § 191 was to create an enforceable substantive right." (Plf. Opp. at 5).  In truth, none of these cases affirmatively "recognize" a private right of action under § 191(1)(a)(i) where, as here, plaintiffs do not dispute they in fact received all wages due them.  To the contrary, it does not appear that the court in *any* case cited by Plaintiffs was even asked to consider whether such a cause of action exists.

The cases Plaintiffs cite fall broadly into two groups.  The cases in the first group do not address claims of untimely wage payments to "manual workers" under § 198(1)(a)(i) where the wages were in fact paid, and these cases are thus inapposite.  *See Qui Hua Tan v. Voyage Express Inc.*, 2017 WL 2334969, * 4 (E.D.N.Y. May 25, 2017) (addressing claims under FLSA and for "failing to pay earned wages"); *Dwyer v. Burlington Broadcasters, Inc.*, 295 A.D.2d 745 (N.Y. App. Div. 2002) (addressing claims employer failed to pay commissions pursuant to contract); *Watson v. Prentice-Hall, Inc.*, 50 A.D.2d 1077 (N.Y. App. Div. 1975) (addressing claim employer failed to pay annual bonus); *Epelbaum v. Nefesh Achath B'Yisreal, Inc.*, 237 A.D.2d 327 (N.Y. App. Div. 1997) (addressing claim plaintiff "was not paid her earned wages 'in accordance with the agreed terms of employment'"); *Slotnick v. RBL Agency Ltd.*, 271 A.D.2d 365 (N.Y. App. Div. 2000) (addressing claims employer failed to pay commissions); *Poplawski v. Metroplex on the Atlantic, LLC*, 2012 WL 1107711 (E.D.N.Y. Apr. 2, 2012)

(alleging employer failed to pay overtime and spread-of-hours premiums and failed "to pay all regular-time wages owed"); *Ortiz v. Arthur T. Mott Real Estate, LLC*, No. 15-cv-3940 (E.D.N.Y. September 15, 2016) (Report and Recommendation permitting plaintiff to pursue claim "that she has never received any cash payment of wages"); *Belizaire v. RAV Investigative and Security Services, Ltd.*, 61 F.Supp.3d 336, 354 (S.D.N.Y. 2014) (denying motion to dismiss where plaintiff adequately claimed employer ""failed to pay Plaintiff 'in accordance with the agreed terms of employment,' in violation of Section 191(1)(d) of the NYLL"); *Pashaian v. Eccelston Properties, Ltd.*, 1993 WL 322835 (S.D.N.Y. Aug. 16, 1993) (addressing claim employer violated § 191(c) "by failing to pay commissions owed to plaintiff within the time prescribed"); *Myers v. Hertz Corp.*, 624 F.3d 537, 546 (2nd Cir. 2010) (noting "[t]he only reason Hertz is alleged to have violated § 191 is that it failed to pay plaintiffs the overtime wages to which they claim to be entitled under [the] FLSA"); *Kazakias v. Bistricer*, 180 A.D.2d 666 (N.Y. App. Div. 1992) (addressing claims for unpaid wages and commissions under §§ 191(1)(c) and 193); *Larin v. Smith*, No. 11-cv-5921 * 13 (E.D.N.Y. Aug. 11, 2017) (Report and Recommendation permitting employee to pursue claim "that their wages were wrongfully withheld in violation of NYLL § 191")

Cases in the second group – like *Wiggins v. Hain Pure Protein Corp.*, 829 F.Supp.2d 231 (S.D.N.Y. 2011) – simply assume, without any analysis, that a private cause of action exists. *See Bynog v. Cipriani Group, Inc.*, 298 A.D.2d 164 (N.Y. App. Div. 2002) (reinstating § 191 claim solely because trial court erred in finding "plaintiffs were not employees of respondents"); *Cuzco v. Orion Builders, Inc.*, 2010 WL 2143662 (S.D.N.Y. May 26, 2010) (assuming without analysis that plaintiffs may pursue claims under § 191); *Urtubia v. B.A. Victory Corp.*, 857 F.Supp.2d 476 (S.D.N.Y. 2012) (permitting claim to proceed upon concluding that, contrary to defendant's

7

argument, plaintiff were "manual workers" but not addressing whether private right of action exists); *Lopez-Serrano v. Rockmore*, 132 F.Supp.3d 390, 404 (E.D.N.Y. 2015) (permitting plaintiff to pursue claim for untimely wage payments because defendant "has not advanced any substantive argument directed at the sufficiency of the pleading as it relates to NYLL § 191(1)(a)"); *Gaughan v. Rubenstein*, 261 F.Supp.3d 390, 407 (S.D.N.Y. 2017) (permitting plaintiff to assert claim for untimely payment of wages without analyzing whether such cause of action exists).

Moreover, with one exception,[2] the cases in the second group permitted an untimely wage claim to proceed only in tandem with other claims. *See Cuzco*, 2010 WL 2143662 at * 4 (permitting claims "for Defendants' violations of the overtime, minimum wage, late payment, and spread of hours provisions of the NYLL" and related damages under the FLSA); *Urtubia*, 857 F.Supp.2d at 478 (plaintiffs asserted multiple claims "for federal and state wage and hour law violations"); *Lopez-Serrano*, 132 F.Supp.3d at 396-97 (plaintiff asserted claims under federal and state law for, *inter alia*, failure to pay minimum wage and overtime, failure to provide wage statements, and failure to provide wage notices); *Gaughan*, 261 F.Supp.3d at 394, 397 (plaintiff asserted claims under federal and state law for "unpaid wages" as well as "claims of unjust enrichment, negligence, breach of fiduciary duty, breach of contract, fraud, and discrimination on the basis of disability").

At bottom, ***not one*** of the cases Plaintiffs cite stand for the proposition that an employee who has admittedly received all of his or her wages may nonetheless, and years later, seek purely liquidated damages and attorneys' fees on the theory they did not receive their wages "timely."

---

[2] The one exception is *Bynog*. Notably, even there plaintiffs had asserted claims based on their employer's alleged misappropriation of tips in violation of § 196-d.

8

### c. *Plaintiffs' Reliance on the Fair Labor Standards Act Is Misplaced.*

If Plaintiffs were actually persuaded by their own argument that § 191 affords them a private right of action, one would expect their argument to end there. But it does not. As if to underscore the fallacy of their position, Plaintiffs next invite this Court to create such a right by borrowing cherry-picked "principles" developed under the federal Fair Labor Standards Act ("FLSA"). (Plf. Opp. at 9-14). Plaintiffs' arguments in this regard are unavailing, as it is the New York Labor Law – ***not*** the FLSA – under which Plaintiffs seek to recover.

As Whole Foods detailed at pages 6-7 of its moving brief, Labor Law § 191 does not expressly recognize a private right of action for any violation of its provisions. Indeed, nowhere in § 191 can the terms "claim," "action," "complaint" or "suit" even be found. Plaintiffs do not contend otherwise.

Moreover, Plaintiffs' continued reliance on § 198 is misguided, as detailed at pages 3-5 of Whole Foods' moving brief. Plaintiffs misconstrue *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 626 N.E.2d 29, 30, 33 (N.Y. 1993). In *Gottlieb*, the New York Court of Appeals considered "the plain language, legislative history and purpose of" § 198, and concluded that "the entire section was intended merely to afford ***procedural*** rules, including costs and cost-related remedies, to apply in actions brought for wage claims created under the substantive provisions of Labor Law article 6." (Emphasis added). Following *Gottlieb*, it is settled that § 198 "is merely a ***procedural*** provision dealing with costs and attorneys' fees that may be recovered after there has been a successful and ***independent*** action under the Labor Law to recover wages." *Wallace v. BMO Nesbitt Burns Corp.*, 2002 WL 32063120 * 4 (S.D.N.Y. Nov. 25, 2002) (citing *Gottlieb*) (emphasis added). *Accord Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 30 (2nd

Cir. 1994).  In other words, § 198 is ***not*** – as Plaintiffs suggest – a "remedial provision" creating a viable cause of action.  (Plf. Opp. at 3).

### 3.  *Plaintiffs, Who Can Demonstrate No Actual Damages, Cannot Base Their Claim on a Counter-Factual "Parade of Horrors."*

In a last-ditch attempt to escape dismissal, Plaintiffs invite the Court to base its analysis not on the facts before it, but instead on a series of "hypotheticals" that bear no resemblance to this case.  (Plf. Opp. at 15-16).  Simply put, this is not a case where an employer has lulled employees along with promises of wage payments to come, or has paid its employees on some arbitrary and ever-changing schedule.

Furthermore, Plaintiffs ignore the critical lesson of *Beshty v. General Motors*, 327 F.Supp.2d 208 (W.D.N.Y. 2004).  There, as here, "[p]laintiff admits that [defendant] ultimately paid him the full amount of [wages due], prior to the commencement of this action, but he contends that he is entitled to attorney's fees and liquidated damages under Labor Law § 198(1-a)[.]"  *Id.* at 223.  The Court in *Beshty* rejected plaintiff's claim as facially moot:

> Here, as stated, there never was an independent action to enforce the substantive provisions of the Labor Law, nor could there have been, since plaintiff received the full amount of his final paycheck before this action was commenced.  Although the complaint on its face asserts a claim under Labor Law § 193, plaintiff is not entitled to such relief at the time the complaint was filed, since the claim had already become moot.
>
> *Id.*

So too here.  Plaintiffs by their own admission have no actual damages.  And by law, they are precluded from seeking only liquidated damages and fees.  Dismissal is thus required.

### <u>CONCLUSION</u>

For the foregoing reasons, and those articulated in its main brief, Defendant respectfully requests that the Court grant its motion, and dismiss Plaintiffs' Class Action Complaint, in its entirety and with prejudice.

*AUS 536758121v1*

Dated:  New York, New York

May 14, 2018

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: *_/s/ Michael J. Slocum_____*
Eric B. Sigda
Michael J. Slocum
200 Park Avenue
MetLife Building
New York, New York 10166
(212) 801-9200
sigdae@gtlaw.com
slocumm@gtlaw.com
*Attorneys for Defendant Whole Foods
Market Group, Inc.*

11