**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DWAYNE J. SCOTT and DERELL J. MEYNARD, individually and on behalf of all others similarly situated,<br><br>                                              Plaintiffs,<br><br>                 -*against*-<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>                                              Defendant. | Case No.<br>18-cv-00086(SJF)(AKT) |

**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, NY  11542
(516) 671-1150 * F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiffs*

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 1

    I.    CPLR § 901 DOES NOT APPLY TO NEW YORK STATE LAW CLAIMS BROUGHT IN FEDERAL COURT .............................................................................. 1

    II.    LIQUIDATED DAMAGES ARE NOT PUNITIVE, AND EVEN IF THEY WERE CONSIDERED TO BE PUNITIVE, NEW YORK LAW DOES NOT BAR THE RECOVERY OF LIQUIDATED DAMAGES AS AN EXCLUSIVE REMEDY ....... 2

        A.    Liquidated Damages Under NYLL § 198, As Amended, Are Not Punitive .... 2

        B.    Liquidated Damages Under NYLL § 198 Serve the Same Purpose as Liquidated Damages Under The FLSA – To Compensate For A Delay In The Payment Of Wages. ....................................................................................... 2

        C.    Even If Liquidated Damages Under NYLL § 198 Were Punitive, New York Law Would Not Preclude Their Recovery. ......................................................... 3

**CONCLUSION** ......................................................................................................................... 4

## INTRODUCTION

In its Reply Memorandum of Law, Defendant makes the following new arguments in support of its motion to dismiss:

1. NY CPLR § 901 bars the recovery of liquidated damages on New York Labor Law Claims asserted in federal court[1]; and

2. Liquidated damages are punitive, and no cause of action exists for the recovery of only punitive damages under New York Law.[2]

By docket order dated September 19, 2018, the Court granted the Plaintiffs leave to file this Sur-Reply Memorandum of Law to address these two arguments.

## ARGUMENT

### I. CPLR § 901 DOES NOT APPLY TO NEW YORK STATE LAW CLAIMS BROUGHT IN FEDERAL COURT

The cases cited by Defendant in which federal courts have applied NY CPLR § 901 to Rule 23 class actions were overruled by the Supreme Court in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431 (2010). "In *Shady Grove*, the Supreme Court concluded that Rule 23 preempts section 901(b) of the NYCPLR, which bars class action plaintiffs from seeking 'penalties' such as liquidated damages." *Moreira v. Sherwood Landscaping Inc.*, No. CV 13-2640 (AKT), 2015 U.S. Dist. LEXIS 43919, at *15-16 (E.D.N.Y. Mar. 31, 2015). "In other words, the Supreme Court held that section 901(b) does not apply to state law class actions filed in federal court." *Morris v. Alle Processing Corp.*, No. 08-CV-4874 (JMA), 2013 U.S. Dist. LEXIS 90961, at *3 (E.D.N.Y. June 27, 2013). "Post-*Shady Grove*, courts have consistently allowed plaintiffs [] to include claims for liquidated damages under

---

[1] Def MOL in Reply, at 3-4.
[2] Def MOL in Reply, at 2-3.

1

sections 198 and 663 of NYLL that were previously barred by section 901(b)." *Morris*, 2013 U.S. Dist. LEXIS 90961, at *3-4 (compiling cases).

## II. LIQUIDATED DAMAGES ARE NOT PUNITIVE, AND EVEN IF THEY WERE CONSIDERED TO BE PUNITIVE, NEW YORK LAW DOES NOT BAR THE RECOVERY OF LIQUIDATED DAMAGES AS AN EXCLUSIVE REMEDY

### A. Liquidated Damages Under NYLL 198, As Amended, Are Not Punitive

Prior to the 2009 and 2010 amendments to NYLL § 198, liquidated damages were punitive. *See, e.g., Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008); *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 551, 425 N.Y.S.2d 115, 115 (1st Dep't 1980).

NYLL § 198 was amended in 2009 and 2010. Since these amendments, liquidated damages under NYLL § 198 are not considered punitive. *Muhammed Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016); *Morales v. MW Bronx, Inc.*, No. 15-cv-6296 (TPG), 2016 U.S. Dist. LEXIS 100422, 2016 WL 4084159, at *9 (S.D.N.Y. Aug. 1, 2016); *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *34 (S.D.N.Y. June 9, 2016); *Sun v. China 1221, Inc.*, No. 12-cv-7135 (RJS), 2016 U.S. Dist. LEXIS 52292, 2016 WL 1587242, at *4 (S.D.N.Y. Apr. 19, 2016); *Elisama v. Ghzali Gourmet Deli, Inc.*, No. 14cv8333 (PGG) (DF), 2016 U.S. Dist. LEXIS 58833, at *19 (S.D.N.Y. Apr. 29, 2016).

### B. Liquidated Damages Under NYLL § 198 Serve the Same Purpose as Liquidated Damages Under The FLSA – To Compensate For A Delay In The Payment Of Wages.

"Today the NYLL and FLSA liquidated damages provisions are identical in all material respects, serve the same functions, and redress the same injuries." *Muhammed Chowdhury*, 666 F. App'x at 61. "[I]t is clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA, see Bill Jacket, 2009 A.B. 6963, ch. 372, at 6

2

(expressing the bill sponsor's intent to "conform New York law to the Fair Labor Standards Act")." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018); *see also Catzin v. Thank You & Good Luck Corp., 89*9 F.3d 77 (2d Cir. 2018).

Today, liquidated damages under the FLSA and the NYLL "are compensation, not a penalty or punishment." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583, 62 S. Ct. 1216, 1223 (1942). More specifically, liquidated are compensation for a delay in receiving wages after the time required by law. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999); *Overnight Motor Transp. Co.*, 316 U.S. at 583-84, 62 S. Ct. 1216;

### C. Even If Liquidated Damages Under NYLL § 198 Were Punitive, New York Law Would Not Preclude Their Recovery.

Defendant asserts that "[a] claim for liquidated damages is not a viable cause of action." See Def MOL in Reply, at 2-3. However, the Defendant confuse "cause of action" with "remedy." Simply because there is no common law "cause of action" for punitive damages does not mean that punitive damages are not available as a remedy.

None of the cases cited by the Defendant stand for the proposition that liquidated damages are not available as an exclusive remedy under New York Law. Indeed, in breach of contract actions, liquidated damages are often the exclusive remedy sought. *See, e.g., JMD Holding Corp. v. Cong. Fin. Corp.,* 4 N.Y.3d 373, 376, 795 N.Y.S.2d 502, 504, 828 N.E.2d 604, 606 (2005). Similarly, statutory damages are also available as an exclusive remedy for violation of a statute. *See e.g. Giovanniello v. Hispanic Media Grp. USA, Inc.*, 4 Misc. 3d 440, 442, 780 N.Y.S.2d 720, 722 (N.Y. Sup. Ct. 2004); *Technovate L.L.C. v. Fanelli*, 2015 N.Y. Slip Op. 51349(U) (2015); *Kaplan v. First City Mortg.*, 183 Misc. 2d 24, 28-29, 701 N.Y.S.2d 859, 863 (1999); *Miuccio v. Puppy City, Inc.*, 2009 N.Y. Slip Op. 50404(U) (2009).

3

Rather, the cases cited by Defendant stand for the proposition that there is no independent common law cause of action under New York Law for "punitive damages." In this case, there is no common law cause of action for "punitive damages" asserted, and therefore the cases cited by the Defendant are inapplicable.

## CONCLUSION

The overwhelming weight of legal authority contradicts Whole Foods' suggested interpretation of the NYLL.

Because the Second Circuit has unequivocally declared that the purpose of the liquidated damages provision of NYLL § 198 is identical to the purpose of liquidated damages under the FLSA - *to compensate employees for a delay in the payment of wages* - they are available for a delayed payment of wages claim under NYLL § 191.

Therefore, the Defendant's motion seeking to dismiss the cause of action under NYLL §§ 191 and 198 should be denied.

Dated:  Glen Cove, New York
       September 26, 2018

                                        Steven John Moser