

535 Boylston Street, Suite 902
Boston, Massachusetts 02116
Telephone: 617.849.7880
Facsimile: 617.849.7870

cpardo@constangy.com
617.849.7884

December 12, 2018

<u>VIA CM/ECF</u>

The Honorable Sandra J. Feuerstein, USDJ
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    <u>Scott and Meynard, et al. v. Whole Foods Market Group, Inc.</u>
              **Docket No. 2:18-cv-86 (SFJ) (AKT) – Notice of Supplemental Authority**

Dear Judge Feuerstein,

    Attached at <u>Tab 1</u> hereto, Defendant Whole Foods Market Group, Inc. ("Whole Foods") submits the Decision/Order on Defendant's Motion to Dismiss in <u>Hunter, et al. v. Planned Building Services, Inc.</u>, No. 715053/2017, 2018 WL 3392476, 2018 NY Slip. Op. 31541(U) (N.Y. Sup. June 20, 2018), which directly addresses the issues raised in Whole Foods' pending Motion to Dismiss (Docket Entry 10) in this matter.

    Whole Foods brings this decision to the Court's attention given that it issued following the May 14, 2018 submission of Whole Foods' Reply Memorandum so it could not have been included in Whole Foods' initial briefing. To the extent the Court would like Whole Foods to provide any substantive analysis or supplemental briefing relating to the <u>Hunter</u> decision, Whole Foods will readily do so at the Court's direction.

    Respectfully submitted this 12th day of December, 2018.

                        Defendant Whole Foods Market Group, Inc.,

                        By its counsel,

                        */s/ Christopher M. Pardo*
                        Christopher M. Pardo (*pro hac vice admission pending*)
                        CONSTANGY, BROOKS, SMITH & PROPHETE LLP
                        535 Boylston Street, Suite 902
                        Boston, MA 02116
                        Tel: 617-849-7884
                        Fax: 617-849-7874
                        Email:  *cpardo@constangy.com*

December 12, 2018  
Page 2

Constangy, Brooks, Smith & Prophete, LLP

## **CERTIFICATE OF SERVICE**

     I, Christopher M. Pardo, hereby certify that, on this 12th day of December, 2018, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and served upon counsel for the Plaintiff through the same.

                                        */s/ Christopher M. Pardo*  
                                        Christopher M. Pardo

# Tab 1

Case 2:18-cv-00086-SJF-AKT   Document 17   Filed 12/12/18   Page 4 of 8 PageID #: 111

Hunter v. Planned Bldg. Services, Inc., 2018 WL 3392476 (2018)

2018 WL 3392476 (N.Y.Sup.), 2018 N.Y. Slip Op. 31541(U) (Trial Order)
Supreme Court of New York.
Queens County

**\*\*1** David HUNTER, individually, and on behalf of all others similarly situated, Plaintiff,
v.
PLANNED BUILDING SERVICES, INC., Defendants.

No. 715053/2017.
June 20, 2018.

**Decision/Order**

Ulysses B. Leverett, Judge.

**\*1** Motion Seq. No. 1

| | **Papers Numbered** |
|---|---|
| Notice of Motion | (1) |
| Memorandum in Opposition | (2) |
| Memorandum in Support | (3) |

Defendant Planned Building Service, Inc. moves pursuant to New York Civil Practice Law and Rules (CPLR) § 3211 (a)(1) and (7) to dismiss plaintiff David Hunter's complaint based upon submitted documentary evidence refuting the complaint and defendant's memorandum of law in support of dismissal. Plaintiff has filed an opposing memorandum of law and defendant has filed a reply memorandum in further support of its motion.

Plaintiff brought this wage claim action to recover liquidated damages for himself and a putative class pursuant to a complaint dated 10/30/2017 alleging that (1) plaintiff, a manual laborer was paid by his employer defendant on a bi-weekly basis, rather than weekly for a period after April 9, 2011 in violation of New York Labor Law (NYLL) Art. 6 § 191(1)(a)(i), (2) defendant failed to provide plaintiff with wage notices, in violation of NYLL § 195(1), and (3) defendant did not provide plaintiff with wage statements in violation of NYLL § 195(3). Plaintiff also seeks class certification pursuant to CPLR § 901, unpaid wages, liquidated damages on all wages paid later than weekly, interest, cost, attorney fees pursuant to NYLL § 190 and § 198.

In a motion to dismiss pursuant to CPLR § 3211(a), the Court must accept facts alleged in the complaint as true and accord plaintiff the benefit of every possible inference and determine whether the facts alleged fit any cognizable legal theory. The Court, however, is not required to accept factual allegations or accord favorable inferences where the factual assertions are plainly contradicted by documentary evidence. *See Meyer v. Guinta,* 262 A.D.2d 463 (2nd Dept. 1999) and *Bishop v. Maurer,* 33 A.D.3d 497 (1st Dept. 2006).

Defendant does not dispute that in September 2003, it hired plaintiff as a handyman to perform maintenance at Lenox Hill

Case 2:18-cv-00086-SJF-AKT   Document 17   Filed 12/12/18   Page 5 of 8 PageID #: 112

Hunter v. Planned Bldg. Services, Inc., 2018 WL 3392476 (2018)

Hospital until plaintiff resigned in October 2017. Plaintiff **2** asserts that during his employment, defendant paid him all wages owed on a biweekly basis. Copies of defendant's biweekly payment statements provided to plaintiff were submitted with defendant's motion to dismiss.

### FREQUENCY OF PAYMENT VIOLATIONS

Defendant argues that NYLL § 191 does not provide plaintiff with a private cause of action under the frequency of payment provision where plaintiff does not allege unpaid wages. Plaintiff claims he is entitled to liquidated damages, interest, cost and attorney fees pursuant to NYLL § 198 for defendant's late wage payments under NYLL § 191.

NYLL § 191(l)(a)(i) provides in pertinent part,
1. Every employer shall pay wages in accordance with the following provisions:

a. Manual worker

i. A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned...

Defendant does not dispute that plaintiff, a manual laborer, was paid on a bi-weekly but rather a weekly basis as required by NYLL § 191. However, defendant cites *Hussain v. Pakistan Int'l Airlines Corp.,* 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) to support its assertion that plaintiff can only recover damages under NYLL section 198 for section 191 frequency of payment violation if wages were unpaid or underpaid. NYLL § 198 (1-a) provides,

> **2** In any action instituted in the courts upon a *wage claim* by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any *underpayment,* all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its *underpayment of wages* was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article. (emphasis added)

Defendant asserts that plaintiff has been paid all wages due.

Plaintiff in opposition asserts that defendant's eventual payment of underlying wages constituted a failure to pay wages by the statutory weekly deadline, resulting in wages due, underpayment of wages and a wage claim for wages due plus liquidated damages.

The Court finds based upon the statutory provisions and the interpreting case law that plaintiff has no private right of action under NYLL § 198 (1-a) for a frequency of payment violation of NYLL § 191(1)(a)(i) where there is no claim for unpaid wages. While the parties do not dispute that defendant did not pay weekly wages to a manual laborer as required by NYLL § 191(1)(a)(i), the enforcement mechanism, NYLL § 198, provides for recovery of nonpayment of wages.

NYLL § 198 provides that any court action instituted on a wage claim by an employee where the employee prevails shall be allowed to recover the full amount of the *non-payment of* wages, attorney fees, interest, and in addition liquidated damages equal to one hundred percent of the total amount of the *wages* found to be due. Here defendant documented payment of all wage due plaintiff prior to commencement of this action.

**3** Plaintiff has cited cases where late payment of wages violated the Federal Labor Standards Act (FLSA) and where the federal courts permitted the employee to file an action to recover solely liquidated damages. *See e.g. O'Neil v. Brooklyn Sav. Bank,* 293 N.Y. 666 (N.Y. 1944) and *Rogers v. City of Troy,* 148 F.3d 52 (2d Cir. 1998). However, none of the cases cited by

Case 2:18-cv-00086-SJF-AKT Document 17 Filed 12/12/18 Page 6 of 8 PageID #: 113

**Hunter v. Planned Bldg. Services, Inc., 2018 WL 3392476 (2018)**

plaintiff holds a private right of action under the frequency of pay provision of NYLL § 191(1)(a)(i) where there is no claim of unpaid wages.

However, the defendant has cited cases which hold that plaintiff can recover for late or underpayment clauses where plaintiff proved defendant has failed to pay wages under the frequency of payment provision of NYLL. *See Cuzco v. Orion Builders Inc.,* 2010 WL 2143662, S.D.N.Y. (May 26, 2010) and *Hussain v. Pakistan Int'l Airlines Corp.,* 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012). The Court in *Hussain* held in pertinent part,

> However, Hussain's recovery in this case hinges on his unpaid wages claim under the damages provisions of NYLL § 198 (-a), which provides that successful plaintiffs may recover underpayment of *wages* along with reasonable attorney's fees, prejudgment interest, and liquidated damages of 100% of the underpaid wages unless the employer can prove its underpayment was made in good faith. The NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment and recordkeeping. As Hussain has failed to meet the burden for summary judgment on his claim for unpaid wages, he is not entitled to recover under the NYLL at this stage.

While the Court notes that civil penalties are available against employers for non-failure of wages payment claims through the Commission of Labor pursuant to NYLL § 218(1), here plaintiff seeks liquidated damages for wages previously paid though untimely which is not provided in NYLL § 191.

**\*3** Accordingly, the Court does not find a private right of action for violation of NYLL § 191(1)(a)(i) where the plaintiff has not alleged unpaid wages exclusive of liquidated damages and his § 191 claim is dismissed.

**WAGE NOTICE VIOLATIONS**

Plaintiffs claims that defendant failed to provide initial wages notices pursuant to NYLL § 195(1). NYLL § 195 provides in pertinent part that
Every employer shall:

1. (a) provide his or her employee at the time of hiring, a notice containing the following information: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances if any...the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article...

Plaintiff Hunter's complaint states that he was employed by defendant around 2001/2002 until September 2017. Defendant states that plaintiff was hired in September 2003 and concedes that it did not provide plaintiff with a wage notice at the time he was hired. However, defendant asserts that the notice requirement of NYLL § 195(1) did not apply at the time plaintiff was hired because the Wage Theft Prevention Act (WTPA) enforcement provisions were not effective until April 9, 2011.

While plaintiff argues that pre-2003 version of the NYLL § 195(1)(a) contained wage notice requirements, the private right of action for violation to recover damages through NYLL § 198 was not available until after the WTPA took effect on April 9, 2011.

**\*\*4** In *Guan MingLin v. Benihana Nat'l Corp.,* 275 F.R.D. 165 (S.D.N.Y. June 1, 2011) and report and recommendation adapted 2013 WL 829098, (S.D.N.Y. Feb. 27, 2013), the Court held "...only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b) and because [e]very single one of the class representatives began working before April 9, 2011...none of them was entitled to receive a wage and hour notice at the time of hiring..."

Additionally, any claim by plaintiff under prior provision of § 195(1) for failure to furnish annual wage notice is enforceable only by the Commissioner of Labor under NYLL § 198(1-b) and not by an employee's private right of action. *See Yuquilema*

Case 2:18-cv-00086-SJF-AKT   Document 17   Filed 12/12/18   Page 7 of 8 PageID #: 114

Hunter v. Planned Bldg. Services, Inc., 2018 WL 3392476 (2018)

*v. Manhattan's Hero Corp.,* 2014 WL 4207106, (S.D.N.Y. Aug. 26, 2014) adapted 2014 WL 5039428, (S.D.N.Y. Sept. 30, 2014) and *Marin v. Apple-Metro Inc.,* 2017 WL 4950009, (E.D.N.Y. Oct. 4, 2017). Finally, the annual wage notice requirement was eliminated by a bill signed by Governor Cuomo on 12/29/2014. *See* Assembly B 8106-C, S5885-B Reg. Sess. (NY 2014).

Accordingly, plaintiff's § 195(1) wage notice claims at hiring is dismissed as the plaintiff at the time of hire in 2003 did not have a statutory remedy prior to the April 9, 2011 effective date of the WTPA and NYLL § 195(1) does not provide a private cause of action for failure to issue annual wage notices.

## WAGE STATEMENT VIOLATIONS

Plaintiff claims that defendant violated the wage statement claim of NYLL § 195(3) by failing to provide wage statements on a weekly basis. NYLL § 195(3) provides in pertinent part:
Every employer shall...

(3) furnish each employee with a statement with *every payment of wages,* listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**\*4** While defendant failed to provide wage statement on a weekly basis, the statute only requires that wage statements be furnished to employees with every payment of wages and provide specific information. Defendant has provided documentary evidence of wages statements provided plaintiff and its required informational context.

Accordingly, defendant's motion to dismiss plaintiffs NYLL § 195(3) wage statement claim is granted.

Plaintiff seeks liquidated damages for himself and a putative class he seeks to represent as compensation for the delayed payments due weekly instead of biweekly. While plaintiff may seek through a private right of action liquidated damages for violations of NYLL provision § 191 via § 198, plaintiff cannot seek liquidated damages for the putative class, as damages are deemed penalties under New York Law.

New York's CPLR § 901 lists the prerequisites to a class action. CPLR § 901(b) provides::

> Unless a statute creating or imposing a penalty, or minimum measure or recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

**\*\*5** Here, plaintiff claims that liquidated damages under NYLL, like FLSA, are compensatory and not putative. Plaintiff cites *Muhammed Chowdhury v. Hamza Express Food Corp.,* 666 Fed. Appx. 59 (2d Cir 2016). While the *Chowdhury* Court noted the similarity of NYLL and FLSA for providing liquidated damages of one hundred percent of wages found due, unless employer provides good faith proof that underpayment of wages was in compliance with the law, the Court did not specifically find that liquidated damages are compensatory for class action claims. New York courts have held that liquidated damages are a penalty which cannot be recovered in class action unless provided for in the statute upon which the claim is based. *See Carter v. Frito-Lay, Inc.,* 74 A.D.2d 550 (1st Dept. 1980) and *Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.,* 22 A.D.3d 148 (2nd Dept. 2005).

Accordingly, plaintiff's class action claim for liquidated damages are dismissed as the claim is a penalty precluded by CPLR § 901(b).

The Court finds based on the evidentiary material submitted and statutory provisions reviewed, plaintiff has no cause of action. Defendant's motion to dismiss the complaint pursuant to CPLR § 3211(a)(1) and (7) is granted. Defendant's request

Case 2:18-cv-00086-SJF-AKT Document 17 Filed 12/12/18 Page 8 of 8 PageID #: 115

**Hunter v. Planned Bldg. Services, Inc., 2018 WL 3392476 (2018)**

for attorney fees and cost are denied.

This is the decision and order of this Court.

Dated: June 11, 2018

<<signature>>

Ulysses B. Leverett, JSC

---

**End of Document**                                              © 2018 Thomson Reuters. No claim to original U.S. Government Works.