UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DWAYNE J. SCOTT and DERRELL J.
MEYNARD, individually and on behalf of all
others similarly situated,

                       Plaintiffs,         **MEMORANDUM AND ORDER**
                                                18-CV-0086 (SJF) (AKT)
        v.

WHOLE FOODS MARKET GROUP, INC.,

                       Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

       Plaintiffs Dwayne J. Scott ("Scott") and Derrell J. Meynard ("Meynard") (collectively, "Plaintiffs") commenced this diversity, putative class action against Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") asserting a single claim for failure to timely pay wages pursuant to New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 191 and 198. Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Motion, Docket Entry ("DE") [10]. Plaintiffs oppose the motion. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

**A. Factual Background**

       The following facts are taken from the complaint ("Compl."), DE [1], and are assumed to be true for purposes of this motion.

       Plaintiffs worked at the Whole Foods location in Manhasset, New York. Compl. ¶¶ 10, 17. Scott was employed from approximately July 2011 until December 2015, and Meynard worked there between June 24, 2010 and July 13, 2013. *Id.* Each plaintiff claims to have spent at least 25% of his time engaged in physical labor, *id.* ¶¶ 13, 18, claims to be a "manual worker,"

*id.* ¶¶14, 19, and alleges that he was paid on a bi-weekly basis during his entire employment. *Id.* ¶¶15, 20.

Prior to December 11, 2011, Whole Foods had a uniform, national practice of paying all its employees every two (2) weeks. Compl. ¶ 21. Plaintiffs allege that at some time prior to December 22, 2011, Whole Foods became aware NYLL § 191 required that manual workers be paid "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." *Id.* ¶ 22. The statute further provides that an employer may "obtain authorization from the commissioner of labor to pay manual workers 'in accordance with the agreed terms of employment, but not less frequently than semi-monthly.'" *Id.* ¶ 24 (quoting NYLL § 191(1)(a)). Until April 27, 2012, Whole Foods was not authorized to pay manual workers, including Plaintiffs, on a bi-weekly basis and thus was required to pay them weekly. *Id.* ¶¶ 25, 26.

Plaintiffs seek to bring the action on behalf of a putative class consisting of all manual workers employed by Whole Foods at any time from December 11, 2011 until April 27, 2012. Compl. ¶ 28. They claim that as of December 11, 2011, Whole Foods employed approximately 3,300 people in New York state, and that the "overwhelming majority" of those employees were manual workers. *Id.* ¶ 31.

## B. Procedural History

Plaintiffs filed the complaint on January 5, 2018, alleging violations of NYLL §§ 191 and 198 for Whole Foods's willful failure to pay manual workers, including Plaintiffs, on a weekly basis as required. They claim they are "entitled to recover from Defendant liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest." Compl. ¶ 45.

Defendant has moved for dismissal, arguing *inter alia,* that there is no private right of action under New York law for the relief sought.

## II. LEGAL STANDARDS

Defendant seeks dismissal of the action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The standards for analyzing a motion to dismiss are well-established. The court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). The court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S at 679. A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly,* 550 U.S. at 555 (holding that a "formulaic recitation "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level."). While Rule 8 does not require "detailed factual allegations," it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## III. DISCUSSION

### A. NYLL Sections 191 and 198

The requirements under New York law regarding the frequency of wages paid are set forth in NYLL § 191, which provides in pertinent part that:

> 1. Every employer shall pay wages in accordance with the following provisions:
>
> a. Manual worker—(i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by an employer authorized by the commissioner pursuant to subparagraph (ii) of this paragraph . . . shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

NYLL § 191. Plaintiffs claim to be "manual workers" within the meaning of this section, and Defendant does not dispute this allegation in its motion. Although § 191 does not expressly provide a right of action to an employee, New York's Court of Appeals has commented that this section "generally regulates payment of wages by employers and creates reciprocal rights of employees." *Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 461, 626 N.E.2d 29, 605 N.Y.S.2d 213 (1993).

Remedial provisions are set forth in NYLL §198, which provides no substantive rights, but rather "was intended merely to afford procedural rules, including costs and cost-related remedies, to apply in actions brought for wage claims created under the substantive provisions of Labor Law article 6." *Gottlieb,* 82 N.Y.2d at 464; *see also Martz v. Inc. Vill. of Valley Stream,* 22 F.3d 26, 30 (2d Cir. 1994) ("Section 198 merely provides employees with a mechanism to recover costs and expenses in connection with a successful litigation against an employer for failure to pay wages"). Section 198 provides in pertinent part that:

4

> 1-a. . . . In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

NYLL § 198 (1-a). Plaintiffs argue that there is no private right of action under § 191, and as the remedial provisions of §198 cannot be implemented absent a substantive wage claim, the case must be dismissed.

While the New York Court of Appeals does not appear to have directly addressed the issue of whether an employee has a private right of action under § 191 redressable under § 198, it has addressed an unrelated issue on such a claim without expressing any concern as to the right of the employee to assert it. *See Bynog v. Cipriani Grp., Inc.,* 1 N.Y.3d 193, 802 N.E.2d 1090, 770 N.Y.S.2d 692 (2003). In *Bynog,* the contested legal issue was whether the plaintiffs were employees or independent contractors. The Appellate Division found that plaintiffs were employees, and "reinstate[d] the cause of action under Labor Law § 191 and the associated claim for costs and fees under Labor Law § 198." *Bynog v. Cipriani Grp., Inc.,* 298 A.D.2d 164, 164, 748 N.Y.S.2d 9 (2d Dep't 2002). On appeal, the Court of Appeals concluded that the plaintiffs were independent contractors not employees, and on that basis, "dismiss[ed] the cause of action under Labor Law § 191 and the associated claim under Labor Law § 198." *Bynog,* 1 N.Y.3d at 196. Significantly, neither the Second Department nor the Court of Appeals suggested, let alone held, that the plaintiffs did not have a right to bring a claim under § 191 in the first instance.

The Court of Appeals also touched upon actions brought pursuant to NYLL § 191 within an opinion responding to questions certified to it by the Second Circuit including, *inter alia,*

whether "executives" are "employees" under NYLL sections 190 and 193. *See Pachter v. Bernard Hodes Grp., Inc.* 10 N.Y.3d 609, 891 N.E.2d 279, 861 N.Y.S.2d 246 (2008). In finding that executives are employees for purposes of article six, except where expressly excluded, the Court of Appeals clarified its prior holding in *Gottlieb,* which, the court noted, was "limited to determining whether an employee who asserted a common-law contract cause of action, but did not allege a violation of any substantive provision of article 6, could collect attorney's fees under Labor Law § 198(1-a)." *Id.* at 616. The Court of Appeals found that "because the plaintiff in *Gottlieb* had not alleged that he was protected by section 191, he was presumptively excluded from wage enforcement protection under article 6." *Id.* Again, the Court of Appeals implicitly assumed that an employee claiming a violation of § 191 has asserted a substantive violation and is entitled to utilize the remedies set forth in § 198.

In addition, numerous courts in this Circuit have entertained claims made by employees under § 191, albeit without analysis of whether such a claim was authorized by that statute. *See, e.g, Gonzales v. Gan Israel Pre-Sch.*, No. 12-CV-06304, 2014 WL 1011070, at *12 (E.D.N.Y. Mar. 14, 2014) (plaintiff who performed janitorial work was a manual worker entitled to recover under § 191); *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 482 (S.D.N.Y. 2012) (allowing cooks to proceed on § 191 claim upon finding no exhaustion requirement for wage violation claims where plaintiffs' claims are not related to a public works project); *Cuzco v. Orion Builders, Inc.*, No. 06 CIV.2789, 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010) (carpenters paid every two weeks rather than weekly were manual workers "entitled to summary judgment on their claims that Defendants violated the timely payment provisions of NYLL § 191").

**B. Implied Private Right of Action**

Even if § 191 does not expressly authorize a private action "one may be implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the statute; and (3) to do so would be consistent with the legislative scheme." *AHA Sales, Inc. v. Creative Bath Prods.,* 58 A.D.3d 6, 15, 867 N.Y.S.2d 169 (2d Dep't 2008) (citing *Sheehy v. Big Flats Cmty. Day,* 73 N.Y.2d 629, 633, 541 N.E. 2d 18, 543 N.Y.S.2d 18 (1989) (additional citations omitted)). In *AHA Sales,* the court noted that it was clear that a different section of article six, § 191-b, "does not expressly authorize a private right of action," but determined that one was implied. Applying the factors in this case leads to the same conclusion.

Plaintiffs are alleged to be manual workers and thus are members of the class designed to benefit from § 191(a). As to the legislative purpose of the statute, generally, "[t]he purpose of Labor Law article 6 is 'to strengthen and clarify the rights of employees to the payment of wages.'" *Matter of Angello v. Labor Ready, Inc.*, 7 N.Y.3d 579, 583–84, 859 N.E.2d 480, 482, 825 N.Y.S.2d 674, 676 (2006) (quoting *Truelove v. Northeast Capital & Advisory*, 95 N.Y.2d 220, 223, 738 N.E.2d 770, 715 N.Y.S.2d 366 (2000), citing Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548, at 4)). As to the frequency of payment statute specifically, its purpose "was to protect the manual worker who was dependent upon the 'wages' he received weekly for his existence." *People v. Bloom,* 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179, 181 (City Ct. 1957) (citing former NYLL § 196). Allowing workers to pursue employers who do not pay them weekly as required by § 191 clearly promotes the legislative purpose of the statute.

While the second factor "centers on 'promotion' of the legislative goal," the third inquiry concerns "whether a private right of action is consistent with the legislative scheme." *Uhr v. E.*

*Greenbush Cent. Sch. Dist.,* 94 N.Y.2d 32, 40, 720 N.E.2d 886, 698 N.Y.S.2d 609 (1999). The consistency factor is "[t]he most critical inquiry in determining whether to recognize a private cause of action where one is not expressly provided." *AHA Sales,* 58 A.D.2d at 15 (quoting *Brian Hoxie's Painting Co. v. Cato-Meridian Cent. Sch. Dist.,* 76 N.Y.2d 207, 212, 556 N.E.2d 1087, 557 N.Y.S.2d 280 (1990)). Where the Legislature has provided administrative means to enforce the statute, the question becomes "whether, in addition to administrative enforcement, an implied private right of action would be consistent with the legislative scheme." *Uhr,* 94 N.Y.2d at 40. On one hand, "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme." *Sheehy,* 73 N.Y.2d at 634-635. "However, a private right of action 'may at times further a legislative goal and coalesce smoothly with the existing statutory scheme.'" *AHA Sales,* 58 A.D.3d at 15-16 (quoting *Uhr,* 94 N.Y.2d at 40).

The Commissioner of Labor (the "Commissioner") has the authority to "enforce all the provisions of [the Labor Law] and may issue such orders as he finds necessary directing compliance with any provision of this chapter, except as in this chapter otherwise provided." NYLL § 21(1). The Commissioner is given specific authority related to article 6 in § 196, including that he or she may take assignment of claims for wages from employees and sue employers "on wage claims thus assigned." NYLL § 196 (1)(b). This authority is discretionary, however, and "[n]othing in this section shall be construed as requiring the commissioner in every instance . . . to take assignments of wage claims. *Id.* § 196 (2).

There is nothing in the statutory scheme authorizing the Commissioner to take action that suggests that a private action is barred or would otherwise run counter to the legislative scheme. To the contrary, § 198 refers to civil actions brought by the commissioner, the employee, or both,

8

and states that "[t]he remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other." NYLL § 198(2). The discretionary nature of the Commissioner's authority coupled with the references to employee actions in § 198 compels the conclusion that a private action under § 191 is consistent with the legislative scheme.

## C. Plaintiffs' NYLL Claim

Accepting Plaintiffs' allegations as true and drawing all reasonable inferences in their favor, they have stated such a plausible claim for relief under NYLL § 191. They allege that they were manual workers at Whole Foods and that they were always paid on a bi-weekly basis, including the period of time from December 22, 2011 to April 27, 2012,[1] instead of weekly as required by NYLL § 191(1-a).

Whole Foods argues that Plaintiffs cannot state a claim absent allegations of damages actually caused to them by its failure to pay them weekly. Plaintiffs admittedly do not allege that they suffered actual damages in their complaint, claiming entitlement only to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs' injury comes from not receiving their earned pay weekly, as required by law, and thus it is the very delay that causes damage to that worker. The statute requires no additional evidence of actual damages beyond that delay, and an inquiry into "actual" damages is not made in cases involving violations of § 191. *See generally Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 426 (S.D.N.Y. 2017) (allegations of delay in paying wages "by failing to issue paychecks" sufficient to state clerical worker's claim under NYLL §191(1)(d)); *Cuzco,* 2010 WL 2143662,

---

[1] The allegation that "*[u]ntil* April 27, 2012, Whole Foods was not authorized by the commissioner to pay manual workers . . . on a bi-weekly basis," Compl. ¶27 (emphasis added), implies that Whole Foods obtained the requisite authorization on or about April 27, 2012.

9

at *4 (granting summary judgment on §191 claim without reference to actual damages where defendants "did not pay wages as often as the law requires and did not pay wages as early as the law requires"); *Epifani v. Johnson*, 65 A.D.3d 224, 238, 882 N.Y.S.2d 234 (2009) (affirming denial of motion to dismiss § 191(3) claim of untimely payment of final wages without discussion of any damages caused by the late payment).

Moreover, the interpretation urged by Whole Foods leaves an aggrieved employee with no recourse, but rather allows an employer to perpetually violate § 191 simply by paying the employee, in full, after a delay beyond the one-week period set by statute. Permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL.

**D. Class Action Claim**

In its reply, Whole Foods argues for the first time that there can be no class action that seeks liquidated damages alone. It is well-established that "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir. 1993). If a party does so, the court may choose not to consider those arguments. *See, e.g., Mascol v. E & L Transp., Inc.,* no. 03-3343, 2005 WL 1123936, at *12 (E.D.N.Y. May 9, 2005; *see Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 485 n.2 (E.D.N.Y. 2008) (collecting cases). As Defendant's challenge was first raised in its reply, depriving Plaintiffs of the opportunity to respond, the Court declines to address it.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, DE [10], is denied.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 9, 2019
Central Islip, New York