UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWAYNE J. SCOTT AND DERELL J. MEYNARD, Individually and on behalf of all others similarly situated,<br><br>      **Plaintiffs,**<br><br> *-against-*<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>      **Defendant.** | ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT<br><br>Case No. 2:18-cv-00086-SJF-SKT |

Defendant Whole Foods Market Group, Inc. ("Whole Foods"), by and through its attorneys, Hunton Andrews Kurth LLP, hereby files its Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiffs Dwayne J. Scott and Derell J. Meynard ("Plaintiffs") on January 5, 2018 ("Complaint") as follows:

## INTRODUCTION

1. Paragraph 1 purports to set forth a summary of what this lawsuit seeks and therefore does not contain any factual allegations to which any response is required. To the extent a response is required, Whole Foods denies the allegations in Paragraph 1.

## THE PARTIES

2. Whole Foods lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2, and, therefore, they are denied.

3. Whole Foods lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3, and, therefore, they are denied.

4. Whole Foods admits the allegations in Paragraph 4.

5. Whole Foods admits the allegations in Paragraph 5.

6. Whole Foods admits that it operates supermarkets in numerous states across the United States. Except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 6.

7. Whole Foods admits that it has operated supermarkets in the State of New York since prior to December 11, 2011 to the present. Except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods admits the allegations in Paragraph 9.

## FACTS

10. Whole Foods denies the allegations in Paragraph 10.

11. Whole Foods admits the allegations in Paragraph 11.

12. Whole Foods denies the allegations in Paragraph 12.

13. Whole Foods denies the allegations in Paragraph 13.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 14.

15. Whole Foods admits the allegations in Paragraph 15.

16. Whole Foods denies the allegations in Paragraph 16.

17. Whole Foods denies the allegations in Paragraph 17.

18. Whole Foods denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 19.

20. Whole Foods admits the allegations in Paragraph 20.

21. Whole Foods denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 purport to constitute in part a recitation of NYLL § 191, and such statutory provisions speak for themselves. In addition, the partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 22.

23. The allegations in Paragraph 23 with respect to the definition of "manual workers" constitutes a legal conclusion, to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 23.

24. The allegations in Paragraph 24 purport to constitute in part a recitation of NYLL § 191, and such statutory provisions speak for themselves. In addition, the partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 24.

25. The allegations in Paragraph 25 with respect to whether "Plaintiff" is considered to be a "manual worker" under NYLL constitutes a legal conclusion, to which no response is required. To the extent a response is required, Whole Foods denies all allegations in Paragraph 25.

26. The allegations in Paragraph 26 constitute legal conclusions regarding Whole Foods' purported legal obligations, to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 purport to constitute in part a recitation of NYLL § 191, and such statutory provisions speak for themselves. In addition, the partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 27.

## CLASS ACTION ALLEGATIONS

28. Paragraph 28 purports summarize the putative class members on whose behalf Plaintiffs bring this action, which is not a factual allegation to which any response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 28 and further avers that the purported class is improper.

29. Paragraph 29 purports to set forth a summary of who Plaintiffs believe are "excluded from the Class," which is not a factual allegation to which any response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 29 and further avers that the purported class is improper.

30. The allegations in Paragraph 30 constitute legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 30.

31. Whole Foods admits that as of December 11, 2011, it employed approximately 3,300 employees in the State of New York. Except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 31.

32. The allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 32.

33. Whole Foods admits that the named Plaintiffs, Meynard and Scott, worked in the State of New York at Whole Foods locations. The partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any further response is required, Whole Foods denies such allegation. In addition, except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 33.

34. Whole Foods lacks sufficient information to form a belief as to the allegations in the second through sixth sentences of Paragraph 34 regarding what Plaintiffs "understand" and/or "recognize," and therefore, they are denied. The remaining allegations in Paragraph 34 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 34.

35. Whole Foods lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 35, and, therefore, they are denied.

36. Whole Foods denies the allegations in Paragraph 36.

37. Whole Foods denies that "members of the Class" have been damaged and/or are entitled to any recovery under NYLL or otherwise. Whole Foods lacks sufficient information to form a belief as to the truth of the allegations regarding the financial resources of the "individual class members" in the fourth sentence of Paragraph 37 and, therefore, they are denied. The remaining allegations in Paragraph 37 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 38.

39. The allegations in Paragraph 39 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 39.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF NYLL §§ 191 AND 198

40. Whole Foods repeats, adopts, and incorporates by reference its answers to all allegations in the proceeding paragraphs.

41. Whole Foods denies the allegations in Paragraph 41.

42. Whole Foods denies the allegations in Paragraph 42.

43. Whole Foods denies the allegations in Paragraph 43.

44. Whole Foods denies the allegations in Paragraph 44.

45. Whole Foods denies the allegations in Paragraph 45.

## PRAYER FOR RELIEF

Whole Foods denies that Plaintiffs are entitled to any relief in this matter, including the relief as requested in the subsections (a) through (f) of the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which relief can be granted against Whole Foods.

**SECOND AFFIRMATIVE DEFENSE**

47. Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

48. Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

49. Upon information and belief, Plaintiffs, in the exercise of reasonable diligence, could have mitigated any alleged monetary damage to themselves, and instead failed to exercise reasonable diligence and failed to mitigate such alleged monetary damages, and therefore Plaintiffs' claims are barred.

**FIFTH AFFIRMATIVE DEFENSE**

50. Plaintiffs' claims fail because no wages, salary or any other compensation payments of any kind are owed by Whole Foods to them.

**SIXTH AFFIRMATIVE DEFENSE**

51. The actions of Whole Foods were justified under the circumstances, and Whole Foods acted in a manner that was proper, reasonable and lawful in the exercise of good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

52. Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

53. Plaintiffs are precluded from recovering any amounts where they have been paid all sums legally due under Article 6 of the New York Labor Law, and its implementing regulations.

**NINTH AFFIRMATIVE DEFENSE**

54. The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages, or any other damages, interest, costs, or fees allowed by applicable law may be granted.

**TENTH AFFIRMATIVE DEFENSE**

55. Plaintiffs' and/or putative class action members' claims are barred to the extent they signed valid releases of claims asserted in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

56. Plaintiffs' claims fail as no private right of actions exists for a violation of NYLL § 191 through NYLL § 198 where all wages were actually paid.

**TWELFTH AFFIRMATIVE DEFENSE**

57. Plaintiffs' claims fail because a class action exclusively seeking liquidated damages cannot be pursued under the applicable New York law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiffs' claims fail because they were not "manual workers" within the meaning of NYLL § 191 during any time period relevant to this lawsuit.

\*\*\*

**WHEREFORE,** Whole Foods respectfully requests that the Complaint be dismissed and that the Court grant Whole Foods its costs, disbursements and attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: Boston, Massachusetts
June 7, 2019

                                **DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

By: */s/ Christopher M. Pardo*
Christopher M. Pardo (NY Bar No. 562802; admitted pro hac vice)
  cpardo@HuntonAK.com
Anna L. Rothschild (*pro hac vice forthcoming*)
HUNTON ANDREWS KURTH LLP
  arothschild@HuntonAK.com
125 High Street, Suite 533
Boston, MA 02110
Tel: (617) 648-2759
Fax: (617) 433-5022

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on June 7, 2019, the foregoing document was electronically filed through the Court's CM/ECF system and served upon counsel for the Plaintiffs through the same.

                                */s/ Christopher M. Pardo*
                                Christopher M. Pardo