UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dwayne J. Scott and Derell J. Meynard, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET GROUP, INC. <br><br> Defendant. | Case No. 2:18-cv-00086-SJF-SKT |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
WHOLE FOODS MARKET GROUP, INC.'S MOTION FOR RECONSIDERATION**

Pursuant to the Court's April 10, 2019 Order (Docket Entry ("DE") 19) providing a briefing schedule for this motion, Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") respectfully submits this Memorandum in Support of its Motion for Reconsideration of the Court's April 9, 2019 Memorandum and Order (DE 18) denying its Motion to Dismiss (the "Order").

**PRELIMINARY STATEMENT**

Whole Foods seeks the Court's review of the Order for the discrete purpose of bringing to the Court's attention a directly relevant decision issued after the close of briefing on Defendant's Motion to Dismiss. That case, Hunter v. Planned Building Services, Inc., analyzes whether the New York Labor Law ("NYLL") provides a private right of action for the precise claims and damages alleged by Plaintiffs in this case, explaining that there is no such thing as a private right of action for so-called "***non-failure*** of wages payment claims." No. 715053/2017, 2018 WL 3392476, at *2 (N.Y. Sup. Ct. June 20, 2018) (emphasis added).

In no way does this mean that employers can simply ignore the timing of the payment provision of the NYLL without repercussion. The Hunter court explained that there is an enforcement mechanism *expressly included* in the NYLL for situations where there are no unpaid wages – namely that "civil penalties are available against employers for non-failure of wages payment claims through the Commission of Labor pursuant to NYLL § 218(1) . . . ." Id.

In relevant part, Section 218(1) of the NYLL details the penalty process for situations where the violation is for a reason other than the failure to pay wages, and specifically provides factors that the Commissioner should consider in exercising its discretion as to whether to penalize an employer, as follows:

> Where the violation is for *a reason other than the employer's failure to pay wages*, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation. *In assessing the amount of the penalty, the commissioner shall give due consideration to the size of the employer's business, the good faith basis of the employer to believe that its conduct was in compliance with the law, the gravity of the violation, the history of previous violations and, in the case of wages, benefits or supplements violations, the failure to comply with recordkeeping or other non-wage requirements*.

NYLL § 218(1) (emphasis added). In this respect, the timing provisions of the NYLL fall within the same domain as so many other provisions of the FLSA and NYLL that do not provide for a private right of action, but are subject to enforcement by a governmental division specifically tasked by statute with their enforcement. See Analysis, infra, at 8 (identifying sample of wage law requirements lacking a private right of action). Importantly, the discretion as to how to penalize the employer for such a violation resides with the enforcing government entity.

Identically to the instant case, the defendant in Hunter sought the dismissal of plaintiff's class claims brought under NYLL § 191 where defendants paid wages on a bi-weekly (rather than weekly) basis on the grounds that NYLL § 191 did not provide plaintiff with a private right

of action in cases where a plaintiff does not allege a continued failure to pay wages, but rather alleges late paid wages. See Hunter, 2018 WL 3392476 at *1-3. The Hunter court dismissed the case as a matter of law. Id. at *2-3.

Defendant submitted the Hunter decision to the Court in a Notice of Supplemental Authority (DE 17); however, the Order made no mention of Defendant's submission but notes the lack of cases analyzing whether a private right of action exists under § 191 through the remedial provision of § 198. See DE 18 at 5. Defendant does not take filing the instant Motion lightly, but thought it prudent given certain statements in the Order[1] and the Court's willingness at the Status Conference on April 10, 2019 to consider this filing upon the Hunter case being brought to the Court's attention.

Defendant agrees with the Court that there is a dearth of case law fully analyzing the application of a private right of action for frequency of payment violations where an employee is paid at regular bi-weekly increments but still *is fully paid* by the employer – *i.e.*, a so-called claim for "non-failure of wages payment" under the NYLL. For this reason, the Hunter decision is of particular import, and, although it is not controlling authority, given the depth of its analysis, Defendant respectfully requests that the Court consider it favorably in reviewing the arguments advanced in the original Motion to Dismiss. (DE 10).

---

[1] Given that the Status Conference was twice continued, it appears that certain later filings may not have been brought to the Court's attention. For instance, the Order acknowledged only part of the record of briefing before the Court relating to the Motion to Dismiss. The Court declined to address an argument by Defendant related to a class claim for liquidated damages on the basis that this argument was made for the first time in a reply, thus "depriving Plaintiffs of the opportunity to respond." (DE 18 at 10). However, the Court had allowed Plaintiffs to file a sur-reply to address such points, which they did file. (DE 15).

3

**ANALYSIS**

Given Defendant's concern that the full record may not have been before the Court prior to the rendering of the Order, the Court authorized Whole Foods to seek reconsideration for the purpose of including an analysis of the Hunter decision for the Court's review. (DE 19).

Reconsideration is warranted here as the Hunter decision may reasonably be expected to alter the conclusion reached by the Court, as it was not issued until after the close of briefing on Defendant's Motion to Dismiss, is one of the only decisions analyzing the application of NYLL §§ 191 and 198 under a factual scenario comparable to that of the instant matter, and is certainly the most complete and thorough analysis of this issue.[2]

**I.     The Import of Hunter in Analyzing "Non-Failure of Wages Payment Claims"**

Faced with nearly identical allegations to those in this case,[3] for the purpose of its motion to dismiss, the defendant in Hunter did not dispute that plaintiff, a manual laborer, was paid on a bi-weekly basis, rather than a weekly basis as required by NYLL § 191; yet he argued that a plaintiff can only recover damages under Section 198 for Section 191 frequency of payment violations under the NYLL if wages *remained* unpaid or underpaid. Hunter, 2018 WL 3392476 at *2 (citing Hussain v. Pakistan Int'l Airlines Corp. No. 11-cv-932-ERK-VVP, 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012)).

---

[2]   See Hunter, 2018 WL 3392476 at *2-3; see also Wechsler v. Hunt Health Sys., 186 F.Supp.2d 402, 410 (S.D.N.Y. 2002) (reconsideration may be granted when the Court did not evaluate decisions or information that might "reasonably be expected to alter the conclusion reached by the court") (internal quotation marks and citation omitted).

[3]   Whole Foods does not concede liability in any manner whatsoever, but rather, accepts Plaintiffs' allegations in the Complaint as true for the limited purpose of the Motion to Dismiss and the instant Motion. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007)) (in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) all well-pleaded allegations must be accepted as true).

4

Based on the motion to dismiss, the Court rejected as a matter of law plaintiff's legal theory that defendant's alleged *one week late* payment of underlying wages constituted a "failure" to pay wages, resulting a cognizable claim for wages due or a claim from which liquidated damages could be ordered. Hunter, 2018 WL 3392476 at *2. Accordingly, the Court held that a plaintiff had no private right of action under NYLL § 198(1-a) for a frequency of payment violation of NYLL § 191(1)(a)(i) where there is no claim for unpaid wages, since the enforcement mechanism, NYLL § 198, "provides for recovery of nonpayment of wages." Id.

In other words, the Hunter court held that a technically late payment was not the same as a "nonpayment of wages," calling such a supposed claim an unsupportable "***non-failure*** of wages payment" claim. Id. Here, just as in Hunter, Defendant documented payment of all wages due to Plaintiffs prior to commencement of this action. Compare Complaint (DE 1) at ¶¶ 15, 20 (allegations that the named plaintiffs were, in fact, paid by Whole Foods on a bi-weekly basis), with Hunter, 2018 WL 3392476 at *2 (identifying plaintiff's claim that he "was paid by his employer defendant on a bi-weekly basis, rather than weekly for a period").

In reaching this conclusion, the Hunter court actually relied on guidance from the Eastern District of New York, stating in pertinent part: "***The NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment*** and recordkeeping." Hussain, 2012 WL 5289541, at *3 (emphasis added) (quoted and cited by Hunter, 2018 WL 3392476 at *2-3).

## II. The Irrelevance of Cases where Wages Allegedly Remained Unpaid Given Hunter

The critical distinction between cases finding a cognizable wage claim and Hunter is that, while there are cases in which a private right of action is inferred under NYLL § 191 and cases that may have proceeded with pay frequency claims without directly addressing whether a

5

private right of action exists, *in all such cases cited in the Order there are corresponding disputes relating to wages that remained actually unpaid to which the Section 191 claim is pinned*. See DE 18 at 6-7 (citing Cuzco v. Orion Builders Inc., No. 06 Civ. 2789(KMW)(THK), 2010 WL 2143662 (S.D.N.Y. May 26, 2010) (in ruling on an *unopposed* motion for summary judgment and without analyzing whether a cause of action could exist under Section 191, plaintiffs brought overtime and minimum wages claims under NYLL and the Fair Labor Standards Act ("FLSA"), alleging that specific wages remained unpaid and improper tool deductions had been made from wages paid, but not assigning any damages for paying on a bi-weekly basis);[4] Gonzales v. Gan Israel Pre-Sch., No. 12-CV-06304 MKB, 2014 WL 1011070, at *4 (E.D.N.Y. Mar. 14, 2014) (alleging claims for unpaid minimum wages for work that had been performed and not paid in violation of the FLSA and NYLL); Urtubia v. B.A. Victory Corp., 857 F. Supp. 2d 476, 482 (S.D.N.Y. 2012) (alleging, *inter alia,* unpaid overtime and minimum wage violations under the FLSA and only discussing frequency of pay under NYLL in the context of the exhaustion of administration remedies). Here, such a claim for an outstanding overpayment or nonpayment has not been alleged in the Complaint, and the Hunter decision addresses this exactly scenario in the context of NYLL § 191 (rejecting such a claim).

Furthermore, in determining that a private right of action exists under NYLL § 191 despite the lack of express authorization for one in the statute, the Order relies upon AHA Sales, Inc. v. Creative Bath Prod., Inc., 58 A.D.3d 6 (2d Dep't 2008). However, in AHA, the Court considered whether plaintiff, who was a sales representative and brought a claim under NYLL §

---

[4] Notably, Cuzco ultimately settled without any finding of liability relating to Section 191, other than the Court acknowledging a technical violation of the provision by making late payments. See generally Cuzco, No. 06 Civ. 2789(KMW)(THK), at DE 118-119 (Preliminary Approval Order and Final Order and Judgment Approving Collective/Class Action Settlement, respectively).

6

191-b, had a private right of action *to recover allegedly unpaid commissions, which allegedly remained unpaid at the time of the Complaint*. Id. at 9-10. Like in the above-cited cases, in AHA, unpaid wages remained at issue, such that the remedial provisions of NYLL § 198 could be implemented to provide relief. Here, there is not a claim for unpaid wages for which NYLL § 198 could attach and provide recovery, which is the same situation that occurred in Hunter.

**III. Like So Many Other Wage and Hour Provisions Lacking a Private Right of Action, the NYLL Provides an Express Mechanism for Enforcement of Section 191, which is Actually Applied Against Employers where Appropriate**

The Court raised concerns in the Order that an employer should not be permitted to "flout the requirements of § 191 without impunity." (DE 18 at 10). Whole Foods respects and joins the Court's view as to the importance of following the requirements of the FLSA, NYLL and all other applicable wage and hour laws. However, given the varying complexities, technicalities and purposes of wage and hour law provisions, the statutes themselves provide for varying types of enforcement mechanisms, including allowing the government – *and the government alone* – to choose when and how to penalize an employer for a potential violation of provisions lacking a private right of action. Here, NYLL § 191 should not be interpreted as a vehicle for a *private plaintiff* to seek damages for wages previously paid on a class-wide basis where there is an express enforcement mechanism (*e.g.*, civil penalties and enforcement through the New York Commissioner of Labor) already in the statute.

The Hunter court specifically recognized the coterminous nature of the existence of an enforcement mechanism and lack of a private right of action, explaining when dismissing the plaintiff's Section 191 claim, "[T]he Court notes that civil penalties are available against employers for non-failure of wages payment claims through the Commission of Labor pursuant to NYLL § 218(1) . . . ." Hunter, 2018 WL 3392476 at *2. That is exactly what we have here –

7

a "non-failure of wages payment claim[]" which should only be enforceable by the Commissioner of Labor. Id.; see also supra at 2 (block quoting Section 218(1) and listing the discretionary factors the Commissioner should consider when assessing civil penalties against an employer for failing to comply with the non-failure to pay wage components of the NYLL).

Granted the ability to weigh intent by the Legislature, this is precisely why the United States Department of Labor ("DOL") and New York Commissioner of Labor *have the expressly authorized right to choose the method and scope of enforcement* for certain violations which do not provide for a private right of action under the applicable wage and hour laws. For instance:

- The DOL alone has the right to enforce the FLSA's recordkeeping requirements, including by exercising its discretion when ordering civil penalties in the event of violations, and there is clearly no private right of action for such alleged recordkeeping violations;[5]

- Section 162 of the NYLL, which affords employees a 30 minute unpaid meal/rest period, lacks a private right of action, but the enforcement of such provision falls within the exclusive jurisdiction of the State Labor Department;[6]

- Section 195(4) of the NYLL, the recordkeeping/notice provision concerning sick, vacation, holiday and leave policies and hours, similarly lacks a private right of action and falls within the exclusive jurisdiction of the State Labor Department.[7]

---

[5] See, e.g., Ayala v. Looks Great Servs., Inc., No. 14-CV-6035, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015) (granting motion to dismiss and finding that while an employee may bring a private action against an employer for unpaid overtime or minimum wage, authority to enforce the FLSA's recordkeeping provisions is vested solely within the Secretary of Labor); Mariano v. Town of Orchard Park, No. 09–CV–916S, 2011 WL 5979261, at *3 (W.D.N.Y. Nov. 27, 2011) ("Orchard Park argues that there is no private right of action for such a violation. This [c]ourt agrees: Mariano cannot assert a stand-alone cause of action for a record keeping violation."); Cunningham v. Elec. Data Sys. Corp., 579 F.Supp.2d 538, 543 (S.D.N.Y.2008) ("[D]efendant is correct that there is no private right of action to enforce these provisions.... Therefore, to the extent [p]laintiffs' complaint purports to assert a claim under the FLSA's record-keeping provisions, [d]efendant's motion to dismiss this claim is granted.").

[6] See, e.g., Haifeng Xie v. Sakura Kai I Inc., No. 17-CV-7509, 2019 WL 1568756, at *8 (E.D.N.Y. Apr. 11, 2019) ("asserting a claim under NYLL § 162 for failure to provide meal breaks, fails as a matter of law because there exists no private right of action under this statute"); see also Hill v. City of New York, 136 F.Supp.3d 304, 350-351 (E.D.N.Y. 2015) (collecting cases standing for the same proposition).

8

Nor are these principles of governmental enforcement illusory in nature – both the state and federal governments routinely take employers to task for violations of wage and hour laws, but have the authority to exercise discretion in assessing penalties, seeking injunctions and punishing employers based on the intent behind the actions and severity of the harm to employees. Compare WHD NEWS RELEASES, *https://www.dol.gov/newsroom/releases/whd* (collecting press releases including information about the assessment of civil penalties against employers) and NY ATTORNEY GENERAL PRESS RELEASES, *https://ag.ny.gov/press-releases* (same), with NYLL § 218(1) (listing, as factors to consider in assessing civil penalties, (a) the size of the employer's business, (b) the good faith basis of the employer to believe that its conduct was in compliance with the law, (c) the gravity of the violation, (d) the history of previous violations and (e) the failure to comply with recordkeeping or other non-wage requirements). The risk of punishment by the government for statutory wage and hour law violations is in no way theoretical. See, e.g., Exhibit 1 hereto, *https://ag.ny.gov/press-release/ag-recovers-300k-long-island-beverage-distributor-failure-pay-workers-legal-wages* (New York Attorney General's press release publishing the terms of a settlement with an employer where the Attorney General assessed $35,000 in civil money penalties against an employer that violated the NYLL, in addition to recovering $265,000 in allegedly unpaid wages).

The Court, rightfully so, examined the equities of potential abuses by an employer at the end of the Order. However, finding a *cognizable claim* based upon the alleged situation before the Court here – that (i) Defendant paid all wages that were allegedly paid on a bi-weekly basis to Plaintiffs nearly *six years prior to the commencement of the action* and (ii) Plaintiffs now seek

---

7    See, e.g., In re Domino's Pizza Inc., No. 16-CV-6274, 2018 WL 1587593, at *7 (S.D.N.Y. Mar. 27, 2018) (dismissing recordkeeping violation claim because there is "no independent cause of action" for a violation of NYLL § 195(4)).

9

millions of dollars in damages as a result based on a technicality that would have been obviously permitted conduct had a simple waiver been obtained – would result in an actual injustice. To the extent the State of New York believed that there was some misconduct meriting intervention (there was not), the State had the appropriate authority to intervene and stop such conduct, and it took no action, instead (according to the Complaint itself) granting a waiver to Whole Foods to continue the precise conduct allegedly "harming" the Plaintiffs here. See DE 1 at ¶¶ 24-26. There is simply no harm to address and the Complaint should be dismissed with prejudice.

## CONCLUSION

As shown, Section 191 itself provides for no private right of action for a so-called *non-failure* of wages payment claim, and Section 198 expressly provides for a private right of action, relevant here, only for the "underpayment of wages" and a liquidated damages amount equal to those "wages found to be due." NYLL § 198(1-a). There is simply no private right of action for a *non-failure* of wages payment claim for a late payment, and there are no wages here that can, per the allegations, be "found to be due." Id.

For the foregoing reasons, and particularly given the guidance provided in the Hunter decision, Defendant respectfully requests that the Court reconsider its Order denying Defendants' Motion to Dismiss and dismiss the Complaint with prejudice.

\*\*\*

|  |  |
|---|---|
|  | DEFENDANT WHOLE FOODS MARKET GROUP, INC. |
| By: | */s/ Christopher M. Pardo* |
|  | Christopher M. Pardo (NY Bar No. 562802; admitted pro hac vice) |
|  | *cpardo@HuntonAK.com* |
|  | Anna L. Rothschild (pro hac vice forthcoming) |
|  | HUNTON ANDREWS KURTH LLP |
|  | *arothschild@HuntonAK.com* |
|  | 125 High Street, Suite 533 |
|  | Boston, MA 02110 |
|  | Tel: (617) 648-2759 |
| Dated: May 1, 2019 | Fax: (617) 433-5022 |

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on May 1, 2019, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiffs as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

*/s/ Christopher M. Pardo*
Christopher M. Pardo