Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, NY  11542
(516) 671-1150 * F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DWAYNE J. SCOTT and DERELL J. MEYNARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>Defendant. | Case No.<br><br>18-cv-000861(SJF)(AKT) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

A party moving for reconsideration is asking "the district court to correct its own mistake, by calling its attention to a factual matter or a controlling precedent previously put forward by the party but 'overlooked' by the court." Bell Sports, Inc. v. Sys. Software Assocs., 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999).  For this reason, Local Rule 6.3 requires a party seeking reconsideration to identify the "controlling decisions which counsel believes the court [] overlooked."

Whole Foods believes that this Court should have followed Hunter v. Planned Bldg. Servs., Inc., No. 715053/2017, 2018 WL 3392476 (N.Y. Sup. Ct. June 20, 2018), an unpublished decision of the Supreme Court, Queens County.   Whole Foods acknowledges that Hunter "is not

1

controlling authority"[1], but describes it as "certainly the most complete and thorough analysis" of whether a private right of action exists for violations of NY Labor Law § 191.[2]

This Court is no more constrained by Hunter than it is by Vega v. CM & Assocs., Constr. Mgmt. Ltd. Liab. Co., 2018 NY Slip Op 30979(U) (N.Y. Sup. Ct. May 14, 2018), another New York State trial court decision issued one month before Hunter which held that a private right of action exists under the New York Labor Law for late payment of wages.[3]

Defendant improperly attempts to persuade the Court by making new arguments unrelated to Hunter.

Because Defendant has not identified any facts or controlling authority overlooked by the Court, the motion should be denied.

## ARGUMENT

### I. WHOLE FOODS HAS NOT DEMONSTRATED THAT THE COURT OVERLOOKED CONTROLLING DECISIONS

Eastern District Local Civil Rule 6.3 authorizes motions for reconsideration only when accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion").

"The requirements of Local Rule 6.3, which applies in both the Southern and Eastern Districts, are strictly construed in order to keep the court's docket free of unnecessary

---

[1] Memorandum of Law in Support of Defendant Whole Foods Market Group, Inc.'s Motion for Reconsideration ("Def MOL"), at 4.
[2] Def MOL, at 3.
[3] A copy of the Vega decision is annexed hereto as Exhibit 1.

2

relitigation." PAB Aviation, Inc. v. United States, No. 98-CV-5952 (JG), 2000 U.S. Dist. LEXIS 12201, at *3 (E.D.N.Y. Aug. 24, 2000).

Although the Court set a briefing schedule, the Court did not excuse the Defendant from compliance with the local rules.

### A. An unpublished decision of the Queens County Supreme Court is not Controlling Authority.

As an unpublished New York State Court decision, Hunter is of "of little (or no) precedential value." Dubai Islamic Bank v. Citibank, N.A., 126 F. Supp. 2d 659, 669 n.14 (S.D.N.Y. 2000); see also Eaton v. Chahal, 146 Misc. 2d 977, 553 N.Y.S.2d 642, 646 (N.Y. Sup. Ct. 1990).

Moreover, a district court is not bound by state trial court decisions, whether published or unpublished. See AEI Life L.L.C. v. Lincoln Ben. Life Co., 892 F.3d 126, 139 n.15 (2d Cir. 2018); Cowen & Co. v. Tecnoconsult Holdings, No. 96 Civ. 3748 (BSJ), 1996 U.S. Dist. LEXIS 9763 (S.D.N.Y. July 9, 1996), No. 96 Civ. 3748, 1996 WL 391884, at *4 n.3 (S.D.N.Y. July 11, 1996)("Although [a district court] may look to lower court decisions for guidance on questions of state law, [it] is bound only by decisions by the New York Court of Appeals and the Court of Appeals for the Second Circuit.").

In this case, the Court properly considered relevant state appellate court decisions, and considered how the Court of Appeals would rule in this instance. See Scott v. Whole Foods Mkt. Grp., Inc., No. 18-CV-0086 (SJF) (AKT), 2019 U.S. Dist. LEXIS 61726, at *8 (E.D.N.Y. Apr. 9, 2019).

### B. Whole Foods admits that Hunter is not controlling authority

Whole Foods acknowledges on page 3 of its Memorandum of law that Hunter "is not controlling authority."

3

### C. Whole Foods is aware of Local Rule 6.3

The Defendant's memorandum omits any reference to Local Rule 6.3, suggesting that perhaps it simply overlooked the Local Rules.

However, Defendant cites to <u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) for the proposition that "reconsideration may be granted when the Court did not evaluate decisions or information that might 'reasonably be expected to alter the conclusion reached by the court.'"[4]

Whole Foods selectively quotes the <u>Wechsler</u> decision. The paragraph of the <u>Wechsler</u> decision cited by Defendant states:

> Local Civil Rule 6.3 precludes a party from advancing new facts, issues or arguments not previously presented to the court. Moreover, a motion for reconsideration will generally be denied unless the moving party can point to <u>controlling decisions or data that the court overlooked</u> matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

<u>Id.</u> (internal quotations and citations omitted; emphasis supplied).

### II. THERE IS EQUAL NEW YORK STATE SUPREME COURT PRECEDENT THAT A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191.

Just one month before <u>Hunter</u>, another New York State trial court found that a private right of action exists under NYLL § 191 for delayed payment of wages. <u>See Vega v. CM & Assocs., Constr. Mgmt. Ltd. Liab. Co.</u>, 2018 N.Y. Slip Op. 30979(U) (2018).

### III. WHOLE FOODS MAKES NEW ARGUMENTS

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" <u>Wechsler v. Hunt Health</u>

---

[4] Def MOL, at 4 n. 2.

4

Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (citing Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000)). In other words, "motions for reconsideration 'are not vehicles for taking a second bite at the apple.'" Kalamas v. Consumer Sols. Reo, L.L.C., No. 09-CV-5045 (SJF), 2011 U.S. Dist. LEXIS 139142, at *4-5 (E.D.N.Y. Nov. 30, 2011)(citing Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008)). Here, Defendant uses the Hunter decision as a pretext for doing precisely that.

### A. Defendant makes new arguments that it acted in good faith.

Defendant for the first time raises "good faith" arguments not made in its original motion. For example, Whole Foods states that it "respects. . .the importance of following the requirements of the [] NYLL and all other applicable wage and hour laws"[5] and "[t]here was [no] misconduct [on the part of Whole Foods]."[6]

### B. Whole Foods newly argues that this it is not avoiding accountability.

Whole Foods also argues that dismissing this case and finding that no private right of action exists "[i]n no way. . .mean[s] that [Whole Foods] can simply ignore the payment provision of the NYLL without repercussion."[7]

Defendant has acknowledged that the Commissioner of Labor has not commenced any action regarding defendants' non-compliance with NYLL § 191.[8] Any action by an aggrieved employee or the Commissioner must be commenced within 6 years. NYLL § 198(3). Any

---

[5] Def MOL, at 7.
[6] Def MOL, at 10 (stating that "[t]o the extent the State of New York believed that there was some misconduct meriting intervention (there was not), the State had the appropriate authority to intervene and stop such conduct, and it took no action…")
[7] Def MOL, at 2.
[8] "[T]he State had the appropriate authority to intervene and stop such conduct, and it took no action."[8]

5

action by the Commissioner is now time barred. Therefore, by asking for dismissal of the complaint, Whole Foods is indeed seeking to avoid accountability.

### A. Whole Foods newly argues that the Court's decision is unfair.

Whole Foods also argues that liability should not be "based on a technicality."[9] *See also* Def MOL, at 5 (describing a violation of NYLL § 191 as a "technically late payment."). Defendant was required to comply with the law, whether it consider a requirement "technical" or not.

### CONCLUSION

Whole Foods makes this motion ostensibly to bring to the Court's attention Hunter, 2018 WL 3392476, at *2. However, the Defendant already brought this decision to the Court's attention on December 12, 2018 (ECF No. 17). Whole Foods uses the opportunity to make new arguments omitted from its original motion papers.

As succinctly stated by another court, "[w]hile defendant is unhappy with the decision, the Court overlooked nothing of a controlling nature." Mukaddam v. Permanent Mission of Saudi Arabia, 136 F. Supp. 2d 257, 261 (S.D.N.Y. 2001). Indeed, there is equal authority supporting the Court's holding that a private right of action exists for violations

Therefore, the Defendant's motion for reconsideration should be denied.

Dated: Glen Cove, New York
      May 22, 2019

_____
Steven John Moser

---

[9] Def MOL, at 10.