UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DWAYNE J. SCOTT AND DERELL J. MEYNARD, Individually and on behalf of all others similarly situated,

                         Plaintiffs,

       -*against*-

WHOLE FOODS MARKET GROUP, INC.

                         Defendant.

Case No. 2:18-cv-00086-SJF-SKT

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S
## REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods"), by and through its attorneys, Hunton Andrews Kurth LLP, submits this Reply in further support of its Motion for Reconsideration ("Motion") and in reply to Plaintiffs' Memorandum of Law in Opposition ("Opposition").

Plaintiffs' Opposition completely fails to respond to – or even tangentially acknowledge – any of the substantive arguments presented in Whole Foods' Motion. Instead, Plaintiffs' only grounds for arguing the Motion should be denied are (a) that Whole Foods supposedly violated the Local Civil Rules by filing the Motion and (b) another New York State trial court decision purportedly conflicts with the Hunter decision cited by Whole Foods.

*First*, Plaintiffs contend the Motion should be denied because Whole Foods did not cite "controlling decisions" that the Court "overlooked," which Plaintiffs incorrectly argue is a prerequisite for reconsideration pursuant to Local Rule 6.3. Opposition at p. 4. In raising this issue, Plaintiffs ignore that the Court expressly permitted the filing of this Motion and, in addition, Plaintiffs' position is premised on a misreading of the Local Rule.

Despite being narrowly construed, Local Rule 6.3 allows a party to seek reconsideration where the movant can point to "*matters* . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc.*,* 70 F.3d 255, 257 (2d Cir. 1995) (affirming the allowance of defendant's motion for reconsideration where defendant presented statements in legislative history of the Federal Employers' Liability Act as well as decisions from other circuit courts for consideration) (emphasis added); accord Analytical Surveys, Inc. v. Tonga Partners*,* L.P., 684 F.3d 36, 52 (2d Cir. 2012). Based on the language in the April 9, 2019 Memorandum and Order on Whole Foods' Motion to Dismiss (Docket Entry 18) (the "Order"), Whole Foods had a reasonable belief that the entire record was not before the Court when it decided its motion to dismiss, including its Notice of Supplemental Authority bringing the Hunter decision to the Court's attention. Whole Foods raised this concern to the Court during the April 10 status conference, and the Court permitted Whole Foods to file for reconsideration so that this issue could be reviewed. The Court not only gave Whole Foods leave to file its Motion, but also issued an order setting out a briefing schedule for the same.

Despite this sequence of events, Plaintiffs argue that the Motion is nonetheless procedurally improper under Local Rule 6.3 – and thus should be denied – because it does not present "controlling decisions." Plaintiffs are incorrect. Local Rule 6.3 states that the memorandum shall set forth concisely "the matters **or** controlling decisions which counsel believes the Court has overlooked" (emphasis added). The standard is disjunctive per the use the word "or," and Defendant raised "matters" of concern with the Court as stated above.

Aside from the plain language of the Local Rule, even where a motion for reconsideration brought pursuant to Local Rule 6.3 could be technically improper, the Eastern District has acknowledged that "a district court retains absolute authority to reconsider or

otherwise affect its interlocutory orders any time prior to appeal." Williams v. Cty. of Nassau, 779 F. Supp. 2d 276, 280 (E.D.N.Y. 2011), aff'd, 581 F. App'x 56 (2d Cir. 2014) (granting, in part, defendant's motion for reconsideration which was brought beyond the clear time limits set forth in Local Rule 6.3, affirmed by the Second Circuit). The Motion is not improper under Local Rule 6.3 and should not be denied, as Plaintiffs argue, based on a technical, narrow reading of the rule that not only ignores the Court's discretion, but ignores the disjunctive standard allowing the substantive "matters" presented in the Motion to be heard by the Court.

*Second*, Plaintiffs improperly argue that the decision in Vega v. CM & Assocs., Constr. Mgmt. Ltd. Liab. Co., 2018 NY Slip Op 30979(U) (N.Y. Sup. Ct. May 14, 2018), which was issued one month before Hunter, is another reason for the Court to deny the Motion.[1] Notably, the Vega decision is presently on appeal to the New York Appellate Division. The appeal has been fully briefed and oral argument occurred on May 30, 2019. Given the posture of Vega and the potential for a decision that may reverse the order that Plaintiffs presented to the Court in their Opposition as a purported basis to ignore Hunter, the Court should not give any special weight to the Vega decision from the New York Supreme Court.

Whole Foods submitted Hunter to the Court as supplemental authority because it issued after briefing closed and is the only decision issued from a New York state or federal court that directly mirrors the facts of the instant matter while also analyzing whether a private right of action exists for a claim under NYLL § 191 – not simply because it addresses the existence of a

---

[1] Whole Foods specifically acknowledged in the Motion that Hunter is not controlling authority, and so doing, did not "improperly attempt[] to persuade the Court," as Plaintiffs state in their Opposition. See Opposition at p. 2.

3

private right of action under NYLL § 191 under dissimilar circumstances (*i.e.*, where payment remained outstanding at the time of the lawsuit), for which there are many such cases.[2]

## CONCLUSION

For the reasons stated herein, as well as in Whole Foods' Memorandum of Law in Support of Motion for Reconsideration, Whole Foods respectfully requests that the Court reconsider its Order Denying Whole Foods' Motion to Dismiss and dismiss this case with prejudice.

Dated: Boston, Massachusetts
June 19, 2019

                                            Respectfully submitted,

                                            DEFENDANT WHOLE FOODS MARKET GROUP, INC.

By: */s/ Christopher M. Pardo*
Christopher M. Pardo (NY Bar No. 562802; admitted pro hac vice)
 cpardo@HuntonAK.com
Anna L. Rothschild (pro hac vice forthcoming)
HUNTON ANDREWS KURTH LLP
 arothschild@HuntonAK.com
125 High Street, Suite 533
Boston, MA 02110
Tel: (617) 648-2759
Fax: (617) 433-5022

---

[2] Vega, like other decisions cited by Plaintiffs in their original opposition to the motion to dismiss and sur-reply, is distinguishable from the instant matter, as the defendant in Vega is a construction company that knowingly engaged in a practice of paying construction laborers – who are unquestionably manual workers under the New York Labor Law – on a bi-weekly basis and never sought to obtain a waiver for their practice, unlike Whole Foods.

4

5

**CERTIFICATE OF SERVICE**

      I, Christopher M. Pardo, hereby certify that on June 19, 2019 a true and correct copy of the foregoing document along with all related motion papers pursuant to Rule 4 of Judge Feuerstein's Individual Rules were bundled and electronically filed through the Court's CM/ECF system served upon counsel of record through the same.

                                                  */s/ Christopher M. Pardo*
                                                  Christopher M. Pardo

099900.23889 EMF_US 74656341v1