**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DWAYNE J. SCOTT AND DERELL J. MEYNARD, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  -*against*-<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>    Defendant. | FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT<br><br>Case No. 2:18-cv-00086-SJF-SKT |

Defendant Whole Foods Market Group, Inc. ("Whole Foods"), by and through its attorneys, Hunton Andrews Kurth LLP, hereby files its First Amended Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") (collectively, "Plaintiffs") on January 5, 2018 ("Complaint") as follows:

## INTRODUCTION

1.      Paragraph 1 purports to set forth a summary of what this lawsuit seeks and therefore does not contain any factual allegations to which any response is required. To the extent a response is required, Whole Foods denies the allegations in Paragraph 1.

## THE PARTIES

2.      Whole Foods lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2, and, therefore, they are denied.

3.      Whole Foods lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3, and, therefore, they are denied.

4.      Whole Foods admits the allegations in Paragraph 4.

5.      Whole Foods admits the allegations in Paragraph 5.

6. Whole Foods admits that it operates supermarkets in numerous states across the United States. Except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 6.

7. Whole Foods admits that it has operated supermarkets in the State of New York since prior to December 11, 2011 to the present. Except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods admits the allegations in Paragraph 9.

## FACTS

10. Whole Foods denies the allegations in Paragraph 10. In further response, Whole Foods affirmatively states that Mr. Scott was employed by Whole Foods from October 15, 2012 through December 12, 2015. See Tab 1 (excerpt from Scott's Whole Foods personnel file, Team Member Separation Form listing Scott's October 15, 2012 hire date); see also Tab 2 (extract for Scott from Whole Foods' Workday History computer program, listing his October 15, 2012 hire date in column E, line 10).

11. Whole Foods admits the allegations in Paragraph 11.

12. Whole Foods denies the allegations in Paragraph 12.

13. Whole Foods denies the allegations in Paragraph 13.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 14.

15. Whole Foods admits the allegations in Paragraph 15.

16. Whole Foods denies the allegations in Paragraph 16. In further response, Whole Foods affirmatively states that Mr. Meynard was employed by Whole Foods in Jericho, New York from June 24, 2010 through July 22, 2013. See Tab 3 (excerpts from Meynard's Whole Foods personnel file, identifying his work location during this time period as being Jericho, New York); see also Tab 4 (extract for Meynard from Whole Foods' Workday History computer program, identifying his work location during this time period as being Jericho, New York in column G, lines 2-20).

17. Whole Foods denies the allegations in Paragraph 17. In further response, Whole Foods affirmatively states that Mr. Meynard was employed by Whole Foods at all times relevant to this lawsuit at the Whole Foods location in Jericho, New York. Compare Tab 3 and Tab 4 with Tab 5 (excerpt from Meynard's Whole Foods personnel file, specifically, his application for re-employment with Whole Foods in Jericho, New York, admitting that he actually worked in Manhasset, New York from approximately 2008 until he was "[t]erminated with cause" from that location in 2009).

18. Whole Foods denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 19. In further response, Whole Foods affirmatively states that during the statute of limitations period applicable to this litigation per the allegations in the Complaint (January 15,

3

2012 through April 27, 2012), Mr. Meynard held the non-manual worker position of Produce Buyer/Specialist.  See Tab 4 (showing Meynard's position history with Whole Foods from September 26, 2011 through May 27, 2013 to be "Produce Buyer/Specialist," in lines 5-11, specifically at columns E and I, and column H, which lists his position's job code as "S186") and Tab 6 (excerpts from Meynard's Whole Foods personnel file, showing the same start and end dates of Meynard's employment as a Produce Buyer/Specialist on Job Change Forms identifying the "S186" job code on the start date).  Moreover, Whole Foods avers that Meynard's non-manual worker position as a Produce Buyer Specialist required him to order merchandise and produce and participate in marketing and promotional initiatives.  See Tab 3 (excerpts from Meynard's Whole Foods personnel file, including an email from Meynard identifying himself as the "Produce Buyer" from the Jericho, New York location, and a memorandum to the file from his team leader identifying performance issues in Meynard's purchasing).

20. Whole Foods admits the allegations in Paragraph 20.

21. Whole Foods denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 purport to constitute in part a recitation of NYLL § 191, and such statutory provisions speak for themselves.  In addition, the partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 22.

23. The allegations in Paragraph 23 with respect to the definition of "manual workers" constitutes a legal conclusion, to which no response is required.  To the extent any response is required, Whole Foods denies all allegations in Paragraph 23.

24. The allegations in Paragraph 24 purport to constitute in part a recitation of NYLL § 191, and such statutory provisions speak for themselves.  In addition, the partial recitation of a

4

statutory provision constitutes a legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 24.

25. The allegations in Paragraph 25 with respect to whether "Plaintiff" is considered to be a "manual worker" under NYLL constitutes a legal conclusion, to which no response is required. To the extent a response is required, Whole Foods denies all allegations in Paragraph 25.

26. The allegations in Paragraph 26 constitute legal conclusions regarding Whole Foods' purported legal obligations, to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 purport to constitute in part a recitation of NYLL § 191, and such statutory provisions speak for themselves. In addition, the partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies all allegations in Paragraph 27.

## CLASS ACTION ALLEGATIONS

28. Paragraph 28 purports summarize the putative class members on whose behalf Plaintiffs bring this action, which is not a factual allegation to which any response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 28 and further avers that the purported class is improper.

29. Paragraph 29 purports to set forth a summary of who Plaintiffs believe are "excluded from the Class," which is not a factual allegation to which any response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 29 and further avers that the purported class is improper.

30. The allegations in Paragraph 30 constitute legal conclusion to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 30.

31. Whole Foods admits that as of December 11, 2011, it employed approximately 3,300 employees in the State of New York. Except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 31.

32. The allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 32.

33. Whole Foods admits that the named Plaintiffs, Meynard and Scott, worked in the State of New York at Whole Foods locations. The partial recitation of a statutory provision constitutes a legal conclusion to which no response is required. To the extent any further response is required, Whole Foods denies such allegation. In addition, except as expressly admitted herein, Whole Foods denies the remaining allegations in Paragraph 33.

34. Whole Foods lacks sufficient information to form a belief as to the allegations in the second through sixth sentences of Paragraph 34 regarding what Plaintiffs "understand" and/or "recognize," and therefore, they are denied. The remaining allegations in Paragraph 34 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 34.

35. Whole Foods lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 35, and, therefore, they are denied.

36. Whole Foods denies the allegations in Paragraph 36.

37. Whole Foods denies that "members of the Class" have been damaged and/or are entitled to any recovery under NYLL or otherwise. Whole Foods lacks sufficient information to form a belief as to the truth of the allegations regarding the financial resources of the "individual class members" in the fourth sentence of Paragraph 37 and, therefore, they are denied. The remaining allegations in Paragraph 37 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 38.

39. The allegations in Paragraph 39 constitute legal conclusions to which no response is required. To the extent any response is required, Whole Foods denies the allegations in Paragraph 39.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF NYLL §§ 191 AND 198**

40. Whole Foods repeats, adopts, and incorporates by reference its answers to all allegations in the proceeding paragraphs.

41. Whole Foods denies the allegations in Paragraph 41.

42. Whole Foods denies the allegations in Paragraph 42.

43. Whole Foods denies the allegations in Paragraph 43.

44. Whole Foods denies the allegations in Paragraph 44.

45. Whole Foods denies the allegations in Paragraph 45.

## PRAYER FOR RELIEF

Whole Foods denies that Plaintiffs are entitled to any relief in this matter, including the relief as requested in the subsections (a) through (f) of the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which relief can be granted against Whole Foods.

## SECOND AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

49. Upon information and belief, Plaintiffs, in the exercise of reasonable diligence, could have mitigated any alleged monetary damage to themselves, and instead failed to exercise reasonable diligence and failed to mitigate such alleged monetary damages, and therefore Plaintiffs' claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims fail because no wages, salary or any other compensation payments of any kind are owed by Whole Foods to them.

## SIXTH AFFIRMATIVE DEFENSE

51. The actions of Whole Foods were justified under the circumstances, and Whole Foods acted in a manner that was proper, reasonable and lawful in the exercise of good faith.

### SEVENTH AFFIRMATIVE DEFENSE

52. Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

### EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiffs are precluded from recovering any amounts where they have been paid all sums legally due under Article 6 of the New York Labor Law, and its implementing regulations.

### NINTH AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages, or any other damages, interest, costs, or fees allowed by applicable law may be granted.

### TENTH AFFIRMATIVE DEFENSE

55. Plaintiffs' and/or putative class action members' claims are barred to the extent they signed valid releases of claims asserted in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims fail as no private right of actions exists for a violation of NYLL § 191 through NYLL § 198 where all wages were actually paid.

### TWELFTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims fail because a class action exclusively seeking liquidated damages cannot be pursued under the applicable New York law.

### THIRTEENTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims fail because they were not "manual workers" within the meaning of NYLL § 191 during any time period relevant to this lawsuit.

**WHEREFORE,** Whole Foods respectfully requests that the Complaint be dismissed and that the Court grant Whole Foods its costs, disbursements and attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: Boston, Massachusetts
June 28, 2019

                                  **DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

By: */s/ Christopher M. Pardo*
Christopher M. Pardo (NY Bar No. 562802; admitted pro hac vice)
 cpardo@HuntonAK.com
Anna L. Rothschild (*pro hac vice forthcoming*)
HUNTON ANDREWS KURTH LLP
 arothschild@HuntonAK.com
125 High Street, Suite 533
Boston, MA 02110
Tel:  (617) 648-2759
Fax:  (617) 433-5022

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on June 28, 2019, the foregoing document was electronically filed through the Court's CM/ECF system and served upon counsel for the Plaintiffs through the same.

                                  */s/ Christopher M. Pardo*
                                  Christopher M. Pardo