

HUNTON ANDREWS KURTH LLP
125 HIGH STREET
SUITE 533
BOSTON, MASSACHUSETTS 02110-0533

TEL   617 • 648 • 2800
FAX   617 • 433 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@HuntonAK.com

September 9, 2019

VIA CM/ECF

Hon. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>*Scott, et al. v. Whole Foods Market Group, Inc.*</u>
            **E.D.N.Y. Docket No. 2:18-cv-86-SJF-AKT**

Dear Honorable Judge Tomlinson:

    This firm represents Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") in the above referenced matter. Defendant submits this opposition to the letter motion for reconsideration or modification of the Court's order dated September 4, 2019 ("Docket Entry ("DE-") 31) filed by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") (together, "Plaintiffs") on September 6, 2019. (DE-32). Meynard, along with his co-plaintiff Scott, should remain ordered to appear before the Court on September 25, 2019, and if they fail to appear, their claims should be dismissed with prejudice.

    Any citizen has a right to seek legal recourse for alleged wrongs through the court system. However, no citizen has the right to abuse that court system in an attempt to extort a defendant, but it appears that is what Plaintiffs are trying to do to Whole Foods seven years after the end of the applicable statutory period.

    In short, this matter has been pending for nearly two years, but it was only after Whole Foods exposed Plaintiffs' purposeful misstatements and omissions in their Complaint (DE-1) that counsel attempted to withdraw from the representation of Scott and now tries to prevent Meynard from answering to the Court in person regarding his desire to continue with this litigation. As is set forth in the pending Rule 12(c) Motion for Judgment on the Pleadings,[1]

---

[1]     Whole Foods served its Motion for Judgment on the Pleadings and supporting Memorandum of Law on September 9, 2019. To the extent the Court wishes to review the same in advance of the hearing on September 25, 2019, Whole Foods will submit a copy of the same. However, given the Court's bundling rule, its Memorandum of Law is not yet before the Court.



neither Scott nor Meynard are proper plaintiffs and their claims should be dismissed with prejudice because:

(i) Scott entirely misrepresents his dates of employment and did not work for Whole Foods within the actual statute of limitations; and

(ii) Meynard (unlike Scott) curiously fails to identify the position he held at Whole Foods during the relevant time period, as revealing his actual employment history would disqualify him from bringing any claims here.

Without question, based on the allegations and filing date, the relevant statutory period is January 5, 2012 through April 27, 2012 (the end date being the date that the Complaint alleges Whole Foods obtained a waiver to pay manual workers bi-weekly from the New York State Department of Labor). (See DE-1 at ¶ 25, 27). With respect to Scott, as the Answer and documents affixed thereto show, Scott was employed at Whole Foods from October 15, 2012 through December 12, 2015, which falls outside of the statutory period. (See DE-29 at ¶ 10, tabs 1-2). With respect to Meynard, unlike Scott, he failed to identify the position he held at Whole Foods during the relevant time period, because he was actually in the non-manual position of a "Produce Buyer/Specialist," which disqualifies Meynard from bringing a viable claim. (See DE-29 at ¶ 19, tabs 3-4).

In other words, Scott made affirmative misrepresentations in the Complaint, and Meynard relied on vagueness and omission (albeit with respect to essential facts), in an effort to prevent Whole Foods from having their respective claims dismissed with prejudice at the outset of this matter. In doing so, counsel's representation of Plaintiffs has caused the Court, counsel for both sides and Whole Foods to expend significant resources on this matter.

This is not merely a situation of non-responsiveness of a plaintiff that necessitates counsel's withdrawal, but instead should result in a dismissal with prejudice because the claims are fraudulent, which is likely causing the Plaintiffs' non-responsiveness. Counsel should not be permitted to withdraw from his representation, and both of the Plaintiffs should have to appear before the Court or have their claims dismissed with prejudice.

***



      Accordingly, given the extent of the misrepresentations and omissions made by *both* Plaintiffs, Whole Foods respectfully requests that this Court deny Plaintiffs' letter motion requesting modification or reconsideration of its show cause order, and require that counsel appear with *both* Meynard and Scott before the Court at the September 25, 2019 hearing, or Plaintiffs' claims should all be dismissed with prejudice.

                                            Sincerely,

                                            Christopher M. Pardo

Cc:    Steven J. Moser (via CM/ECF; *smoser@moseremploymentlaw.com* )