Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.

9733      Irma Vega, etc.,                           Index 23559/16E
         Plaintiff-Respondent,

                -against-

         CM and Associates Construction
         Management, LLC,
             Defendant-Appellant.
_____

Forchelli Deegan Terrana LLP, Uniondale (John M. Comiskey of counsel), for appellant.

Abdul Hassan Law Group, PPLC, Queens Village (Abdul K. Hassan of counsel), for respondent.
_____

      Order, Supreme Court, Bronx County (Ruben Franco, J.), entered May 15, 2018, which denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

      Plaintiff alleges that she was employed by defendant from approximately May of 2014 to September of 2015 as a manual laborer, and that, during that time, she was paid her wages on a biweekly basis, in violation of Labor Law § 191(1)(a), which requires weekly payment of manual workers. Plaintiff seeks to recover liquidated damages, as well as interest and reasonable attorney's fees, pursuant to Labor Law § 198(1-a), which applies to "wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6" (*Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 459 [1993]).

The purpose of section 198(1-a) is "enhancing enforcement of the Labor Law's substantive wage enforcement provisions" (*id.* at 463; *see generally Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 615 [2008]), and contrary to defendant's argument that § 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), the plain language of the statute indicates that individuals may bring suit for any "wage claim" against an employer. The remedies provided by section 198(1-a) apply to "violations of article 6" (*Gottlieb*, 82 NY2d at 463), and section 191(1)(a) is a part of article 6.

Contrary to defendant's argument, the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action. "In the absence of any controlling statutory definition, we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as 'useful guideposts' in determining the meaning of a word or phrase" (*Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475, 479-480 [2001]). The word underpayment is the noun for the verb underpay; underpay is defined as "to pay less than what is normal or required" (Merriam-Webster's Collegiate Dictionary 1364 [11th

ed 2012]). The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required.

We reject defendant's implicit attempt to read into section 198(1-a) an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action.[1] The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198[1-a]). However, payment does not eviscerate the employee's statutory remedies.

In interpreting the liquidated damages provisions of the Fair Labor Standards Act of 1938 (FLSA), the Supreme Court has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the "failure to pay the statutory minimum on time," in order to provide "compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages" (*Brooklyn Sav. Bank v O'Neil*, 324 US 697, 707 [1945]). Labor Law § 198(1-a), although not identical to the

---

[1]Defendant's argument would apply with equal force to the instances where the employer pays no wages or partially pays wages but ultimately makes payment prior to the commencement of an action.

FLSA liquidated damages provision (29 USC § 216[b]), has "no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed" (*Rana v Islam*, 887 F3d 118, 123 [2d Cir 2018] [internal quotation marks omitted]). Accordingly, liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages.[2]

Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191. Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages.

Furthermore, even if Labor Law § 198 does not expressly authorize a private action for violation of the requirements of Labor Law § 191, a remedy may be implied since plaintiff is one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would

---

[2] The legislative history of the 1967 amendment to section 198 reflects that in addition to imposing "stronger sanctions" to compel employer compliance, "[t]he imposition of liquidated damages will also compensate the employee for the loss of the use of the money to which he was entitled" (Governor's Approval Mem, Bill Jacket, L 1967, ch 310; 1967 NY Legis Ann at 271). The employee loses the use of money whether he or she is never paid, partially paid, or paid late.

promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]; *see also Rhodes v Herz*, 84 AD3d 1 [1st Dept 2011]*, lv dismissed* 18 NY3d 838 [2011]).  Here, plaintiff is a "manual worker" as defined by the statute, and allowing her to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally "dependent upon their wages for sustenance" (*see People v Vetri*, 309 NY 401, 405 [1955], citing former Labor Law § 196), and § 198, which was enacted to deter abuses and violations of the labor laws (*see P & L Group v Garfinkel*, 150 AD2d 663, 664 [2d Dept 1989] [section 198 "reflect(s) a strong legislative policy aimed at protecting an employee's right to wages earned"]).  It would also be consistent with the legislative scheme, as section 198 explicitly provides that individuals may bring suit against an employer for

violations of the labor laws, even if the Commissioner chooses not to do so (see *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 15 [2d Dept 2008]).

   THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

   ENTERED: SEPTEMBER 10, 2019

_____
CLERK

33