

MOSER LAW FIRM, P.C.

STEVEN J. MOSER
PHONE 516-671-1150 (EXT. 3)
SMOSER@MOSEREMPLOYMENTLAW.COM

September 12, 2019

<u>VIA ECF</u>

Hon. A. Kathleen Tomlinson, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

RE:   *Scott v. Whole Foods,* 18-cv-0086
      <u>Motion to Compel Discovery</u>

Dear Judge Tomlinson:

I represent the Plaintiffs in the above captioned matter.  I write to request an order compelling the Defendant Whole Foods Market Group, Inc. to respond to Plaintiffs' Pre-Class Certification Interrogatories and Requests for Production of Documents annexed hereto as Exhibit 1.

**FACTS**

On April 17, 2019 Plaintiffs served discovery requests on Whole Foods.

On May 17, 2019 I received a telephone call from Mr. Pardo in which he requested an extension to respond to the discovery requests until after July 10, 2019.  I consented to the request.

On June 29, 2019 Whole Foods filed an amended answer.  Instead of furnishing documents in response to Plaintiffs' discovery requests, Whole foods attached portions of the class representatives' confidential employee files to the amended answer. (*See* ECF No. 29). That same day I asked Whole Foods to stipulate to strike the discovery materials.  Whole Foods did not respond.

On August 27, 2019 Plaintiff Derell Meynard served responses to Defendant's request for production of documents.  On August 27, 2019 I asked when Whole Foods would furnish responses to Plaintiffs' discovery requests.  Whole Foods did not respond.

On September 9, 2019, Defendant Whole Foods served a notice of motion for judgment on the pleadings under 12(c) and for sanctions under Rule 11 against the Plaintiffs Meynard and Scott.  This motion relies on the discovery materials filed by Whole Foods on June 29, 2019.

*Scott v. Whole Foods,* 18-cv-0086(SJF)(AKT)
Letter Motion to Hon. A. Kathleen Tomlinson, USMJ
September 12, 2019
Page 2 of 2

On September 10, 2019, I spoke via telephone with counsel for Whole Foods pursuant to Local Rule 37.1, who informed me that he believed that the parties agreed to a stay of discovery pending the outcome of Defendant's Motion for Reconsideration (ECF No. 26, filed on June 19, 2019).

On September 12, 2010, after email exchanges between the parties, Whole Foods stated that it will respond to the document requests and interrogatories by October 10, 2019. However, it has stated that it will not respond to discovery requests pertaining to Mr. Scott. I enquired via email if Whole Foods would grant an extension of the time to respond to the noticed motion under Rules 11 and 12(c) until after Whole Foods provides the requested discovery. Whole Foods has not responded to this request.

**CONCLUSION**

In short, Whole Foods believes there was a stay of discovery. During that alleged stay, however, Whole Foods annexed discovery materials containing confidential and personal employee files to its amended answer and is now relying on those documents to support a motion for sanctions against the class representatives. Whole Foods has not responded to Plaintiffs' request to provide discovery before Plaintiffs respond to the motion.

Finally, Whole Foods has refused to withdraw the motion for sanctions but will not furnish documents regarding Mr. Scott which may essential in opposing the motion.

I therefore request that the Defendant Whole Foods be ordered to respond to Plaintiffs' Pre-Class Certification Interrogatories and Requests for Production of Documents dated April 17, 2019 within 7 calendar days.

Respectfully submitted,

*Steven John Moser*

Steven John Moser
516.671.1150
smoser@moseremploymentlaw.com