

HUNTON ANDREWS KURTH LLP
125 HIGH STREET
SUITE 533
BOSTON, MASSACHUSETTS 02110-0533

TEL    617 • 648 • 2800
FAX   617 • 433 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@HuntonAK.com

September 16, 2019

VIA CM/ECF

Hon. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Scott, et al. v. Whole Foods Market Group, Inc.*
             **E.D.N.Y. Docket No. 2:18-cv-86-SJF-AKT**

Dear Honorable Judge Tomlinson:

      This firm represents Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") in the above referenced matter. Defendant submits this opposition to the Letter Motion to Compel Discovery Responses ("Letter Motion") (Docket Entry ("DE-") 38) filed by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") (together, "Plaintiffs").

      Plaintiffs' motion is a futile attempt to link Whole Foods' motion for judgment on *the pleadings* to voluminous written discovery relating to all facets of this lawsuit. This attempt to delay the dismissal of this case comes after:

(i)    Plaintiffs have been exposed as trying to mislead the Court (see generally DE-34);

(ii)   Plaintiffs' counsel attempted to withdraw from representation of Scott while trying to keep Meynard from appearing at the upcoming Show Cause hearing; and

(iii)  Plaintiffs' counsel sought to compel Whole Foods to respond to written discovery *for Scott*, the very plaintiff he is attempting to withdraw from representing and *who has not himself responded to Whole Foods' discovery*.

Whole Foods agreed to respond to discovery as to Meynard within 30 days *before* counsel filed the instant motion, rendering it moot. Simply put, there is no discovery dispute here. The instant motion is a red herring intended to distract the Court from the reasons the case should be dismissed with prejudice.

Case 2:18-cv-00086-SJF-AKT Document 39 Filed 09/16/19 Page 2 of 3 PageID #: 246



September 16, 2019
Page 2

Plaintiffs' counsel tacitly acknowledges in his Letter Motion that the parties agreed to an open-ended "extension to respond to the discovery requests until after July 10, 2019." DE-38 at 1. This agreement was intended to postpone responses until the Court heard the Motion for Reconsideration on Whole Foods' Motion to Dismiss, which the Court re-scheduled for October 24, 2019. See Electronic Order Dated 06/28/1019. On June 7, 2019, as part of the same agreement regarding postponement of discovery responses, Whole Foods answered the Complaint. See DE-24. Then, on June 28, 2019, Whole Foods amended the Answer as a matter of right, including specific information exposing the misrepresentations – both affirmative and by omission – which Plaintiffs made in the Complaint. See DE-29.

On August 27, 2019, 133 days after Whole Foods served the requests, Plaintiff's counsel served written discovery responses, ***but only on behalf of Meynard***. A few days later, Plaintiffs' counsel tried to withdraw from representation of Scott. See DE-30. Next, the day after Whole Foods served its Motion for Judgment on the Pleadings (see generally DE-33), Plaintiffs' counsel demanded immediate written discovery responses. See Exhibit A hereto at 3. At the time of this filing, Scott still has not responded to Whole Foods' written discovery.

Plaintiffs' maneuvering here is transparent. Once Whole Foods answered the Complaint at the time mutually agreed by the parties and amended it within the time permitted by the rules (see generally DE-29), Plaintiffs' counsel scrambled to prevent the inevitable dismissal of this lawsuit. The Amended Answer made it apparent that (i) Scott's claims are time-barred and (ii) Meynard misrepresented his relevant past employment position and could not bring a claim either. See generally DE-34 (Whole Foods explaining the same in opposition to Plaintiffs' Motion for Reconsideration).

Upon receipt of a demand to respond to written discovery by a date certain, counsel for Whole Foods asked to confer about a schedule for responding to written discovery and to discuss the scope of discovery given the pending motion to withdraw from the representation of Scott. Whole Foods repeatedly requested a conference to discuss a response date, to which it received obfuscatory responses, including a request that the Rule 12(c) Motion be withdrawn. See generally Exhibit A. Ultimately, counsel for Whole Foods informed Plaintiffs' counsel that Whole Foods would provide written responses on or before Thursday, October 10, 2019 (30 days from Plaintiffs' initial demand to do so, made on September 10, 2019). See generally Exhibit A.

Curiously, Plaintiffs' counsel's attempts to compel discovery responses from Whole Foods on behalf of Scott, who has not responded to Whole Foods' written discovery and for whom counsel is seeking to withdraw from representation. Whole Foods should not be required to respond to any discovery relating to Scott at this juncture given this motion to withdraw. Moreover, Scott should be dismissed from this case by September 25, 2019, when he either



September 16, 2019
Page 3

fails to appear for the Show Cause hearing, or when he has to admit in Court that his claims are untimely based on his own allegations in the Complaint and the unimpeachable employment records attached to Whole Foods' Answer.  <u>See</u> DE-34 at 2.

  WHEREFORE, for the reasons set forth herein, in addition to the information provided in Whole Foods' Amended Answer to the Complaint (DE-29) and the reasons set forth in Whole Foods' opposition to Plaintiffs' Motion for Reconsideration ordering Meynard to appear in Court on September 25, 2019 (DE-34), Whole Foods respectfully requests that the Letter Motion to Compel be denied as moot and grant Whole Foods its fees and costs incurred in responding to the same.

             Sincerely,

             Christopher M. Pardo

Cc: Steven J. Moser (via CM/ECF; *smoser@moseremploymentlaw.com* )