# Exhibit A

| | |
|---|---|
| **From:** | Pardo, Christopher |
| **Sent:** | Wednesday, September 11, 2019 5:09 PM |
| **To:** | Steven Moser |
| **Cc:** | Rothschild, Anna; Maher-Patenaude, Maureen |
| **Subject:** | RE: Discovery |

Steve,

It is entirely improper to condition filing a potential motion to compel written discovery responses on the withdrawal of a dispositive motion based on the pleadings. Moreover, any motion to compel would itself be improper because (i) we had agreed to hold off on responding to written discovery until we agreed otherwise and (ii) I am affirmatively telling you that we will respond now that you have apparently changed your position. We will expect you to oppose the Rule 12(c) motion per the rules and then we will submit the bundle filing to the Court.

Regarding the written discovery you served, we do not need to take up your weekend with a conference call. This is a straightforward matter. We will respond to your requests for production and interrogatories within 30 days from your request that we do so, which was made for the first time yesterday. However, given your pending motion to withdraw from the representation of Plaintiff Scott, we will only respond to the written discovery as if it had been served by Plaintiff Meynard. That way, you do not have to go through the exercise of re-serving the written discovery.

If you have any concerns or would like to discuss this matter further, please feel free to call me directly.

Thank you,

Chris



**Christopher M. Pardo**
Partner
cpardo@HuntonAK.com
p  617.648.2759
m 617.413.2315
Bio | vCard
Hunton Andrews Kurth LLP
125 High Street, Suite 533
Boston, MA 02110

HuntonAK.com

This communication is confidential. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

---

**From:** Steven Moser <smoser@moseremploymentlaw.com>
**Sent:** Tuesday, September 10, 2019 7:44 PM
**To:** Pardo, Christopher <CPardo@hunton.com>
**Cc:** Rothschild, Anna <ARothschild@hunton.com>; Maher-Patenaude, Maureen <MMaher-Patenaude@hunton.com>
**Subject:** RE: Discovery

Chris

1

I will make time to speak with you this weekend.   I am willing to forego a motion to compel if the Defendant's 12(c) is withdrawn without prejudice to renewal thereof at the close of discovery.  Please let me know by tomorrow.

Thanks,

Steve

**From:** Pardo, Christopher <CPardo@hunton.com>
**Sent:** Tuesday, September 10, 2019 7:30 PM
**To:** Steven Moser <smoser@moseremploymentlaw.com>
**Cc:** Rothschild, Anna <ARothschild@hunton.com>; Maher-Patenaude, Maureen <MMaher-Patenaude@hunton.com>
**Subject:** RE: Discovery

Steve,

To be clear, by way of background, we had conference calls on May 14 (rescheduled multiple times to accommodate your schedule) where we discussed this approach, and then again on May 17, where we confirmed our agreement to hold off on responding to written discovery.

Specifically, during our calls, we agreed to respond to the complaint and exchange initial disclosures, all of which occurred.  At the same time, in order to keep costs down, we agreed to hold off on exchanging responses to the pending written discovery because the Court had scheduled the Motion for Reconsideration hearing for July 10.  When the Court re-scheduled the hearing, I postponed the noticed depositions as well, since we would not have written discovery completed.  By way of side note, per our negotiations on this point, my notes from the May 14/May 17 conferences show that we also agreed to not bifurcate discovery given that we were agreeing to hold off on written discovery until the Motion for Reconsideration was decided.  This was a concession to you.  Then, the Court adjourned the hearing from July 10 to October 24 on June 28, 2019, and it is presently set for that date.

This agreement is also shown by the course of your own action.  Whole Foods served its written discovery on you on April 17, 2019 and you provided written responses on August 27, 2019 -- _133 days later_ -- with no warning and only after Whole Foods filed an amended answer showing that your clients' claims are invalid.  Of course, you did not just forget to respond to discovery for 133 days.  Now, you are for the first time taking the position that we had no such agreement and are threatening to serve a motion to compel, just 24 hours after receiving our Rule 12(c) Motion for Judgment on the Pleadings.

In short, if you want to renege on our agreement to hold off on discovery while initial motion practice plays out, that is your decision and we will respect that, but we need to come up with an appropriate schedule for responding to your clients' written discovery and for the production of documents.

All of that said, your written discovery was served on behalf of a plaintiff for which you are presently seeking to withdraw from representation.  That begs an entirely separate question as to the propriety of your discovery requests and whether you need to revise and re-serve the same.  This is one of the topics I intended to address with you during my proposed discovery conference call.

Please let me know if you have time this week to discuss the above, particularly as it relates to proper scheduling for responses to written discovery if you insist on moving forward with discovery at this time.  We will work to accommodate your schedule to set up that phone call.

Thank you,

Chris



**Christopher M. Pardo**
Partner
cpardo@HuntonAK.com
p  617.648.2759
m 617.413.2315
Bio | vCard
Hunton Andrews Kurth LLP
125 High Street, Suite 533
Boston, MA 02110

HuntonAK.com

This communication is confidential. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

**From:** Steven Moser <smoser@moseremploymentlaw.com>
**Sent:** Tuesday, September 10, 2019 6:20 PM
**To:** Pardo, Christopher <CPardo@hunton.com>
**Subject:** RE: Discovery

Chris,

I have no such record.   Whole foods has had more than four months to collect the information responsive to the requests.   In fact, confidential employee documents concerning discipline were exchanged not in response to our discovery requests, but instead were made public.   In light of Whole Food's pending motion for Judgment On the Pleadings I cannot consent to an extension.

Steve

**From:** Pardo, Christopher <CPardo@hunton.com>
**Sent:** Tuesday, September 10, 2019 6:10 PM
**To:** Steven Moser <smoser@moseremploymentlaw.com>
**Cc:** Maher-Patenaude, Maureen <MMaher-Patenaude@hunton.com>; Rothschild, Anna <ARothschild@hunton.com>
**Subject:** RE: Discovery

Hi Steve,

I actually went back through my files and found my privileged notes following our discussion, where we did reach such an agreement during a telephonic scheduling/discovery planning conference that took place around May 15, 2019, in addition to other matters we discussed during that call.  Can we have a call this week to discuss that and how we can move forward given the current schedule?  There should not be any need for motion practice, but we also have to be practical given the background here.

Thanks,

Chris

**Christopher M. Pardo**
Partner
cpardo@HuntonAK.com
p  617.648.2759
m 617.413.2315
Bio | vCard

**From:** Steven Moser <smoser@moseremploymentlaw.com>
**Sent:** Tuesday, September 10, 2019 4:23 PM
**To:** Pardo, Christopher <CPardo@hunton.com>; Rothschild, Anna <ARothschild@hunton.com>
**Subject:** Discovery

Chris and Anna

Following up on our telephone call today, I have reviewed the file and my emails and can find no indication that there was an agreement to "stay" discovery pending resolution of any motion.

Regards,

Steve Moser


Steven J. Moser
**Moser Law Firm, P.C.**
3 School Street, Suite 207B
Glen Cove, New York  11542
Tel: 516-671-1150
eFax: 516-882-5420
smoser@moseremploymentlaw.com