Steven J. Moser, Esq.
Phone 516-671-1150 (EXT. 9)
smoser@moseremploymentlaw.com

# MOSER LAW FIRM, P.C.

September 17, 2019

**VIA ECF**

Hon. Sandra J. Feuerstein, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: <u>Scott v. Whole Foods, Inc.</u>, 18-cv-0086(SJF)(AKT)

Dear Judge Feuerstein:

     I represent the Plaintiffs in the above reference matter.  I write to request that the Court strike Whole Food's letter serving its Motion for Judgment on the Pleadings (ECF No. 33) or in the alternative, extend the time to respond to the motion until two weeks after Whole Foods has furnished discovery.

     On April 9, 2019, the Court denied Whole Foods' Motion to Dismiss.  (ECF No. 18.)  Whole Foods was unhappy with the decision and filed a motion for reconsideration, claiming that the Court ignored controlling authority.  *See* Motion Papers, ECF Nos. 26-28 (June 19, 2019), and Plaintiffs' Supplemental Authority, ECF No. 35 (September 10, 2019).

     Now, before giving the Court an opportunity to render a decision on its <u>second</u> dispositive motion, Whole Foods has served a <u>third</u> dispositive motion.  *See* ECF No. 33 (September 9, 2019).  Although Whole Foods tells the Court that its most recent motion is one for "Judgment on the Pleadings", Whole Foods fails to mention that it's motion includes a request "that the Court order counsel for Plaintiffs to show cause as to why Plaintiffs should not be sanctioned" under Rule 11.

     Rule 11(b) requires that "[a] motion for sanctions must be made separately from any other motion" and may not be "presented to the court if the challenged paper. . .is withdrawn or appropriately corrected within 21 days."  Pursuant to Your Honor's Individual Rule 4(b)(1), the filing of the pre-motion letter (ECF No. 33) on September 9, 2019 constitutes the "filing of the motion [under ] Fed. R. Civ. P. 5(d)(1)."  Whole Foods has disregarded Rule 11 by not making its motion for sanctions separately and by filing the motion before the required 21-day notice period.

     Furthermore, when I indicated that I could respond to the most recent motion by October 11, 2019, Whole Foods refused to consent to any extension in the briefing schedule, writing on September 16, 2019:

  We have not agreed on any alternative briefing schedule. . .and will expect you to serve your opposition in accordance with the time set in the applicable rules. We will serve our reply and file the bundle filing within the time set by the rules as well.  <u>We will also be asking that the Court hear this motion during the hearing already set for October 24, 2019</u>.

  Whole Foods is in a rush to have the Court consider its motion under Rules 11 and 12(c) but is not in a rush with regard to discovery, previously claiming the parties agreed to an indefinite "stay" pending the outcome of the Court's decision on the motion for reconsideration. Whole Foods has recently agreed to provide discovery, but not before its motion under Rules 11 and 12 (c) is fully briefed.  This will prejudice the Plaintiffs.   Whole Foods attached documents to its amended complaint on which it relies in support of its motion.  At the same time, it wants to deprive the Plaintiff of the opportunity to obtain documents which might undermine the Defendants' one-sided documents.  There is a conference with Magistrate Tomlinson concerning Plaintiffs' recent motion to compel (ECF No. 38) on September 18, 2019.

  For the foregoing reasons, Plaintiffs respectfully ask that the Court strike Whole Foods' letter serving its motion under Rules 11 and 12(c) (ECF No. 33) or, in the alternative, stay the motion until two weeks after Whole Foods has complied with its discovery obligations.

                Respectfully submitted,

                *Steven J. Moser*
                Steven J. Moser