

HUNTON ANDREWS KURTH LLP
125 HIGH STREET
SUITE 533
BOSTON, MASSACHUSETTS 02110-0533

TEL   617 • 648 • 2800
FAX   617 • 433 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@HuntonAK.com

September 20, 2019

VIA CM/ECF

Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>*Scott, et al. v. Whole Foods Market Group, Inc.*</u>
              **E.D.N.Y. Docket No. 2:18-cv-86-SJF-AKT**

Dear Honorable Judge Feuerstein:

This firm represents Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") in the above referenced matter. Defendant submits this opposition to the Letter Motion to Strike Defendant's Motion for Judgment on the Pleadings or, in the Alternative, Extend the Time to Respond ("Letter Motion") (Docket Entry ("DE-") 40) filed by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") (together, "Plaintiffs").

Counsel is requesting that the Court relieve him from responding to Whole Foods' Motion for Judgment on the Pleadings until the parties have spent extensive time and resources engaging in substantive discovery relating to:

    (1)    an obviously time-barred plaintiff (Scott) whom counsel cannot locate, and from whom counsel is seeking to withdraw from representation (<u>see</u> DE- 30, 36); and

    (2)    another plaintiff (Meynard) who has made misrepresentations to the Court about the position he held by intentionally omitting his irrelevant position from the Complaint (<u>see</u> DE-29).

The improper actions of the Plaintiffs left Whole Foods with no reasonable option other than to put indisputable information into the Amended Answer ("Answer") and then move for judgment on the pleadings. See DE-29, DE-30. Plaintiffs' Letter Motion is the latest effort to delay adjudication of Whole Foods' Rule 12(c) Motion by improperly linking it to substantive discovery that Plaintiffs have no need to obtain at this juncture.



The Plaintiffs know when they worked for Whole Foods and what positions they held. They will be required to admit this basic information – which no discovery is required to unearth – in response to the Rule 12(c) motion and their claims should be dismissed with prejudice. Accordingly, this Letter Motion should be denied and Plaintiffs should be ordered to respond to the Rule 12(c) motion so that it can be promptly decided by the Court.

Plaintiffs have been in receipt of the relevant documents pertaining to the Motion for Judgment on the Pleadings since June 28, 2019, when Whole Foods filed its Answer. See DE-29. The documents that Whole Foods attached to its Answer simply demonstrate facts that should have been plead in the Complaint by Plaintiffs in order to plausibly state a claim for relief – Scott's dates of employment at Whole Foods and the position that Meynard held at Whole Foods during the relevant statute of limitations. See DE-29. Whole Foods' Motion for Judgment on the Pleadings is based on the Complaint, Answer, and documents affixed thereto, as permitted by the Federal Rules of Civil Procedure (the "Rules"). See, e.g., L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). There is no Rule, nor have Plaintiffs cited to any case law, supporting their position that they are somehow entitled to substantive discovery prior to opposing a motion for judgment on the pleadings.

Whole Foods cannot understand Plaintiffs' (i) feigned surprise at the substance of the documents given that they simply show the dates of employment and positions held by Plaintiffs, and (ii) position that they are entitled to discovery prior to responding to a motion based *on the pleadings*.

Defendant's Rule 12(c) motion is based on objective facts that *should have been affirmatively pled in the Complaint in order to comply with Rule 8(a)* and Plaintiffs must now address the fatal pleading deficiencies brought to the Court's attention through Whole Foods' motion. This litigation has now been filed *twice* with the same claim, so Plaintiffs should be well-versed in the requisite facts necessary to survive a motion challenging the sufficiency of their pleading.[1] There is no basis to stay Whole Foods' Motion for Judgment on the Pleadings, further delaying this litigation, until after discovery. Accordingly, the Court should deny the Letter Motion and order that Plaintiffs respond to the Motion for Judgment on the Pleadings in accordance with the time provided by the Rules.[2]

---

[1] See Meynard v. Whole Foods Market Group, Inc., Civil Action No. 2:17-cv-07198-SJF-SIL (filed Dec. 11, 2017).

[2] Contrary to Plaintiffs' characterization, Whole Foods is not in a "rush" to have the Court consider its Motion for Judgment on the Pleadings. See DE-40 at p. 2. Whole Foods' request for the



September 20, 2019
Page 3

Additionally, Plaintiffs' request that the Court strike Whole Foods' Motion for Judgment on the Pleadings should be denied because Whole Foods is not, in fact, moving for sanctions under Rule 11.  Rather, Whole Foods asked in its Motion for Judgment on the Pleadings that the Court issue an order to show cause as to why sanctions should not be issued given the nature and extent of misrepresentations made in Plaintiffs' filings.  The request in the Letter Motion that the Court strike the Motion for Judgment on the Pleadings is yet another side-show meant to distract from the substantive issues in this case and should be denied.

WHEREFORE, for the reasons set forth herein, in addition to the information provided in Whole Foods' Amended Answer to the Complaint (DE-29) and the reasons set forth in Whole Foods' opposition to Plaintiffs' Motion to Compel (DE-39), Whole Foods respectfully requests that the Letter Motion be denied and grant Whole Foods its fees and costs incurred in responding to the same.

                      Sincerely,

                      Christopher M. Pardo

cc:    Steven J. Moser (via CM/ECF; *smoser@moseremploymentlaw.com* )

---

Court to hear this matter prior to the continuation of expensive and superfluous discovery is consistent with Rule 1 of the Federal Rules of Civil Procedure.  See FED. R. CIV. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").  This case has been pending for almost two years and caused Whole Foods significant expense.  Whole Foods served its Motion for Judgment on the Pleadings to allow for sufficient time to complete briefing in accordance with the Federal Rules of Civil Procedure and for the bundle filing to be made in accordance with the Court's Individual Rules prior to the presently set October 24, 2019 conference so that the Court can hopefully consider all presently pending filings in a consolidated manner at a single hearing with counsel present, should the Court so desire.