**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DWAYNE J. SCOTT and DERELL J. MEYNARD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET GROUP, INC. <br><br> Defendant. | Case No. 2:18-cv-00086-SJF-AKT |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Christopher M. Pardo
Anna L. Rothschild
HUNTON ANDREWS KURTH LLP
Counsel for Defendant
Whole Foods Market Group, Inc.
125 High Street, Suite 533
Boston, MA 02110
Tel:   (617) 648-2759
Fax:   (617) 433-5022

I.   **PRELIMINARY STATEMENT**

In order for Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") (collectively, "Plaintiffs") to assert viable claims against Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods"), they need to show that their claims both are timely and satisfy the basic elements of each count. To do so, they would only have to properly plead a handful of material factual allegations. However, Whole Foods files the instant Motion for Judgment on the Pleadings ("Motion") because, as is demonstrated through a simple comparison of the Complaint (Docket Entry ("DE-") 1) and First Amended Answer and Affirmative Defenses (DE-29) ("Answer"):

(a)   Plaintiffs affirmatively state the wrong statute of limitations in the Complaint;

(b)   Scott entirely misrepresents his dates of employment and did not work for Whole Foods within the actual statute of limitations; and

(c)   Meynard (unlike Scott) curiously fails to identify the position he held at Whole Foods during the relevant time period -- because revealing his actual employment history would disqualify him from bringing any claims here.

In other words, Plaintiffs failed to properly plead the material "facts" that are essential to bringing viable claims – as is required by Rule 8 of the Federal Rules of Civil Procedure – and, in doing so, they have caused the Court, counsel for both sides and Whole Foods to expend significant resources on this matter. As a result, in addition to respectfully requesting the dismissal of this lawsuit with prejudice, Whole Foods also asks that the Court order Plaintiffs to show cause as to why they should not be sanctioned for failure to comply with Rule 11(b).

As it further relates to the application of Rule 11, Plaintiffs served documents together with their initial disclosures that include an Equifax report verifying dates of employment for Meynard, but lacks a similar report, or any verification of the dates of employment, for Scott. That report would have assuredly shown that Scott cannot bring any claims here. Plaintiffs'

2

initial disclosure documents also contain hundreds of pages of seemingly random job descriptions for positions at Whole Foods stores that Plaintiffs' did not hold, but lacks a description for the position Meynard actually held during the statutory time period, as his position was not "manual" and such documentation would have similarly undermined his claim.

In other words, by selectively pleading around critical realities in the Complaint (and then making a self-serving document production to avoid contradicting it), Plaintiffs are hiding two fatal deficiencies in their case – Scott did not work at Whole Foods within the statutory period and Meynard was not in a position of a "manual worker" during the statutory period. Only after service of the Answer, which reveals these misrepresentations, did counsel file a motion to withdraw as counsel or take any other action, which is inappropriate.

Accordingly, Whole Foods requests that the Complaint be dismissed with prejudice and that the Court order counsel for Plaintiffs to show cause as to why Plaintiffs should not be sanctioned for failure to comply with Rule 11(b).

## II. ANALYSIS

### A. Applicable Legal Standard

A motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In order to survive a motion brought pursuant to Fed. R. Civ. P. 12(c), the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009). On a motion for judgment on the pleadings the court "considers the complaint, the answer, any documents attached to them and any matter of which the court can take judicial notice of the factual background of the case." L-7 Designs,

Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint") (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

Moreover, a court is not required to accept the truth of legal conclusions couched as factual allegations. Papason v. Allain, 478 U.S. 265, 286 (1986). It is well established that courts need not credit conclusory statements in a complaint without reference to the factual context. See, e.g., Amidax Trading Group v. S.W.I.F.T. SCRL, 671 F.3d 140, 147 (2d Cir. 2011). Furthermore, where a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true. Id. As a result, such an allegation is not "well pleaded." Rieger v. Drabinsky, 151 F. Supp. 2d 371, 405-406 (S.D.N.Y. 2001); see also Perry v. NYSARC, Inc., 424 Fed. App'x 23, 25 (2d Cir. 2011) (noting the "narrow exception" to the principle that allegations should be accepted as true on a motion to dismiss in circumstances where "factual assertions are contradicted by documents upon which the pleadings rely").

B.   **The Pleadings Before The Court Unequivocally Demonstrate That Plaintiffs Cannot Establish a Plausible Claim Under New York Labor Law § 191**

Plaintiffs attempt to state a claim under New York Labor Law ("NYLL") § 191(1)(a) for violation of the frequency of pay statute for "manual workers." Yet, as is more fully detailed below, the Answer and documents submitted therewith demonstrate that Plaintiffs' claims fail because one plaintiff, Scott, was not employed by Whole Foods during the statutory period and the other plaintiff, Meynard, was not in a position of a "manual worker" during the statutory

4

period. See DE-29 at ¶ 19. Accordingly, there is no way that Plaintiffs can plead a plausible claim under NYLL § 191(1)(a) that entitles them to relief, and judgment on the pleadings should be entered against them, with prejudice.

> 1. Scott was not employed by Whole Foods within the applicable statute of limitations and must be dismissed with prejudice.

Plaintiffs filed the Complaint on January 5, 2018. See DE- 1. "Claims arising pursuant to the NYLL are subject to a six-year statute of limitations." Gonzales v. Gan Israel Pre-Sch., No. 12-CV-06304 MKB, 2014 WL 1011070, at *11 (E.D.N.Y. Mar. 14, 2014) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years....") (citing Coulibaly v. Millenium Super Car Wash, Inc., No. 12–CV–04760 (CBA)(CLP), 2013 WL 6021668, at *7) see also N.Y. Lab. Law § 663(3). Despite the statutorily-defined six-year statute of limitations, Plaintiffs affirmatively misstate the statutory period in the Complaint to begin on December 22, 2011. DE-1 at ¶ 27.

Without question, based on the allegations and filing date, the relevant statutory period is January 5, 2012 through April 27, 2012 (the end date being the date that the Complaint alleges Whole Foods obtained a waiver to pay manual workers bi-weekly from the New York State Department of Labor). See DE-1 at ¶ 25, 27. As the Answer and indisputable documents affixed thereto plainly show, Scott was employed at Whole Foods from October 15, 2012 through December 12, 2015, which falls outside of the statutory period. See DE-29 at ¶ 10, tabs 1-2. Accordingly, Scott's claim cannot be brought under NYLL as it is untimely, he is not a proper plaintiff, and he must be dismissed with prejudice.

### 2. Meynard was not in a position of a "manual worker" during the statutory period and should also be dismissed with prejudice.

Indispensable to pleading a claim under NYLL § 191(1)(a) is that a plaintiff be in the position of a "manual worker" as defined by the NYLL during the relevant statutory time period. See Pachter v. Bernard Hodes Group, Inc., 505 F.3d 129, 132 (2d Cir.2007) ("[Section 191] details the frequency of payments for specific workers[, namely] manual workers, railroad workers, commission salesmen, and 'clerical and other worker[s]'").[1]

Here, Meynard fails to even identify the position he held at Whole Foods during the relevant time period, because doing so – actually pleading the information necessary to establish a claim under NYLL § 191 – disqualifies Meynard from bringing a viable claim. As the Answer and attached documents demonstrate, Meynard held the position of "Produce Buyer/Specialist" from September 26, 2011 through May 27, 2013, which encompasses the relevant time period. See DE-29 at ¶ 19, tabs 3-4. This position is a non-manual position in which Meynard was responsible for ordering merchandise and produce as well as participating in marketing and promotional initiatives. See id. Therefore, Meynard's claim fails.

In further support of Meynard's dismissal with prejudice, it is important to note that Scott affirmatively pleads his job title of "Cashier's Helper" (whether accurate or not), which Plaintiffs appear to believe is that of a "manual worker." In contrast, Meynard *completely omits* from the Complaint the job he held at Whole Foods during the statutory period since it is not a "manual worker" position. Then, in the hundreds of pages of job descriptions produced by Plaintiffs with their initial disclosures to apparently support their contention that Whole Foods employs manual workers within the meaning of the NYLL, the position of "Cashier's Helper" (allegedly held by

---

[1] NYLL § 190(4) defines "manual worker" to mean "a mechanic, workingman or laborer." NYLL § 190(4); see also Gonzales, 2014 WL 1011070, at *12.

6

Scott) appears in multiples, while the position of "Produce Buyer/Specialist" (held by Meynard) is entirely omitted.

Critically, as the documentation attached to the Answer proves, *prior to the statutory period*, Meynard held a different position of "Produce Team Member," which Plaintiffs *did include* in their initial disclosure production of job descriptions of positions Plaintiffs apparently believe to qualify as those of "manual workers." See DE-29 at ¶19, tab 4. In other words, Meynard may have been in a position that Plaintiffs allege would be that of a "manual worker" at one time during his employment at Whole Foods, but he certainly was not in such a position during the statutory period, which is a shocking and dispositive omission in the Complaint.

Aside from the fact that it would have been fatal to his claim had Meynard pled his position, Meynard's existing allegation only that he is a "manual worker" (DE-1 at ¶ 19) without providing any further support is not a properly pled factual allegation. It is an unsupported legal conclusion, and courts are not required to accept legal conclusions as true in deciding a motion for judgment on the pleadings. Rice v. City of New York, 275 F. Supp. 3d 395, 402 (E.D.N.Y. 2017). Accordingly, in addition to the Answer and documents submitted therewith demonstrating that Meynard did not hold a manual position, the Court should reject Meynard's legal conclusion in the Complaint that he is a "manual worker" as it is an improper pleading. See, e.g., Scroggins v. Scroggins, No. 15 CIV. 9524 (PAE), 2017 WL 1047356, at *9 (S.D.N.Y. Mar. 16, 2017) (granting motion for judgment on the pleadings because the documents attached to the answer demonstrated that the allegations in the complaint were false).

Accordingly, Meynard cannot plead a plausible claim for relief and the Complaint must dismissed with prejudice.

## C. Counsel Should Be Ordered to Show Cause As To Why Sanctions Should Not Be Awarded against Plaintiffs Under Rule 11(b)

Given the extent of the easily proven omissions and misrepresentations made by Plaintiffs in the Complaint, in addition to dismissal with prejudice, counsel for Plaintiffs should be ordered by the Court to show cause as to why sanctions should not be issued against his clients under Rule 11(b). Rule 11 provides that:

> [b]y presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP, No. 17-CV-4472, 2018 WL 1582220, at *4 (E.D.N.Y. Mar. 30, 2018) (granting motion for judgment on the pleadings and ordering plaintiff's counsel to show cause under Rule 11(b) as to why sanctions should not be ordered) (quoting Fed. R. Civ. P. 11(b)(2)). A pleading violates Rule 11 "where it is patently clear that a claim has absolutely no chance of success under the existing precedents." Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985), superseded on other grounds by rule.

The Court may impose sanctions, either on motion or *sua sponte* after issuing an order to show cause. See Fed. R. Civ. P. 11(c)(1)-(3). If a party initiates sanction proceedings, via motion, then the court may sanction an attorney or party for conduct that was "objectively unreasonable." Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108 (2d Cir. 2013).

The Plaintiffs' conduct in pursuing a baseless class action while not having viable claims against Whole Foods is objectively unreasonable. The Complaint (i) affirmatively states the wrong statute of limitations; (ii) misrepresents Scott's dates of employment in an attempt to bring Scott within the relevant statutory period; and (iii) omits the position Meynard held at

8

Whole Foods during the statutory period, knowing his position during the applicable time was not that of a manual worker and alleging this necessary fact would make the failure of Meynard's claim apparent.

Put simply, Plaintiffs knew enough to make affirmative statements when they believed it was in their benefit, but omitted or misstated the equivalent facts when it was dispositive as to the viability of their claim. Knowingly omitting such material facts whenever convenient is a misrepresentation by omission to the Court and counsel should be ordered show cause as to why his clients should not be sanctioned.

### III.   CONCLUSION

Plaintiffs have failed to set forth sufficient facts to establish a plausible claim under the NYLL that entitles them to relief and, therefore, the Complaint should be dismissed with prejudice. Additionally, Whole Foods respectfully requests that the Court order Plaintiffs' counsel to show cause under Rule 11(b) as to why sanctions should not be ordered given the nature of the misrepresentations and counsel's decision to belatedly seek to withdraw from representation of Scott following service of the Answer.

\*\*\*

|  |  |
|---|---|
|  | DEFENDANT WHOLE FOODS MARKET GROUP, INC. |
|  | By: */s/ Christopher M. Pardo*<br>Christopher M. Pardo (NY Bar No. 562802; admitted pro hac vice)<br>  *cpardo@HuntonAK.com*<br>Anna L. Rothschild (pro hac vice forthcoming)<br>HUNTON ANDREWS KURTH LLP<br>  *arothschild@HuntonAK.com*<br>125 High Street, Suite 533<br>Boston, MA 02110<br>Tel:  (617) 648-2759 |
| Dated: September 9, 2019 | Fax:  (617) 433-5022 |

**CERTIFICATE OF SERVICE**

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on September 9, 2019, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiffs as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

                    */s/ Christopher M. Pardo*
                    Christopher M. Pardo