

HUNTON ANDREWS KURTH LLP
125 HIGH STREET
SUITE 533
BOSTON, MASSACHUSETTS 02110-0533

TEL   617 • 648 • 2800
FAX   617 • 433 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@HuntonAK.com

November 5, 2019

VIA CM/ECF

Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Scott, et al. v. Whole Foods Market Group, Inc.*
               **E.D.N.Y. Docket No. 2:18-cv-86-SJF-AKT**

Dear Honorable Judge Feuerstein:

      This firm represents Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") in the above referenced matter. Whole Foods respectfully submits this Letter Motion to Stay Discovery for several reasons, but particularly given (i) the multiple Show Cause Orders issued by the Court relating to Plaintiffs' counsel's attempts to withdraw from the representation of Plaintiff Dwayne J. Scott ("Scott") while also seeking discovery on Scott's behalf, and (ii) Whole Foods' *unopposed* and pending Motion for Judgment on the Pleadings (Docket Entry ("DE-") 42, which seeks dismissal of the Class Action Complaint (DE-1) filed by Plaintiffs Scott and Derell J. Meynard ("Meynard") (collectively, "Plaintiffs").[1]

      Indeed, counsel for Plaintiffs is presently seeking to withdraw from the representation of Scott in this matter, and Scott is currently subject to a Second Show Cause Order due to his ignoring the Court's earlier Show Cause Order – *actually advising a process server in this case that he did not want to participate in this matter*. See DE-30, 50. Despite all of this, Plaintiffs' counsel has attempted to continue to engage in discovery on behalf of Scott – including re-serving written discovery requests and, just days ago, apparently serving lengthy third-party subpoenas on Scott's behalf. Plaintiffs' conduct has caused the parties, as well as the Court, to expend significant resources that may ultimately prove to be unnecessary.

      Whole Foods has a motion for judgment on the pleadings before the Court because (i) Scott misrepresented his dates of employment in the Complaint and did not work for Whole Foods within the statute of limitations and (ii) Meynard failed to identify the position he held

---

[1]     The undersigned certifies that the parties have made a good-faith effort to resolve the issues addressed herein in accordance with Local Civil Rule 37.3(a) prior to seeking judicial resolution.



at Whole Foods during the relevant time period – because revealing his actual employment history would disqualify him from bringing any claims here.

In other words, Plaintiffs failed to properly plead the material "facts" that are essential to bringing viable claims by hiding that Scott did not work at Whole Foods within the statutory period and Meynard was not in a position of a "manual worker" during the statutory period. See DE-42.  Whole Foods' Motion for Judgment on the Pleadings is *unopposed*.  See DE-43.

Confronted with the fact that the two named plaintiffs are not proper representatives of the purported class, at the same time that his motion to withdraw has been pending, counsel has aggressively sought discovery of "class" information from multiple third-parties, such as insurers, in a fishing expedition to find class-related information, and, likely, another potential plaintiff before this case is dismissed. For instance, on November 1, 2019, Plaintiffs served Notices of Intent to Serve Subpoenas containing overly broad and irrelevant requests for production of documents regarding information about, among other things, Whole Foods' entire workforce, insurance coverage, and payroll, directed to (i) Chubb & Sons, Inc. d/b/a Chubb, Chubb Group Holdings, Inc. d/b/a Chubb Indemnity Insurance Company of North American, and Ace American Insurance Company; (ii) Unum Group and First Unum Life Insurance Company, (iii) Metlife, Inc., and (iv) the New York Compensation Insurance Rating Board. This third-party discovery was also served by counsel on behalf of Scott, and Whole Foods will be moving to quash them shortly.

Given all of the above, Whole Foods respectfully seeks a protective order providing that the parties not engage in any discovery, including third-party discovery, until after the Motion for Judgment on the Pleadings is adjudicated by the Court.  "Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "'good cause shown.'" Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citing In re Currency Conversion Fee Antitrust Litigation, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)); see also United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y.1999); Moore v. Painewebber, Inc., No. 96 Civ. 6820, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997).

Factors that courts have considered when determining whether or not a stay is appropriate include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  In re Currency Conversion Fee, 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y.1991).  Each of these factors favor granting a stay.



      First, here, Whole Foods has made a strong showing that Plaintiffs' claims are unmeritorious by demonstrating through plain documentation attached to the pleadings that the two named plaintiffs do not have viable claims because Scott was not employed by Whole Foods within the applicable statute of limitations and Meynard was not in an appropriate position during the statutory period. See DE-42. See, e.g., Gandler v. Nazarov, No. 94-CV-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery granted when dispositive motion is "potentially dispositive, and appears to be not unfounded in law"); Spinelli v. Nat'l Football League, No. 13-CV-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay of discovery warranted when "the viability of the Plaintiffs' claims is in at least some doubt" pending the resolution of the dispositive motions).

      Second, the discovery that Plaintiffs have served not only includes overly broad written discovery requests on Whole Foods, but also multiple third-party subpoenas to former and/or current insurance carriers of Whole Foods, seeking extensive and irrelevant information about Whole Foods' workforce, on the premise that Plaintiffs are entitled to seemingly limitless "class" information. Even worse, counsel is has been and is continuing to serve discovery on behalf of Scott all the while seeking to withdraw from serving as his counsel.

      Third, the nature and extent of discovery sought by Plaintiffs is completely improper at this stage of the litigation. A class has not yet been certified, nor have Plaintiffs moved to certify a class. In fact, given that Scott is time-barred and Meynard worked in a position that only a dozen other employees may have held during the relevant statutory period, a putative class is not legally tenable at all. Nonetheless, Plaintiffs are attempting to circumvent traditional discovery rules and procedures by seeking extensive (and irrelevant) "class" information from third-parties when Plaintiffs have no right to class discovery, particularly when the scope of the information requested grossly exceeds the scope of any possibly conceivable class.

      WHEREFORE, for the reasons set forth herein, Whole Foods respectfully requests that this Letter Motion to Stay Discovery be granted.

                                              Sincerely,

                                              Christopher M. Pardo

cc:      Steven J. Moser (via CM/ECF; smoser@moseremploymentlaw.com)
          Anna L. Rothschild (via CM/ECF; arothschild@huntonak.com)