

HUNTON ANDREWS KURTH LLP
125 HIGH STREET
SUITE 533
BOSTON, MASSACHUSETTS 02110-0533

TEL   617 • 648 • 2800
FAX   617 • 433 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@HuntonAK.com

November 8, 2019

**VIA CM/ECF**

Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    ***Scott, et al. v. Whole Foods Market Group, Inc.***
              **E.D.N.Y. Docket No. 2:18-cv-86-SJF-AKT**

Dear Honorable Judge Feuerstein:

    This firm represents Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") in the above referenced matter. Defendant submits this Letter Motion to Quash the Subpoena *Duces Tecum* (the "Subpoena") directed to Metlife, Inc. ("Metlife") by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") (together, "Plaintiffs"). A true and accurate copy of the Subpoena is attached hereto as **Exhibit A.**

    The Subpoena must be quashed because makes overly broad requests for private and personally identifying information regarding Whole Foods' current and former employees that are not part of this litigation from Whole Foods' insurance provider in an effort to obtain "class" information from a third-party. Additionally, the Subpoena must be quashed because it is an improper attempt by Plaintiffs to circumvent the appropriate rules of practice and procedure to obtain purported "class" information from third-parties prior to moving for certification, the propriety of which is compounded by the fact that counsel for Plaintiffs is presently seeking to withdraw from the representation of Scott (see Docket Entry ("DE-") 30, 50) while simultaneously trying to engage in last-ditch substantive discovery using Scott's name. Finally, the Subpoenas should be quashed as there is a presently pending motion to stay discovery filed by Whole Foods that has not yet been decided by the Court. See DE-51.

    This is a case alleging a frequency of pay violation on behalf of two supposed manual workers under New York Labor Law ("NYLL") § 191. Neither of the named plaintiffs are appropriate representatives of the purported class for distinct reasons: (i) Scott, because he did not work at Whole Foods during the applicable statutory period and (ii) Meynard, because he

**HUNTON**
**ANDREWS KURTH**

November 8, 2019
Page 2

worked in a non-manual position of a produce buyer during the statutory period. See DE-42, 43. Nonetheless, Plaintiffs served written discovery requesting, among other things, class related information pertaining to all "manual" workers at Whole Foods in New York. Whole Foods served objections and responses to Plaintiffs' written discovery and produced documents related to named plaintiffs, and, even prior to the parties exchanging discovery, requested that a protective order be entered before sharing any information regarding employees other than the named plaintiffs. Plaintiffs delayed for more than three (3) months in addressing Whole Foods' request for a protective order, and, as a result, one has not yet been entered.

Plaintiffs have not moved for class certification and presently pending are an *unopposed* motion for judgment on the pleadings (DE-33, 42, 43) and a motion to stay discovery (DE-51). Obviously frustrated with the current state of discovery and the lack of having any appropriate class representative, Plaintiffs served multiple subpoenas on Whole Foods' current and former insurance providers seeking extensive, irrelevant information about Whole Foods' workforce and details pertaining to Whole Foods' insurance coverage in circumvention of the proper procedures and rules of this Court pertaining to pre-certification discovery. More particularly, the Subpoena seeks, *inter alia,* the production by Metlife of:

- Documents identifying each "Buyer/Specialist" employed by Whole Foods in New York;
- All documents concerning the number, classification and job description of employees working for Whole Foods in New York State;
- All documents concerning the activities, duties, physical requirements, working conditions, work-related risks, and classification of Whole Foods' New York workforce;
- All documents concerning any disability audits of Whole Foods' New York workforce;
- All application and renewal applications by Whole Foods for disability insurance for New York State employees, regardless of the date;
- All documents concerning the payroll and number of Whole Foods' New York employees on a bi-weekly, monthly and/or quarterly basis; and
- All documents showing the total number of employees by classification, the payroll of each classification of employees on bi-weekly, monthly and/or quarterly basis.

See Exhibit A. The Subpoena not only improperly seeks a "class list" from an insurance company engaged by Whole Foods, but also, requests private information about Whole Foods' current and former employees who are not part of this litigation. See id.

Rule 45 of the Federal Rules of Civil Procedure allows a court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies;

**HUNTON**
ANDREWS KURTH

November 8, 2019
Page 3

or subjects a person to undue burden." Lopez v. Setauket Car Wash & Detail Ctr., No. CV 12-6324(LDW)(AYS), 2015 WL 13753675, at *3 (E.D.N.Y. May 19, 2015) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv)).

Through the Subpoena, Plaintiffs are fishing for a class list, which is itself entirely improper both (i) because the case is in the *pre-certification* stage of litigation and (ii) because of the lack of a proper named plaintiff to represent the purported class of all manual workers in New York as alleged by Plaintiffs. Aside from that, which is reason alone to quash the Subpoena, Plaintiffs are requesting the production of private employee information -- ***including information regarding workplace injuries and medical issues*** -- without regard for the employees' respective jobs at Whole Foods and whether they could ever be part of a purported class here.

This Court regularly rejects attempts to improperly obtain purported "class" information, as numerous decisions show. See, e.g., Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (denying plaintiffs' motion to compel production of class-related information and acknowledging that "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification"); Charles v. Nationwide Mut. Ins. Co., No. 09 CV 94 ARR, 2010 WL 7132173, at *8 (E.D.N.Y. May 27, 2010) (denying plaintiffs' motion to compel stating that "the Court follows the prevailing view in this district and "refuse[s] to allow discovery of class members' identities at the pre-certification stage") (citing Calabrese v. CSC Holdings, Inc., 02-cv-5171 (DLI)(JO), 2007 WL 749690, at *6 n. 7 (E.D.N.Y. March 7, 2007). It is wholly inappropriate for Plaintiffs to seek such information from an insurance provider of Whole Foods and the Subpoena must be quashed.

Additionally, through the Subpoena, counsel is seeking extensive information on behalf of an individual for whom counsel is presently seeking to withdraw from representation and who is the subject of multiple Show Cause Orders. See Docket Entry ("DE") 30, 46, 50. In an effort to stop the waste of extensive time and money, as well as the Court's resources, on discovery disputes that may ultimately prove to be unnecessary given that there are presently two dispositive motions pending, including Whole Foods' unopposed Motion for Judgment on the Pleadings, Whole Foods has also moved to stay discovery. See DE-23, 42-43, 51.

WHEREFORE, for the reasons set forth herein, Whole Foods respectfully requests that the Court quash the Subpoena to Metlife and grant Whole Foods its fees and costs incurred in filing the instant letter motion.

\*\*\*



November 8, 2019
Page 4

                                               Sincerely,

                                               Christopher M. Pardo

Cc:     Steven J. Moser (via CM/ECF; *smoser@moseremploymentlaw.com* )