

MOSER LAW FIRM, P.C.

**Steven J. Moser**
Direct:  631.759.4054
Text:    631.759.4054
Fax:     631.759.4054
smoser@moseremploymentlaw.com

November 11, 2019

VIA ECF

Sandra J. Feuertstein, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:    *Scott et al v. Whole Foods Market Group, Inc.,* 18-cv-00086-SJF
       Opposition to Whole Foods' Motion to Stay Discovery

Dear Judge Feuerstein:

I write to oppose Whole Foods' motion for a stay of discovery, and to request an extension of time to respond to the numerous motions to quash filed last week by Whole Foods.

According to attorney Pardo, Whole Foods is the true victim in this case. It is the victim of a brazen scheme to extort and defraud Whole foods. More specifically, this lawsuit is nothing more than an "abuse [of the] court system in an attempt to extort" Whole Foods[1] and "the claims are fraudulent."[2]   Whole Foods has informed the Court that the "dismissal of this lawsuit" is "inevitable."[3]

## **Whole Foods' Claim that Mr. Meynard was not a "Manual Worker" is false and unsupported.**

Whole Foods is denying that Meynard spent at least 25% of his time engaged in physical labor. See Compl. (ECF No. 1), Ans. (ECF No. 24), & Amen. Ans. (ECF No. 29), at ¶¶ 18-19. This is not surprising, as *Whole Foods is denying that it employed any manual workers in the State of New York. See* Compl., Ans., & Amen. Ans. ¶¶ 23, 31, 33, 41.

Yes. According to Whole Foods, not a single one of its more than 3000 grocery store employees who stocked shelves, unloaded trucks, organized produce, bagged groceries, operated cash registers, scanned groceries, walked with customers, recovered grocery carts, sliced deli meats and cheeses, cooked food, butchered meat and fish, cleaned the bathrooms, or cleaned the store was a manual worker. *See id.* These workers spent at least 75% of their working hours doing "thinking" work. *See id.*

---

[1] Whole Foods' Letter to the Court, Sept. 9, 2019 (ECF No. 34, at 1)
[2] Whole Foods' Letter to the Court, Sept. 9, 2019 (ECF No. 34, at 2)
[3] Whole Foods' Letter to the Court, Sept. 16, 2019 (ECF No 39, at 1)

MOSER LAW FIRM, P.C. 

Why did Whole Foods ask for permission to pay 'its manual workers' biweekly if it not employ manual workers in the State of New York?[4]  It defies logic to believe that Whole Foods paid very expensive attorneys to apply for a waiver that it did not need.

Whole Foods insists that since Meynard's job title was "Produce Buyer/Specialist", he was not a manual worker.  However, "[w]hether an employee is a manual worker. . .is determined by the *duties* performed by the worker, *not by the job title*[.]"  NYS DOL Opinion Letter RO-08-0061 (Dec 4, 2008)(emphasis supplied)[5].  Therefore, at least according to the NYS DOL, Meynard's job title is irrelevant.

The *actual physical requirements of a grocery buyer* at Whole Foods include the following:[6]

- Must be able to lift 50 pounds.
- In an 8-hour workday: standing/walking 6-8 hours.
- Hand use: single grasping, fine manipulation, pushing and pulling.
- Work requires the following motions: bending, twisting, squatting and reaching.
- Ability to use tools and equipment, including box cutters, electric pallet jacks, and other heavy machinery.

## Whole Foods has disregarded the Court's Direction (and its own promise) to Proceed with Discovery.

On April 10, 2019, the Court directed the parties to serve discovery demands on or before April 17, 2019.  Plaintiffs' discovery requests were served on April 17, 2019 and specified a response date of May 17, 2019.

As of September 12, 2019, Whole Foods had not responded to the discovery requests, instead claiming that there was an *indefinite stay of discovery* pending the Court's decision on Whole Foods' Motion for Reconsideration.  Plaintiff filed a motion to compel.[7]  Whole Foods responded that "there [was] no discovery dispute", because Whole Foods had already agreed to respond to Plaintiffs' Interrogatories and Document Requests on or before October 10, 2019. (ECF No. 39, at 2).  Considering Whole Foods' representation that it had agreed to respond, Plaintiffs thought it best to wait until October 10, 2019.

The long-awaited response to Plaintiff's April 17, 2019 discovery requests was received from Whole Foods on October 10, 2019.  Despite the Court's April 10, 2019 direction that discovery should proceed, and Defendant's representation to the Court on September 12, 2019 that there was "no discovery dispute", Whole Foods furnished a "response" that consisted of clever objections, but little else.  Whole Foods refused to list job titles of New York employees. It refused to furnish job descriptions for the named plaintiffs, and even refused to state when it first became aware of the requirements of NYLL § 191.

---

[4] See Exhibit 1 ("requesting permission to pay *all its manual employees* on a bi-weekly basis.")(emphasis supplied).
[5] A copy of the opinion Letter is annexed hereto as Exhibit 2.
[6] A copy of the produce buyer job obtained from Whole Foods' Website is attached as Exhibit 3.
[7] *See* ECF No. 38 (erroneously filed with the assigned Magistrate Judge).



MOSER LAW FIRM, P.C.

On October 22, 2019 Plaintiffs furnished a good faith letter to Whole Foods. A copy of this letter is annexed hereto as Exhibit 4. In early November, Whole Foods flat-out refused to provide any discovery.

### Whole Foods Rule 12(c) motion should be stricken, and the motion is not Unopposed

In addition to expending its time avoiding its discovery obligations, Whole Foods has expended significant effort to making dispositive motions. In fact, before giving the Court time to rule on its <u>second</u> dispositive motion (the motion for reconsideration), Whole Foods served a <u>third</u> dispositive motion (a Rule 12(c) motion) on September 9, 2019. (ECF No. 33). Whole Foods refused to consent to a briefing schedule on the Rule 12(c) motion. On September 17, 2019, Plaintiffs moved to extend the time to respond to the motion. (ECF No. 40). Then, before giving the Court a chance to rule on Plaintiffs' Motion for an extension, Whole Foods filed its motion papers, and declared its motion "unopposed." (*See* ECF No. 43).

Whole Foods Rule 12(c) motion is improper and should be stricken because it contains a motion for sanctions under Rule 11. Rule 11(b) requires that a "motion for sanctions must be made separately from any other motion" and may not be "presented to the court if the challenged paper. . . is withdrawn or appropriately corrected within 21 days." When Plaintiffs pointed out that Whole Foods' was in violation of Rule 11(b), Whole Foods cleverly responded that it is not making a "motion" for sanctions. Instead, it is requesting an "order to show cause" as to why sanctions should not be imposed. (*See* ECF No. 41, at 3). Even if the motion is not stricken, with leave of the Court, Plaintiffs will show why this latest motion should also be denied.

### Instead of complying with basic discovery obligations, Whole Foods is pretending it is on a mission to investigate fraud

Instead of simply defending a lawsuit for failure to timely pay wages, Whole Foods is now on a quest for the "truth", and to undercover the fraud perpetrated against it. As part of this mission, Whole Foods has made repeated accusations against Mr. Meynard. *See* ECF No. 34, at 1 ("Plaintiffs [have made] purposeful misstatements and omissions."); ECF No. 34, at 1 ("Meynard relied on vagueness and omission"); ECF No. 39, at 2 ("Meynard misrepresented his relevant past employment position."); ECF No. 41, at 1 (Meynard "has made misrepresentations to the Court about the position he held by intentionally omitting his irrelevant position from the Complaint."); ECF No. 42-1 (accusing Plaintiffs of "misrepresentation" at least six times). Do not fear, because counsel for Whole foods has "expos[ed] the misrepresentations." (ECF No. 39, at 1)(*see* ECF No. 39, at 2 (bodly asserting that "Plaintiffs have been exposed as trying to mislead the Court.")).

According to whole foods, Meynard had a plan to "abuse the court system in an attempt to extort" Whole Foods.[8] And how did he commit this fraud on Whole Foods? He filed a complaint claiming that he spent more than 25% of his working time engaged in physical labor but *omitted* his job title.[9] That's it. In other words, despite the fact that the Department of Labor considers job titles *irrelevant* in determining whether an employee is a manual worker, Whole

---

[8] Whole Foods' Letter to the Court, Sept. 9, 2019 (ECF No. 34, at 1)
[9] See ECF No. 42-1, at 8-9 (claiming that Meynard "omits the position" he held at Whole Foods).

Opposition to Whole Foods' Motion to Stay
November 11, 2019
Page 4 of 4



MOSER LAW FIRM, P.C.

Foods is accusing Meynard of "legal extortion" because he failed to include this irrelevant information in the complaint.

**Conclusion**

Whole Foods claims that it only discovered this "fraud" a full year and a half after the lawsuit was commenced, and wants Mr. Meynard and Mr. Scott punished.   But Whole Foods really is not interested in punishing Mr. Meynard or Mr. Scott.  It is really interested in obstructing discovery, because it has calculated that engaging in discovery is a losing game.

If Whole Foods spent half the time complying with its discovery obligations as it did trying to avoid them, discovery would be complete by now.  Plaintiff therefore respectfully requests that Whole Foods' Motion for a Stay be Denied.  In addition, I will be unable to address the numerous motions to quash which were filed late last week due to a medical procedure scheduled for tomorrow.   Therefore, I request a one-week extension to oppose the numerous motions to quash.

Respectfully submitted,

Steven J. Moser

# EXHIBIT 1

PL00487

# Proskauer»

December 22, 2011

Fredric C. Leffler
Senior Counsel
d 212.969.3570
f 212.969.2900
fleffler@proskauer.com
www.proskauer.com

**BY FEDERAL EXPRESS**

Ms. Annemarie Culberson
Senior Labor Standards Investigator
New York State Department of Labor
Division of Labor Standards
Permit and Certificate Unit, Room 266A
State Office Campus, Building 12
Albany, New York 12240

**RECEIVED**
NYS DEPARTMENT OF LABOR
ALBANY, NY
DEC 23 2011
DIV OF LABOR STANDARDS
PERMIT & CERT UNIT

Re:   Whole Foods Markets
      FEIN: ▮▮▮▮
      NYS UI No.: ▮▮▮

Dear Ms. Culberson:

We are counsel to Whole Foods Markets Group Inc. ("Whole Foods" or "the Company"). Whole Foods seeks to apply for a waiver to the requirement that it pay its manual workers weekly as set forth in New York Labor Law § 191.1(a). Accordingly, pursuant to NYLL § 191.1(a)(ii), for all Whole Foods Market locations in New York State, the Company requests permission to pay all its manual employees on a bi-weekly basis.

The Company seeks this waiver from the weekly pay requirement in order to secure business and cost efficiencies in accordance with its national practice to pay its employees bi-weekly. In connection with the Company's application, in New York State it employs, today, roughly 3300 employees; in 2010, it employed, in New York State approximately 3300 employees; in 2009, it employed roughly 3000 employees, and in 2008, it employed roughly 2800 employees in New York State. Today, in the United States, Whole Foods employs approximately 62,000 employees and in 2010, it employed roughly 56,000 employees Company-wide. This total reflects Company growth, as Whole Foods employed approximately 51,700 employees in 2009, and 51,000 employees Company-wide in 2008. The Company routinely meets its payroll responsibilities in New York State and utilizes a computerized payroll recordkeeping system that specifies, at a minimum, hours worked, rate of pay, overtime hours, if any, overtime rate, gross wages, deductions, net wages, and date of pay for each employee.

FL-14-0832  000034

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

PL00488

**Proskauer»**

Ms. Annemarie Culberson
December 22, 2011
Page 2

In support of its application, we are providing you with the following information:

1) Tab 1 – proof of current insurance from the Company's Workers Compensation and Disability Benefits Insurance carriers;

2) Tab 2 – executed disclosure information statement regarding unemployment insurance;

3) Tab 3 – copies of year-end payroll for 2008-2010, plus the third quarter for 2011 showing total numbers of employees;

4) Tab 4 – copies for one or two employees demonstrating computerized payroll system reflecting hours worked, rate of pay, deductions, grow and net pay, and date of pay; and

5) We are advised that Whole Foods' workers are not represented by any labor unions in New York.

Following your review of this information, please contact me if you have any questions or require additional information.

Very truly yours,

Fredric C. Leffler

# EXHIBIT 2



**New York State Department of Labor**
David A. Paterson, *Governor*
M. Patricia Smith, *Commissioner*

December 4, 2008

█████████
█████████

Re:  Request for Opinion
     Manual Workers
     RO-08-0061

Dear █████████

  I have been asked to respond to your letter of May 22, 2008 asking for the Labor Laws specifically stating that hairdressers and pizzeria workers are "manual workers" who must be paid weekly and not bi-weekly. You also ask that our response indicate whether manual workers are entitled to be paid overtime on a weekly basis.

  Labor Law §191(a)(i) mandates that all manual workers be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned. Whether an employee is a manual worker, which is defined by Labor Law §190(4) as a "mechanic, workingman or laborer," is determined by the duties performed by the worker, not by the job title assigned to such work. The New York State Department of Labor's longstanding interpretation of these statutes is that employees who spend more than 25 percent of their working time performing physical labor are "manual workers" who must be paid weekly. The Department interprets the term "physical labor" broadly to include a wide range of physical activities undertaken by employees too numerous to list in this letter. However, it is certain that the mere *description* of an employee as a hairdresser or pizzeria worker is not sufficient for a determination that such employee is a "manual worker." To make such a determination, this Department would need additional details of the duties and tasks performed by the employees in question and the approximate amount of time spent in each task or duty. While Counsel's Office is willing to express opinions as to whether the employees working in such categories could be considered "manual workers," please be advised that these opinions are advisory only and are not determinative.

  Pizzeria workers are engaged primarily in the pizzeria business wherein pizzas are made and sold. Implicit in this work is the physical preparation, packaging, and clean up involved in the making and sale of pizzas and other food items. Activities in connection with this job could include lifting and carrying large bags of flour, heavy pitchers of water, and boxes filled with

-2-

tomatoes, sauce, cheese and other ingredients; cleaning and operating of dough mixing equipment; preparing dough for proofing and stacking and moving proofing racks; and cleaning of the prep area, pots and pans, and the food service area and floors at the end of the day. Employees who spend more than twenty-five percent of their working time in such activities would be manual workers. Hairdressers cut and style hair. However, the general job duties of a hairdresser, in addition to cutting, coloring, and styling hair could also involve washing hair, cleaning the hairdresser's own work stations, and cleaning wash sinks, equipment, and other shared work spaces in the salon. Since the cutting and styling of hair, along with any of these other tasks, necessarily involves physical labor, such employees would be considered manual workers.

If you wish to provide a detailed description of the duties performed by the hairdressers and pizzeria workers described in our letter to our office, we can provide you with a more definitive response.

In regard to your request that this letter reflect that manual workers are entitled to be paid their overtime wages on a weekly basis, please take note that the Department of Labor interprets Labor Law §191(a)(i), referenced above, to mean that manual workers must be paid *all* wages due and owing, including but not limited to overtime wages, on a weekly basis.

This opinion is based on the information provided in your letter of May 22, 2008. A different opinion might result if the circumstances outlined in your letter changed, if the facts provided were not accurate, or if any other relevant fact was not provided. If you have any further questions, please do not hesitate to contact me.

Very truly yours,

Maria L. Colavito, Counsel

By:   Jeffrey Shapiro
      Associate Attorney

JGS:jc
cc:   Carmine Ruberto

# EXHIBIT 3



WHOLE FOODS **CAREERS**

/global/en)

Where You'll Work ⌄    Culture & Benefits ⌄ (/Global/En/Culture)    How To Get Hired ⌄ (/Global/En/Getting-H





## Produce Buyer

| | |
|---|---|
| Department Store | |
| Location Park City, Utah, United States of America | Park City | Type Regular |
| | Position Type Full time |

Apply Now (Https://Careers.wholefoodsmarket.com/Global/En/Apply?JobSeqNo=WHFQGLOBALREQ20191100030)

## Job Description

Orders, replenishes, and merchandises produce and participates in regional programs for purchasing and promotions. Monitors inventory control and replenishes product based upon WFM ordering standards. Assists in organizing and developing promotional displays and maintaining OTS standards. All Whole Foods Market Retail jobs require ensuring a positive company image by providing courteous, friendly, and efficient service to customers and Team Members at all times. All positions must be performed in accordance with team and store Standard Operating Procedures. Further, Team Members must be prepared and able to perform the duties inherent in other Team Member job descriptions. All positions must strive to support WFM core values and goals, promote national, regional, and store programs and initiatives, and ensure adherence to all applicable health and safety regulations including Food Safety and regulatory duties required in the department.

### Job Responsibilities

- Purchases and replenishes produce through proper buying procedures.
- Monitors and acts upon open PO reports for both purchases and credits in an accurate and timely manner.
- Controls spoilage and shrink, achieves turn goals, participates in inventory.
- Completes spoilage, sampling, temperature, and sweep worksheets as required.

- Maximizes sales potential through effective and proper procedures for stocking and merchandising products.
- Ensures orders for product are timely and accurate to monitor inventory turns.
- Oversees customer special order procedure.
- Analyzes and controls product transfers, waste, and spoilage.
- Supports leadership in conducting inventories.
- Maintains financial profitability by meeting and exceeding purchasing and sales targets
- Arrives to work station on time, appropriately groomed, dressed and ready to work; works all scheduled shifts and attends required trainings and meetings.
- Provides excellent customer service, addresses needs of customers in a timely and effective manner and models suggestive selling techniques; answers phones and pages promptly and courteously.
- Maximizes sales potential through effective and proper procedures for prepping, storing, rotating, stocking, and merchandising product.
- Follows and complies, or ensures compliance, with established procedures, including Weights and Measures, health and sanitation, and safe work practices.
- Maintains, or ensures maintenance of, a clean and sanitary working and shopping environment; maintains equipment in accordance with WFM cleanliness and safety standards.
- Performs opening, mid, and closing duties as assigned; ensures accuracy of signs and pricing.
- Immediately reports safety hazards and violations.
- Performs other duties as assigned by store, regional, or national leadership.

## Job Skills

- Extensive produce product knowledge, including production, distribution, seasonal availability, advances, and trends.
- Familiarity and/or willingness to learn about products, nutritional information, and other areas of study.
- Working knowledge and application of all produce-related merchandising expectations.
- Demonstrates a desire to grow with the Produce team.
- Ability to educate team on product knowledge and convey enthusiasm.
- Strong basic math skills.
- Knowledge and ability to use computer programs such as Microsoft Word, Excel, Outlook, and ordering systems
- Strong to excellent communication skills and willingness to work as part of a team.
- Ability to deliver information in a clear and respectable manner to fellow Team Members, customers, and vendors.
- Ability to meet customer service expectations and standards in all interactions with customers, vendors, and Team Members.
- Ability to follow directions and procedures; effective time management and organization skills.
- Passion for natural foods and the mission of Whole Foods Market.
- Strong work ethic and ability to work in a fast-paced environment with a sense of urgency.
- Understanding of and compliance with WFM quality goals.

## Experience

- 12+ months retail experience.

## Physical Requirements / Working Conditions

- Must be able to lift 50 pounds.
- In an 8-hour work day: standing/walking 6-8 hours.
- Hand use: single grasping, fine manipulation, pushing and pulling.
- Work requires the following motions: bending, twisting, squatting and reaching.
- Exposure to FDA approved cleaning chemicals.
- Exposure to temperatures: <32 degrees Fahrenheit (freezing), 32-40 degrees Fahrenheit (refrigerators), >90 degrees Fahrenheit.
- Ability to work in wet and dry conditions.
- Ability to work a flexible schedule including nights, weekends, and holidays as needed.
- Ability to use tools and equipment, including knives, box cutters, electric pallet jacks, and other heavy machinery.
- May require use of ladders.

# EXHIBIT 4



MOSER LAW FIRM, P.C.

**Steven J. Moser**
Tel: 516.671.1150 x 9
Direct: 631.759.4054 (voice, text & fax)
smoser@moseremploymentlaw.com

October 22, 2019

Christopher M. Pardo
Hunton Andrews Kurth LLP
125 High Street, Suite 533
Boston, MA 02110

Re:     *Scott et al v. Whole Foods Market Group, Inc.,* 18-cv-00086-SJF-AKT

Dear Mr. Pardo:

Attached please find Plaintiffs' <u>Corrected</u> Pre-Class Certification Interrogatories and Requests for Production of Documents to Defendant.  You will note the typographical error in Interrogatories 4, 5, and 6 and Document Requests 2, 3, 4 and 9.  Please amend your responses to Interrogatories 4, 5, and 6 and Document Requests 2, 3, 4 and 9 accordingly.

<u>**Notice of Deficiencies in Discovery Responses**</u>

Please also note the following deficiencies in your discovery responses dated October 10, 2019, which we request be remedied in your response to the Corrected Pre-Class Certification Interrogatories and Requests for Production of Documents to Defendant.

1.      **General Objections.**  General objections are prohibited by Rule 34(b)(2)(B).

2.      **Failure to state whether documents have been withheld.**  You have not indicated whether responsive documents have been withheld.  "An objection must state whether any responsive materials are being withheld on the basis of that objection."  Rule 34(b)(2)(C).

3.      **Answering "subject to" and "without waiving" objections.**  Answering "subject to" and "without waiving" a litany of general, boilerplate, and sometimes specific objections is confusing, and leaves Plaintiffs guessing as to whether Whole Foods has produced all documents and information.

4.      **Boilerplate and non-specific objections.**  Boilerplate objections that a request is "overly broad" or "unduly burdensome" are insufficient under the Federal Rules.  Whole Foods also claims that some requests are "outside the geographic scope."  These objections are not specific and therefore violate Rule 34.  Please state with specificity all objections, including the reasons.

5.      **Assertion of privilege.**  Please be guided by Local Civil Rule 26.2.

 MOSER LAW FIRM, P.C.

SJM Letter to C. Pardo Re: Discovery
October 22, 2019
Page 2 of 3

     6.     **Failure to state when documents will be produced.** In response to some document requests, Whole Foods simply states that it "will produce" documents." However, Rule 34 requires a party responding to a document request to either furnish the documents with the response or "another reasonable time specified in the response." *See* Rule 34(b)(2)(B). Plaintiffs request production with your amended responses, which are due within 30 days.

     7.     **Refusal to furnish documents or respond to interrogatories pertaining to Mr. Scott.** Whole Foods has refused to provide documents and information for Mr. Scott, claiming he is "not a proper plaintiff to this litigation." Whole Foods' hope that Plaintiffs' counsel will be relieved and position that Mr. Scott is not a proper plaintiff are not sufficient bases for refusing to comply with discovery obligations.

     8.     **Unilateral "redefinition" of the class.** Whole Foods apparently has redefined the class not to include all "manual workers", but only to include those holding the same position held by Mr. Meynard in the State of New York. See your response to Document Request No. 2 – claiming that the "appropriate class" is "defined by the position held by Meynard." Please be guided by the class as defined in the complaint and the discovery requests.

     9.     **Objection to Request No. 1.** Whole Foods objects to Document Request No. 1 on numerous grounds. However, Whole Foods should have already furnished such documents in its initial disclosures.

     10.     **Interrogatory No. 8.** Please state the date on which Defendant became aware of the requirement to pay manual worker's weekly.

     11.     **Interrogatory No. 9.** Please identify all persons involved in the application to pay manual workers less frequently than weekly.

     12.     **Failure to organize and/or label documents.** The documents produced by Whole Foods are not organized or labeled to correspond to the document requests. *See* Rule 34(b)(2)(E)(ii). This makes it even more difficult to determine whether there has been compliance.

### Contact Information for Produce Buyers/Specialists

     Finally, the full names, present or last known addresses, present or last known places of employment, and present or last known telephone numbers of the "twelve (12) individuals" who, in addition to Mr. Meynard, "held the position of Produce Buyer/Specialist in New York during the relevant statutory time period of January 5, 2012 through April 27, 2012" have not been furnished. <u>We request that you furnish this information with five (5) business days of this request</u>, as this information should have already been furnished in Whole Foods' Rule 26 Disclosures and in response to Plaintiffs' Interrogatory No. 1 to Whole Foods.



MOSER LAW FIRM, P.C.

SJM Letter to C. Pardo Re: Discovery
October 22, 2019
Page 3 of 3

## **Protective Order**

I have attached a proposed simplified protective order.

Very truly yours,

Steven J. Moser

Encl.

Corrected Interrogatories and Document Requests
Proposed Protective Order