UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DWAYNE J. SCOTT and DERELL J. MEYNARD individually and on behalf of all others similarly situated,

                        Plaintiffs,

     v.

WHOLE FOODS MARKET GROUP, INC.,

                       Defendant.
-------------------------------------------------------------X

**FILED**
**CLERK**
2/5/2020 3:37 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
18-CV-0086 (SJF) (AKT)

FEUERSTEIN, District Judge:

      Plaintiffs Dwayne J. Scott and Derrell J. Meynard (collectively, "Plaintiffs") commenced this diversity, putative class action against Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") asserting a single claim for failure to timely pay wages pursuant to New York Labor Law ("NYLL") §§ 191 and 198. By Memorandum and Order dated April 9, 2019 (the "M&O"), this Court denied Defendant's motion to dismiss. *See* Docket Entry ("DE") [18]. Currently before the Court is Defendant's motion seeking reconsideration of the M&O. *See* Motion, DE [26]. For the reasons set forth below, the motion for reconsideration is granted, and upon reconsideration, the Court adheres to its prior order.

**I. BACKGROUND**

      Familiarity of the facts of this case is assumed. In brief, Plaintiffs commenced this action claiming that they were "manual workers" as defined by NYLL, and that from December 11, 2011 until April 27, 2012, Whole Foods paid them on a bi-weekly basis rather than on a weekly basis as required by NYLL § 191. They do not claim to have been underpaid, but rather contend they were not paid with the frequency required by state law. Defendant moved to dismiss arguing, *inter alia,* that there is no private right of action under § 191 and thus Plaintiffs may not avail themselves of the remedial provisions set forth in NYLL § 198.

In the M&O, this Court noted that while the New York Court of Appeals has not directly addressed the question of a private right of action under § 191, it has commented that this section "generally regulates payment of wages by employers and creates reciprocal rights of employees." *Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 461, 626 N.E.2d 29, 605 N.Y.S.2d 213 (1993). In addition, the M&O discussed other Court of Appeals cases that "implicitly assumed that an employee claiming a violation of § 191 has asserted a substantive violation and is entitled to utilize the remedies set forth in § 198." M&O at 6. In addition, this Court determined that an implied private right of action exists that furthers, rather than runs counter to, the state's legislative scheme. *See id.* at 7-9.

Finally, the M&O observed that "the interpretation urged by Whole Foods leaves an aggrieved employee with no recourse, but rather allows an employer to perpetually violate § 191 simply by paying the employee, in full, after a delay beyond the one-week period set by statute. Permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL." M&O at 10. Defendant's motion to dismiss was denied.

## II.  LEGAL STANDARDS

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3," *U.S. v. Real Prop. & Premises Located at 149-20 Cambria Ave., Little Neck, N.Y. 11362,* 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014), and are committed to the sound discretion of the district court. *See Hunt v. Enzo Biochem, Inc.,* No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." LOCAL CIVIL RULE 6.3. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.,* 935 F.3d 49, 54 (2d Cir. 2019).

2

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *accord Van Buskirk,* 935 F.3d at 54; *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).

     Defendant seeks reconsideration solely on the basis that the Court in the M&O failed to acknowledge and analyze a particular decision issued by a lower state court, *Hunter v. Planned Bldg. Servs., Inc.,* No. 715053/2017, 2018 WL 3392476 (N.Y. Sup. Ct. 2018). According to Defendant, reconsideration is warranted because the *Hunter* decision, which Defendant concedes is not controlling authority, can reasonably be expected to alter the Court's decision. *See* Defendant's Memorandum of Law at 4, DE [26-1]. Defendant is correct that the M&O did not expressly discuss the *Hunter* decision. The motion for reconsideration is granted; however, for the reasons set forth below, the Court adheres to its original decision.

## II. DISCUSSION

     The legal issue as framed in various state court decisions is whether a "frequency" of payment claim is a "nonpayment" claim for which an employee has a private right of action under NYLL § 191 that may be remedied by the provisions of § 198. Neither the New York Court of Appeals nor the Second Circuit has rendered an opinion addressing this direct question.

     "Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law," *Haar v. Nationwide Mut. Fire Ins.*

*Co.*, 918 F.3d 231, 233 (2d Cir. 2019) (internal quotation marks and citation omitted). In making this determination, "the rulings of the intermediate state courts are entitled to persuasive, if not decisive, consideration." *Cowan v. City of Mount Vernon,* 95 F. Supp. 3d 624, 659 (S.D.N.Y. 2015) (internal quotation marks and citation omitted); *see also Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 399 (2d Cir. 2001) ("The holding of 'an intermediate appellate state court ... is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" (quoting *West v. AT & T, Co.,* 311 U.S. 223, 237, 61 S. Ct. 179, 85 L. Ed. 139 (1940)).

The *Hunter* case, decided in Supreme Court, Queens County, reaches a conclusion contrary to that reached in the M&O, holding that a plaintiff "has no private right of action under NYLL § 198 (1-a) for a frequency of payment violation of NYLL § 191 (1)(a)(i) where there is no claim for unpaid wages." *Hunter,* 2018 WL 3392476, at *2. Subsequent to the issuance of both the *Hunter* decision and the M&O, however, the First Department of the Appellate Division directly addressed the question in an identical situation as that raised in the instant case – an employer's payment of a manual employee's wages biweekly rather than on a weekly basis as required by § 191. *See Vega v. CM & Assocs. Constr. Mgmt, LLC,* 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019).[1] The Appellate Division "reject[ed] defendant's implicit attempt to read into section 198 (1-a) an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action" and found that "payment does not eviscerate the employee's statutory remedies." *Id.* at 1145. The Appellate Division concluded

---

[1] At the time briefing on the instant this motion was completed, the appeal of *Vega* was pending at the Appellate Division. Defendant's attempt to distinguish *Vega* on its facts, *i.e.,* that it involved construction workers and that the employer never sought a waiver, *see* Defendant's Memorandum of Law in Reply at 4 n.2, DE [28], is rejected.

that § 198 (1-a) "expressly provides a private right of action for a violation of [NYLL] § 191," finding that the defendant's position to the contrary "is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." *Id.* at 1146. Finally, the Appellate Division in *Vega,* found alternatively that an implied right of action exists, *see id.,* a ruling that was also made in the M&O.

In the brief time period since its issuance, *Vega* has not been treated uniformly by lower state courts. *Compare Rojas v Hi-Tech Metals, Inc.,* No. 702847/2019, 2019 WL 4570161, at *3 (N.Y. Sup. Ct. 2019) (finding a private right of action "[i]n light of the sentiments set forth in *Gottlieb* by the Court of Appeals and the holding in *Vega*") *with Kruty v. Max Finkelstein, Inc.*, 65 Misc. 3d 1236(A), 2019 WL 6910141, at *2 (N.Y. Cnty. Ct. 2019) (declining to follow *Vega* in favor of a 1997 Second Department decision which it read to have "implicitly ruled" that § 198 remedies are not available where an employer has paid all wages in full (discussing *IKEA U.S., Inc. v. Indus. Bd. of Appeals,* 241 A.D.2d 454, 660 N.Y.S.2d 585 (2d Dep't 1997)). In the absence of a Court of Appeals case directly on point, the Appellate Division's decision in *Vega* remains entitled to persuasive consideration. It is the lone decision from an intermediate court, it is factually analogous to the current case, and it confirms both the rationale and conclusion reached in the M&O. The Court has examined the *Hunter* decision and finds nothing in it that warrants a different result in this case. Accordingly, the Court adheres to its prior decision.

### III.  CONCLUSION

For all the foregoing reasons, Defendant's motion for reconsideration, DE [26], is granted, and upon reconsideration, the Court adheres to its prior order denying Defendant's motion to dismiss.

**SO ORDERED**.

                                                /s/ *Sandra J. Feuerstein*
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated: February 5, 2020
        Central Islip, New York