

**Steven J. Moser**
631.759.4054 (voice, text & fax)
smoser@moseremploymentlaw.com

February 18, 2020

Hon. Sandra J. Feuerstein, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Scott v. Whole Foods Market Group, Inc.*, 18-cv-00086 (SJF)(AKT)

Dear Judge Feuerstein:

This office represents the Plaintiffs in the above captioned matter. For the reasons stated herein, Plaintiff requests an order denying Defendant's motions to quash four non-party subpoenas served on November 6, 2019. *See* ECF Nos. 52-55.

## PROCEDURAL HISTORY

On November 5, 2019 the Defendants moved to stay discovery. (ECF No. 51). On November 6, 2019 the Plaintiffs served non-party subpoenas upon (a) Metlife, (b) Chubb, (c) Unum Group, and (d)The New York Compensation Insurance Rating Board. On November 8, 2019 Whole Foods moved to quash these subpoenas. *See* ECF Doc Nos. 52-55. On November 12, 2019 the Court issued a docket order staying discovery. The stay was lifted on February 5, 2020. The Plaintiff requests explicit direction from the Court in order to obtain compliance with the subpoenas.

## ARGUMENT

### I.   THE INFORMATION SOUGHT IS RELEVANT

**A. The information sought is relevant to whether the representative Plaintiffs were manual workers and whether others were "similarly situated."** Whole Foods represented to the New York State Department of Labor in its application for a waiver that it employed manual employees in New York. In this lawsuit, however, Whole Foods denies that it employed manual workers in the State of New York. *See* Compl. (ECF No. 1), Ans. (ECF No. 24) & Amen. Ans. (ECF No. 29), ¶¶ 23, 31, 33, 41.

New York Labor Law § 191 requires "manual workers" to be paid weekly. New York Labor Law § 190(4) defines a "manual worker" as a "a mechanic, workingman or laborer." The New York State Department of Labor has interpreted the term "manual workers" to include employees who spend more than 25 percent of their working time performing physical labor. *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066.



Plaintiffs' Opposition to Defendants' Motion to Quash
*Scott v. Whole Foods Market Group, Inc.*, 18-cv-00086 (SJF)(AKT)
February 18, 2020
Page 2 of 4

   The workers' compensation insurance records sought will contain information concerning the job duties of the representative plaintiff and the putative class. They will contain information regarding the workers' compensation insurance classifications of Whole Foods' employees, which are based upon the job duties performed and the risks to which employees are exposed. They will contain job descriptions. The information concerning claims will also include information about the activities being performed by the employee and the employee's job titles.

   **B. The information is relevant to numerosity.** Whole Foods represented to the Department of Labor in its waiver application that it employed more than 3,000 employees in the state of New York. However, Whole Foods now asserts that there are only 11 other individuals who were "similarly situated" to Mr. Meynard.

   The workers' compensation records will show the total number of employees in each job classification, which will be necessary to determine whether the class is so numerous that joinder is impracticable. The information concerning claims will also contain job titles, activities performed by employees, and will be useful to determine whether there are sufficient putative class members to establish numerosity.

## II.  WHOLE FOODS LACKS STANDING TO QUASH THE SUBPOENAS

   A party moving to quash a non-party subpoena, "must establish that it has standing to quash." *United States v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544-45 (S.D.N.Y. 2016). "This can be a difficult task." Id. "A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). "[T]he claim of privilege or right must be personal to the movant, not to the non-party. . .on whom the subpoena was served." *Samad Bros. v. Bokara Rug Co.*, No. 09 Civ. 5843 (JFK)(KNF), 2010 U.S. Dist. LEXIS 127848, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010). S

   Whole Foods concedes that the information it seeks to protect from disclosure is not Whole Foods information, but instead is "private employee information.". *See* ECF Nos. 52-55, at 3, ¶ 2. Therefore, Whole Foods lacks standing. *See KGK Jewelry L.L.C. v. ESDNetwork*, No. 11 Civ. 9236, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014).

## III.  WHOLE FOODS HAS REFUSED TO ENTER INTO A CONFIDENTIALITY ORDER

   Courts have observed that "[t]he proper way to handle Defendants' concerns relating to the [disclosure of] confidential information [in response to a subpoena] is to for the parties to agree on a confidentiality order and identify the documents as 'Confidential.'" *Allen v. Devine*, No. 09-cv-668 (ADS) (ETB), 2011 WL 505007, at *2-3 (E.D.N.Y. Feb. 9, 2011). However, Whole Foods has refused to enter into a confidentiality order.



Plaintiffs' Opposition to Defendants' Motion to Quash
*Scott v. Whole Foods Market Group, Inc.*, 18-cv-00086 (SJF)(AKT)
February 18, 2020
Page 3 of 4

Whole Foods originally furnished a proposed confidentiality order in June 2019. Several weeks later, however, before the terms could be finalized, Whole Foods filed portions of the Plaintiffs' confidential employee files on the public docket. *See* Exhibits to Amen Ans., ECF No. 29 (Jun 28, 2019).

In October 2019, prior to the service of the subpoenas, Plaintiffs' counsel sent a proposed confidentiality order to counsel for Defendant. Counsel for Whole Foods responded that he would have to review the proposed confidentiality order with his client and provide "redlines/comments." Since October 29, 2019 Whole Foods has neither provided the promised "redlines/comments" nor signed the Plaintiffs' proposed confidentiality order.

### IV. WHOLE FOODS' REASONS WHY THE SUBPOENAS SHOLD BE QUASHED FAIL

Whole Foods' motions (ECF Nos. 52-55) are virtually identical. Each motion asserts three basic reasons why the Court should quash the subpoena: (1) They "make[] overly broad requests for private and personally identifying information regarding Whole Foods' current and former employees,"(2) They constitute "an improper attempt by Plaintiffs to. . .obtain purported 'class' information from third-parties prior to moving for certification", and (3) "there is a presently pending motion to stay discovery filed by Whole Foods that has not yet been decided by the Court." *See* ECF Nos. 52-55, at 1, ¶ 2.

The third reason for moving to quash (that there is a pending motion to stay discovery), no longer exists, as the stay was lifted on February 5, 2020.

Regarding the claim that the subpoena makes a request for "private and personally identifying information", Whole Foods does not identify the specific "private and personally identifying information" that should not be disclosed. As previously noted, Whole Foods does not have a "personal interest" in the information, and therefor lacks standing. Finally, if Whole Foods is concerned that the response to the subpoena may contain "private" information, it should sign the proposed confidentiality order.

Likewise, the possibility that the response may contain "class information" is not grounds for quashing the subpoena. Here, Whole Foods is not defending against the production of a "class list." Whole Foods is suggesting that the possibility that a response to a non-party subpoena may contain identifying information for class members is sufficient grounds for quashing the subpoena. Whole Foods points to no authority for such a sweeping proposition.

One case cited by Whole Foods actually required the production of the names and identifying information of putative class members. In *Calabrese v. CSC Holdings, Inc.,* No. 02-CV-5171 (DLI)(JO), 2007 U.S. Dist. LEXIS 16059, at *13 (E.D.N.Y. Mar. 7, 2007), inclusion in the class depended upon whether a putative class member had "relied" upon a particular representation made by Cablevision. Plaintiffs' counsel possessed the names and addresses of



Plaintiffs' Opposition to Defendants' Motion to Quash
*Scott v. Whole Foods Market Group, Inc.*, 18-cv-00086 (SJF)(AKT)
February 18, 2020
Page 4 of 4

hundreds of putative members.  Judge Orenstein ordered, and plaintiffs in fact produced, more than sixty unredacted class member affidavits plus a list of hundreds of other class members. *See Calabrese*, 2007 U.S. Dist. LEXIS 16059, at *13.   The *Calabrese* decision supports the production of identifying information when necessary to determine inclusion in the class. In this case, whether a particular employee falls within the manual worker category may depend upon a description of the job duties, which would be included in the information sought pursuant to subpoena.

## CONCLUSION

The documents and information sought are relevant.  Whole Foods lacks standing to move to quash.  The mere possibility that a response to the subpoena may contain identifying information for a putative class member is not grounds for filing a motion to quash.  Considering Whole Foods' contention that it had no manual employees during the relevant time period, it cannot be heard to complain when the Plaintiffs seek information from sources other than Whole Foods to challenge this assertion.  Finally, if Whole Foods is concerned about protecting employee information, it should sign the proposed confidentiality order, not file a motion to quash.  Therefore, the motions to quash should be denied.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser