

Steven J. Moser, Esq.
Phone 631-671-1150
smoser@moseremploymentlaw.com

June 11, 2020

Hon. Sandra J. Feuerstein, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

RE:   *Meynard v. Whole Foods Market Group, Inc.,* 18-CV-0086

Dear Judge Feuerstein:

I represent the Plaintiff Derell Meynard in the above referenced matter.  The parties hereby submit this joint status report in advance of the upcoming status conference as directed by the Court.  As the parties are not in agreement regarding discovery, each party has separately stated its position.

Plaintiff's Position

Plaintiff's original document requests and interrogatories were served on April 17, 2019.  Defendant responded to those requests on October 10, 2019 after a motion to compel was filed.  However, the Defendants produced no documents, stated numerous objections to Plaintiff's interrogatories, and took advantage of a typographical error in the document requests.

Plaintiff served a good faith letter on October 22, 2019 regarding the discovery deficiencies.  Plaintiff also served corrected interrogatories and document requests.  Whole Foods has not responded to these document requests or interrogatories, nor has Whole Foods sought an extension of the time to respond.

Whole Foods has not produced a single document.  Documents identified by the Defendant in its initial disclosures have not been furnished.  Depositions have not been scheduled as paper discovery is incomplete.  Plaintiff requests referral of discovery issues to the assigned Magistrate Judge, or in the alternative a briefing schedule for a motion to compel.

Defendant's Position

Discovery in this matter was stayed by the Court pending determination of Defendant Whole Foods Market Group, Inc.'s ("Whole Foods") Motion for Reconsideration pursuant to a text order dated November 12, 2019.  Concurrently, the Court has been attempting to resolve the issues caused by counsel for Plaintiffs – also counsel for a purported class – requesting to withdraw from the representation of Dwayne J. Scott ("Plaintiff Scott") via multiple show cause hearings, none of which Plaintiff Scott has attended. See, DE-30, Letter Motion to Withdraw as Attorney for Dwayne J. Scott; DE-31, DE-46, DE-50, and DE-59, Orders to Show Cause.  On May 12, 2020,

Magistrate Judge Tomlinson issued a Report and Recommendation that Plaintiff Scott be dismissed for failure to prosecute and failure to comply with orders of the Court.  See DE-65.

Presuming that Plaintiff Scott is dismissed from this action following the upcoming status conference, the only remaining plaintiff, Derell J. Meynard ("Plaintiff Meynard"), held the position of "Produce Buyer/Specialist," which is a position held by only approximately 12 individuals in New York during the relevant time period.  Accordingly, even if this court had not issued an order staying discovery previously, the scope of discovery will be drastically different than that originally posed *by both Plaintiffs*, which is the only discovery that has ever been served.

That is, to date, the only written discovery requests served on Whole Foods were served by Plaintiffs Meynard and Scott, but *(i) this discovery was inexplicably served after counsel sought to relieve himself from its representation of Plaintiff Scott, (ii) such request was subsequently allowed by the Court, and (iii) Magistrate Judge Tomlinson recommended that all of Scott's claims in this case be dismissed*.  See DE-39 at p. 2; see also DE-62 ("Minute Order for proceedings held before Magistrate Judge A. Kathleen Tomlinson: Show Cause Hearing held on 3/9/2020. Attorney Moser's motion to withdraw as counsel on behalf of Dwayne Scott is granted. The Court respectfully recommends to Judge Feuerstein that the claims of Dwayne Scott be dismissed for failure to prosecute, failure to cooperate and communicate with his counsel of record, and failure to comply with the Orders of this Court.").

It is Whole Foods' position that furnishing responses to discovery served by Plaintiff Scott, relating to the supposed class allegations pled by Plaintiff Scott, or in response to a lawyer who no longer represents Plaintiff Scott (and was trying to end his representation at the time the discovery was served) is inappropriate given the issues surrounding his status as a plaintiff in this litigation (much less his purported position as a class representative) and his former counsel's already-successful withdrawal.

With respect to the request for a referral of discovery issues to the assigned Magistrate Judge, Magistrate Judge Tomlinson already denied a motion to compel on this point while sifting through all of these issues, and it is Whole Foods' position that such a request is premature and improper at this time given the procedural issues stated above which bear significantly upon the alleged scope of this case.

Respectfully submitted,

/s/

Steven J. Moser

cc.     Christopher M. Pardo, Esq.
        Anna L. Rothschild, Esq.