

Steven J. Moser, Esq.
Phone 631-671-1150
smoser@moseremploymentlaw.com

July 28, 2020

Hon. Sandra J. Feuerstein, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   *Meynard v. Whole Foods Market Group, Inc.,* 18-CV-00086 (SJF)(AKT)

Dear Judge Feuerstein:

I represent the Plaintiff Derell Meynard in the above referenced matter. Plaintiff's request an order directing the Defendant Whole Foods to respond to Plaintiff's October 22, 2019 document requests and interrogatories without objection.

## **Procedural History**

On October 22, 2019, Plaintiff served corrected interrogatories and document requests upon Whole Foods.[1]

On November 5, 2019, Whole Foods moved for a stay of discovery pending a decision on its motion for reconsideration. (DE 51)

On November 12, 2019, the Court granted the Defendant's request for a stay.

On February 5, 2020, the Court lifted the stay of discovery.

Whole Foods responses to the October 22, 2019 interrogatories and document requests were due on March 6, 2020.

Whole Foods did not furnish any objections or responses to the October 22, 2019 interrogatories and document requests on March 6, 2020.

On June 3, 2020, Plaintiff requested Defense counsel's availability for a meet and confer regarding the October 22, 2019 discovery requests.

On June 11, 2020, the parties submitted a status report to the Court. (DE 70). In that status report Plaintiff indicated that Whole Foods neither responded to the October 22, 2019 document

---

[1] These corrected interrogatories and document requests were necessary as Defendants had taken advantage of a typographical error in prior document requests to avoid discovery. A copy of these interrogatories and document requests is annexed hereto as Exhibit 1.

requests or interrogatories, nor sought an extension of the time to respond. Plaintiff further informed the Court: "Whole Foods has not produced a single document [in the course of discovery]. Documents identified by the Defendant in its initial disclosures have not been furnished."

On or about June 11, 2020, the parties participated in a good faith telephone conference in which Plaintiff again raised Whole Foods' non-compliance with its discovery obligations.

On July 22, 2020, Plaintiff sent a final request that responses to outstanding discovery be furnished no later than July 27, 2020.

On July 27, 2020, counsel for Whole Foods responded that Plaintiff's request for compliance with outstanding discovery obligations was "out of the blue." Whole Foods did not request an extension of the time to respond to the interrogatories and document requests. Instead, Whole Foods responded that it would "take a look back at the discovery" and "supplement if appropriate . . . on or before August 14, 2020."

## Argument

The October 22, 2019 Interrogatories and Document Requests are annexed hereto as Exhibit 1. Responses to these discovery requests were due on March 6, 2020. As of the date of this motion, Whole Foods has not objected to or complied with these requests and has *never* requested an extension of the time to respond.

> The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver. As explained in *Krewson v. City of Ouincy,* 120 F.R.D. 6, 7 (D. Mass. 1988):
>
>> If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. *Slauenwhite v. Bekum Maschinenfabriken, GMBH,* 1983 U.S. Dist. LEXIS 19520, 35 F.R.Serv.2d 975 (D. Mass., 1983) citing *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D. Ala., 1976) and cases cited therein, i.e. *United States v. 58.16 Acres of Land,* 66 F.R.D. 570 (E.D. Ill., 1975); *Davis v. Romney,* 53 F.R.D. 247 (E.D. Pa., 1971); *American President Lines v. Hartford Fire Insurance Co.,* 55 F.R.D. 61 (E.D. Pa., 1971). "Any other result would … completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Slauenwhite v. Bekum Maschinenfabriken, GMBH, supra.* [*3]
>
> Additional authorities to the same effect include *Kolenc v. Bellizzi,* 1999 U.S. Dist. LEXIS 1794, 95 Civ. 4494 (LMM)(KNF), 1999 WL 92604 at *3 (S.D.N.Y. Feb. 22, 1999); *Techsearch Servs., Inc. v. Gorman,* 1999 U.S. Dist. LEXIS 518, 97 Civ. 7641 (JSM)(KNF), 1999 WL 33024 at *2 (S.D.N.Y. Jan. 21, 1999); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *United States v. International Bus. Mach. Corp.,* 70 F.R.D. 700, 701-02 (S.D.N.Y. 1976). *See generally Yakus v. United States,* 321 U.S. 414,

> 444, 88 L. Ed. 834, 64 S. Ct. 660 (1944) ("No procedural principle is more familiar to this court than that a … right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before the tribunal having jurisdiction to determine it.").

*Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.,* 2003 U.S. Dist. LEXIS 19247, at *2-3 (S.D.N.Y. Oct. 20, 2003).

In light of the Defendant's anticipated motion to strike the class allegations, discovery is critical as the refusal to comply with discovery requests may deprive the Plaintiff of information necessary to oppose the motion to strike the class allegations.

It should be noted that we are *not* seeking discovery for Dwayne Scott, whose claims have been dismissed with prejudice.

For the foregoing reasons, Plaintiff requests an order directing the Defendant Whole Foods to respond to the October 22, 2019 discovery requests without objection within one week of this Court's order.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

cc.   Christopher M. Pardo, Esq. (via ECF)
      Anna L. Rothschild, Esq. (via ECF)