**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DWAYNE J. SCOTT and DERELL J. MEYNARD, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>  -against-<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>                                        Defendant. | Case No.: 18-cv-00086-SJF-AKT<br><br>**PLAINTIFFS' CORRECTED PRE-CLASS CERTIFICATION INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |

PROPOUNDING PARTY:   Plaintiffs

RESPONDING PARTY:    Whole Foods Market Group, Inc.

DATE SERVED:         October 22, 2019

DATE RESPONSE DUE:   November 21, 2019

SET:                 1

Pursuant to Rules 26, 33, 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the Eastern District of New York ("Local Rules"), and the Order of the Honorable Sandra J. Feuerstein, USDJ filed on April 10, 2019 (ECF No. 19) Plaintiffs DWAYNE J. SCOTT and DERELL J. MEYNARD ("Named Plaintiffs") serve upon Defendant the following Corrected Pre-Class Certification Interrogatories and Requests for Production of Documents.

## DEFINITIONS

1.  New York employee means any non-exempt (hourly) employee of Defendant, other than Store Manager or Assistant Store Manager, who was employed by Defendant in the

State of New New York at any time during the "relevant time period".

2. "Relevant time period" means from January 5, 2012 until April 27, 2012.

3. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

6. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

10. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

## SPECIFIED FORMAT FOR PRODUCTION OF ESI

Plaintiffs request that scanned images be produced in text-searchable .pdf format. Plaintiffs request that electronically stored information contained in databases be produced in .csv, .xls or another format supported by Microsoft Excel.

## INTERROGATORIES

1. Identify all persons who are believed or known by Defendant to have any knowledge concerning the subject matter of this action, or the issues raised by either the complaint or Defendant's answer, or that relate to any claims for damages raised in the complaint or defenses raised in Defendant's answer, and specify in detail the facts, events, issues and subject matter about which each such person has knowledge. Please also provide a description of documents that Defendant believes are in each such person's possession. To the extent that Defendant objects to communication between Plaintiffs' counsel and any person identified in response to this interrogatory, please state with specificity the basis for the objection, and the reasons therefor.

2. Identify all persons who were involved in processing payroll for New York employees during the relevant time period, and briefly describe the person's role in the payroll

process.

3. List the titles of New York employees.

4. For each title listed in response to Interrogatory No. 3, state the following information during the relevant time period: (1) the frequency of pay (weekly, bi-weekly, semimonthly, other), (2) the regular payday designated by the Defendant pursuant to NYLL 191.

5. For each title listed in response to Interrogatory No. 3, list the dates of all paydays, and for each pay date, state the first day and the last day of the pay period covered by the payment of wages.

6. For each title listed in response to Interrogatory No. 3, state the total combined number of employees that held each job title during the relevant time period.

7. State the following information for each Named Plaintiff: (i) date of hire; (ii) job title(s) and dates on which such job title(s) were held; (ii) regular rate(s) of pay and the dates on which those rates were in effect; (iii) all employment locations and the dates employed at each location; (iv) Plaintiffs date of separation from employment, and (v) the stated reasons for separation.

8. State the date on which the Defendant became aware of the requirement to pay manual workers weekly under NYLL 191.

9. Identify all persons involved in any application by Defendant to the New York State Department of Labor to pay manual worker's less frequently than weekly under NYLL 191.

## DOCUMENT REQUESTS

1. Documents, electronically stored information, and tangible things that the Defendant has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

2. Job descriptions for the titles listed in response to Interrogatory No. 3 in effect during the relevant time period.

3. Documents concerning the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the titles listed in response to Interrogatory No. 3.

4. Documents concerning the worker's compensation classifications of the titles listed in response to Interrogatory No. 3.

5. Documents concerning the timing and frequency of pay of New York employees in effect during the relevant time period.

6. For each payment of wages to New York employees between December 1, 2011 until May 31, 2012, documents concerning the following: the date of payment of wages, the dates of work covered by that payment of wages; name of employee; title of employee; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

7. Payroll summaries by job title for New York employees between December 1, 2011 until May 31, 2012 showing total weekly gross earnings, dates of payment of wages, and dates of work covered by the payment of wages.

8. Documents concerning the Defendant's timing and frequency of pay policies in effect for New York employees during the relevant time period.

9. Documents concerning the number of employees holding each job title identified in response to Interrogatory No. 3 during the relevant time period.

10. All employee handbooks covering New York employees in effect during the

relevant time period.

11. Documents concerning the Named Plaintiffs. These documents include, without limitation, Plaintiffs' employment/personnel files, applications for employment, payroll forms, termination forms, hire forms, complaints, written reprimands, comments, write-ups, tax forms, shopper's reports, and email messages, as well as all documents containing personnel information for the Plaintiffs, without limitation as to time period.

12. For each payment of wages to the Named Plaintiffs between December 1, 2011 until May 31, 2012, documents concerning the following: the date of payment of wages, the dates of work covered by that payment of wages; name of employee; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

13. Employee handbooks covering the Named Plaintiffs in effect during the relevant time period.

14. Job descriptions for titles held by the Named Plaintiffs during the relevant time period.

15. Documents concerning the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the titles held by Named Plaintiffs during the relevant time period.

16. Documents concerning any application by Defendant for permission to pay manual workers less frequently than weekly under NYLL 191.

17. Communications between Defendant and the New York State Department of Labor concerning any application for permission to pay manual workers less frequently than

weekly under NYLL 191.

Dated:      Glen Cove, New York
            October 22, 2019

                                                     Moser Law Firm, PC
                                                     *Attorneys for Plaintiff*

                                                     By:  Steven John Moser
                                                     3 School Street, Suite 207B
                                                     Glen Cove, New York 11542
                                                     Tel:  516-671-1150
                                                     Fax:  516-882-5420
                                                     smoser@moseremploymentlaw.com

TO:    Pardo, Christopher CPardo@hunton.com
          Rothschild, Anna ARothschild@hunton.com