

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
52ND FLOOR
NEW YORK, NEW YORK 10166

TEL   212 • 309 • 1195
FAX   617 • 433 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@HuntonAK.com

July 31, 2020

**VIA CM/ECF**

Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Meynard v. Whole Foods Market Group, Inc.*, No. 2:18-cv-86-SJF-AKT

Honorable Judge Feuerstein:

    This firm represents Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") and submits this opposition to the Letter Motion for Discovery ("Motion") (Docket Entry ("DE-") 75) filed by Plaintiff Derell J. Meynard ("Meynard" or "Plaintiff").

I.    <u>The Motion should be denied because presents a fabricated dispute intended to prevent the Court from ruling on the forthcoming affirmative motion to deny class certification.</u>

    There is no discovery dispute here. In fact, nearly a year elapsed in this case with the only major activity being (a) one of the two named plaintiffs attempting to withdraw from the case with (b) Plaintiffs' counsel simultaneously trying to withdraw from his representation. Both events only transpired once Whole Foods exposed material misrepresentations that had been presented to the Court (<u>see</u> DE-42, 42-1). Now, immediately following the Court allowing Whole Foods' request to file a limited, affirmative motion to deny class certification premised on indisputable facts (<u>see</u> DE-74), did a phantom discovery dispute appear.

    This discovery dispute is a red herring that the Court has seen before. Previously in this case, following Whole Foods' filing its Amended Complaint and Rule 12(c) Motion – which exposed the false claims made in this matter that led to the dismissal with prejudice of former plaintiff Dwayne J. Scott ("Scott") – Plaintiff first created a meritless discovery dispute and filed a motion to compel further responses to voluminous written discovery, all while the Court was holding show cause hearings related to Scott's dismissal and counsel's efforts to withdraw from his representation. <u>See</u> DE-38. Plaintiff's motion to compel was denied as moot at that time. <u>See</u> DE-45 (Civil Conference Minute Order).



July 31, 2020
Page 2

Now, immediately following the July 15, 2020 status conference during which the Court granted Whole Foods' request to file a motion seeking the affirmative denial of class certification based on a limited and threshold legal issue as to whether a class can exist at all, Plaintiff served new written discovery on July 22, 2020 and then rushed to file the instant Letter Motion demanding Whole Foods' compliance with discovery *within three (3) business days.*

Counsel for Plaintiff failed to address any intent to serve new discovery during the July 15, 2020 conference with the Court (just days prior), nor did he address his concerns related to the October 22, 2019 discovery (that he served on behalf of the now-dismissed plaintiff Scott). Instead, counsel for both parties agreed to the briefing schedule (see DE-73). Now, Plaintiff seeks to derail the established briefing schedule by serving new discovery and filing the Motion.

II.  <u>The Motion contains misrepresentations showing why (i) the "dispute" is a sham, (ii) it should be denied without a hearing or the incursion of further expense and (iii) additional discovery should be held in abeyance pending the class certification ruling.</u>

Aside from the above background, the Motion contains critical omissions and misstatements that require clarification, including the following:

- Plaintiff does not mention that the October 22 discovery was **"corrected" discovery** that supposedly addresses typographical errors and is substantively identical to the underlying discovery to which Whole Foods already responded.  See DE-75 at Exhibit 1 (titled "***Corrected*** Pre-Class Certification" discovery) (emphasis added). He also does not attach his own cover letter simply requesting that Whole Foods "amend [its] responses" as necessary, acknowledging that Whole Foods responded already (and mooting any idea of a "waiver" here).

- Moreover, Whole Foods furnished objections and substantive responses to the underlying discovery on October 10, 2019 as it relates to Meynard.  See Excerpts from Whole Foods' Responses and Objections to Plaintiffs' Pre-Class Certification Interrogatories and Requests for Production, at <u>Tab 1</u>. Plaintiff admits that he does not seek Whole Foods' compliance with discovery on behalf of Scott. Accordingly, there are no requests in the October 22 discovery to which outstanding responses remain that warrant the instant Motion.

- Plaintiff served new Interrogatories and Requests for Production by email on July 22, 2020, demanding responses from Whole Foods in three (3) business days, without any authority to do so.  In response, *the undersigned acknowledged receipt of Plaintiff's requests and stated that Whole Foods would respond to the discovery within the time permitted by the rules*.  See July 27, 2020 email correspondence



July 31, 2020
Page 3

        affixed at Tab 2, hereto.  Nevertheless, Plaintiff filed the instant Motion fewer than twenty-four (24) hours later.

    It is improper for Plaintiff to seek responses to discovery that was served on behalf of a party that counsel affirmatively sought to withdraw from and who has since been dismissed with prejudice from this litigation.  It is also improper to demand responses to new written discovery within three business days.  Although counsel represents that he only expects responses to the October 22 discovery as it relates to Meynard, that does not eliminate the fact that the October 22 discovery seeks extensive information related to Scott.  Requiring Whole Foods to respond to such requests would require Whole Foods to parse through Plaintiff's written requests encompassing both plaintiffs (meaning Meynard and Scott). More importantly, ***Whole Foods provided the substantive responses and objections, as well as documents, relating to Meynard already on October 10, 2019.*** There is nothing for Plaintiff to compel.

    Plaintiff's assertion that discovery is "critical" to his opposition to Whole Foods' motion to affirmatively deny class certification should be disregarded by the Court as Plaintiff and Whole Foods have already engaged in discovery related to Meynard and the position he held of "Produce Buyer/Specialist."  Plaintiff's attempt to force Whole Foods to provide additional discovery plainly beyond the scope of the position of Produce Buyer/Specialist held by Meynard and only (at a maximum) 12 other individuals is the quintessential fishing expedition.

    Faced with the fact that Scott has been dismissed with prejudice and Meynard held a unique, limited position, Plaintiff is trying to rush further discovery to search for a "hook" to broaden the purported class beyond the only representative plaintiff.  That is improper.

    WHEREFORE, for the reasons set forth herein, Whole Foods respectfully requests that the Motion be denied, that this Court grant Whole Foods its fees and costs incurred in responding to the same, and that *all written discovery* be held in abeyance until Whole Foods' forthcoming motion to affirmatively deny class certification is decided by the Court pursuant to the briefing schedule to which counsel for both parties agreed.

                                                      Sincerely,

                                                      Christopher M. Pardo

cc:    Steven J. Moser (via CM/ECF; *smoser@moseremploymentlaw.com*)
        Anna L. Rothschild (via CM/ECF; *arothschild@hunton.com*)