MOSER LAW FIRM, P.C.
Steven John Moser (SM6628)
5 E. Main Street
Huntington, N.Y.  11743
Telephone (516) 671-1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERELL MEYNARD, individually and on behalf of all others similarly situated,

18-CV-00086(SJF)(AKT)

Plaintiffs,

-*against*-

WHOLE FOODS MARKET GROUP, INC.

Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff submits this memorandum of law in support of his motion for leave to amend and add new class representatives pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure.  A copy of the proposed amended pleading is annexed to the Notice of Motion as Exhibit 1.

## PROCEDURAL BACKGROUND

This action was commenced on January 5, 2018 to remedy violations of the timely payment provision of New York Labor Law 191.  In short, it was alleged that throughout the pendency of the Defendant's application to the New York State Department of Labor ("DOL") for a waiver it had continued to pay all employees, including manual workers, every two weeks in violation of NYLL § 191, and that Whole Foods misled the DOL into believing that it was in compliance with NYLL § 191.

- 1 -

*Prior Motion Practice*

In lieu of answering, the Defendant moved to dismiss the complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12 (b)(6). The fully briefed motion was filed on May 14, 2018. (Dkt. Nos. 10-12). On April 9, 2019 the Court denied the Defendant's motion to dismiss. (Dkt No. 18).

On April 10, 2019 Whole Foods indicated its intention to file a motion for reconsideration of the Court's order denying the motion to dismiss, and the Court set a briefing schedule. (Dkt. No. 19). Whole Foods' fully briefed motion for reconsideration was submitted on June 19, 2019 (Dkt. No. 26-28).

On August 30, 2019 the undersigned counsel for Dwayne Scott filed a motion to withdraw as counsel. (Dkt. No. 30).

On September 9, 2019, before giving the Court the opportunity to rule on either Whole Foods' motion for reconsideration or attorney Moser's motion to withdraw as counsel for Dwayne Scott, Whole Foods' served a third motion – one for judgment on the pleadings. (Dkt. No. 33). Plaintiff moved to strike said motion. (Dkt No. 40, September 17, 2019). Before giving the Court the opportunity to rule on Plaintiff's motion to strike said motion, Whole Foods' filed a partially briefed motion for judgment on the pleadings, claiming that the motion was "unopposed." (Dkt. Nos. 42-44, September 30, 2019).

On February 5, 2020, the Court granted Defendant's motion for reconsideration, and adhered to its prior decision denying Defendant's motion to dismiss. (Dkt. No. 58). The Court also terminated (without prejudice), Whole Foods' motion for judgment on the pleadings (Docket No. 42). (*See* Electronic Docket Order dated February 5, 2020). Whole Foods then abandoned its motion for judgment on the pleadings and has neither re-served the motion nor

expressed any intention to re-file such a motion.

On March 9, 2020, the Court granted attorney Moser's motion to withdraw as counsel for Dwayne Scott. (Dkt. No. 62). On May 12, 2020, Magistrate Judge Tomlinson *sua sponte* recommended that the claims of the *pro se* plaintiff Dwayne Scott be dismissed for failure to prosecute and failure to comply with court orders. (Dkt. No. 65). On July 15, 2020, the Court adopted the report and recommendation dated May 12, 2020 in its entirety. (Dkt. No. 74).

On August 14, 2020, Whole Foods served a fourth motion directed at the Plaintiff's pleadings – a motion to dismiss the class action allegations (styled as a motion to strike the class action allegations, or in the alternative, to deny class action certification). (Dkt. No. 77). Whole Foods' most recent motion aimed at the complaint claims that Derrell Meynard is not a suitable class representative of all manual workers in the State of New York because he held a highly specialized position, and that numerosity is unachievable because only twelve (12) individuals held that position in the State of New York during the relevant time period.

Whole Foods is incorrect. Mr. Meynard did not hold a "highly specialized" position. In fact, he was a produce worker that was given the additional responsibility of buying produce, and there were hundreds of produce workers in the State of New York during the relevant time period. Mr. Meynard continued to spend the majority of his time stocking produce, and like all Whole Foods grocery store employees (with the exception of Store Managers, Team Leaders, and administrative employees), was a manual worker.

In response to Whole Foods' attacks on the representative capacity of the Plaintiff, and in light of the dismissal of the claims of Dwayne Scott their entirety, Plaintiff now moves to amend the complaint to include six (6) additional class representatives holding diverse titles and working at diverse geographic locations.

*Discovery*

On April 17, 2019 Plaintiffs served discovery requests upon Whole Foods. On May 17, 2019 the undersigned received a telephone call from Whole Foods' counsel requesting an extension to respond to the discovery requests until after July 10, 2019. Plaintiffs consented to the request. On September 10, 2019, the undersigned spoke via telephone with counsel for Whole Foods pursuant to Local Rule 37.1 in order to obtain responses to the outstanding discovery requests. Whole Foods believed that the parties had agreed to a stay of discovery pending the outcome of Defendant's Motion for Reconsideration (ECF No. 26, filed on June 19, 2019). On September 12, 2010, after email exchanges between the parties, Whole Foods stated that it would respond to the document requests and interrogatories by October 10, 2019. When Plaintiff moved to compel a sooner response (Dkt. No. 38), Whole Foods stated to the Court, "there is no discovery dispute here." (Dkt. No. 39). Yet, when Whole Foods finally "responded" to the document requests and interrogatories, it took advantage of an obvious typographical error in the requests to avoid responding and refused to produce any class discovery.[1]

Corrected Pre-Certification Document Requests and Interrogatories were served on Whole Foods on October 22, 2019. Those interrogatories and document requests were simply ignored by Whole Foods for ten months, until August 28, 2020, when Whole Foods was ordered by the Court to respond to same. (*See* Docket Order Dated August 28, 2020). The response was finally furnished on September 21, 2020. Again, Whole Foods refused to produce any class discovery.[2]

---

[1] Copies of Defendant Whole Foods Market Group, Inc.'s Responses and Objections to Plaintiff's Pre-Class Certification Interrogatories (unverified) and Defendant Whole Foods Market Group's Responses and Objections to Plaintiff's Pre-Class Certification Document Requests are annexed to the Moser Declaration as Exhibits 1 & 2, respectively.

[2] *See* Defendant Whole Foods Market Group, Inc.'s Responses and Objections to Plaintiff's Corrected Pre-Class Certification Interrogatories and Requests for Production of Documents (which are unverified),

On July 22, 2020 the Plaintiff served a second set of Interrogatories and Document Requests upon Whole Foods. Again, Whole Foods refused to provide any class discovery.[3]

In short, Whole Foods has resorted to creative objections such as cries of a "fishing expedition", the dismissal of the claims of Dwayne Scott, and its numerous motions as reasons for not furnishing class discovery. Whole Foods has not furnished a job description for the plaintiff, Derell Meynard or for any other Whole Foods employee. Whole Foods has refused to identify any of the alleged 12 individuals who held Mr. Meynard's job title during the relevant time period. *See* Interrogatory No. 1, Exhibit 3. Whole Foods has not furnished a single piece of paper regarding class discovery or meaningfully responded to a single interrogatory seeking class discovery.

Depositions have not yet been taken.

**ARGUMENT:**

**PLAINTIFFS' MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED**

**1. The Standard Under Rules 15 and 21 is Liberal.**

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "The same liberal standard afforded to motions to amend pursuant to Rule 15 is applicable to motions to add a new party pursuant to Rule 21." *Zucker v. Porteck Glob. Servs.*, No. 13-CV-2674(JS)(AKT), 2015 U.S. Dist. LEXIS 144132, at \*10 (E.D.N.Y. Oct. 23, 2015).

---

annexed to the Moser Declaration as Exhibit 3.
[3] *See* Defendant Whole Foods Market Group, Inc.'s Responses and Objections to Plaintiff's Second Set of Interrogatories (also unverified), and Defendant Whole Foods Market Group, Inc.'s Responses and Objections to Plaintiff's Second Requests for Production of Documents, annexed to the Moser Declaration as Exhibits 4 and 5 respectively.

As the Supreme Court has held, "this mandate is to be heeded: In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**2. Whole Food's Bears the Burden of Proving Prejudice or Futility**

As the non-moving party, Whole Foods bears the burden of demonstrating that the proposed amendment would be prejudicial or futile. *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998); *Zucker*, 2015 U.S. Dist. LEXIS 144132, at *10.

**3. None of the *Foman* Factors are Present**

"Leave to file an amended complaint…should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). None of the *Foman* factors are present here. The Plaintiff makes the motion in a timely manner. There is no evidence of bad faith. There is no undue prejudice to Whole Foods.

**3.1. There is no evidence of undue delay or bad faith**

It is important to note that "mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Portelos v. City of N.Y.*, No. 12-CV-3141(RRM)(VMS), 2015 U.S. Dist. LEXIS 123261, 2015 WL 5475494

(E.D.N.Y. Sept. 15, 2015) (quoting *Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). In fact, the Supreme Court's leading decision allowing amendment of a complaint, *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), involved a *post-judgment* motion.

Here there is no evidence of either undue delay or bad faith. The motion to add new class representatives comes only three months after the claims of one of the class representatives were dismissed with prejudice. The amendment is a response to Whole Foods' position (albeit lacking merit), that Mr. Meynard is not a suitable class representative. The motion is made only two months after Defendant's motion to strike the class action allegations was served.

### 3.2. There is no undue prejudice to Whole Foods

"Undue prejudice to the opposing party is typically the most important consideration in evaluating a motion to amend a pleading." *Lacher v. Comm'r*, 32 F. App'x 600, 603 (2d Cir. 2002) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "If no prejudice is found, then leave normally will be granted." Wright & Miller, Fed. Prac. & Proc. Civ. 2d §1484 (1990 & 2000 Supp.).

Relevant factors include whether a party's opponent would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay resolution of the dispute. *See Block*, 988 F.2d at 350. However, "'time, effort, and money' expended in litigation [without more] 'do not arise to the substantial prejudice' that would justify denial of leave to amend." *McGee v. Doe*, 568 F. App'x 32, 40 (2d Cir. 2014) (quoting *Block v. First Blood Associates*, 988 F.2d 344, 351 (2d Cir. 1993)).

Whole Foods will not be required to expend significant resources to conduct class discovery and prepare for trial, and there will be no significant delay in the resolution of this

dispute. Discovery has not yet been closed. Depositions have not been taken. Whole Foods has flatly refused to furnish class discovery. Whole Foods has not meaningfully responded to a single interrogatory or document request seeking information regarding information for individuals other than the named plaintiff Derrell Meynard.

Courts also consider whether the opponent was otherwise on notice of the new claim, and whether the claim derives from the same facts set forth in the original pleading. *See, e.g.*, *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986); *Tokio Marine & Fire Ins. Co. v. Emps. Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986). There are no "new" claims alleged against Whole Foods. The factual allegations of the new class representatives are virtually identical to those of the dismissed plaintiff. *See Zucker*, 2015 U.S. Dist. LEXIS 144132, at *17(permitting substitution of class representative where the factual allegations by the new class representative were virtually identical to those asserted by the original class representative). The complaint simply adds additional class representatives in response to the Defendant's attack on Mr. Meynard's suitability as a class representative, and the dismissal of Mr. Scott's claims. The motion to amend to include additional class representatives comes only three months after Dwayne Scott's claims were dismissed with prejudice, and only two months after Defendant moved to strike the class action allegations.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file the Proposed First Amended Complaint.

Dated: Huntington, New York
October 21, 2020

Respectfully Submitted,
MOSER LAW FIRM, P.C.

By: _____
Steven John Moser