MOSER LAW FIRM, P.C.
Steven John Moser (SM6628)
5 E. Main Street
Huntington, N.Y. 11743
Telephone (516) 671-1150
smoser@moseremploymentlawcom

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

DERELL MEYNARD, individually and on behalf of all
others similarly situated,                                         18-CV-00086(SJF)(AKT)

                                        Plaintiffs,


                        *-against-*


WHOLE FOODS MARKET GROUP, INC.

                                        Defendants.

_____

**DECLARATION OF STEVEN JOHN MOSER IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**

        I, Steven John Moser, hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746

that the following is true and correct:

        1.        I represent the Plaintiff Derell Meynard.

        2.        I submit this affirmation in support of Plaintiff's motion for leave to serve and file

the proposed First Amended Complaint, Annexed to the Notice of Motion as Exhibit 1.

        3.        A true and accurate copy of Defendant Whole Foods Market Group, Inc.'s

unverified Responses and Objections to Plaintiff's Pre-Class Certification Interrogatories is

annexed hereto as Exhibit 1.

        4.        A true and accurate copy of Defendant Whole Foods Market Group, Inc.'s

Responses and Objections to Plaintiff's Pre-Class Certification Document Requests is annexed

hereto as Exhibit 2.

5.      A true and accurate copy of Defendant Whole Foods Market Group, Inc.'s unverified Responses and Objections to Plaintiff's Corrected Pre-Class Certification Interrogatories and Requests for Production of Documents is annexed hereto as Exhibit 3.

6.      A true and accurate copy of Defendant Whole Foods Market Group, Inc.'s Responses and Objections to Plaintiff's Second Set of Interrogatories (also unverified), is annexed hereto as Exhibit 4.

7.      A true and accurate copy of Defendant Whole Foods Market Group, Inc.'s Responses and Objections to Plaintiff's Second Requests for Production of Documents, is annexed hereto as Exhibit 5.

Dated:  Huntington, New York
        October 21, 2020

_____
Steven John Moser

EXHBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DWAYNE J. SCOTT and DERELL J. MEYNARD, individually and on behalf of all others similarly situated, | Case No. 2:18-cv-00086-SJF-AKT |
|      Plaintiffs, | |
|          v. | |
| WHOLE FOODS MARKET GROUP, INC. | |
|      Defendant. | |

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS'
## PRE-CLASS CERTIFICATION INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the Eastern District of New York ("Local Rules"), and the Order of the Honorable Sandra J. Feuerstein, USDJ filed on April 10, 2019 (ECF No. 19), the Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") hereby responds to the Pre-Class Certification Interrogatories served by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") as follows:

## GENERAL OBJECTIONS

1.     Whole Foods objects to each Interrogatory to the extent it seeks information outside of the relevant statutory period of January 5, 2012 through April 27, 2012.

2.     Whole Foods objects to these Interrogatories to the extent they pertain Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.

3.      Whole Foods objects to each Interrogatory to the extent it purports to impose upon Whole Foods any obligations different from, or in addition to, those obligations imposed by the Eastern District of New York Local Rules of Civil Procedure.

4.      Whole Foods objects to each Interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case.

5.      Discovery in this action is ongoing.  Whole Foods therefore objects to each Interrogatory to the extent it is premature to seek "all" facts or legal bases for claims and defenses and Whole Foods reserves the right to supplement or otherwise modify its response to the Interrogatories as it deems necessary in light of additional information that is discovered or disclosed in the course of these proceedings.

6.      Whole Foods' responses and objections are made without waiving or intending to waive, but on the contrary expressly preserving and intending to preserve, all objections as to authenticity, competency, relevance, materiality, privilege, and admissibility of any information disclosed in accordance with these Responses, General Objections, and Specific Objections, and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of the Interrogatories.  Whole Foods' willingness to provide information in response to the Interrogatories is not a concession that the subject matter of the particular Interrogatory is discoverable, relevant to this action, or admissible as evidence.  Whole Foods reserves the right to object to further discovery into any subject matter in the Interrogatories.

7.      No response should be construed as, and is not intended to be, an admission or adoption of any position contained in any Interrogatory.

8. Whole Foods objects to each Interrogatory to the extent it improperly seeks information that does not exist, that is not currently in Whole Foods' possession, custody, or control, or which Plaintiff may no longer recall.

9. Whole Foods objects to each Interrogatory to the extent that the information sought, if in existence, is more readily available from entities other than Whole Foods.

10. Whole Foods objects to each Interrogatory to the extent that it calls for the disclosure of information which is protected from discovery by a claim of privilege, including but not limited to the attorney-client privilege, the work product doctrine, and/or any other applicable privilege(s).

11. Whole Foods objects to each Interrogatory to the extent that it is duplicative and/or cumulative of other Interrogatories herein.

12. Whole Foods objects to each Interrogatory to the extent that it seeks information that is confidential, proprietary, and/or constitutes trade secrets of Whole Foods.

13. Whole Foods objects to each Interrogatory to the extent that it is compound and is actually multiple interrogatories.

14. Whole Foods reserves the right to supplement or otherwise modify Whole Foods' responses to the Interrogatories as it deems necessary.

15. These General Objections are incorporated into each of Whole Foods' responses to the Interrogatories as set forth below.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1:

Identify all persons who are believed or known by Defendant to have any knowledge concerning the subject matter of this action, or the issues raised by either the complaint or Defendant's answer, or that relate to any claims for damages raised in the complaint or defenses raised in Defendant's answer, and specify in detail the facts, events, issues and subject matter

about which each such person has knowledge. Please also provide a description of documents that Defendant believes are in each such person's possession. To the extent that Defendant objects to communication between Plaintiffs' counsel and any person identified in response to this interrogatory, please state with specificity the basis for the objection, and the reasons therefor.

**RESPONSE TO INTERROGATORY NO. 1:** Whole Foods objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to identify all persons who may have any knowledge relating in any way to the facts, events, issues, and subject matter of this action, issues raised by either the Complaint or Whole Foods' First Amended Answer and Affirmative Defenses ("Answer"), relates to any claims for damages raised in the Complaint, or defenses raised in the Answer. Whole Foods further objects to this Interrogatory as it is compound and is multiple interrogatories. Whole Foods also objects to this Interrogatory as it pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods states that, in addition to Plaintiffs, the persons listed below possess or may possess knowledge or information relating to the facts, events, issues, and subject matter of this action.

a. Diana Grandison, Executive Leader, Team Member Services Business Partner for the Northeast Region, Whole Foods. Ms. Grandison is likely to have information concerning or relating to certain of the allegations in Plaintiffs' Complaint, including, but not limited to Plaintiffs' work history, Plaintiffs' job duties, and Whole Foods' policies and pay practices. Ms. Grandison is also likely to have information concerning or relating to Whole Foods' affirmative defenses.

b. Patricia Yost, Vice President, Tax, Whole Foods. Ms. Yost is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis

c. Frederic C. Leffler, Senior Counsel (former), Proskauer Rose, LLP. Mr. Leffler would have had information concerning or relating to the allegations in Plaintiffs' Complaint about the application for a waiver from the New York State Department of

Labor requesting permission to pay manual workers on a bi-weekly basis. It is Whole Foods' understanding that Mr. Leffler is deceased.

d. Annemarie Culberson, Senior Labor Standards Investigator, New York State Department of Labor. Ms. Culberson is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis.

e. Mark Knox, New York State Department of Labor. Mr. Knox is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis.

f. Colleen C. Gardner, New York State Department of Labor. Ms. Gardner is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis, as she is the representative from the New York State Department of Labor that signed the letter granting Whole Foods' waiver dated April 27, 2012.

In addition to the foregoing, Whole Foods incorporates by reference (i) all persons referenced during depositions taken in this matter and (ii) all persons referenced in documents produced by Whole Foods, Plaintiffs, or third parties in this matter. Furthermore, Whole Foods will supplement this response to the extent necessary subsequent to the entry of a Protective Order.

**INTERROGATORY NO. 2:**

Identify all persons who were involved in processing payroll for New York employees during the relevant time period, and briefly describe the person's role in the payroll process.

**RESPONSE TO INTERROGATORY NO. 2:** Whole Foods objects to this Interrogatory to as overly broad the extent it seeks information outside the scope of the relevant statutory time period of January 5, 2012 through April 27, 2012. Whole Foods also objects to this Interrogatory as it pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiving the general and foregoing

objections, Whole Foods states that Sindy Gonzales was the Payroll Benefits Specialist at the Jericho, New York store, where Meynard worked during the relevant statutory period of January 5, 2012 through April 27, 2012.

**INTERROGATORY NO. 3:**

List the titles of New York employees.

**RESPONSE TO INTERROGATORY NO. 3:** Whole Foods objects to this Interrogatory as vague and ambiguous. Whole Foods further objects to this Interrogatory as overly broad as it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) outside the scope of the relevant statutory time period of January 5, 2012 through April 27, 2012. Whole Foods also objects to this Interrogatory as it pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiver of the general and foregoing objections, Whole Foods states that "Produce Buyer/Specialist" is the only title that Meynard held during the applicable class period.

**INTERROGATORY NO. 4:**

For each title listed in response to Interrogatory No. 1, state the following information during the relevant time period: (1) the frequency of pay (weekly, bi-weekly, semimonthly, other), (2) the regular payday designated by the Defendant pursuant to NYLL 191.

**RESPONSE TO INTERROGATORY NO. 4:** Whole Foods objects to this Interrogatory as vague and ambiguous, as well as incomprehensible, in that it asks for "the frequency of pay (weekly, bi-weekly, semimonthly, other) and the regular payday designated by the Defendant

pursuant to NYLL 191" for any individual who may have knowledge about the subject matter of this action, as requested in Interrogatory No. 1, which includes individuals that are not employed by Whole Foods. Whole Foods further objects to this Interrogatory as overly broad as it seeks information (i) about employees that are not within the scope of the appropriate purported putative class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects to this Interrogatory as it pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods directs Plaintiffs to the payroll records produced in response to Meynard's Request for Production of Documents for Meynard during the relevant statutory time period of January 5, 2012 through April 27, 2012. Whole Foods further states that it will supplement its response to this Interrogatory to the extent necessary subsequent to the entry of a Protective Order.

**INTERROGATORY NO. 5:**

For each title listed in response to Interrogatory No. 1, list the dates of all paydays, and for each pay date, state the first day and the last day of the pay period covered by the payment of wages.

**RESPONSE TO INTERROGATORY NO. 5:** Whole Foods objects to this Interrogatory as vague and ambiguous, as well as incomprehensible, in that it asks for "the dates of all paydays, and for each pay date, state the first day and the last day of the pay period covered by the payment of wages" for any individual who may have knowledge about the subject matter of this action, as requested in Interrogatory No. 1, which includes individuals that are not employed by

Whole Foods.  Whole Foods further objects to this Interrogatory as overly broad as it seeks

information (i) about employees that are not within the scope of the appropriate putative

purported class, as is defined by the position held by Meynard, to the extent the Court finds

Meynard to be a proper plaintiff, and (ii) outside the relevant statutory period of January 5, 2012

through April 27, 2012.  Whole Foods also objects to this Interrogatory as it pertains to Scott on

the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott

and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole

Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.  Subject to

and without waiving the general and foregoing objections, Whole Foods directs Plaintiffs to the

payroll records produced in response to Meynard's Request for Production of Documents for

Meynard during the relevant statutory time period of January 5, 2012 through April 27, 2012.

Whole Foods further states that it will supplement its response to this Interrogatory to the extent

necessary subsequent to the entry of a Protective Order

**INTERROGATORY NO. 6:**

For each title listed in response to Interrogatory No. 1, state the total combined number of
employees that held each job title during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 6:**  Whole Foods objects to this Interrogatory as

vague and ambiguous, as well as incomprehensible, in that it asks for "the total combined

number of employees that held each job title during the relevant time period" for any individual

who may have knowledge about the subject matter of this action, as requested in Interrogatory

No. 1, including individual that are not employed by Whole Foods.  Whole Foods further objects

to this Interrogatory as overly broad as it seeks information (i) about employees that are not

within the scope of the appropriate putative purported class, as is defined by the position held by

Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the

relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects

to this Interrogatory as it pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to

withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation

since Scott was not employed by Whole Foods during the relevant statutory period of January 5,

2012 through April 27, 2012. Subject to and without waiving the general and foregoing

objections, Whole Foods states that, in addition to Meynard, twelve (12) individuals held the

position of Produce Buyer/Specialist in New York during the relevant statutory time period of

January 5, 2012 through April 27, 2012.

**INTERROGATORY NO. 7:**

State the following information for each Named Plaintiff: (i) date of hire; (ii) job title(s)
and dates on which such job title(s) were held; (ii) regular rate(s) of pay and the dates on which
those rates were in effect; (iii) all employment locations and the dates employed at each location;
(iv) Plaintiffs date of separation from employment, and (v) the stated reasons for separation.

**RESPONSE TO INTERROGATORY NO. 7:** Whole Foods objects to this Interrogatory as it

pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the

representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not

employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012. Whole Foods further objects to this Interrogatory as overly broad to the extent it seeks

information outside the scope of relevant statutory period of January 5, 2012 through April 27,

2012. Subject to and without waiving the general and foregoing objections, Whole Foods directs

Plaintiffs to its Answer and the documents affixed thereto, as well as the personnel file of

Meynard. Whole Foods further states that Meynard was employed by Whole Foods at the

Jericho, New York store from June 24, 2010 through July 22, 2013 and that during the relevant

statutory period Meynard held the position of Produce Buyer/Specialist.

**INTERROGATORY NO. 8:**

State the date on which the Defendant became aware of the requirement to pay manual workers weekly under NYLL 191.

**RESPONSE TO INTERROGATORY NO. 8:**  Whole Foods objects to this Interrogatory as (i) vague and ambiguous with respect to the term "aware of," and (ii) unduly burdensome insofar as it seeks information about the awareness of any single employee of Whole Foods regarding a specific provision of the NYLL.   Whole Foods further objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege. Whole Foods also objects to this Interrogatory as it pertains to Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.  Subject to and without waiving the general and foregoing objections, Whole Foods directs Plaintiffs to the documents produced in response to Meynard's Request for Production of Documents related to its application to the New York State Department of Labor for a payroll frequency waiver.

**INTERROGATORY NO. 9:**

Identify all persons involved in any application by Defendant to the New York State Department of Labor to pay manual workers less frequently than weekly under NYLL 191.

**RESPONSE TO INTERROGATORY NO. 9:**  Whole Foods objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for "all persons" involved in "any application" by Whole Foods to the New York State Department of Labor.  Whole Foods also objects to this Interrogatory as being duplicative of certain other of the interrogatories herein. Subject to and without waiving the general and foregoing objections, Whole Foods directs

Plaintiffs to the documents produced in response to Meynard's Request for Production of Documents related to its application to the New York State Department of Labor for a payroll frequency waiver, which identifies the individuals at Whole Foods that were involved in such application.

<div align="center">***</div>

DEFENDANT WHOLE FOODS MARKET GROUP, INC.

By:     */s/ Christopher M. Pardo*
        Christopher M. Pardo (NY Bar No. 562802;
        admitted pro hac vice)
         *cpardo@HuntonAK.com*
        Anna L. Rothschild (pro hac vice forthcoming)
        *arothschild@HuntonAK.com*
        HUNTON ANDREWS KURTH LLP
        125 High Street, Suite 533
        Boston, MA 02110
        Tel:  (617) 648-2759
Dated: October 10, 2019       Fax:  (617) 433-5022


<div align="center"><u>**CERTIFICATE OF SERVICE**</u></div>

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on October 10, 2019, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiffs as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

                              */s/ Christopher M. Pardo*
                              Christopher M. Pardo

EXHBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DWAYNE J. SCOTT and DERELL J.
MEYNARD, individually and on behalf of all
others similarly situated,

      Plaintiffs,

        v.

WHOLE FOODS MARKET GROUP, INC.

      Defendant.

Case No. 2:18-cv-00086-SJF-AKT

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' PRE-CLASS CERTIFICATION REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the Eastern District of New York ("Local Rules"), and the Order of the Honorable Sandra J. Feuerstein, USDJ filed on April 10, 2019 (ECF No. 19), the Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") hereby responds to the Pre-Class Certification Requests for Production of Documents served by Plaintiffs Dwayne J. Scott ("Scott") and Derell J. Meynard ("Meynard") as follows.

## GENERAL OBJECTIONS

1.      Whole Foods objects to each Request to the extent it seeks documents and information outside of the relevant statutory period of January 5, 2012 through April 27, 2012.

2.      Whole Foods objects to these Requests to the extent they pertain to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.

3.    Whole Foods objects to each Request to the extent it purports to impose upon Whole Foods any obligations different from, or in addition to, those obligations imposed by the Eastern District of New York Local Rules of Civil Procedure.

4.    Whole Foods objects to each Request to the extent it seeks documents or information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case.

5.    Whole Foods objects to each Request to the extent that it seeks documents and/or information that is confidential, proprietary, and/or constitutes trade secrets of Whole Foods.

6.    Whole Foods' responses and objections are made without waiving or intending to waive, but on the contrary expressly preserving and intending to preserve, all objections as to authenticity, competency, relevance, materiality, privilege, and admissibility of any information disclosed in accordance with these Responses, General Objections, and Specific Objections, and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of the Requests.  Whole Foods' willingness to provide information in response to the Requests is not a concession that the subject matter of the particular Request is discoverable, relevant to this action, or admissible as evidence.  Whole Foods reserves the right to object to further discovery into any subject matter in the Requests.

7.    Whole Foods objects to each Request to the extent that it improperly seeks documents that do not exist or that are not currently in Whole Foods' possession, custody, or control.

8.      Whole Foods objects to each Request to the extent that the documents and/or information sought, if in existence, are more readily available from entities other than Whole Foods.

9.      Whole Foods objects to each Request to the extent that it calls for the production of documents and information which are protected from discovery by a claim of privilege, including but not limited to the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege(s).

10.     Whole Foods objects to each Request to the extent that it is duplicative and/or cumulative of other Requests herein.

11.     No response should be construed as, and is not intended to be, an admission or adoption of any position contained in any Request.

12.     Whole Foods reserves the right to supplement or otherwise modify Whole Foods responses to the Requests as Whole Foods deems necessary.

13.     These General Objections are incorporated into each of Whole Foods' responses to the Requests as set forth below.

## RESPONSES AND SPECIFIC OBJECTIONS

### REQUEST NO. 1:

Documents, electronically stored information, and tangible things that the Defendant has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE TO REQUEST NO. 1:**  Whole Foods objects to this Request as premature. Whole Foods further objects to this Request (i) as overly broad and unduly burdensome given its timing prior to Plaintiffs seeking class certification and (ii) to the extent it calls for the production of documents, electronically stored information, and tangible things that are or may

be protected by the attorney-client privilege and/or the attorney work-product doctrine. Whole

Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i)

Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a

proper plaintiff to this litigation since Scott was not employed by Whole Foods during the

relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without

waiving the general and foregoing objections, Whole Foods (i) directs Plaintiffs to its First

Amended Answer and Affirmative Defenses ("Answer") and documents submitted therewith and

(ii) will produce any non-privileged documents responsive to this Request.

**REQUEST NO. 2:**

Job descriptions for the titles listed in response to Interrogatory No. 1 in effect during the
relevant time period.

**RESPONSE TO REQUEST NO. 2:** Whole Foods objects to this Request as vague and

ambiguous, as well as incomprehensible, in that it asks for "job descriptions for the titles" of any

individual who may have knowledge about the subject matter of this action, as requested in

Interrogatory No. 1, which includes individuals who are not employed by Whole Foods. Whole

Foods further objects to this Request as overly broad as it seeks information (i) about employees

who are not within the scope of the appropriate putative purported class, as is defined by the

position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii)

outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside

the relevant geographic scope. Whole Foods also objects to this Request to the extent it pertains

to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the

representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not

employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods

will produce responsive documents from the applicable statutory period of January 5, 2012

through April 27, 2012, if any.

**REQUEST NO. 3:**

Documents concerning the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the titles listed in response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 3:** Whole Foods objects to this Request as vague and

ambiguous, as well as incomprehensible, in that it asks for employment-related documents for

any individual who may have knowledge about the subject matter of this action, as requested in

Interrogatory No. 1, which includes individuals who are not employed by Whole Foods. Whole

Foods further objects to this Request as overly broad as it seeks information (i) about employees

who are not within the scope of the appropriate putative purported class, as is defined by the

position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii)

outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) that is

outside the relevant geographic scope. Whole Foods also objects to this Request to the extent it

pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from

the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was

not employed by Whole Foods during the relevant statutory period of January 5, 2012 through

April 27, 2012. Subject to and without waiving the general and foregoing objections, Whole

Foods will produce responsive documents from the applicable statutory period of January 5,

2012 through April 27, 2012, if any.

**REQUEST NO. 4:**

Documents concerning the worker's compensation classifications of the titles listed in response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 4:** Whole Foods objects to this Request as vague and ambiguous, as well as incomprehensible, in that it asks for "documents concerning the workers' compensation classification of the titles" for any individual who may have knowledge about the subject matter of this action, as requested in Interrogatory No. 1, which includes individuals who are not employed by Whole Foods. Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) that is outside the relevant geographic scope. Whole Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods will produce responsive documents from the applicable statutory period of January 5, 2012 through April 27, 2012, if any.

**REQUEST NO. 5:**

Documents concerning the timing and frequency of pay of New York employees in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 5:** Whole Foods objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds

Meynard to be a proper plaintiff and (ii) outside the relevant statutory period of January 5, 2012

through April 27, 2012. Whole Foods also objects to this Request to the extent it pertains to

Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the

representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not

employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods

will produce responsive documents from the relevant statutory period of January 5, 2012 through

April 27, 2012, pending the entry of a Protective Order.

**REQUEST NO. 6:**

For each payment of wages to New York employees between December 1, 2011 until
May 31, 2012, documents concerning the following: the date of payment of wages, the dates of
work covered by that payment of wages; name of employee; title of employee; gross wages;
deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular
hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked,
and the number of overtime hours worked.

**RESPONSE TO REQUEST NO. 6:** Whole Foods objects to this Request as overly broad as it

seeks information (i) about employees who are not within the scope of the appropriate putative

purported class, as is defined by the position held by Meynard, to the extent the Court finds

Meynard to be a proper plaintiff and (ii) outside the relevant statutory period of January 5, 2012

through April 27, 2012. Whole Foods also objects to this Request to the extent it pertains to

Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the

representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not

employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods

will produce responsive documents from the relevant statutory period of January 5, 2012 through

April 27, 2012, pending the entry of a Protective Order.

**REQUEST NO. 7:**

Payroll summaries by job title for New York employees between December 1, 2011 until May 31, 2012 showing total weekly gross earnings, dates of payment of wages, and dates of work covered by the payment of wages.

**RESPONSE TO REQUEST NO. 7:** Whole Foods objects to this Request as overly broad as it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods further objects to this Request as duplicative of Request Nos. 5 and 6. Whole Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiving the general and foregoing objections, Whole Foods will produce responsive documents from the relevant statutory period of January 5, 2012 through April 27, 2012, pending the entry of a Protective Order.

**REQUEST NO. 8:**

Documents concerning the Defendant's timing and frequency of pay policies in effect for New York employees during the relevant time period.

**RESPONSE TO REQUEST NO. 8:** Whole Foods objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the

representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not

employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012.  Subject to and without waiving the general and foregoing objections, Whole Foods

will produce relevant policies applicable to New York employees in place during the relevant

statutory period of January 5, 2012 through April 27, 2012.

**REQUEST NO. 9:**

Documents concerning the number of employees holding each job title identified in
response to Interrogatory No. 1 during the relevant time period.

**RESPONSE TO REQUEST NO. 9:**  Whole Foods objects to this Request as vague and

ambiguous, as well as incomprehensible, in that it asks for "documents concerning the number of

employees holding each job title" any individual who may have knowledge about the subject

matter of this action, as requested in Interrogatory No. 1, which includes individuals who are not

employed by Whole Foods.  Whole Foods further objects to this Request as overly broad as it

seeks information (i) about employees who are not within the scope of the appropriate putative

purported class, as is defined by the position held by Meynard, to the extent the Court finds

Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012

through April 27, 2012, and (iii) outside the relevant geographic scope.  Whole Foods also

objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs'

counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper

plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant

statutory period of January 5, 2012 through April 27, 2012.  Subject to and without waiving the

general and foregoing objections, Whole Foods will produce responsive documents from the

relevant statutory period of January 5, 2012 through April 27, 2012, pending the entry of a

Protective Order.

**REQUEST NO. 10:**

All employee handbooks covering New York employees in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 10:** Whole Foods objects to this Request as overly broad to the extent it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and without waiver of the general and foregoing objections, Whole Foods will produce excerpts relevant to the claims being advanced in this litigation from its General Information Guide ("GIG") in place during the relevant statutory period of January 5, 2012 through April 27, 2012.

**REQUEST NO. 11:**

Documents concerning the Named Plaintiffs. These documents include, without limitation, Plaintiffs' employment/personnel files, applications for employment, payroll forms, termination forms, hire forms, complaints, written reprimands, comments, write-ups, tax forms, shopper's reports, and email messages, as well as all documents containing personnel information for the Plaintiffs, without limitation as to time period.

**RESPONSE TO REQUEST NO. 11:** Whole Foods objects to this Request as it is overly broad and unduly burdensome. Whole Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012.  Whole Foods further objects to this Request to the extent it seeks documents protected

by the attorney-client privilege and/or work product doctrine.  Subject to and without waiver of

the general and foregoing objections, Whole Foods directs Plaintiffs to its Answer and the

documents attached thereto.  Whole Foods further responds that it will produce the personnel file

for Meynard.

**REQUEST NO. 12:**

      For each payment of wages to the Named Plaintiffs between December 1, 2011 until May 31, 2012, documents concerning the following: the date of payment of wages, the dates of work covered by that payment of wages; name of employee; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

**RESPONSE TO REQUEST NO. 12:**   Whole Foods objects to this Request as it is overly

broad and unduly burdensome.  Whole Foods also objects to this Request to the extent it pertains

to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the

representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not

employed by Whole Foods during the relevant statutory period of January 5, 2012 through April

27, 2012.  Whole Foods further objects to this Request to the extent it seeks documents outside

the scope of the relevant statutory time period of January 5, 2012 through April 27, 2012.

Subject to and without waiver of the general and foregoing objections, Whole Foods will

produce the payroll records for Meynard from the relevant statutory time period of January 5,

2012 through April 27, 2012.

**REQUEST NO. 13:**

      Employee handbooks covering the Named Plaintiffs in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 13:**  Whole Foods objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.  Whole Foods further objects to this Request to the extent it seeks documents outside the scope of the relevant statutory time period of January 5, 2012 through April 27, 2012.  Whole Foods also objects to this Request as duplicative of Request No. 10.  Subject to and without waiver of the general and foregoing objections, Whole Foods directs Plaintiffs to its response to Request No. 10.  Whole Foods further states that it will produce the personnel file of Meynard, which contains policies relevant to him during his employment with Whole Foods.

**REQUEST NO. 14:**

Job descriptions for titles held by the Named Plaintiffs during the relevant time period.

**RESPONSE TO REQUEST NO. 14:**  Whole Foods objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.  Whole Foods further objects to this Request to the extent it seeks documents outside the scope of the relevant statutory time period of January 5, 2012 through April 27, 2012.  Whole Foods also objects to this Request as duplicative of Request No. 2.  Subject to and without waiver of the general and foregoing objections, Whole Foods will produce responsive documents from the applicable statutory period of January 5, 2012 through April 27, 2012, if any.

**REQUEST NO. 15:**

Documents concerning the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the titles held by Named Plaintiffs during the relevant time period.

**RESPONSE TO REQUEST NO. 15:**  Whole Foods objects to this Request as it is overly broad and unduly burdensome.  Whole Foods also objects to this Request to the extent it pertains to Plaintiff Scott on the grounds that (i) Plaintiffs' counsel has sought to withdraw from the representation of Scott and (ii) Scott is not a proper plaintiff to this litigation since Scott was not employed by Whole Foods during the relevant statutory period of January 5, 2012 through April 27, 2012.  Whole Foods further objects to this Request to the extent it seeks documents outside the scope of the relevant statutory time period of January 5, 2012 through April 27, 2012.  Whole Foods also objects to this Request as duplicative of Request No. 3.  Subject to and without waiver of the general and foregoing objections, Whole Foods will produce responsive documents from the applicable statutory period of January 5, 2012 through April 27, 2012, if any.

**REQUEST NO. 16:**

Documents concerning any application by Defendant for permission to pay manual workers less frequently than weekly under NYLL 191.

**RESPONSE TO REQUEST NO. 16:**  Whole Foods objects to this Request as overly broad to the extent it seeks documents outside the relevant temporal scope.  Whole Foods further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiver of the general and foregoing objections, Whole Foods will produce its waiver application to the New York State Department of Labor seeking an application for a payroll frequency waiver and documents relating to the same.

**REQUEST NO. 17:**

Communications between Defendant and the New York State Department of Labor concerning any application for permission to pay manual workers less frequently than weekly under NYLL 191.

**RESPONSE TO REQUEST NO. 17:**  Whole Foods objects to this Request as overly broad to the extent it seeks documents outside the relevant temporal scope.  Whole Foods further objects to this Request as duplicative of Request No. 16.  Subject to and without waiver of the general and foregoing objections, Whole Foods will produce its waiver application to the New York State Department of Labor seeking an application for a payroll frequency waiver and documents relating to the same.

<center>***</center>

<div style="margin-left: 40%;">

DEFENDANT WHOLE FOODS MARKET GROUP, INC.

By:  */s/ Christopher M. Pardo*
Christopher M. Pardo (NY Bar No. 562802; admitted pro hac vice)
 *cpardo@HuntonAK.com*
Anna L. Rothschild (pro hac vice forthcoming)
 *arothschild@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
125 High Street, Suite 533
Boston, MA 02110
Tel:  (617) 648-2759
Fax:  (617) 433-5022

</div>

Dated: October 10, 2019

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on October 10, 2019, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiffs as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

*/s/ Christopher M. Pardo*
Christopher M. Pardo

EXHBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERELL J. MEYNARD, individually and on behalf of all others similarly situated*,* | Case No. 2:18-cv-00086-SJF-AKT |
| Plaintiffs, | |
| v. | |
| WHOLE FOODS MARKET GROUP, INC. | |
| Defendant. | |

**DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S CORRECTED PRE-CLASS CERTIFICATION INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33, 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the Eastern District of New York ("Local Rules"), and the Order of the Honorable Sandra J. Feuerstein filed on August 28, 2020 (ECF No. 75), the Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") hereby responds to the Corrected Pre-Class Certification Interrogatories and Requests for Production of Documents served by Plaintiff Derell J. Meynard ("Meynard") as follows.

**GENERAL OBJECTIONS TO INTERROGATORIES**

1.      Whole Foods objects to these Interrogatories as being an improper fishing expedition given (i) the previous dismissal of Plaintiff Dwayne J. Scott, (ii) Whole Foods' previous discovery responses relevant to the actual scope of this matter, and (iii) the pending briefing before the Court on Whole Foods' *Limited* Motion to Deny Class Certification or, Alternatively, Strike the Class Allegations ("Whole Foods' *Limited* Motion to Deny Class Certification"), which the parties agreed to before the Court and at which time Plaintiff made no

mention of pursuing yet additional discovery, and which motion has already been served on Plaintiff.

2.    Whole Foods objects to these Interrogatories to the extent they pertain to dismissed Plaintiff Scott, as the Court has dismissed Scott with prejudice and directed Whole Foods only to respond to these Requests as if served only by Meynard.

3.    Whole Foods objects to these Interrogatories to the extent that they seek discovery into any current or former employee of Whole Foods besides Meynard for the same reasons set forth in Whole Foods' *Limited* Motion to Deny Class Certification.

4.    Whole Foods objects to these Interrogatories to the extent they pertain to any employee of Whole Foods who held a position other than "Produce Buyer/Specialist," which is the only position that Meynard held during the alleged class period.

5.    Whole Foods objects to these Interrogatories to the extent they pertain to any employee of Whole Foods who worked at a Whole Foods location other than the single location in Jericho, New York, where Meynard worked during the alleged class period.

6.    Whole Foods objects to each Interrogatory to the extent it seeks information outside of the relevant statutory period of January 5, 2012 through April 27, 2012.

7.    Whole Foods objects to each Interrogatory to the extent it purports to impose upon Whole Foods any obligations different from, or in addition to, those obligations imposed by the Eastern District of New York Local Rules of Civil Procedure.

8.    Whole Foods objects to each Interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case.

9.    Discovery in this action is ongoing.  Whole Foods therefore objects to each Interrogatory to the extent it is premature to seek "all" facts or legal bases for claims and

defenses and Whole Foods reserves the right to supplement or otherwise modify its response to the Interrogatories as it deems necessary in light of additional information that is discovered or disclosed in the course of these proceedings.

10.     Whole Foods objects to these Interrogatories given the pendency of Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot much of the information sought herein, also rendering such requests premature.

11.     Whole Foods' responses and objections are made without waiving or intending to waive, but on the contrary expressly preserving and intending to preserve, all objections as to authenticity, competency, relevance, materiality, privilege, and admissibility of any information disclosed in accordance with these Responses, General Objections, and Specific Objections, and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of the Interrogatories.  Whole Foods' willingness to provide information in response to the Interrogatories is not a concession that the subject matter of the particular Interrogatory is discoverable, relevant to this action, or admissible as evidence.  Whole Foods reserves the right to object to further discovery into any subject matter in the Interrogatories.

12.     No response should be construed as, and is not intended to be, an admission or adoption of any position contained in any Interrogatory.

13.     Whole Foods objects to each Interrogatory to the extent it improperly seeks information that does not exist, that is not currently in Whole Foods' possession, custody, or control, or which Plaintiff may no longer recall.

14.     Whole Foods objects to each Interrogatory to the extent that the information sought, if in existence, is more readily available from entities other than Whole Foods.

15.     Whole Foods objects to each Interrogatory to the extent that it calls for the disclosure of information which is protected from discovery by a claim of privilege, including but not limited to the attorney-client privilege, the work product doctrine, and/or any other applicable privilege(s).

16.     Whole Foods objects to each Interrogatory to the extent that it is duplicative and/or cumulative of other Interrogatories herein.

17.     Whole Foods objects to each Interrogatory to the extent that it seeks information that is confidential, proprietary, and/or constitutes trade secrets of Whole Foods.

18.     Whole Foods objects to each Interrogatory to the extent that it is compound and is actually multiple interrogatories.

19.     Whole Foods reserves the right to supplement or otherwise modify Whole Foods' responses to the Interrogatories as it deems necessary.

20.     These General Objections are incorporated into each of Whole Foods' responses to the Interrogatories as set forth below.

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all persons who are believed or known by Defendant to have any knowledge concerning the subject matter of this action, or the issues raised by either the complaint or Defendant's answer, or that relate to any claims for damages raised in the complaint or defenses raised in Defendant's answer, and specify in detail the facts, events, issues and subject matter about which each such person has knowledge. Please also provide a description of documents that Defendant believes are in each such person's possession. To the extent that Defendant objects to communication between Plaintiff's counsel and any person identified in response to this interrogatory, please state with specificity the basis for the objection, and the reasons therefor.

**RESPONSE TO INTERROGATORY NO. 1:** Whole Foods objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to identify all persons who may have any knowledge relating in any way to the facts, events, issues, and subject matter of this action, issues raised by either the Complaint or Whole Foods' First Amended Answer and Affirmative Defenses ("Answer"), relates to any claims for damages raised in the Complaint, or defenses raised in the Answer. Whole Foods also objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff. Whole Foods further objects to this Interrogatory as it is compound and is multiple interrogatories. Subject to and without waiving the general and foregoing objections, Whole Foods states that, in addition to the Plaintiff, the persons listed below possess or may possess knowledge or information relating to the facts, events, issues, and subject matter of this action, as was provided by Whole Foods in its initial disclosures.

a. Diana Grandison, Executive Leader, Team Member Services Business Partner for the Northeast Region, Whole Foods. Ms. Grandison is likely to have information concerning or relating to certain of the allegations in the Plaintiff's Complaint, including, but not limited to the Plaintiff's work history, the Plaintiff's job duties, and Whole Foods' policies and pay practices. Ms. Grandison is also likely to have information concerning or relating to Whole Foods' affirmative defenses.

b. Patricia Yost, Vice President, Tax, Whole Foods. Ms. Yost is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis

c. Frederic C. Leffler, Senior Counsel (former), Proskauer Rose, LLP. Mr. Leffler would have had information concerning or relating to the allegations in the Plaintiff's Complaint about the application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis. It is Whole Foods' understanding that Mr. Leffler is deceased.

d.  Annemarie Culberson, Senior Labor Standards Investigator, New York State Department of Labor. Ms. Culberson is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis.

e.  Mark Knox, New York State Department of Labor. Mr. Knox is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis.

f.  Colleen C. Gardner, New York State Department of Labor. Ms. Gardner is likely to have information concerning or relating to Whole Foods' application for a waiver from the New York State Department of Labor requesting permission to pay manual workers on a bi-weekly basis, as she is the representative from the New York State Department of Labor that signed the letter granting Whole Foods' waiver dated April 27, 2012.

## INTERROGATORY NO. 2:

Identify all persons who were involved in processing payroll for New York employees during the relevant time period, and briefly describe the person's role in the payroll process.

**RESPONSE TO INTERROGATORY NO. 2:**  Whole Foods objects to this Interrogatory to the extent it seeks information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff.  Subject to and without waiving the general and foregoing objections, Whole Foods states that Sindy Gonzales was the Payroll Benefits Specialist at the Jericho, New York store, where Meynard worked during the relevant statutory period of January 5, 2012 through April 27, 2012.

## INTERROGATORY NO. 3:

List the titles of New York employees.

**RESPONSE TO INTERROGATORY NO. 3:** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole

Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on

Plaintiff and would moot the information sought in this Interrogatory, also rendering it

premature. Whole Foods further objects to this Interrogatory as vague and ambiguous. Whole

Foods further objects to this Interrogatory as overly broad as it seeks information (i) about

employees that are not within the scope of the appropriate putative purported class, as is defined

by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff

and (ii) outside the scope of the relevant statutory time period of January 5, 2012 through April

27, 2012. Subject to and without waiver of the general and foregoing objections, Whole Foods

states that "Produce Buyer/Specialist" is the only title that Meynard held during the applicable

class period.

## INTERROGATORY NO. 4:

For each title listed in response to Interrogatory No. 3, state the following information during the relevant time period: (1) the frequency of pay (weekly, bi-weekly, semimonthly, other), (2) the regular payday designated by the Defendant pursuant to NYLL 191.

**RESPONSE TO INTERROGATORY NO. 4:** Whole Foods objects to this Interrogatory as

being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole

Foods' previous discovery responses relevant to the actual scope of this matter, and Whole

Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on

Plaintiff and would moot the information sought in this Interrogatory, also rendering it

premature. Whole Foods further objects to this Interrogatory as overly broad as it seeks

information about employees that are not within the scope of the appropriate putative purported

class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be

a proper plaintiff. Subject to and without waiver of the general and foregoing objections, Whole

Foods directs Meynard to the payroll documents for Meynard, which Whole Foods previously

produced on October 10, 2019.

**INTERROGATORY NO. 5:**

For each title listed in response to Interrogatory No. 3, list the dates of all paydays, and for each pay date, state the first day and the last day of the pay period covered by the payment of wages.

**RESPONSE TO INTERROGATORY NO. 5:** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Interrogatory, also rendering it premature. Whole Foods further objects to this Interrogatory as overly broad as it seeks information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and without waiver of the general and foregoing objections, Whole Foods directs Meynard to the payroll documents for Meynard produced by Whole Foods on or about October 10, 2019.

**INTERROGATORY NO. 6:**

For each title listed in response to Interrogatory No. 3, state the total combined number of employees that held each job title during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 6:** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Interrogatory, also rendering it premature. Whole Foods further objects to this Interrogatory as overly broad as it seeks

information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and without waiver of the general and foregoing objections, Whole Foods states that, in addition to Meynard, twelve (12) individuals held the position of Produce Buyer/Specialist in New York during the relevant statutory time period of January 5, 2012 through April 27, 2012.

**INTERROGATORY NO. 7:**

State the following information for each Named Plaintiff: (i) date of hire; (ii) job title(s) and dates on which such job title(s) were held; (ii) regular rate(s) of pay and the dates on which those rates were in effect; (iii) all employment locations and the dates employed at each location; (iv) Plaintiff date of separation from employment, and (v) the stated reasons for separation.

**RESPONSE TO INTERROGATORY NO. 7:** Whole Foods directs Meynard to its Answer and the documents affixed thereto, as well as the personnel file of Meynard, which Whole Foods previously produced on or about October 10, 2019. Whole Foods further states that Meynard was employed by Whole Foods only at the Jericho, New York store from June 24, 2010 through July 22, 2013 and that during the relevant statutory period Meynard held only the position of Produce Buyer/Specialist. Whole Foods further states that Meynard was terminated for violation of Whole Foods' time and attendance policy.

**INTERROGATORY NO. 8:**

State the date on which the Defendant became aware of the requirement to pay manual workers weekly under NYLL 191.

**RESPONSE TO INTERROGATORY NO. 8:** Whole Foods objects to this Interrogatory as (i) vague and ambiguous with respect to the term "aware of," and (ii) unduly burdensome insofar as it seeks information about the awareness of any single employee of Whole Foods regarding a specific provision of the NYLL. Whole Foods further objects to this Interrogatory to the extent

it calls for information protected by the attorney-client privilege. Subject to and without waiving the general and foregoing objections, Whole Foods directs the Plaintiff to the documents produced by Whole Foods on or about October 10, 2019 related to its application to the New York State Department of Labor for a payroll frequency waiver.

**INTERROGATORY NO. 9:**

Identify all persons involved in any application by Defendant to the New York State Department of Labor to pay manual workers less frequently than weekly under NYLL 191.

**RESPONSE TO INTERROGATORY NO. 9:** Whole Foods objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for "all persons" involved in "any" application by Whole Foods to the New York State Department of Labor. Whole Foods also objects to this Interrogatory as being duplicative of certain other of the interrogatories herein. Subject to and without waiving the general and foregoing objections, Whole Foods directs the Plaintiff to the documents previously produced by Whole Foods on or about October 10, 2019 related to Whole Foods' application to the New York State Department of Labor for a payroll frequency waiver, which identifies the individuals at Whole Foods that were involved in such application.

<u>**GENERAL OBJECTIONS TO DOCUMENT REQUESTS**</u>

1.     Whole Foods objects to these Requests as being an improper fishing expedition given (i) the previous dismissal of Plaintiff Dwayne J. Scott, (ii) Whole Foods' previous discovery responses relevant to the actual scope of this matter, and (iii) the pending briefing before the Court on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of pursuing yet additional discovery, and which motion has already been served on Plaintiff.

2.      Whole Foods objects to these Requests to the extent they pertain to dismissed Plaintiff Scott, as the Court has dismissed Scott with prejudice and directed Whole Foods only to respond to these Requests as if served only by Meynard.

3.      Whole Foods objects to these Requests to the extent that they seek discovery into any current or former employee of Whole Foods besides Meynard for the same reasons set forth in Whole Foods' *Limited* Motion to Deny Class Certification.

4.      Whole Foods objects to these Requests to the extent they pertain to any employee of Whole Foods who held a position other than "Produce Buyer/Specialist," which is the only position that Meynard held during the alleged class period.

5.      Whole Foods objects to these Requests to the extent they pertain to any employee of Whole Foods who worked at a Whole Foods location other than the single location in Jericho, New York, where Meynard worked during the alleged class period.

6.   Whole Foods objects to each Request to the extent it seeks documents and information outside of the relevant statutory period of January 5, 2012 through April 27, 2012.

7.      Whole Foods objects to each Request to the extent it purports to impose upon Whole Foods any obligations different from, or in addition to, those obligations imposed by the Eastern District of New York Local Rules of Civil Procedure.

8.      Whole Foods objects to each Request to the extent it seeks documents or information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case.

9.      Whole Foods objects to each Request to the extent that it seeks documents and/or information that is confidential, proprietary, and/or constitutes trade secrets of Whole Foods.

10.     Whole Foods' responses and objections are made without waiving or intending to waive, but on the contrary expressly preserving and intending to preserve, all objections as to authenticity, competency, relevance, materiality, privilege, and admissibility of any information disclosed in accordance with these Responses, General Objections, and Specific Objections, and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of the Requests.  Whole Foods' willingness to provide information in response to the Requests is not a concession that the subject matter of the particular Request is discoverable, relevant to this action, or admissible as evidence.  Whole Foods reserves the right to object to further discovery into any subject matter in the Requests.

11.     Whole Foods objects to each Request to the extent that it improperly seeks documents that do not exist or that are not currently in Whole Foods' possession, custody, or control.

12.     Whole Foods objects to each Request to the extent that the documents and/or information sought, if in existence, are more readily available from entities other than Whole Foods.

13.     Whole Foods objects to each Request to the extent that it calls for the production of documents and information which are protected from discovery by a claim of privilege, including but not limited to the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege(s).

14.     Whole Foods objects to each Request to the extent that it is duplicative and/or cumulative of other Requests herein.

15.     No response should be construed as, and is not intended to be, an admission or adoption of any position contained in any Request.

16.     Whole Foods objects to these Requests given the pendency of Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot much of the information sought herein, also rendering such requests premature.

17.     Whole Foods reserves the right to supplement or otherwise modify Whole Foods responses to the Requests as Whole Foods deems necessary.

18.     These General Objections are incorporated into each of Whole Foods' responses to the Requests as set forth below.

## RESPONSES AND SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1:

Documents, electronically stored information, and tangible things that the Defendant has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE TO REQUEST NO. 1:** Whole Foods objects to this Request as premature. Whole Foods further objects to this Request (i) as overly broad and unduly burdensome given its timing prior to the Plaintiff seeking class certification and (ii) to the extent it calls for the production of documents, electronically stored information, and tangible things that are or may be protected by the attorney-client privilege and/or the attorney work-product doctrine.

### REQUEST NO. 2:

Job descriptions for the titles listed in response to Interrogatory No. 3 in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 2:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited*

Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Request, also rendering it premature.. Whole Foods further objects to this Request as overly broad as it seeks information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and without waiving the general and foregoing objections, Whole Foods will produce responsive documents from the applicable statutory period of January 5, 2012 through April 27, 2012, if any.

**REQUEST NO. 3:**

Documents concerning the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the titles listed in response to Interrogatory No. 3.

**RESPONSE TO REQUEST NO. 3:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Request, also rendering it premature.. Whole Foods further objects to this Request as overly broad as it seeks information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and without waiving the general and foregoing objections, Whole Foods directs Meynard to the documents previously produced by Whole Foods on or about October 10, 2019.

**REQUEST NO. 4:**

Documents concerning the worker's compensation classifications of the titles listed in response to Interrogatory No. 3.

**RESPONSE TO REQUEST NO. 4:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Request, also rendering it premature. Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) that is outside the relevant geographic scope. Subject to and without waiving the general and foregoing objections, Whole Foods directs Plaintiff to the NYS DOL waiver application documents previously produced on or about October 10, 2019, which contains workers' compensation information.

**REQUEST NO. 5:**

Documents concerning the timing and frequency of pay of New York employees in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 5:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Request, also rendering it premature.. Whole Foods further objects to this Request as overly broad as it seeks information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position

held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and

without waiving the general and foregoing objections, Whole Foods directs Meynard to the

payroll documents previously produced by Whole Foods on or about October 10, 2019.

**REQUEST NO. 6:**

For each payment of wages to New York employees between December 1, 2011 until
May 31, 2012, documents concerning the following: the date of payment of wages, the dates of
work covered by that payment of wages; name of employee; title of employee; gross wages;
deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular
hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked,
and the number of overtime hours worked.

**RESPONSE TO REQUEST NO. 6:** Whole Foods objects to this Request as being an

improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods'

previous discovery responses relevant to the actual scope of this matter, and Whole Foods'

*Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff

and would moot the information sought in this Request, also rendering it premature.. Whole

Foods further objects to this Request as overly broad as it seeks information (i) about employees

who are not within the scope of the appropriate putative purported class, as is defined by the

position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii)

outside the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and

without waiving the general and foregoing objections, Whole Foods directs Plaintiff to the

payroll and personnel documents previously produced by Whole Foods on or about October 10,

2019.

**REQUEST NO. 7:**

Payroll summaries by job title for New York employees between December 1, 2011 until
May 31, 2012 showing total weekly gross earnings, dates of payment of wages, and dates of
work covered by the payment of wages.

**RESPONSE TO REQUEST NO. 7:** Whole Foods objects to this Request as being an

improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods'
previous discovery responses relevant to the actual scope of this matter, and Whole Foods'
*Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff
and would moot the information sought in this Request, also rendering it premature.. Whole
Foods further objects to this Request as overly broad as it seeks information (i) about employees
who are not within the scope of the appropriate putative purported class, as is defined by the
position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii)
outside the relevant statutory period of January 5, 2012 through April 27, 2012. Subject to and
without waiving the general and foregoing objections, Whole Foods directs Plaintiff to the
payroll and personnel documents previously produced by Whole Foods on or about October 10,
2019.

**REQUEST NO. 8:**

Documents concerning the Defendant's timing and frequency of pay policies in effect
for New York employees during the relevant time period.

**RESPONSE TO REQUEST NO. 8:**   Whole Foods objects to this Request as being an
improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods'
previous discovery responses relevant to the actual scope of this matter, and Whole Foods'
*Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff
and would moot the information sought in this Request, also rendering it premature.. Whole
Foods further objects to this Request as overly broad as it seeks information about employees
who are not within the scope of the appropriate putative purported class, as is defined by the
position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject
to and without waiving the general and foregoing objections, Whole Foods directs Plaintiff to
the General Information Guide ("GIG"), previously produced by Whole Foods on or about

October 10, 2019, which contains relevant pay policies in effect for New York employees during the relevant statutory period.

**REQUEST NO. 9:**

Documents concerning the number of employees holding each job title identified in response to Interrogatory No. 3 during the relevant time period.

**RESPONSE TO REQUEST NO. 9:**  Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Request, also rendering it premature.. Whole Foods further objects to this Request as overly broad as it seeks information about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and without waiver of the general and foregoing objections, Whole Foods states that, in addition to Meynard, twelve (12) individuals held the position of Produce Buyer/Specialist in New York during the relevant statutory time period of January 5, 2012 through April 27, 2012.

**REQUEST NO. 10:**

All employee handbooks covering New York employees in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 10:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and Whole Foods' *Limited* Motion to Deny Class Certification, which motion has already been served on Plaintiff and would moot the information sought in this Request, also rendering it premature.. Whole

Foods further objects to this Request as overly broad as it seeks information about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff. Subject to and without waiver of the general and foregoing objections, Whole Foods directs Plaintiff to the relevant excerpts of the GIG, previously produced by Whole Foods on or about October 10, 2019.

**REQUEST NO. 11:**

Documents concerning the Named Plaintiff. These documents include, without limitation, Plaintiff's employment/personnel files, applications for employment, payroll forms, termination forms, hire forms, complaints, written reprimands, comments, write-ups, tax forms, shopper's reports, and email messages, as well as all documents containing personnel information for the Plaintiff, without limitation as to time period.

**RESPONSE TO REQUEST NO. 11:** Whole Foods directs Meynard to its Answer and the documents affixed thereto, as well as the personnel file of Meynard, which Whole Foods previously produced on or about October 10, 2019.

**REQUEST NO. 12:**

For each payment of wages to the Named Plaintiff between December 1, 2011 until May 31, 2012, documents concerning the following: the date of payment of wages, the dates of work covered by that payment of wages; name of employee; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

**RESPONSE TO REQUEST NO. 12:** Whole Foods directs Meynard to its Answer and the documents affixed thereto, as well as the payroll records of Meynard, which Whole Foods previously produced on or about October 10, 2019.

**REQUEST NO. 13:**

Employee handbooks covering the Named Plaintiff in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 13:** Whole Foods objects to this Request as redundant and unreasonably duplicative with Request Nos. 8 and 10. Accordingly, Whole Foods directs Plaintiff to its response and objections to Request Nos. 8 and 10, which is incorporated herein.

**REQUEST NO. 14:**

Job descriptions for titles held by the Named Plaintiff during the relevant time period.

**RESPONSE TO REQUEST NO. 14:** Whole Foods directs Meynard to its Answer and the documents affixed thereto, as well as the personnel file of Meynard, which Whole Foods previously produced on or about October 10, 2019, which contains any responsive documents, to the extent such documents exist.

**REQUEST NO. 15:**

Documents concerning the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the titles held by Named Plaintiff during the relevant time period.

**RESPONSE TO REQUEST NO. 15:** Whole Foods objects to this Request as redundant and unreasonably duplicative with Request No. 3. Accordingly, Whole Foods directs Plaintiff to its response and objections to Request No. 3, which is incorporated herein.

**REQUEST NO. 16:**

Documents concerning any application by Defendant for permission to pay manual workers less frequently than weekly under NYLL 191.

**RESPONSE TO REQUEST NO. 16:** Whole Foods objects to this Request as overly broad to the extent it seeks documents outside the relevant temporal scope. Whole Foods further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiver of the general and foregoing objections, Whole Foods directs Plaintiff to the documents previously produced by Whole Foods on or about October 10, 2019, which include Whole Foods' waiver application to the NYS DOL.

**REQUEST NO. 17:**

Communications between Defendant and the New York State Department of Labor concerning any application for permission to pay manual workers less frequently than weekly under NYLL 191.

**RESPONSE TO REQUEST NO. 17:** Whole Foods objects to this Request as overly broad to the extent it seeks documents outside the relevant temporal scope. Whole Foods further objects to this Request as duplicative of Request No. 16. Subject to and without waiver of the general and foregoing objections, Whole Foods directs Plaintiff to the documents previously produced by Whole Foods on or about October 10, 2019, which include Whole Foods' waiver application to the NYS DOL.

<div align="right">

**DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

By: _____

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
*cpardo@HuntonAK.com*

</div>

Dated: September 21, 2020

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on September 21, 2020, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiff as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

_____

Christopher M. Pardo

EXHBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DERELL J. MEYNARD, individually and on
behalf of all others similarly situated,

        Plaintiffs,

        v.

WHOLE FOODS MARKET GROUP, INC.

        Defendant.

Case No. 2:18-cv-00086-SJF-AKT

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S
## RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court of the Eastern District of New York ("Local Rules"), the Defendant

Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") hereby responds to the Second

Set of Interrogatories served by Plaintiff Derell J. Meynard ("Plaintiff" or "Meynard") as follows.

As an initial matter, Whole Foods refers Plaintiff to its responses and objections served on

October 10, 2019 to Plaintiff's Pre-Certification Interrogatories, as many of the Interrogatories

herein are duplicative of the discovery to which Whole Foods has already responded. Moreover,

Plaintiff's "Corrected" Pre-Class Certification Interrogatories and Requests for Production served

on October 22, 2019 simply correct typographical errors and were not substantively different from

the original discovery responded to by Whole Foods, such that Whole Foods further directs

Plaintiff to its October 10, 2019 responses and objections, where are also responsive to the October

22, 2019 discovery.

## GENERAL OBJECTIONS

1.      Whole Foods objects to these Interrogatories as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification or, Alternatively, Strike the Class Allegations ("Whole Foods' *Limited* Motion to Deny Class Certification"), which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.

2.      Whole Foods objects to each Interrogatory to the extent it seeks information outside of the relevant statutory period of January 5, 2012 through April 27, 2012.

3.      Whole Foods objects to each Interrogatory to the extent it purports to impose upon Whole Foods any obligations different from, or in addition to, those obligations imposed by the Eastern District of New York Local Rules of Civil Procedure.

4.      Whole Foods objects to each Interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case.

5.      Discovery in this action is ongoing.  Whole Foods therefore objects to each Interrogatory to the extent it is premature to seek "all" facts or legal bases for claims and defenses and Whole Foods reserves the right to supplement or otherwise modify its response to the Interrogatories as it deems necessary in light of additional information that is discovered or disclosed in the course of these proceedings.

6.      Whole Foods' responses and objections are made without waiving or intending to waive, but on the contrary expressly preserving and intending to preserve, all objections as to authenticity, competency, relevance, materiality, privilege, and admissibility of any information

disclosed in accordance with these Responses, General Objections, and Specific Objections, and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of the Interrogatories. Whole Foods' willingness to provide information in response to the Interrogatories is not a concession that the subject matter of the particular Interrogatory is discoverable, relevant to this action, or admissible as evidence. Whole Foods reserves the right to object to further discovery into any subject matter in the Interrogatories.

7. No response should be construed as, and is not intended to be, an admission or adoption of any position contained in any Interrogatory.

8. Whole Foods objects to each Interrogatory to the extent it improperly seeks information that does not exist, that is not currently in Whole Foods' possession, custody, or control, or which Plaintiff may no longer recall.

9. Whole Foods objects to each Interrogatory to the extent that the information sought, if in existence, is more readily available from entities other than Whole Foods.

10. Whole Foods objects to each Interrogatory to the extent that it calls for the disclosure of information which is protected from discovery by a claim of privilege, including but not limited to the attorney-client privilege, the work product doctrine, and/or any other applicable privilege(s).

11. Whole Foods objects to each Interrogatory to the extent that it is duplicative and/or cumulative of other Interrogatories herein.

12. Whole Foods objects to each Interrogatory to the extent that it seeks information that is confidential, proprietary, and/or constitutes trade secrets of Whole Foods.

13.     Whole Foods objects to each Interrogatory to the extent that it is compound and is actually multiple interrogatories.

14.     Whole Foods reserves the right to supplement or otherwise modify Whole Foods' responses to the Interrogatories as it deems necessary.

15.     These General Objections are incorporated into each of Whole Foods' responses to the Interrogatories as set forth below.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1:

Please identify each person who held the title of "Buyer" during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 1:**  Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods objects to this Interrogatory as vague and ambiguous.  Whole Foods further objects to this Interrogatory as overly broad as it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) outside the relevant geographic scope.

### INTERROGATORY NO. 2:

Please identify every person who held the title of "team member" or whose title contained the words "team member' at the Whole Foods located at 429 North Broadway, Jericho, New York during the relevant time period and who is longer employed by Whole Foods.

**RESPONSE TO INTERROGATORY NO. 2:** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Interrogatory as vague and ambiguous. Whole Foods objects to this Interrogatory as vague, ambiguous, and not proportional to the needs of the case. Whole Foods further objects to this Interrogatory as overly broad as Whole Foods generally refers to employees as "team members," such that this Interrogatory is effectively seeking a list of every employee who worked at the Jericho, New York store without regard for the position that they held in the company. Whole Foods also objects to this Interrogatory to the extent it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff.

**INTERROGATORY NO. 3:**

Please identify every person who held the title of "team member" or whose title contained the words "team member" at the Whole Foods located at 2101 Northern Blvd., Manhasset, New York during the relevant time period and who is no longer employed by Whole Foods.

**RESPONSE TO INTERROGATORY NO. 3** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Interrogatory

as vague and ambiguous.  Whole Foods objects to this Interrogatory as vague, ambiguous, and not proportional to the needs of the case.  Whole Foods further objects to this Interrogatory as overly broad as Whole Foods generally refers to employees as "team members," such that this Interrogatory is effectively seeking a list of every employee who worked at the Manhasset, New York store without regard for the position that they held in the company.   Whole Foods also object to this Interrogatory to the extent it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) about employees who worked at Whole Foods locations other than the location that Meynard worked during the relevant statutory period.

## INTERROGATORY NO. 4:

For each of the following stores[1], please identify each person who held the title of "team member", or whose title contained the words "team member", and who is no longer employed by Whole Foods:

    a)    Chelsea, New York

    b)    Columbus Circle, New York

    c)    Bowery, New York

    d)    Lake Grove, New York

    e)    Tribeca, New York

    f)    Union Square, New York

    g)    97th Street, New York

    h)    White Plains, New York

    i)    Yonkers, New York

---

[1] See the annexed "Whole Foods Market MULTIPLE WORKSITE REPORT, Quarter 3, 2011" for detailed location information (Exhibit 1).

**RESPONSE TO INTERROGATORY NO. 4:**  Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods objects to this Interrogatory as vague and ambiguous.  Whole Foods objects to this Interrogatory as vague, ambiguous, and not proportional to the needs of the case.  Whole Foods further objects to this Interrogatory as overly broad as Whole Foods generally refers to employees as "team members," such that this Interrogatory is effectively seeking a list of every employee who worked in New York without regard for the position that they held in the company.  Whole Foods also object to this Interrogatory to the extent it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) about employees who worked at Whole Foods locations other than the location that Meynard worked during the relevant statutory period.

**INTERROGATORY NO. 5:**

For each of the following stores, please identify the store manager(s) and assistant store manager(s) who were employed during the relevant time period.

        a)      Chelsea, New York

        b)      Columbus Circle, New York

        c)      Bowery, New York

        d)      Jericho, New York

        e)      Lake Grove, New York

        f)      Manhasset, New York

g)      Tribeca, New York

h)      Union Square, New York

i)      97th Street, New York

j)      White Plains, New York

k)      Yonkers, New York

**RESPONSE TO INTERROGATORY NO. 5:** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods objects to this Interrogatory as vague and ambiguous.  Whole Foods objects to this Interrogatory overly broad and seeking irrelevant information as it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) to about employees who worked at Whole Foods locations other than the location that Meynard worked during the relevant statutory period.

**INTERROGATORY NO. 6:**

Please identify every employee referred to as a "manual worker" by Whole Foods in the annexed letter dated April 11, 2012 (Exhibit 2).

**RESPONSE TO INTERROGATORY NO. 6:**   Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed

to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Interrogatory as vague and ambiguous. Whole Foods objects to this Interrogatory overly broad and seeking irrelevant information as it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) to about employees who worked at Whole Foods locations other than the location that Meynard worked during the relevant statutory period.

**INTERROGATORY NO. 7:**

Please identify every job classification or title referred to as a "manual worker" job classification or title by Whole Foods in the annexed letter dated April 11, 2012 (Exhibit 2).

**RESPONSE TO INTERROGATORY NO. 7:**  Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Interrogatory as vague and ambiguous. Whole Foods objects to this Interrogatory overly broad and seeking irrelevant information as it seeks information (i) about employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) to about employees who worked at Whole Foods locations other than the location that Meynard worked during the relevant statutory period.

**INTERROGATORY NO. 8:**

Please furnish an organizational chart showing the identities of all individuals above the level of store manager during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 8:** Whole Foods objects to this Interrogatory as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Interrogatory as vague and ambiguous. Whole Foods objects to this Interrogatory overly broad and seeking irrelevant information as it seeks general, Company-wide information about corporate employees that are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff and (ii) to about employees who worked at Whole Foods locations and/or corporate locations other than the store that Meynard worked during the relevant statutory period.

\*\*\*

**DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

By: _____

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
*cpardo@HuntonAK.com*

Dated: August 21, 2020

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on August 21, 2020, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiff as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

_____
Christopher M. Pardo

EXHBIT 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERELL J. MEYNARD, individually and on behalf of all others similarly situated, | Case No. 2:18-cv-00086-SJF-AKT |
| Plaintiffs, | |
| v. | |
| WHOLE FOODS MARKET GROUP, INC. | |
| Defendant. | |

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the Eastern District of New York ("Local Rules"), the Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") hereby responds to the Second Set of Requests for Production of Documents served by Plaintiff Derell J. Meynard ("Plaintiff" or "Meynard") as follows.

As an initial matter, Whole Foods refers Plaintiff to its responses and objections served on October 10, 2019 to Plaintiff's Pre-Certification Requests for Production of Documents, as many of the Requests herein are duplicative of the discovery to which Whole Foods has already responded. Moreover, Plaintiff's "Corrected" Pre-Class Certification Interrogatories and Requests for Production served on October 22, 2019 simply correct typographical errors and were not substantively different from the original discovery responded to by Whole Foods, such that Whole Foods further directs Plaintiff to its October 10, 2019 responses and objections, where are also responsive to the October 22, 2019 discovery.

## GENERAL OBJECTIONS

1.    Whole Foods objects to these Requests as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification or, Alternatively, Strike the Class Allegations ("Whole Foods' *Limited* Motion to Deny Class Certification"), which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.

2.    Whole Foods objects to each Request to the extent it seeks documents and information outside of the relevant statutory period of January 5, 2012 through April 27, 2012.

3.    Whole Foods objects to each Request to the extent it purports to impose upon Whole Foods any obligations different from, or in addition to, those obligations imposed by the Eastern District of New York Local Rules of Civil Procedure.

4.    Whole Foods objects to each Request to the extent it seeks documents or information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case.

5.    Whole Foods objects to each Request to the extent that it seeks documents and/or information that is confidential, proprietary, and/or constitutes trade secrets of Whole Foods.

6.    Whole Foods' responses and objections are made without waiving or intending to waive, but on the contrary expressly preserving and intending to preserve, all objections as to authenticity, competency, relevance, materiality, privilege, and admissibility of any information disclosed in accordance with these Responses, General Objections, and Specific Objections, and the right to object on any ground at any time to other interrogatories, requests for production,

requests for admission, or other discovery procedures involving or relating to the subject matter of the Requests.  Whole Foods' willingness to provide information in response to the Requests is not a concession that the subject matter of the particular Request is discoverable, relevant to this action, or admissible as evidence.  Whole Foods reserves the right to object to further discovery into any subject matter in the Requests.

7. Whole Foods objects to each Request to the extent that it improperly seeks documents that do not exist or that are not currently in Whole Foods' possession, custody, or control.

8. Whole Foods objects to each Request to the extent that the documents and/or information sought, if in existence, are more readily available from entities other than Whole Foods.

9. Whole Foods objects to each Request to the extent that it calls for the production of documents and information which are protected from discovery by a claim of privilege, including but not limited to the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege(s).

10. Whole Foods objects to each Request to the extent that it is duplicative and/or cumulative of other Requests herein.

11. No response should be construed as, and is not intended to be, an admission or adoption of any position contained in any Request.

12. Whole Foods reserves the right to supplement or otherwise modify Whole Foods responses to the Requests as Whole Foods deems necessary.

13. These General Objections are incorporated into each of Whole Foods' responses to the Requests as set forth below.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

Job descriptions for all titles that contained the words "team member" in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 1:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 2:**

To the extent not furnished in response to the foregoing document request, please furnish job descriptions for all of the following titles in effect during the relevant time period:

        (a) Bakery Team Member

        (b) Cheese Team Member

        (c) Cleaning and/or Sanitation Team Member

        (d) Deli Team Member

        (e) Grocery Team Member

        (f) Meat Team Member

        (g) Meat & Seafood Team Member

        (h) Produce Team Member

(i)  Prepared Foods Team Member

(j)  Seafood Team Member

(k)  Specialty Team Member

(1)  Cashier/Customer Service Team Member

(m)  Buyer

**RESPONSE TO REQUEST NO. 2:**  Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 3:**

Performance evaluation forms for all job titles that contained the words "team member" in effect during the relevant time period.

**RESPONSE TO REQUEST NO. 3:**  Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate

putative purported class, as is defined by the position held by Meynard, to the extent the Court

finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 4:**

To the extent not furnished in response to the foregoing request, performance evaluation forms for all of the following job titles in effect during the relevant time period:

(a) Bakery Team Member

(b) Cheese Team Member

(c) Cleaning and/or Sanitation Team Member

(d) Deli Team Member

(e) Grocery Team Member

(f) Meat Team Member

(g) Meat & Seafood Team Member

(h) Produce Team Member

(i) Prepared Foods Team Member

(j) Seafood Team Member

(k) Specialty Team Member

(1) Cashier/Customer Service Team Member

(m) Buyer

**RESPONSE TO REQUEST NO. 4:** Whole Foods objects to this Request as being an improper

fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous

discovery responses relevant to the actual scope of this matter, and the pending briefing schedule

on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before

the Court and at which time Plaintiff made no mention of serving yet more discovery, and which

motion has already been served on Plaintiff. Whole Foods further objects to this Request as overly

broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 5:**

The last performance evaluation of each buyer prior to April 28, 2012.

**RESPONSE TO REQUEST NO. 5:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside the relevant geographic scope.

**REQUEST NO. 6:**

The last performance evaluation of each individual who held a title that contained the words "team member" prior to April 28, 2012.

**RESPONSE TO REQUEST NO. 6:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods further objects to this Request as overly

broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside the relevant geographic scope.

**REQUEST NO. 7:**

Documents concerning the workers' compensation classifications of all job titles that contained the words "team member" during the relevant time period.

**RESPONSE TO REQUEST NO. 7:**  Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods further objects to this Request as unreasonably duplicative of and seeking the same information sought in Request No. 4 of Plaintiff's Pre-Class Certification Requests for Production of Documents to which Whole Foods already responded on October 10, 2019.  Whole Foods further objects to this Request it is overly broad and unduly burdensome.  Whole Foods also objects to this Request overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 8:**

Documents concerning the workers' compensation classifications of all Buyers during the relevant time period.

**RESPONSE TO REQUEST NO. 8:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous

discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods further objects to this Request as unreasonably duplicative of and seeking the same information sought in Request No. 4 of Plaintiff's Pre-Class Certification Requests for Production of Documents to which Whole Foods already responded on October 10, 2019. Whole Foods also objects to this Request it is overly broad and unduly burdensome. Whole Foods also objects to this Request overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 9:**

All applications (and renewal applications) for New York State worker's compensation insurance in effect during the relevant time period, as well as all documents concerning such applications.

**RESPONSE TO REQUEST NO. 9:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Whole Foods also objects to this Request to the extent it seeks information protected by the attorney-client privilege. Whole Foods also objects to this Request to the extent it seeks information about employees who are not

within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff.

**REQUEST NO. 10:**

Documents concerning safety training provided to employees holding job titles which contained the words "team member" during or within six months preceding the relevant time period.

**RESPONSE TO REQUEST NO. 10:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside the relevant geographic scope.

**REQUEST NO. 11:**

Documents concerning safety training provided to employees holding job titles which contained the words "team member" at or about the time of hiring who were employed during relevant time period.

**RESPONSE TO REQUEST NO. 11:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which

motion has already been served on Plaintiff. Whole Foods objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside the relevant geographic scope. Whole Foods further objects to this Request and unreasonably duplicative of Request No. 10.

**REQUEST NO. 12:**

Documents concerning PPE, gloves, safety shoes or other safety gear to be worn or used by store employees during the relevant time period.

**RESPONSE TO REQUEST NO. 12:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Request as vague and ambiguous. Whole Foods further objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant geographic scope.

**REQUEST NO. 13:**

All communications with store employees concerning the safety of employees during the relevant time period or within six months prior to the beginning of the relevant time period.

**RESPONSE TO REQUEST NO. 13:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous

discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside the relevant geographic scope. Whole Foods also objects to this Request and vague and ambiguous regarding "safety of employees."

**REQUEST NO. 14:**

For each of the following New York locations, please furnish all documents concerning the last workers' compensation audit which was conducted prior to April 28, 2012, and the first workers' compensation audit which was conducted on or after April 28, 2012.

    a)       Chelsea, New York

    b)       Columbus Circle, New York

    c)       Bowery, New York

    d)       Jericho, New York

    e)       Lake Grove, New York

    f)       Manhasset, New York

    g)       Tribeca, New York

    h)       Union Square, New York

    i)       97th Street, New York

    j)       White Plains, New York

    k)       Yonkers, New York.

**RESPONSE TO REQUEST NO. 14:**  Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods objects to this Request as it is overly broad and unduly burdensome.  Whole Foods also objects to this Request as it seeks information outside the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods further objects to this Request as overly broad as it seeks overall Company information about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff.

**REQUEST NO. 15:**

An organizational chart for Whole Foods during the relevant time period.

**RESPONSE TO REQUEST NO. 15:**  Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff.  Whole Foods objects to this Request as irrelevant and because it seeks information not proportional to the needs of the case.  Whole Foods further objects to this Request as overly broad as it seeks general Company-wide information that is outside the relevant geographic scope.

**REQUEST NO. 16:**

All documents concerning the "manual workers" employed by Whole Foods and referred to in correspondence between Whole Foods and the New York State Department of Labor for Whole Foods' application for permission pay manual workers less frequently than weekly.

**RESPONSE TO REQUEST NO. 16:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Whole Foods also objects to this Request as overly broad as it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects to this Request as unreasonably duplicative of and seeking the same information sought in Request Nos. 16 and 17 of Plaintiff's Pre-Class Certification Requests for Production of Documents to which Whole Foods already responded on October 10, 2019.

**REQUEST NO. 17:**

All documents identifying the job classifications of "manual workers" referred to by Whole Foods in correspondence between Whole Foods and the New York State Department of Labor concerning Whole Foods' application for permission pay manual workers less frequently than weekly.

**RESPONSE TO REQUEST NO. 17:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule

on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before

the Court and at which time Plaintiff made no mention of serving yet more discovery, and which

motion has already been served on Plaintiff. Whole Foods objects to this Request to the extent it

seeks documents protected by the attorney-client privilege and/or work product doctrine. Whole

Foods also objects to this Request as overly broad as it seeks information (i) about employees who

are not within the scope of the appropriate putative purported class, as is defined by the position

held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside

the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects

to this Request as unreasonably duplicative of and seeking the same information sought in Request

Nos. 16 and 17 of Plaintiff's Pre-Class Certification Requests for Production of Documents to

which Whole Foods already responded on October 10, 2019.

**REQUEST NO. 18:**

All documents identifying the "manual workers" referred to by Whole Foods in correspondence between Whole Foods and the New York State Department of Labor concerning Whole Foods' application for permission pay manual workers less frequently than weekly.

**RESPONSE TO REQUEST NO. 18:** Whole Foods objects to this Request as being an improper

fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous

discovery responses relevant to the actual scope of this matter, and the pending briefing schedule

on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before

the Court and at which time Plaintiff made no mention of serving yet more discovery, and which

motion has already been served on Plaintiff. Whole Foods objects to this Request to the extent it

seeks documents protected by the attorney-client privilege and/or work product doctrine. Whole

Foods also objects to this Request as overly broad as it seeks information (i) about employees who

are not within the scope of the appropriate putative purported class, as is defined by the position

held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, and (ii) outside

the relevant statutory period of January 5, 2012 through April 27, 2012. Whole Foods also objects

to this Request as unreasonably duplicative of and seeking the same information sought in Request

Nos. 16 and 17 of Plaintiff's Pre-Class Certification Requests for Production of Documents to

which Whole Foods already responded on October 10, 2019. Whole Foods also objects to this

Request as Whole Foods has already produced its waiver application to the NYSDOL.

**REQUEST NO. 19:**

An authorization to Proskauer Rose, LLP, Eleven Times Square, New York, NY 10036 to obtain the entire legal file concerning Whole Foods' application for permission to pay manual workers les frequently than weekly.

**RESPONSE TO REQUEST NO. 19:** Whole Foods objects to this Request as being an improper

fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous

discovery responses relevant to the actual scope of this matter, and the pending briefing schedule

on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before

the Court and at which time Plaintiff made no mention of serving yet more discovery, and which

motion has already been served on Plaintiff. Whole Foods objects to this Request to the extent it

seeks documents protected by the attorney-client privilege and/or work product doctrine. Whole

Foods further objects to this Request as unreasonably duplicative of Request Nos.16 and 17 of

Plaintiff's Pre-Class Certification Requests for Production of Documents to which Whole Foods

already responded on October 10, 2019. Whole Foods also objects to this Request as Whole Foods

has already produced its waiver application to the NYSDOL.

**REQUEST NO. 20:**

All emails and electronically stored information containing the following search terms:

(a)     "manual worker"

(b)     "manual workers"

(c)     "new york labor law 191"

(d)     "nyll 191"

(e)     "labor law 191"

(f)     "section 191"

(g)     "§ 191"

(h)     "manual employee".

**RESPONSE TO REQUEST NO. 20:** Whole Foods objects to this Request as being an improper fishing expedition given the previous dismissal of Plaintiff Scott, Whole Foods' previous discovery responses relevant to the actual scope of this matter, and the pending briefing schedule on Whole Foods' *Limited* Motion to Deny Class Certification, which the parties agreed to before the Court and at which time Plaintiff made no mention of serving yet more discovery, and which motion has already been served on Plaintiff. Whole Foods objects to this Request as overly broad, unduly burdensome, unreasonable, vague and ambiguous as it requests that Whole Foods undertakes, what appears to be, a Company-wide search of all email accounts and systems without regard to custodian, subject matter, relevant temporal or geographic scope and without an electronic discovery protocol in place in this matter. Whole Foods further objects to this request to the extent it seeks information (i) about employees who are not within the scope of the appropriate putative purported class, as is defined by the position held by Meynard, to the extent the Court finds Meynard to be a proper plaintiff, (ii) outside the relevant statutory period of January 5, 2012 through April 27, 2012, and (iii) outside the relevant geographic scope. Whole Foods also objects to this Request to the extent it seeks documents protected by the attorney-client privilege

and/or work product doctrine, and to the extent that this Request seeks disclosure of any confidential, commercial or proprietary information.

<center>***</center>

**DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

By: _____

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
Dated: August 21, 2020          *cpardo@HuntonAK.com*

<center><u>**CERTIFICATE OF SERVICE**</u></center>

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on August 21, 2020, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiff as follows:

Steven John Moser, Esq.
Moser Employment Law
3 School Street, Suite 207B
Glen Cove, NY 11542
*smoser@moseremploymentlaw.com*

_____

Christopher M. Pardo