UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERELL J. MEYNARD, individually and on behalf of all others similarly situated, <br><br>　　Plaintiffs, <br><br>　　v. <br><br>WHOLE FOODS MARKET GROUP, INC. <br><br>　　Defendant. | Case No. 2:18-cv-00086-SJF-AKT |

**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT and INCORPORATED MEMORANDUM OF LAW**

DEFENDANT WHOLE FOODS MARKET GROUP, INC.

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
cpardo@HuntonAK.com

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | PROCEDURAL AND FACTUAL BACKGROUND | 3 |
| III. | LEGAL STANDARD | 5 |
| IV. | ARGUMENT | 6 |
| | A. Whole Foods Will Be Unduly Prejudiced if Meynard is Allowed to Amend His Complaint. | 7 |
| | B. Meynard Has Not Offered Any Reasonable Explanation or Justification for the Undue Delay in Seeking the Proposed Amendment – Particularly Given His Counsel's Representations to the Court in July 2020 That There Were "No Other Plaintiffs." | 10 |
| | C. The Motion to Amend Should Be Denied Because Meynard's Amendment Would Be Futile as Plaintiff Cannot Show that Common Questions Predominate, Especially a Decade After the Alleged Harm Took Place. | 11 |
| | D. The Proposed Amendment is Futile Because, Even if Allowed, The Purported New Named Plaintiffs' Claims Should be Time-Barred. | 13 |
| V. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Advocat v. Nexus Industries, Inc.,
 497 F.Supp. 328 (D. Del. 1980) ...................................................................................5

In re Am. Int'l Group, Inc. Sec. Litig.,
 No. 04-8141, 2008 WL 2795141 (S.D.N.Y. July 18, 2008) .......................................5

Bensinger v. Denbury Res. Inc.,
 10-CV-1917, 2013 WL 3353975 (E.D.N.Y. July 3, 2013) .......................................14

Block v. First Blood Assocs.,
 988 F.2d 344 (2d. Cir. 1993) ................................................................................. 5, 7

Cherry Line, S.A. v. Muma Serv.,
 No. 03–199, 2006 WL 1237034 (D. Del. May 8, 2006) ............................................9

Cresswell v. Sullivan & Cromwell,
 922 F.2d 60 (2d Cir. 1990) .................................................................................... 5, 6

Davis v. Lenox Hill Hosp.,
 No. 03-3746, 2004 WL 1926086 (S.D.N.Y. Aug. 31, 2004) ............................... 5, 10

Evans v. Syracuse City Sch. Dist.,
 704 F.2d 44 (2d Cir. 1983) ....................................................................... 5, 6, 10, 11

Feldman v. Lifton,
 64 F.R.D. 539 (S.D.N.Y.1974) ................................................................................11

Foman v. Davis,
 371 U.S. 178 (1962) ...................................................................................................5

In re Gilat Satellite Networks, Ltd.,
 02-CV-1510(CPS), 2005 WL 2277476 (E.D.N.Y. Sept. 19, 2005) .........................14

Gonzales v. Gan Israel Pre-Sch.,
 12-CV-06304 MKB, 2014 WL 1011070 (E.D.N.Y. Mar. 14, 2014) .......................13

Hawthorne v. Ruecker,
 117-CV-0716(GTS/TWD), 2020 WL 2062123 (N.D.N.Y. Apr. 29, 2020) ...............8

Health-Chem Corp. v. Baker,
 915 F.2d 805 (2d Cir. 1990) ......................................................................................6

Kele v. Pelkey,
 9:03-CV-0170(LEK/GHL), 2007 WL 189021 (N.D.N.Y. Jan. 22, 2007) ................................ 9

Luedke v. Delta Air Lines, Inc.,
 No. 92-1778, 1993 WL 313577 (S.D.N.Y. Aug. 10, 1993) ................................................ 6, 12

Lyell Theatre Corp. v. Loews Corp.,
 682 F.2d 37 (2d Cir. 1982) ..................................................................................................... 8

Marine Midland Bank v. Keplinger & Assocs., Inc.,
 94 F.R.D. 101 (S.D.N.Y. 1982) .............................................................................................. 7

McCurdy v. Am. Bd. of Plastic Surgery,
 157 F.3d 191 (3d Cir. 1998) ................................................................................................... 9

Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.,
 392 F.2d 380 (2d Cir. 1968) ................................................................................................... 7

Myers v. Hertz Corp.
 624 F.3d 537 (2d Cir. 2010) ................................................................................................. 12

Okagbue-Ojekwe v. Fed. Bureau of Prisons,
 03-CV-2035-NLH-JS, 2010 WL 3947528 (D.N.J. Oct. 7, 2010) ........................................... 9

Perkins v. S. New England Tel. Co.,
 3:07-cv-967 (JCH), 2009 WL 3754097(JCH), (D.Conn. Nov.4, 2009) ............................... 14

Pierre v. JC Penney Co., Inc.,
 No. 03-4782, 2006 WL 407553 (E.D.N.Y. Feb. 21, 2006) .................................................. 11

Presser v. Key Food Stores Co-op., Inc.,
 218 F.R.D. 53 (E.D.N.Y.2003) ............................................................................................. 12

Quaratino v. Tiffany & Co.,
 71 F.3d 58 (2d. Cir. 1995) ...................................................................................................... 5

In re South African Apartheid Litig.,
 617 F.Supp.2d 228 (S.D.N.Y. 2009) .................................................................................... 14

Wagner v. Ashcroft,
 214 F.R.D. 78 (N.D.N.Y. 2003) ............................................................................................. 9

Zenith Radio Corp. v. Hazeltine Research, Inc.,
 401 U.S. 321 (1971) ................................................................................................................ 7

**Statutes**

New York Labor Law § 191(1)(a) ................................................................................... 3, 4, 13

**Other Authorities**

Fed. R. Civ. P. 15(a) ..................................................................................................5

Fed. R. Civ. P. 15(c) ..........................................................................................3, 13, 14

Fed. R. Civ. P. 23(b) ...............................................................................................2, 13

N.Y. Dep't of Labor, Letter from Maria L. Colavito
    RO–08–0061 (December 4, 2008).......................................................................12

N.Y. Dep't of Labor, Letter from Maria L. Colavito
    RO–09–0066 (May 21, 2009)..............................................................................12

Defendant Whole Foods Market Group, Inc. ("Whole Foods") submits this Opposition to the Plaintiff Derrell J. Meynard's ("Meynard" or "Plaintiff") Motion for Leave to Amend the Complaint and add new class representatives pursuant to Federal Rules of Civil Procedure 15 and 21 (the "Motion to Amend").

## I. PRELIMINARY STATEMENT

Plaintiff instituted this action in January 2018 based on material misrepresentations which, now exposed, show that a class could never have been certified in this lawsuit. See, e.g., DE-29, 42, (detailing affirmative false statements relating to Plaintiff Dwayne J. Scott ("Plaintiff Scott") and material misrepresentations by omission by Meynard and including evidence of the same).

Now, after *a year and a half* of establishing that Scott misled the Court about his standing as a plaintiff at all, *three years* after this litigation began, and *nine years* after the alleged harm took place – but only *after* Whole Foods served its affirmative Motion to Deny Class Certification attacking the most basic aspects of Plaintiff's class claims – Meynard seeks to amend his complaint to include six previously undisclosed plaintiffs who allegedly held a handful of different positions at different Whole Foods locations.

Whole Foods only filed the Motion to Deny Class Certification after Plaintiff's counsel represented to the Court that he had "***no other plaintiffs***" in response to the Court's questioning during the July 15, 2020 status conference, foreclosing both Whole Foods' and the Court's concerns about a potential amendment. Plaintiff here admits that the Motion to Amend is being filed to add new plaintiffs to try and save Plaintiff's case, recognizing that Whole Foods' positions are legally dispositive of the class claims. There is no doubt that Meynard cannot represent a class when he held the same position as only 12 other individuals during the class period.

Nearly half a year after the July Status Conference, and after seeking various delays in responding to Whole Foods' Motion to Deny Class Certification, Plaintiff filed the Motion to Amend in direct contradiction to his representations to the Court. The proposed amendment is still futile nonetheless and would not change Plaintiff's position as to class certification, since the addition of six new plaintiffs in a smattering of jobs cannot cure Plaintiff's inability to establish predominance under Rule 23(b)(3).

In an ironic twist, Plaintiff claims that Whole Foods "misled the DOL into believing that it was in compliance with NYLL § 191." Motion to Amend, p. 1. Plaintiff not only makes that claim without factual basis, but it is neither an element of a claim in this case nor relevant to amendment. Instead, Plaintiff's Motion to Amend is an attempt to effectively restart a case originally premised on Plaintiff's own misrepresentations, and would now require Whole Foods to conduct a person-by-person and position-by-position analysis to try to determine exactly what former employees were doing nine years ago over a 15 week period. Allowing such an amendment now would be incredibly prejudicial and unfair.

This matter has already been significantly delayed because counsel for Plaintiff spent nearly a year trying to withdraw from the representation of Scott, while Scott did his best to dodge service and refused to respond to the Court's various Show Cause Orders. See DE-30 (Plaintiff's counsel's motion to withdraw from Scott's representation filed on August 30, 2020); DE-48-1 (process server recounting that on October 11, 2019, Scott "refused to meet . . . and said he did not want to have anything to do with the case"); DE-57 (affidavit recounting Scott attempting to hide from the process server and refusing to accept service on November 12, 2019); DE-65 (May 12, 2020 report and recommendation that Scott's claims be dismissed with prejudice); DE-74 (July 15, 2020 Order adopting report and recommendation). During the same July 15, 2020 status

2

conference where the Court advised that it would dismiss Scott's claims, the Court confirmed with Plaintiff's counsel that he had "no other plaintiffs" and issued the briefing schedule for Whole Foods' pending Motion to Deny Class Certification, as it is Whole Foods' position that no class could have been viable. See DE-73.

The parties spent an inordinate amount of time and money in show cause hearings and conferences regarding counsel's attempt to withdraw from the representation of his own client because counsel created a situation that was not tenable before a Federal Court. Now, Plaintiff has taken advantage of the delay to uncover new purported plaintiffs – after recognizing that the only named Plaintiff cannot represent a class of all alleged "manual workers" in the State of New York.

Finally, the Motion to Amend does not include any argument addressing why the claims of these six new purported named plaintiffs should relate back to the filing of the original action under Rule 15(c), seemingly presuming the Court will automatically allow relation back after all this time. In order for any new plaintiffs' claims to be timely, the Court would have to allow relation back to the filing of the complaint based on Scott's allegations, whose claims were dismissed with prejudice after it became clear that he did not work for Whole Foods during the class period, and the only other named plaintiff, Meynard, has no standing to represent the alleged class as a matter of law. To allow relation back given these circumstances would be patently unfair to Whole Foods as it would have to evaluate the conduct of each "new" plaintiff during a 15 week period nine years ago. This is precisely what the statute of limitations is designed to prevent.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On December 22, 2011, Whole Foods submitted its application package to the New York State Department of Labor ("NYSDOL") for a waiver to the requirement under New York Labor Law ("NYLL") § 191(1)(a) that manual workers be paid on a weekly basis. On April 27, 2012, the

3

NYSDOL granted Whole Foods' waiver request. Over 6 years after Whole Foods submitted its application package to the NYSDOL, Plaintiff and Scott brought the instant action alleging violation of NYLL § 191's pay frequency requirement during the approximately 15 week period during which Whole Foods' application for waiver was pending before the NYSDOL, taking advantage of administrative backlog to seek damages on behalf of a class of "all manual workers" at all Whole Foods locations in the State of New York.

Plaintiff's rush to bring a class case before the expiration of the six-year statute of limitations for such actions under the NYLL is demonstrated in the fact that (i) Scott did not even work at Whole Foods during the statutory period and could never have been a plaintiff with standing to bring this case on behalf of himself or anyone under any circumstance and (ii) Meynard held a specialized role held by only 12 other employees out of more than 3,000 Whole Foods workers in New York during the relevant time period. See generally, Motion to Deny Class Certification and exhibits thereto. Since that time, Whole Foods has worked to show the Court that Scott's claims were premised upon misrepresentations and could never have formed the basis of the complaint, resulting in Scott's dismissal with prejudice *after* Plaintiff's counsel sought to withdraw from his representation once the misrepresentations, submitted to the Court by counsel, were exposed.

Now, three years after bringing this action, after counsel affirmatively represented to the Court that he had no other plaintiffs to bring into this matter, and only after Whole Foods moved to deny class certification due to Meynard's failing to meet the applicable numerosity and predominance requirements – which motion is presently before this Court – Plaintiff seeks to amend the complaint. The Motion to Amend should be denied.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a party is permitted to amend its complaint only "when justice so requires." The many reasons for properly denying leave to amend include undue delay, prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, or futility of the amendment. See In re Am. Int'l Group, Inc. Sec. Litig., No. 04-8141, 2008 WL 2795141, *3 (S.D.N.Y. July 18, 2008) (citing Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d. Cir. 1995)); Davis v. Lenox Hill Hosp., No. 03-3746, 2004 WL 1926086, *3 (S.D.N.Y. Aug. 31, 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Leave to amend is not proper where, as here, the proposed amendment would require the opposing party to expend significant additional resources, significantly delay the resolution of the dispute, or otherwise result in prejudice. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993); see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir 1990) (denying leave to amend because the amendment would result in prejudice to opposing party).

Prejudice has been found where the proposed amendment was filed long after the lawsuit was commenced and after dispositive motions, the subject of which the amendment was intended to address, were briefed. See id. (denying leave to amend where motion was filed "more than 17 months after bringing suit, more than six months after filing their second amended complaint, and more than one month after responding to the motion for summary judgment"). This is particularly the case where the moving party fails to provide a valid reason for the delay in seeking the amendment. In addressing this issue, the Second Circuit explained in Evans v. Syracuse City Sch. Dist.:

> The burden of the parties, in requesting or resisting the amendment of pleadings, was noted in Advocat v. Nexus Industries, Inc., 497 F.Supp. 328, 331 (D. Del. 1980), in which the Court observed that:

5

> As a practical matter, however, any delay . . . for a significant period of time will almost invariably result in some "prejudice" to the nonmoving party . . . . [T]he proper standard is one that balances the length of the delay against the resulting prejudice . . . . [T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.

Evans, 704 F.2d 44, 46-47 (2d Cir. 1983) (ellipsis and brackets in original) (emphasis added); see also Cresswell, 922 F.2d at 72 ("The court plainly has discretion [] to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.").

Finally, even in the absence of prejudice or undue delay, leave to amend should nonetheless be denied where the proposed amendment would be futile. See Health-Chem Corp. v. Baker, 915 F.2d 805, 809-810 (2d Cir. 1990). This Court has routinely denied motions to amend where a plaintiff could not recover on the claim even with the amendment, thus rendering the amendment to its complaint futile. See, e.g., Luedke v. Delta Air Lines, Inc., No. 92-1778, 1993 WL 313577, *8 (S.D.N.Y. Aug. 10, 1993) ("[B]ecause common questions do not predominate over individualized inquiries, Plaintiffs' motion for leave to amend the class action complaint is denied as futile.").

Applying these standards to the instant matter, the Court should deny Plaintiffs' Motion to Amend.

## IV. ARGUMENT

This Court should deny Meynard's request to amend because, at a fundamental level, neither Scott nor Meynard have ever been able to represent a class. Scott's claims were dismissed with prejudice and now Meynard's are subject to a straightforward motion to affirmatively deny class certification presently pending before the Court. Because this is obvious, Meynard is nevertheless trying to salvage class claims he cannot bring through a belated Motion to Amend

filed years after he brought the initial action, after dispositive motion practice, after discovery, and asks the Court for the incredible relief of restarting this case in its entirety by permitting the addition of six new named plaintiffs that held positions entirely different from Meynard, in different locations from him, and to do so nine years after the alleged harm. There could be nothing more prejudicial to Whole Foods and there is no reasonable basis for such relief here.

### A. Whole Foods Will Be Unduly Prejudiced if Meynard is Allowed to Amend His Complaint.

"Perhaps, the most important factor to be taken into consideration by the court [in assessing a motion to amend] is whether the opposing party will be unduly prejudiced if the proposed amendment is permitted." See Marine Midland Bank v. Keplinger & Assocs., Inc.,94 F.R.D. 101, 103 (S.D.N.Y. 1982) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971) and Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968)). In determining whether prejudice exists, courts should consider whether the amendment would, *inter alia*, "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." Block, 988 F.2d at 350.

Without question, the amendment would severely prejudice Whole Foods by significantly delaying a resolution of the dispute. This case was filed by Meynard and Scott in January 2018, nearly three years ago, seeking to redress alleged harms that occurred almost a decade ago. Thereafter, following extensive motion practice, briefing and Court Orders, Scott's claims were dismissed with prejudice. The parties have engaged in extensive discovery motion practice as well as exchanged written discovery and produced documents. Most importantly, presently before the Court is Whole Foods' Motion to Deny Class Certification, which, if granted, will be dispositive as to the scope of this case. Allowing the Motion to Amend would provide Plaintiff the inequitable

7

opportunity to have a fresh bite at the apple and re-litigate his claims through new plaintiffs that he spent time fishing for, while maneuvering to create several delays in the Court reaching the merits of this case.

Similarly prejudicial is that Plaintiff seeks to amend after representing to the Court that there were "no new plaintiffs" to discuss. Now, each of the purported "new" plaintiffs that Plaintiff claimed did not exist allegedly held distinct positions from Meynard, which would necessitate engaging in entirely new person-by-person and, at best, position-specific inquiries and discovery pertaining to the daily job duties of these new plaintiffs.

Engaging in such a process is even more prejudicial to Whole Foods given the passage of time, as Whole Foods would be required to engage in discovery regarding the daily tasks of 6 new named plaintiffs limited to actions occurring in just a 15 week period that took place *nearly a decade ago*. Whole Foods will be harmed by the unavoidable hazards of the passage of time, such as the unavailability of witnesses who would have been present at the time in dispute (or even identifying who those witnesses from 10 years ago might be), and failing or fading memories of such a short time period so long ago.

Aside from waiting almost 6 years to file this case in the first place, Plaintiffs' conduct since that filing – particularly counsel attempting to withdraw and Scott repeatedly refusing to attend hearings ordered by the Court – caused this delay and amendment to add entirely new plaintiffs would be wholly prejudicial now, nearly a decade after the supposed harm. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants from unreasonable delay may be presumed."); Hawthorne v. Ruecker, No. 1:17-CV-0716GTSTWD, 2020 WL 2062123, at *10 (N.D.N.Y. Apr. 29, 2020) (dismissing plaintiff's claims after almost three years where plaintiffs' conduct prevented the case from moving forward in a meaningful

way, further explaining that "such prejudice will only worsen as time continues to pass and memories of the events in question begin to fade"); Wagner v. Ashcroft, 214 F.R.D. 78, 82 (N.D.N.Y. 2003) (following delays, finding prejudice to defendants where "defendants may be required to expend additional resources in filing motions and preparing a defense while the plaintiff has expended little energy in pursuit of her claim"); Kele v. Pelkey, 9:03CV0170(LEK/GHL), 2006 WL 3940592, at *3 (N.D.N.Y. Dec. 19, 2006), report and recommendation adopted in part, 9:03CV0170(LEK/GHL), 2007 WL 189021 (N.D.N.Y. Jan. 22, 2007), and report and recommendation adopted in part, 04CV377, 2007 WL 274761 (N.D.N.Y. Jan. 26, 2007) (finding that prejudice is likely after four years have passed because witnesses' memories will have faded, and the defendant having to incur legal fees over that time is similarly prejudicial); see also McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998) ("[J]ustice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims"); Okagbue-Ojekwe v. Fed. Bureau of Prisons, 03-CV-2035-NLH-JS, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010) (claims became stale after seven years); Cherry Line, S.A. v. Muma Serv., No. 03–199, 2006 WL 1237034, * 2 (D. Del. May 8, 2006) (opining that defendants' abilities to defend the action are prejudiced because as time passes the memories of witnesses fade).

Allowing this amendment would, after a decade elapsing, allow Plaintiff the opportunity to re-litigate his class claims through six new (supposed) plaintiffs when Whole Foods and the Court have expended significant time and resources on dispositive motion practice, endured numerous discovery disputes brought by Meynard, and spent nearly a year on multiple show cause hearings regarding counsel's efforts to withdraw from the representation of Scott.

**B.    Meynard Has Not Offered Any Reasonable Explanation or Justification for the Undue Delay in Seeking the Proposed Amendment – Particularly Given His Counsel's Representations to the Court in July 2020 That There Were "No Other Plaintiffs."**

Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay. See Evans, 704 F.2d at 46-48. Indeed, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Id. at 47. In the instant case, Meynard has had ample opportunity to seek to add new plaintiffs. Now, nearly three years after the Complaint was filed, after class certification is fully briefed, and after counsel for Meynard affirmatively represented to the Court that he had "no other plaintiffs" to add to this case, Meynard seeks to amend the Complaint to add six named plaintiffs.

However, Meynard offers absolutely no reason to justify his attempt to do so, other than the admission that the "amendment is a response to Whole Foods' position . . . that Meynard is not a suitable class representative."  Motion to Amend, p. 7.  It is clear that Meynard's sole purpose for the proposed amended complaint – two months after receiving Whole Foods' Motion to Deny Class Certification – is to avoid a ruling on the deficiencies with his class argument and avoid the denial of class certification.  This, by definition, is not a satisfactory explanation and greatly prejudices Whole Foods. See Davis, 2004 WL 1926086, at *4 (S.D.N.Y. Aug. 31, 2004) (denying motion to amend were the primary purpose in seeking the amendment was to cure deficiencies in plaintiff's class certification arguments, including problems with numerosity and typicality).

This is even further compounded by the fact that Meynard has been aware of the position taken by Whole Foods with the fact that he cannot represent a class give his specialized position since Whole Foods' served its Amended Answer nearly a year and a half ago and since the July 2020 status conference nearly half a year ago. See DE-29.  If the Court were to rule otherwise,

then plaintiffs in every class action would be able to add new class representatives at the eleventh hour to avoid an adverse ruling on class certification.

Given that Meynard has not advanced any justification for seeking to amend the complaint at this late juncture, particularly when he affirmatively represented to the Court that he had no other plaintiffs to add to this matter, the required showing of prejudice is significantly reduced. Evans, 704 F.2d at 47. In fact, the only "explanation" offered by Plaintiff is the conclusive statement that "there is no evidence of either undue delay or bad faith." Motion to Amend, p. 7. There can be no question that, particularly under this reduced standard, Whole Foods will be prejudiced by the proposed amendment.

C. **The Motion to Amend Should Be Denied Because Meynard's Amendment Would Be Futile as Plaintiff Cannot Show that Common Questions Predominate, Especially a Decade After the Alleged Harm Took Place.**

Although prejudice to defendant is the most important consideration in determining whether to deny a motion to amend, Meynard's Motion to Amend should be denied because the amendment is futile given that the new plaintiffs could not meet the requirements of class certification for the class that Meynard is pursuing. Each purported new named plaintiff claims to have held a different position in a different Whole Foods store in New York, requiring an individualized inquiry into the specific job duties were performed by those workers over a very narrow 15-week period almost a decade ago, and Plaintiff will not be able to prove that common questions predominate. See Pierre v. JC Penney Co., Inc., No. 03-4782, 2006 WL 407553 at *6 (E.D.N.Y. Feb. 21, 2006) ("[T]he court's role on a motion to amend[, where the purpose of the proposed amendment is to achieve class certification,] is to determine 'the likelihood that [the] proposed class will be certified.'"); Feldman v. Lifton, 64 F.R.D. 539, 543 (S.D.N.Y.1974) (Carter, D.J.) (amendment changing the proposed class would be futile, and so leave to amend should be

denied, where "the proposed amendment would, on its face, violate class action requirements"); see also Presser v. Key Food Stores Co-op., Inc., 218 F.R.D. 53, 56 (E.D.N.Y.2003) ("If Plaintiff's proposed class cannot be certified, leave to amend should be denied."); Luedke v. Delta Air Lines, Inc., No. 92-1778, 1993 WL 313577, *8 (S.D.N.Y. Aug. 10, 1993) ("[B]ecause common questions do not predominate over individualized inquiries, Plaintiffs' motion for leave to amend the class action complaint is denied as futile.").

As the Second Circuit held in Myers, "the main concern in the predominance inquiry [is] the balance between individual and common issues." Myers v. Hertz Corp. 624 F.3d 537, 549 (2d Cir. 2010). Because Meynard's putative class lumps all Whole Foods employees who could potentially be "manual workers" in New York together regardless of position, analyzing the class members' individual job duties and daily work performed over just three months over 9 years ago will predominate over common issues.

By Meynard's own assessment, there are at least 90 positions held at Whole Foods locations in New York during the alleged class period, each of which would require a case-by-case inquiry into whether it was, almost a decade ago, a manual position that qualifies the worker who held that role to be paid on a weekly basis during the 15-week putative class period. As Whole Foods explained in its Motion to Deny Class Certification, the New York State Department of Labor ("NYSDOL") looks at the duties performed by the individual employee in order to determine whether he or she is a "manual worker" and makes a case-by-case determination irrespective of the job description. See Motion to Deny Class Certification, attaching NYSDOL Counsel Opinion Letter RO–09–0066, May 21, 2009; see also id., attaching NYSDOL Counsel Opinion Letter RO–08–0061, December 4, 2008 ("The mere description of an employee as [having a particular job title] is not sufficient for a determination that such employee is a 'manual

12

worker.'"). This is a central legal issue establishing that Meynard cannot show predominance is satisfied, and the Motion to Amend should be denied as a result.

Meynard cannot establish predominance. The addition of the purported six new named plaintiffs, all of whom held different positions according to Meynard, does nothing to save Meynard's claims from the denial of class certification. Further related to the Rule 23(b)(3) predominance requirement is the Rule's requirement that the plaintiff prove that a class action be the superior mechanism for adjudicating the claims of each class member. Here, there would be too many individualized issues in a trial on the merits for a class action to be a manageable or appropriate – much less superior – even if the Court were to allow the Motion to Amend.

Put another way, the proposed addition of a handful of "new" positions does not mean that Plaintiff can successfully certify the class as he is claiming, since these new plaintiff still will not satisfy the predominance requirements of Rule 23(b)(3), *particularly given Plaintiff's allegation that there are around 90 different positions at issue*. Accordingly, the Motion to Amend should be denied.

**D.     The Proposed Amendment is Futile Because, Even if Allowed, The Purported New Named Plaintiffs' Claims Should be Time-Barred.**

The statute of limitations for claims brought under NYLL § 191 is six years. Unless the Court permits relation back of the claims under Federal Rule 15(c), the new plaintiffs' claims are all time-barred (and have been for years). Gonzales v. Gan Israel Pre-Sch., 12-CV-06304 MKB, 2014 WL 1011070, at *11 (E.D.N.Y. Mar. 14, 2014) ("Claims arising pursuant to the NYLL are subject to a six-year statute of limitations.").

Although the Motion to Amend does not include any argument addressing why the claims of these six new purported named plaintiffs should relate back to the filing of the original action

under Rule 15(c), in order for any of the supposed new plaintiffs' claims to be timely, the Court would have to allow relation back to the filing of a patently false representations before the Court.

Courts in this Circuit allow relation back of new plaintiffs where defendants had fair notice of the new plaintiffs' claims ***and would not suffer undue prejudice***. Bensinger v. Denbury Res. Inc., No. 10-CV-1917, 2013 WL 3353975, at *4–5 (E.D.N.Y. July 3, 2013) (emphasis added) (citing Perkins v. S. New England Tel. Co., 2009 WL 3754097(JCH), at *5 (D.Conn. Nov.4, 2009) and In re Gilat Satellite Networks, Ltd., 02 Civ. 1510(CPS), 2005 WL 2277476, *25 (E.D.N.Y. Sept. 19, 2005)); see also In re South African Apartheid Litig., 617 F.Supp.2d 228, 290 (S.D.N.Y. 2009) (noting that the prejudice inquiry under Rule 15(c) asks only whether "the late addition of a plaintiff would surprise and frustrate reasonable possibilities for a defense") (internal quotation marks omitted).

As demonstrated above, allowing the Motion to Amend and relation back of the six new named plaintiffs' claims would be highly prejudicial to Whole Foods as it would have to evaluate the supposed conduct of each of these "new" plaintiffs, all of whom allegedly held positions different from Meynard and worked in different stores, during a 15 week period that took place nearly a decade ago. The whole point of a statute of limitations is to prevent situations like this – evidence and witnesses becoming so stale over time that a defendant cannot reasonable defend itself. But this is the exact position Meynard's amendment would impose upon Whole Foods if the claims were allowed to relate back. The Court is under no obligation to permit such an injustice and should not do so.

## V. CONCLUSION

For the foregoing reasons, Whole Foods respectfully requests that the Court deny the Plaintiff's motion for leave to file an amended complaint.

14

**DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

Dated: November 18, 2020

By: */s/ Christopher M. Pardo*
Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
cpardo@HuntonAK.com

## CERTIFICATE OF SERVICE

I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on November 18, 2020, the foregoing document was served upon counsel for the Plaintiff via electronic mail only, per agreement of the parties.

*/s/ Christopher M. Pardo*
Christopher M. Pardo