UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERELL MEYNARD, individually and on behalf of all
others similarly situated,                                       18-CV-00086(SJF)(AKT)

                                        Plaintiffs,

                     -against-

WHOLE FOODS MARKET GROUP, INC.

                                        Defendant.

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

Steven J. Moser, Esq.
MOSER LAW FIRM, P.C.
*Attorneys for Plaintiffs*
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.      PLAINTIFFS' INSTANT MOTION IS NOT MADE IN BAD FAITH ............................. 2

II.     PLAINTIFFS' MOTION HAS NOT BEEN UNDULY DELAYED NOR DOES IT RESULT FROM A DILATORY MOTIVE ................................................................... 3

III.    THERE HAS BEEN NO FAILURE TO CURE DEFICIENCIES BY AMENDMENTS PREVIOUSLY ALLOWED ...................................................................................... 4

IV.   THERE WILL BE NO UNDUE PREJUDICE TO DEFENDANT AS A RESULT OF THE PROPOSED PLEADING ............................................................................... 5

      A.      The amendment would not require Defendant to expend significant additional resources to conduct discovery and prepare for trial. ............................................. 5

      B.      The amendment would not significantly delay the resolution of this dispute. ....... 6

      C.      Defendant has had prior notice of the claim set forth in the proposed amendment and said claim arises from the same facts as the claim in the original pleading. .... 8

V.      THE PROPOSED AMENDMENTS ARE NOT FUTILE .................................................. 8

CONCLUSION ............................................................................................................................. 12

**Table of Authorities**

**Supreme Court Opinions**

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538, 94 S. Ct. 756 (1974) ................................................................................. 9

*Foman v. Davis*,
   371 U.S. 178 (1962) ........................................................................................................ 2

**Second Circuit Opinions**

*Agerbrink v. Model Serv. L.L.C.*,
   155 F. Supp. 3d 448 (S.D.N.Y. 2016) ............................................................................. 5

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir. 1993) ............................................................................................ 3

*Cal. Pub. Emps. Ret. Sys. v. Caboto-Gruppo Intesa BCI (In re WorldCom Sec. Litig.)*,
   496 F.3d 245 (2d Cir. 2007) ............................................................................................ 9

*Dasrath v. Stony Brook Univ. Med. Ctr.*,
   No. 12-CV-1484 (SJF)(WDW), 2014 U.S. Dist. LEXIS 60116 (E.D.N.Y. Apr. 29, 2014) .... 2

*Davis v. Lenox Hill Hosp.*,
   2004 U.S. Dist. LEXIS 17283 (S.D.N.Y. Aug. 31, 2004) ............................................... 4

*Feldman v. Lifton*,
   64 F.R.D. 539 (S.D.N.Y. 1974) .................................................................................... 10

*Guerrero v. GC Servs. Ltd. P'ship*,
   No. CV 15-7449 (DRH) (AKT), 2017 U.S. Dist. LEXIS 42884 (E.D.N.Y. Mar. 23, 2017) . 10

*Hawthorne v. Ruecker*,
   No. 1:17-CV-0716 (GTS/TWD), 2020 U.S. Dist. LEXIS 75027 (N.D.N.Y. Apr. 29, 2020) .. 7

*Kant v. Columbia Univ.*,
   No. 08 Civ. 7476 (PGG), 2010 U.S. Dist. LEXIS 21900 (S.D.N.Y. Mar. 9, 2010) ............. 2-3

*Laurent v. PricewaterhouseCoopers L.L.P.*,
   No. 06 Civ. 2280 (JPO)(KNF), 2012 U.S. Dist. LEXIS 118109 (S.D.N.Y. Aug. 15, 2012) ... 6

*Luedke v. Delta Air Lines, Inc.*
   (RPP), No. 92 Civ. 1778 (RPP), 1993 U.S. Dist. LEXIS 11002 (S.D.N.Y. Aug. 6, 1993) ... 10

*Lyell Theatre Corp. v. Loews Corp.*,
   682 F.2d 37 (2d Cir. 1982) .............................................................................................. 7

*McCoy v. Goldberg*,
   845 F. Supp. 155 (S.D.N.Y. 1994) .................................................................................... 3

*Oneida Ltd. v. RedTagBiz, Inc.*,
   No. 5:01-CV-388 (HGM/GJD), 2002 U.S. Dist. LEXIS 22054 (N.D.N.Y. Nov. 14, 2002) ... 6

*Partner Reinsurance Co. v. RPM Mortg., Inc.*,
   No. 18 Civ. 5831 (PAE), 2020 U.S. Dist. LEXIS 212519 (S.D.N.Y. Nov. 13, 2020) ............. 6

*Presser v. Key Food Stores Coop., Inc.*,
   218 F.R.D. 53 (E.D.N.Y. 2003) ........................................................................................ 10

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
   46 F.3d 230 (2d Cir. 1995) ................................................................................................. 3

*State Teachers Ret. Bd. v. Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981) ............................................................................................ 5, 7

*Urban Box Off. Network, Inc. v. Interfase Managers, L.P.*,
   232 F.R.D. 169 (S.D.N.Y. 2004) ........................................................................................ 5

*Wagner v. Ashcroft*,
   214 F.R.D. 78 (N.D.N.Y. 2003) ......................................................................................... 7

*Zucker v. Porteck Glob. Servs.*,
   No. 13-CV-2674(JS)(AKT), 2015 U.S. Dist. LEXIS 144132 (E.D.N.Y. Oct. 23, 2015) ........ 8

**Federal Court Opinions**

*Cherry Line, S.A. v. Muma Serv.*,
   Civil Action No. 03-199-JJF, 2006 U.S. Dist. LEXIS 29818 (D. Del. May 8, 2006) .............. 7

*McCurdy v. Am. Bd. of Plastic Surgery*,
   157 F.3d 191 (3d Cir. 1998) ............................................................................................... 7

*Northrop Grumman Sys. Corp. v. United States*,
   137 Fed. Cl. 677 (2018) ..................................................................................................... 3

*Okagbue-Ojekwe v. Fed. Bureau of Prisons*,
   No. 03-cv-2035-NLH-JS, 2010 U.S. Dist. LEXIS 107285 (D.N.J. Oct. 7, 2010) ................... 7

# PRELIMINARY STATEMENT

All Plaintiff Derell J. Meynard ("Plaintiff") seeks to do is amend the current complaint in this matter to add additional plaintiffs who were wronged by Defendant Whole Foods Market Group, Inc.'s ("Defendant") conduct. The claim that the additional plaintiffs seek to assert against Defendant is identical to the claim presently asserted by Plaintiff, namely that Defendant violated NYLL § 191(1)(a). Moreover, the underlying facts upon which the additional plaintiffs base their claim are effectively identical to those on which the Plaintiff bases his claim; namely, that they are manual workers, that they were paid bi-weekly and that, as such, Defendant violated NYLL § 191(1)(a).

As set forth in Plaintiffs' moving memorandum of law ("Plaintiffs' MOL"), leave to amend should be freely given in the absence of bad faith, undue delay, prejudice and futility. None of the aforesaid factors exist. There is no bad faith. Indeed, Defendant's memorandum of law in opposition ("Defendant's MOL") does not appear to allege bad faith. There is no undue delay. As established below, the instant motion to amend was made well within the timeframe in which Courts permit amendments to pleadings. There is no prejudice as the amendment would not require Defendant to expend significant additional resources to conduct discovery and prepare for trial, the amendment would not significantly delay the resolution of the dispute, Defendant has had prior notice of the new plaintiffs' claims, and the new plaintiffs' claims arise from the same transactions as the claims in the current/original pleading. Further, the new plaintiffs claims are not futile. As substantiated by the allegations in the proposed amended complaint, and the declarations of the new plaintiffs submitted herewith, the new plaintiffs' claims for violations of NYLL § 191(1)(a) are valid. Nothing in Defendant's MOL should lead the Court to deny Plaintiffs' instant motion. As established *infra*, Defendant's claims of

prejudice, delay, and futility are unavailing and premised on its unnecessarily vitriolic and unsupported views of the procedural history of this matter and its counsel's unsupported statements about Plaintiff and the additional plaintiffs' fitness as class representatives. In short, Plaintiffs' motion to amend should be granted in its entirety.

## ARGUMENT

### I. PLAINTIFFS' INSTANT MOTION IS NOT MADE IN BAD FAITH

To briefly reiterate, the Supreme Court has held that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely 'given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the instant motion was not made in bad faith. It was merely made to add additional plaintiffs who have the same claim as the existing Plaintiff and whose claim is based on essentially the same facts as the existing Plaintiff. As a tacit admission of the good faith nature of Plaintiffs' instant motion, the words "bad faith" do not appear in Defendant's MOL outside of a generic reference to bad faith amongst other factors in the "Legal Standard" section of Defendant's MOL and an excerpt from Plaintiffs' MOL. Defendant's MOL, p. 6, 11. Moreover, none of the bases upon which Courts have denied motions to amend on the grounds of bad faith are applicable. *See, e.g.,* D*asrath,* 2014 U.S. Dist. LEXIS 60116, at *13 (plaintiff's motion papers contained numerous misrepresentations evidencing bad faith); *Kant v. Columbia Univ.*, No. 08 Civ. 7476 (PGG), 2010 U.S. Dist. LEXIS 21900, at *11 (S.D.N.Y. Mar. 9, 2010) (plaintiff's proposed pleading presented new facts and allegations so contrary to his earlier pleadings as to indicate bad faith); *Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl.

677, 682 (2018) (moving to amend on eve of trial suggests gamesmanship). In sum, the instant motion was made in good faith.

## II. PLAINTIFFS' MOTION HAS NOT BEEN UNDULY DELAYED NOR DOES IT RESULT FROM A DILATORY MOTIVE

As established in Plaintiffs' MOL, there has not been undue delay prior to making the instant motion nor does the instant motion arise from a dilatory motive. To the contrary, this motion is timely as, *inter alia*, it is well within the timeframe in which Courts permit amendments to pleadings. *See, e.g.,* R*achman Bag Co.,* 46 F.3d at 235 (sustaining District Court's decision to permit a party to amend its pleading more than four years after the complaint was filed); *Block*, 988 F.2d at 351 (permitting amendment of pleading after more than four years). As borne out by the aforesaid cases, the instant motion, made less than 3 years after the filing of the initial complaint, is well within the time frame considered timely by the Second Circuit. (Dkt. No. 1). Moreover, it should be reiterated that even if the Court were inclined to find that some delay has occurred in spite of the holdings of the Second Circuit, a finding that Plaintiff would respectfully dispute, delay alone is an insufficient ground for denying leave to amend. *McCoy v. Goldberg*, 845 F. Supp. 155, 158 (S.D.N.Y. 1994).

Neither the cases cited by Defendant nor Defendant's procedure based arguments establish that the instant motion it unduly delayed or the product of dilatory motive.[1] While most of Defendant's argument pertaining to alleged untimeliness is discussed through the prism of prejudice, Defendant also argues that Plaintiff has not offered a reasonable excuse or justification for the alleged undue delay. Initially, as just established, there has been no undue delay. Moreover, Plaintiff has set forth the reasons for moving to amend now, namely to add additional named plaintiffs/class representatives subsequent to the dismissal of one of the class

---

[1] As Defendant's case law and procedure arguments deal primarily with the concept of prejudice, same will be discussed in the section discussing prejudice *infra*.

representatives and to respond to Defendant's incorrect position that Plaintiff is an unsuitable class representative. Plaintiff's MOL, p. 7.

As to the additional plaintiffs, Defendant argues that Plaintiff's sole purpose in moving to amend is to avoid a ruling on Defendant's motion to deny class certification/strike class action allegations and that such a maneuver is impermissible. Initially, Defendant is incorrect as, *inter alia*, while the additional plaintiffs would potentially be class representatives they would also be asserting individual claims on their own behalf. Moreover, as set forth in Plaintiff's opposition to Defendant's motion to deny class certification/strike class allegations, said motion is premature as, *inter alia*, there has been no class discovery whatsoever. Indeed, in *Davis v. Lenox Hill Hosp.*, 2004 U.S. Dist. LEXIS 17283 (S.D.N.Y. Aug. 31, 2004), the sole case on which Defendant relies for its position that moving to amend to avoid a decision on a motion to deny class certification is improper, the plaintiff moved for certification (as opposed to here where Defendant has prematurely moved to deny certification) and class discovery was closed. *Davis,* 2004 U.S. Dist. LEXIS 17283, at *10-14.

In sum, there has been no due delay, the instant motion does not arise from a dilatory motive, and Plaintiff has offered a reasonable explanation for any perceived delay.

### III. THERE HAS BEEN NO FAILURE TO CURE DEFICIENCIES BY AMENDMENTS PREVIOUSLY ALLOWED

Plainly stated, the instant motion to amend is not made to cure any purported deficiencies in the current pleading but rather to add new plaintiffs who have the same exact claim as the Plaintiff, which claim is based on virtually identical facts. Even assuming *arguendo* that there is somehow a deficiency in the current/original pleading, this would be the first time that Plaintiff has sought to amend same and as such, by definition, there cannot be any failure to cure deficiencies by amendments previously allowed.

# IV. THERE WILL BE NO UNDUE PREJUDICE TO DEFENDANT AS A RESULT OF THE PROPOSED PLEADING

Of all the factors a Court considers when deciding whether to grant leave to amend a pleading pursuant to F.R.C.P. 15(a), prejudice to the opposing party is considered among the most important. *State Teachers Ret. Bd.*, 654 F.2d at 856 ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.")

In determining whether an opposing party will be unduly prejudiced by proposed amendments, Courts consider, *inter alia*: (1) whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial;" (2) whether the amendment would "significantly delay the resolution of the dispute;" (3) whether the amendment would "prevent the plaintiff from bringing a timely action in another jurisdiction[;]" (4) whether a party had prior notice of a claim; and (5) "whether the new claim arises from the same transaction as the claims in the original pleading[.]" *Urban Box Off. Network, Inc.*, 232 F.R.D. at 172; *Agerbrink*, 155 F. Supp. 3d at 455. Here, none of the aforesaid factors are present.

### A. The amendment would not require Defendant to expend significant additional resources to conduct discovery and prepare for trial.

Because it is the lowest hanging fruit of the potential prejudice factors, defendants almost always claim that a proposed amendment would require the expenditure of significant additional resources to conduct discovery and prepare for trial. The instant Defendant is no exception. Defendant's MOL, p. 5, 7. However, Defendant's broad assertions of needing to spend additional resources are insufficient to establish prejudice. *See, e.g., Laurent v. PricewaterhouseCoopers L.L.P.,* No. 06 Civ. 2280 (JPO)(KNF), 2012 U.S. Dist. LEXIS 118109, at *16 (S.D.N.Y. Aug. 15, 2012) (where defendants did not show what additional resources

would have to be expended or how significant, if at all, the expenditures would be the alleged additional expenditures did not constitute undue prejudice); *Oneida Ltd.*, 2002 U.S. Dist. LEXIS 22054, at *12; *Partner Reinsurance Co. v. RPM Mortg., Inc.*, No. 18 Civ. 5831 (PAE), 2020 U.S. Dist. LEXIS 212519, at *39 (S.D.N.Y. Nov. 13, 2020) ("burdens of increased discovery, standing alone, do not suffice to show undue prejudice.") Simply put, the proposed amendments would not require Defendant to expend significant additional resources to conduct discovery and prepare for trial given that, *inter alia*, the additional plaintiffs are asserting the same claim as the current Plaintiff based on essentially the same facts.

**B. The amendment would not significantly delay the resolution of this dispute.**

To reiterate, the current complaint contains a single cause of action for violation of NYLL § 191(1)(a). More particularly, Plaintiff, individually and on behalf of other similarly situated individuals, alleges that Defendant violated NYLL § 191(1)(a) by paying Plaintiff and said individuals, all manual workers, bi-weekly instead of weekly in violation of NYLL § 191(1)(a). The new complaint would merely elevate some of the potential class members to named Plaintiff status while maintaining the same cause of action and relying on the same underlying facts. Notably, Defendant is already aware of whether the proposed additional plaintiffs were paid weekly or bi-weekly and any additional discovery needed with respect to whether the additional plaintiffs were manual workers would be neither time consuming nor expensive. Moreover, at present, the parties are engaged in a dispute over Defendant's discovery responses/production, or more appropriately, the lack thereof. There have been no depositions, there has been no end date set for discovery and there has been no date set for trial. Thus, adding additional plaintiffs would not meaningfully impact the timeline of this matter.

Defendant appears to argue that the amendment will delay the resolution of this matter as its motion to deny class certification/strike the class action allegations will end the case and as

adding additional plaintiffs will require time intensive discovery. Defendant's MOL, p. 7-8. Initially, as explained in Plaintiffs' opposition to Defendant's motion to deny class certification/strike class action allegations, Defendant's motion is premature given that no class discovery has been conducted an, as such, it should be denied. Moreover, even if Defendant were to prevail on its motion, the instant matter would still continue on behalf of the Plaintiff. Further, any additional discovery that would be needed with respect to the additional plaintiffs would be *de minis* relating in overwhelming part to the narrow issue of their status as manual workers, an issue for which discovery is still pending for the current Plaintiff. Plainly stated, Defendant's argument should be given no credence. *See, e.g.,* S*tate Teachers Ret. Bd.,* 654 F.2d at 856 (overturning district Court's denial of motion to amend despite defendant's argument that redefining the class would result in a delay of the resolution of the matter where new members were effectively the same as existing members).

Also on the topic of delay, Defendant argues, in sum and substance, that Plaintiffs' delays have caused prejudice to Defendant and, as such, Plaintiffs' motion to amend should be denied. As establish above, there has been no undue delay in bringing this motion. Moreover, the cases Defendant cites in support of its position fall into two categories, those that concern a failure to prosecute[2] and those where plaintiff failed to timely effectuate service,[3] *to wit*, factual scenarios completely inapposite to those at bar.

In short, the amendment would not significantly delay the resolution of this dispute.

---

[2] *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 38 (2d Cir. 1982); *Hawthorne*, 2020 U.S. Dist. LEXIS 75027, at *1; *Wagner*, 214 F.R.D. at 79; *Kele*, No. 9:03-CV-0170 (LEK/GHL); *Cherry Line, S.A. v. Muma Serv.*, Civil Action No. 03-199-JJF, 2006 U.S. Dist. LEXIS 29818, at *1 (D. Del. May 8, 2006).

[3] *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Okagbue-Ojekwe v. Fed. Bureau of Prisons*, No. 03-cv-2035-NLH-JS, 2010 U.S. Dist. LEXIS 107285, at *8-10 (D.N.J. Oct. 7, 2010).

### C. Defendant has had prior notice of the claim set forth in the proposed amendment and said claim arises from the same facts as the claim in the original pleading.

The current complaint contains a single cause of action asserted by Plaintiff and a class of similarly situated individuals against Defendant for Defendant's violation of NYLL §191(1)(a). More particularly, the cause of action alleges that Defendant violated NYLL §191(1)(a) by paying Plaintiff and the putative class members, all manual workers, bi-weekly instead of weekly. All the proposed amendment really does is take six members from the putative class and make them named plaintiffs. Said members seek to assert the exact same cause of action that exists in the current complaint based on the exact same fundamental facts (that they were manual workers who were paid bi-weekly instead of weekly). Under such circumstances, there can be no question that Defendant has had prior notice of the claim set forth in the proposed amendment or that the claim arises from the same facts as the claim in the current pleading. *Zucker*, 2015 U.S. Dist. LEXIS 144132, at *17 (permitting substitution of class representative where the factual allegations by the new class representative were virtually identical to those asserted by the original class representative). Notably, Defendant has not and cannot argue that it did not have prior notice of the claim set forth in the proposed amendment or that said claim is not based on the same facts as the claim in the current complaint.

Simply put, there would be no undue prejudice to Defendant as a result of the proposed amendment.

### V. THE PROPOSED AMENDMENTS ARE NOT FUTILE

A significant portion of the argument section of Defendant's MOL is focused on its position that leave to amend the complaint should not be granted as the proposed amendments are purportedly futile. More particularly, Defendant argues that the additional plaintiffs' claims would be time barred since they cannot utilize FRCP 15(c) to relate back to the date of the filing

of the current/original complaint and that Plaintiff cannot show that common questions predominate. Both of Defendant's positions are incorrect.

As to the timeliness of the proposed amendments, FRCP 15(c)(1)(b) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Here, Defendant does not contest, nor could it, that the proposed amendment asserts a claim arising out of the conduct, transaction or occurrence set forth in the original pleading. In addition to the plain language of FRCP 15(c), it is well settled that a timely filing of a class action complaint suspends the applicable statute of limitations for the potential class members until such time as class certification may be denied. *Am. Pipe & Constr. Co. v. Utah, 41*4 U.S. 538, 554, 94 S. Ct. 756, 766 (1974); *Cal. Pub. Emps. Ret. Sys. v. Caboto-Gruppo Intesa BCI* (*In re WorldCom Sec. Litig.*), 496 F.3d 245, 247 (2d Cir. 2007). Here, class certification has not been denied and Defendant's motion seeking such relief should be denied as, *inter alia,* it is premature given the complete lack of class discovery to date. *See* 5 Moore's Federal Practice - Civil § 23.82-1. Against the weight of the foregoing, Defendant reiterates the same ineffective prejudice arguments it raises throughout Defendant's MOL and which have been debunked *supra*. *See* Defendant's MOL, p. 14.

As to Defendant's argument that Plaintiff cannot show that common issues predominate rendering the proposed amendments futile, same is incorrect for several reasons.

Initially, *Presser v. Key Food Stores Coop., Inc.*, 218 F.R.D. 53, 57 (E.D.N.Y. 2003), cited by *Defendant*, expressly provides that

> the court may limit its inquiry into the class action requirements at the amendment stage when certification will occur at a later time. Where, as here, the defendant's opposition to the amendment involves not-yet-certified classes, allowing the amendment is

9

> appropriate and defendant's arguments against certification are 'more appropriately addressed in the context of motions to certify the proposed classes.'

The instant motion deals solely with amending the complaint, not class certification. As such, the Court's inquiry into the class action requirements should be limited.[4]

Moreover, assuming *arguendo* that the Court is required to determine the futility of Plaintiff's proposed class action in connection with the instant motion to amend, there is nothing to suggest that class certification will not be achieved. As a starting point, as with all motions to amend, the facts set forth in the proposed amendment are assumed to be true and are to be construed in the light most favorable to the party seeking to amend. *Guerrero v. GC Servs. Ltd. P'ship*, No. CV 15-7449 (DRH) (AKT), 2017 U.S. Dist. LEXIS 42884, at *1-2 (E.D.N.Y. Mar. 23, 2017). Here, the proposed amended complaint sets forth all of the necessary elements for class certification. Defendant's argument that class certification cannot be obtained rest not on the allegations in the proposed amendment pleading or documentary evidence, but exclusively on Defendant's counsel's say so. More particularly, Defendant's counsel argues that there will need to be an individualized inquiry into each potential plaintiff's specific job duties and that, as such, Plaintiff will not be able to prove that common questions predominate. Defendant's MOL, p. 11. Relatedly, Defendant's counsel argues that since there are so many individualized inquiries, Plaintiff cannot prove that a class action is the superior method for adjudicating the claims of the class members. Defendant's MOL, p. 13. But Defendant's counsel's subjective

---

[4] The other cases Defendant cites in support of its argument that leave to amend should be denied as class certification is purportedly unobtainable are likewise unhelpful to Defendant. *In Luedke v. Delta Air Lines, Inc. (RPP)*, No. 92 Civ. 1778 (RPP), 1993 U.S. Dist. LEXIS 11002, at *23-24 (S.D.N.Y. Aug. 6, 1993), leave to amend the class action complaint was deemed futile due to, *inter alia*, the fact that a threshold issue was whether each of the 9,502 potential class members would have been offered and accepted a position. In such circumstances individual issues clearly predominated. No such individualized inquiry exists here. Further, in *Feldman v. Lifton*, 64 F.R.D. 539, 543 (S.D.N.Y. 1974), leave to amend was denied where the named plaintiffs could not possibly represent the proposed additional class members as the named plaintiffs had not purchased certain shares of stock, ownership of which was vital to the proposed class. No such limiting factor is present here.

opinions[5] are irrelevant to the Court's determination of the alleged futility of the proposed amendment. Plaintiff respectfully submits that, should the Court look beyond the four corners of the proposed amended pleading, the Court should credit the concurrently submitted declarations of the Plaintiff and the proposed additional plaintiffs detailing, *inter alia*: (1) that they personally were manual workers; (2) that the overwhelming majority of the people in their respective work locations were manual workers; (3) the number of manual workers total in the hundreds; and (4) said manual workers performed the exact same manual labor or slight variations of the same manual labor as Plaintiff and the proposed additional plaintiffs.[6] The proposed amended complaint and the concurrently submitted declarations establish that the proposed amendment is not futile, that there is a viable class of manual workers, that a class action is the superior method of resolving the class members' claims, and that, contrary to Defendant's argument, person-by-

---

[5] On the subject of Defendant's counsel's subjective opinions, throughout Defendant's MOL, he interjects hyperbolic and/or misleading items that need to be clarified. First, counsel incorrectly claims that Plaintiffs made material misrepresentations and omissions. *See e.g.* Defendant's MOL, p. 1. Former Plaintiff Scott was mistaken with respect to his dates of employment and, as such, is no longer part of this case. Plaintiff Meynard's job title was not set forth in the original complaint, but is in the proposed amendment complaint. Second, Defendant's counsel attempts to make hay out of the undersigned's statement at a conference that there were no more plaintiffs. All I was simply communicating was that I had not been retained by anyone else at the time. The undersigned never represented that there were no more *potential* plaintiffs or that we would not be seeking to amend the complaint. Given Defendant's widespread violations there are clearly hundreds of more potential plaintiffs. Indeed, that is why the instant action was filed as a class action. Third, Defendant's counsel claims that Plaintiff concedes that Defendant's positions are legally dispositive of the class claims; an argument false on its face. Defendant's MOL, p. 1. So that it is clear, Plaintiff believes that class certification will be achieved and views Defendant's premature motion to deny class certification/strike the class allegations as a desperate maneuver to try to avoid class discovery and stave off certification. Fourth, Defendant's counsel claims that Plaintiffs delayed this case, another claim that is false. The resolution of this case has been delayed by Defendant's unending motion practice and failure to comply with discovery obligations. To the extent it has taken time to be relieved as counsel for former Plaintiff Scott, again, he is no longer a party to this case and any actions he took while the undersigned was withdrawing as his counsel should not be imputed to Plaintiff Meynard or any of the additional plaintiffs. Fifth, Defendant claims that Plaintiff Meynard "has no standing to represent the alleged class as a matter of law" and yet fails to cite to any meaningful legal support for said bold proclamation. Defendant's, MOL, p. 3. Sixth, Defendants make reference to "90 different positions", but have provided no discovery whatsoever as to the number of job titles that were in fact manual workers during the relevant time period. Without discovery, it is unknown whether there were 90, 9, or 1 job titles that were in fact manual workers. Seventh, to clarify, Whole Foods appears to be trying to make up for the fact that it misled the Department of Labor into believing that it had a separate payroll for New York employees throughout its application for a waiver from the weekly payment requirement, when, in fact, no such New York weekly payroll ever existed, by engaging in a mud slinging campaign.

[6] *See* Declarations of Derell Meynard, Andre Brice, Tamika Johnson, Esteban Flores, Ruben Mercedes, and Jose Troya.

person, position-by-position analyses are unnecessary.[7] *See* Defendant's MOL, p. 2.

Moreover, in addition to the fact that the additional plaintiffs would potentially be class representatives, the additional plaintiffs seek to assert claims for violation of NYLL § 191(1)(a) on their own behalf. In that regard, whether or not common questions predominate is irrelevant.

In sum, the proposed amended complaint is not futile on the grounds of untimeliness, failure to set forth a potential class due to a lack of common questions predominating, or otherwise

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend should be granted in its entirety.

Dated: Huntington, New York
December 2, 2020

MOSER LAW FIRM, P.C.

By: Steven J. Moser, Esq.
*Attorneys for Plaintiffs*
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

---

[7] Plaintiff is confident that class-based discovery will further support the claims set forth in the proposed amended complaint.