**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERELL J. MEYNARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>    Defendant. | Case No. 2:18-cv-00086-SJF-AKT |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S**
***LIMITED* MOTION TO DENY CLASS CERTIFICATION OR, ALTERNATIVELY,**
**STRIKE CLASS ALLEGATIONS FOR FAILURE TO SATISFY RULE 23(a)(1)**

DEFENDANT WHOLE FOODS MARKET
GROUP, INC.

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
cpardo@HuntonAK.com

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND........................................................ 3

III. LEGAL ANALYSIS............................................................................................................ 6

    A. Standard Governing a Motion to Deny Certification............................................. 6

    B. Meynard Worked In A Specialized Position That Only 12 Other Individuals Held During The Statutory Period and Cannot Establish Numerosity ..................................... 7

        1. To the Extent Plaintiff Seeks to Represent a Limited Class of Produce Buyer/Specialists, Numerosity is Lacking and Meynard has No Standing to Represent a Broad Swath of Positions He Did Not Hold ............................... 8

        2. Meynard Cannot Represent a Class of All "Manual Workers" in the State of New York Because He Cannot Establish Commonality Across Positions and Locations Given the Lack of Numerosity Relating to His Specific Position. ............................ 10

    C. Plaintiff's Putative Class Cannot be Certified for the Additional Reason that Plaintiff Cannot Establish Predominance Under Rule 23(b), Particularly Given that He Can Only Speak for 12 Putative Class Members, Lacking Numerosity ........................................... 12

IV. CONCLUSION.................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

Ansari v. New York Univ.,
   179 F.R.D. 112 (S.D.N.Y. 1998) ..................................................................................................9

Bayridge Volvo Am., Inc. v. Volvo Cars of North Am., Inc.,
   No. 01 Civ. 1890, 2004 WL 1824379 (S.D.N.Y. Aug. 16, 2004) ............................................9

Califano v. Yamasaki,
   442 U.S. 682 (1979) ..................................................................................................................6

Consol. Rail Corp. v. Town of Hyde Park,
   47 F.3d 473 (2d Cir. 1995) ........................................................................................................9

Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,
   502 F.3d 91 (2d Cir. 2007) ......................................................................................................12

Coulibaly v. Millenium Super Car Wash, Inc.,
   No. 12–CV–04760 (CBA)(CLP), 2013 WL 6021668 ...............................................................3

Cuzco v. Orion Builders, Inc.,
   No. 06 Civ. 2789(KMW)(THK), 2010 WL 2143662 (S.D.N.Y. May 26, 2010) ...................11

Dunnigan v. Metro. Life Ins. Co.,
   214 F.R.D. 125 (S.D.N.Y. 2003) ..............................................................................................9

Fedotov v. Peter T. Roach & Assocs., P.C.,
   354 F. Supp. 2d 471 (S.D.N.Y. 2005) ......................................................................................6

Freeman v. Wal-Mart Stores, Inc.,
   256 F. Supp. 2d 941 (W.D. Ark. 2003) ..................................................................................10

General Tel. Co. of the Southwest v. Falcon,
   483 F.3d 70 (2d Cir.2007) ........................................................................................................7

General Tel. Co. of the Southwest v. Falcon,
   457 U.S. 147 (1982) ..................................................................................................................7

Gonzales v. Gan Israel Pre-Sch.,
   No. 12-CV-06304 MKB, 2014 WL 1011070 (E.D.N.Y. Mar. 14, 2014) .................................3

Haggerty v. Comstock Gold Co., L.P.,
   No. 84 Civ. 7671, 1986 WL 7797 (S.D.N.Y. July 3, 1986) ...................................................10

In re Initial Public Offerings Sec. Litig.,
   471 F.3d 24 (2d Cir.2006) ........................................................................................................7

Moore v. PaineWebber, Inc.,
   306 F.3d 1247 (2d Cir. 2002)..................................................................................................12

Myers v. Hertz Corp.
   624 F.3d 537 (2d Cir. 2010)....................................................................................................12

Novella v. Westchester County,
   No. 02 Civ. 2192 WBM, 2004 WL 3035405 (S.D.N.Y. Dec. 29, 2004)..................................9

Robidoux v. Celani,
   987 F.2d 931 (2d Cir. 1993)......................................................................................................8

Ryan v. Staff Care, Inc.,
   497 F. Supp. 2d 820 (N.D. Tex. 2007) ...................................................................................10

Sheffield v. Orius Corp.,
   211 F.R.D. 411 (D. Or. 2002) .................................................................................................10

Sherrill v. Sutherland Global Services,
   487 F. Supp. 2d (W.D.N.Y. 2007).........................................................................................11

Spagnola v. Chubb Corp.,
   264 F.R.D. 76 (S.D.N.Y. 2010) ................................................................................................6

Stubbs v. McDonald's Corp.,
   227 F.R.D. 661 (D. Kan. 2004)...............................................................................................10

Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,
   546 F.3d 196 (2d Cir.2008)......................................................................................................7

Wal-Mart Stores, Inc. v. Dukes,
   564 U.S. 338 (2011)..................................................................................................................6

Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.,
   331 F.R.D. 279 (S.D.N.Y. 2019) .............................................................................................9

**Statutes**

New York Labor Law § 190(4) ....................................................................................................11

New York Labor Law § 191(1)(a)............................................................................................3, 11

New York Labor Law § 663(3) ......................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(c) .................................................................................................................1, 4

Fed. R. Civ. P. 23...............................................................................................................2, 6, 7

Fed. R. Civ. P. 23(a) ................................................................................................. *passim*

Fed. R. Civ. P. 23(b) .................................................................................................7, 12, 13

5–23 James Wm. Moore et al., *Moore's Federal Practice*,
    § 23.82 (3d ed. 2019) ..........................................................................................................6

N.Y. Dep't of Labor, Letter from Maria L. Colavito
    RO–08–0061 (December 4, 2008).......................................................................................12

N.Y. Dep't of Labor, Letter from Maria L. Colavito
    RO–09–0066 (May 21, 2009).............................................................................................11

## I.      INTRODUCTION

Given the unusual circumstances of this case, Defendant Whole Foods Market Group, Inc. ("Whole Foods") submits this preliminary and limited motion to affirmatively deny class certification and/or strike the class allegations in the Complaint for lack of numerosity, as is required by Rule 23(a)(1) of the Federal Rules of Civil Procedure.

By way of background, this matter started with two plaintiffs, but neither accurately represented his work history with Whole Foods in their pleadings. As a result, after Whole Foods answered the Complaint, it moved for judgment on the pleadings under Rule 12(c) on the basis that former named plaintiff Dwayne J. Scott ("Scott") affirmatively misrepresented his employment history to the Court, and was not employed by Whole Foods at all during the operative statutory period. See Docket Entry ("DE-") 29, 42. Whole Foods also moved for judgment under Rule 12(c) with respect to the only other named plaintiff, Derrell J. Meynard ("Meynard"). Although Meynard noticeably omitted any information about his position in the Complaint, he held a specialized position that precluded him from stating a cognizable claim.

The Court never reached a resolution on the Rule 12(c) motion as Scott failed to respond to the Court's repeated Show Cause Orders, and Scott's lawyer (purported class counsel here) concurrently sought to withdraw from Scott's representation. See generally DE-30, 46, 48, 59. The Court ultimately dismissed Scott's claims with prejudice. See DE-62, 65, 74. Now, only Meynard remains, but it is clear that he cannot represent a class under any circumstances.

As this matter has been pending for two-and-a-half years and resulted in considerable time, effort and cost expended by both the Court and Whole Foods, in accordance with the Court's direction provided at the recent Status Conference (see DE-73), Whole Foods respectfully moves on an extremely narrow basis for an affirmative denial of class certification

1

or, alternatively, to strike the class allegations in the Complaint, on the limited ground that Meynard cannot pursue any class claim here for lack of numerosity.[1]

Meynard seeks to have the Court certify a class of "all manual workers" at every Whole Foods in New York, despite the fact that he held only a specialized "Produce Buyer/Specialist" role at a single location during the four-month putative class period – *eight and a half years ago*. In contrast to representations by Meynard's counsel during the July 15, 2020 status conference that Meynard worked at multiple Whole Foods stores during the supposed class period (see DE-73), a review of the docket indisputably establishes that, during the applicable period:

(i) Meynard worked only at a single Whole Foods location;

(ii) Meynard only held the position of "Produce Buyer/Specialist";

(iii) only ***12*** other Whole Foods employees in New York held the Produce Buyer/Specialist position, while the putative class that Meynard seeks to represent allegedly consists of ***3,300 individuals*** holding **at least 90 different positions at numerous Whole Foods locations throughout New York**; and

(iv) as just one of 12 Whole Foods employees in New York working as a "Produce Buyer/Specialist," Meynard engaged in extensive non-manual purchasing and marketing/promotional duties unique to his position.

See citations at Section II, infra.

In other words, for the time-being, even if the Court ignores the individualized inquiry that it would need to undertake as to whether Whole Foods employees holding each specific position qualified as "manual workers" as defined under the New York Labor Law ("NYLL"), the supposed "class" Meynard seeks to represent would be, at best, limited to a dozen "Produce Buyer/Specialists," which fails to satisfy Rule 23's numerosity requirement.

---

[1] Although the threshold issues raised in this Motion should be determinative, if the Court denies Whole Foods' Motion, because Whole Foods is moving to affirmatively deny class certification on a discrete basis (lack of numerosity) prior to engaging in any further discovery, Whole Foods reserves all rights to challenge class certification on all grounds under Rule 23 should this matter continue.

2

Accordingly, Whole Foods respectfully requests that the Court deny class certification or, in the alternative, strike all class allegations because they are untenable as a matter of law.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2018, Meynard and former named plaintiff Scott filed a Complaint against Whole Foods alleging that Whole Foods failed to pay "manual workers" on a weekly basis pursuant to NYLL § 191(1)(a).  See Docket Entry ("DE-") 1.  The Complaint does not allege that Whole Foods failed to pay wages, but only that it made delayed wage payments during a limited time period about eight and a half years ago because it paid workers in New York on a bi-weekly payroll.  Id. at ¶¶ 42-45.  Meynard and Scott sought to represent a class of "all manual workers" employed by Whole Foods in the State of New York during the alleged statutory period.  Id. at ¶ 28.  The Complaint does not identify the positions that are supposedly included in the putative class, and it omits the actual position that Meynard held during the putative class period.  Id. at ¶ 16, 19 (noting only that Meynard was employed at Whole Foods but simply conclusorily stating that he "was a manual worker").

The purported class that Meynard (and formerly Scott) seeks to represent allegedly consists of approximately 3,300 individuals employed in the State of New York in various capacities, with different functions and job titles.  Id. at ¶ 31.  As Whole Foods obtained a waiver from the New York State Department of Labor on or about April 27, 2012 allowing Whole Foods to pay all New York employees on a bi-weekly basis, the only potentially applicable statutory period is January 5, 2012 through April 27, 2012.  Id. at ¶¶ 25-26 (acknowledging Whole Foods obtained a waiver).[2]  Accordingly, Meynard and Scott filed the Complaint ***nearly***

---

[2]     Plaintiffs filed the Complaint on January 5, 2018.  See DE-1.  "Claims arising pursuant to the NYLL are subject to a six-year statute of limitations." Gonzales v. Gan Israel Pre-Sch., No. 12-CV-06304 MKB, 2014 WL 1011070, at *11 (E.D.N.Y. Mar. 14, 2014) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years....") (citing Coulibaly v. Millenium Super

3

*six years* after the alleged unlawful actions giving rise to this matter occurred and purported to seek to recover only liquidated damages for the approximately *fifteen week class period* prior to Whole Foods obtaining a waiver and the expiration of the statute of limitations.

Adding to the unique procedural posture of this case, former named plaintiff Scott misled the Court by purporting to bring this action on behalf of others similarly situated despite the fact that he did not work for Whole Foods at all during the operative statutory period. See DE-29 at ¶ 10 and Tabs 1-2 thereto. Whole Foods moved to dismiss Scott under Rule 12(c), and, in response, Scott acknowledged he did not want to participate in this case, even failing to appear for multiple Show Cause hearings and hiding multiple times from process servers sent to find him, all while his lawyer simultaneously sought to withdraw from his representation. See, e.g., DE-31, 42, 46, 50, 59, 65. Ultimately, this Court dismissed Scott with prejudice, leaving Meynard as the only named plaintiff in this matter. See DE-74.

With Scott dismissed, Meynard still apparently seeks to represent "all manual workers" regardless of what positions the individuals held, what duties they may have had, and what locations they worked in across New York. But the only position that Meynard held during the statutory period – which was curiously omitted from the Complaint – is that of a "Produce Buyer/Specialist" at a single Whole Foods store.

Based on the record, there can be no dispute about the simple fact that Meynard chose not to plead his unique position in the Complaint and that he worked at a single location. See Exhibit A, hereto, Excerpts of Whole Foods' Responses to Plaintiffs' Pre-Class Certification

---

Car Wash, Inc., No. 12–CV–04760 (CBA)(CLP), 2013 WL 6021668, at *7) see also N.Y. Lab. Law § 663(3). Despite the statutorily-defined six-year statute of limitations, Plaintiffs affirmatively misstate the statutory period in the Complaint to begin on December 22, 2011. DE-1 at ¶ 27. Without question, based on the allegations and filing date, the relevant statutory period is January 5, 2012 through April 27, 2012 (the end date being the date that the Complaint alleges Whole Foods obtained a waiver to pay manual workers bi-weekly from the New York State Department of Labor). See DE-1 at ¶¶ 25, 27.

Interrogatories, at Response to Interrogatory No. 2; see also DE-29 at ¶ 16 ("Whole Foods denies the allegations in Paragraph 16. In further response, Whole Foods affirmatively states that Mr. Meynard was employed by Whole Foods in Jericho, New York from June 24, 2010 through July 22, 2013); see also id. at Tab 3 (excerpts from Meynard's Whole Foods personnel file, identifying his work location during this time period as being Jericho, New York); id. at Tab 4 (extract for Meynard from Whole Foods' Workday History computer program, identifying his work location during this time period as being Jericho, New York in column G, lines 2-20)."); id. at ¶ 17 ("Whole Foods denies the allegations in Paragraph 17. In further response, Whole Foods affirmatively states that Mr. Meynard was employed by Whole Foods at all times relevant to this lawsuit at the Whole Foods location in Jericho, New York. Compare Tab 3 and Tab 4 with Tab 5 (excerpt from Meynard's Whole Foods personnel file, specifically, his application for reemployment with Whole Foods in Jericho, New York, admitting that he actually worked in Manhasset, New York from approximately 2008 until he was "[t]erminated with cause" from that location in 2009)."). Meynard held this position from September 26, 2011 through May 27, 2013, which encompasses the entire alleged statutory time period. See DE-29 at ¶ 19, Tabs 3-4.

Similarly, it is indisputable that (i) only 12 other individuals working in New York held the Produce Buyer/Specialist position during the relevant statutory period, (ii) Meynard was the *only* individual who held that position in the Jericho, New York store in which he worked during the relevant statutory period, and (iii) Meynard only worked in this single location during the alleged class period. See Exhibit A hereto at Response to Interrogatory Nos. 6, 7.

Nevertheless, Meynard, even after Scott's dismissal with prejudice, is seeking to pursue class claims against Whole Foods on behalf of "all manual workers" in the State of New York,

5

irrespective of his own unique employment history and the differences in positions or variations in job duties even among the positions at different Whole Foods stores.

### III.  LEGAL ANALYSIS

**A.  Standard Governing a Motion to Deny Certification**

Whole Foods seeks to deny class certification on the limited basis Meynard cannot establish numerosity in light of the fact that he was employed in one specialized position – held by only 12 other employees, out of the alleged nearly 3,300 employees – during the alleged class period.  His claim should fail on this threshold numerosity issue alone.

Ordinarily, a class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)).  Rule 23 provides that "[w]hen a person sues or is sued as a representative of a class, the court must—at an early practicable time—determine by order whether to certify the action as a class action."  Fedotov v. Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005).  Although, this is normally accomplished by a plaintiff's motion for certification, a defendant "need not wait for the plaintiff to act," and may affirmatively move for an order denying class certification."  Id., see also 5–23 MOORE'S FEDERAL PRACTICE 3d § 23.82 ("The defendant need not wait for the plaintiff to act, however. The defendant may move for an order denying class certification.").  It has been two and a half years following the filing of a six-year-old claim, and Whole Foods should not have to expend yet additional resources on this matter when a class is not tenable.

Even though the issue of class certification thus comes before the Court on Whole Foods' limited, affirmative motion relating to Rule 23(a)(1), the burden ultimately remains on Meynard to prove that each of the required elements for class certification under Rule 23 has been satisfied. Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010).  To survive this

6

limited and targeted affirmative motion, as a result, Meynard must prove that the putative class meets the numerosity requirement of Rule 23(a), and if that requirement is satisfied, he must also establish that the class is maintainable under Rule 23(b).  Otherwise, class certification should be denied and/or the class claims should be stricken.

As the Second Circuit clarified, the requirements of Rule 23 must be proved by a "preponderance of the evidence." Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008). Courts must engage in a "rigorous analysis" to determine whether a plaintiff has met this burden.  In re Initial Public Offerings Sec. Litig., 471 F.3d 24, 33 (2d Cir.2006) (quoting General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160–61 (1982)) ("In re IPO"), reh'g denied, 483 F.3d 70 (2d Cir.2007).

Critically, the Second Circuit has now expressly disavowed its previous view that class certification may be granted when plaintiffs have merely made "some showing" of the Rule 23 prerequisites.  See In re IPO, 471 F.3d at 32.  Here, Meynard cannot satisfy Rule 23(a)(1) and, accordingly, Rule 23(b), and the Court should affirmatively decline to certify a class without further inquiry and on this basis alone.

**B.    Meynard Worked In A Specialized Position That Only 12 Other Individuals Held During The Statutory Period and Cannot Establish Numerosity**

A threshold question unique to Meynard's position is whether it qualifies as a "manual worker" under the NYLL.  Despite this, Meynard seeks to certify a class of allegedly nearly 3,300 individuals that worked at Whole Foods grocery stores with various functions and titles and in different locations across the state.

Although Meynard has failed to even identify the positions that purportedly comprise his class of "manual workers" in the State of New York, Meynard produced more than 90 job descriptions that he contends cover manual workers operating at Whole Foods locations in New

7

York during the class period – with the job description of Meynard's own position being noticeably absent, and no mention in the Complaint of his actual position. See generally DE-42 (explaining misrepresentations regarding Meynard's position and job descriptions produced as part of Initial Disclosures omitting the description for the position held by Meynard).

Although the individualized evaluation of (i) whether the Produce Buyer/Specialist job is a manual position and (ii) whether Whole Foods' policy was unlawful as it relates to individuals in the Produce Buyer/Specialist are two questions for another day, even accepting Meynard's argument that he held a "manual worker" position for the purpose of this limited motion, on Meynard's best day, he could only purport to represent a class of 12 other individuals that held the same job, necessitating denial of class certification based on a failure to establish numerosity.

It is completely inappropriate that Meynard, following Scott's dismissal with prejudice, is continuing to try to represent all Whole Foods workers in New York without regard to any disparities among the actual job duties of different positions at different stores, when Meynard himself held a position so specialized that it was held by only 12 of the alleged 3,300 workers in the putative class. Meynard faces insurmountable obstacles to class certification and accordingly, this Court should affirmative deny certification, or, alternatively, strike all class allegations, and mandate that Meynard proceed on an individual basis.

    1.    <u>To the Extent Plaintiff Seeks to Represent a Limited Class of Produce Buyer/Specialists, Numerosity is Lacking and Meynard has No Standing to Represent a Broad Swath of Positions He Did Not Hold</u>

Class certification is only permissible where the number of persons asserting class claims is such that individual joinder is impracticable. See Rule 23(a)(1); Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993).

In the Second Circuit, a class of forty or more persons is likely sufficient to establish numerosity; however, a class of 20 or fewer fails a matter of law.  Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995); Novella v. Westchester County, No. 02 Civ. 2192 WBM, 2004 WL 3035405, at *6 (S.D.N.Y. Dec. 29, 2004) (numerosity requirement is satisfied when class comprises 40 or more members and not satisfied when the class comprises 21 or fewer); Dunnigan v. Metro. Life Ins. Co., 214 F.R.D. 125, 136 (S.D.N.Y. 2003) (numbers in excess of forty generally satisfy the numerosity requirement); Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll., 331 F.R.D. 279, 288 (S.D.N.Y. 2019) (acknowledging that courts will generally find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer).

Under the usual circumstances, a class representative will typically point to a job description in an attempt to show commonality and numerosity as part of the class certification process.  The inverse is the case here, particularly without Scott as a second named plaintiff, as Meynard affirmatively avoids any discussion of his position given his specialized job.

Even accepting that an individualized inquiry would not need to occur with respect to every other person who held the same position as Meynard, this argument could only apply to 12 individuals. With at most twelve putative class members, Meynard falls far short of satisfying the numerosity prong of Rule 23(a)(1). See, e.g., Bayridge Volvo Am., Inc. v. Volvo Cars of North Am., Inc.,No. 01 Civ. 1890, 2004 WL 1824379, at *6 (S.D.N.Y. Aug. 16, 2004) (class certification denied where number of proposed class numbers was at most 27); Ansari v. New York Univ., 179 F.R.D. 112, 116 (S.D.N.Y. 1998) (plaintiff failed to satisfy numerosity

9

requirement with proposed class of 35 members); Haggerty v. Comstock Gold Co., L.P., No. 84 Civ. 7671, 1986 WL 7797 (S.D.N.Y. July 3, 1986) (declining to certify class of 25).

The inability of any class representative to establish a class larger than 12 individuals demands the denial of class certification and/or dismissal of the class allegations here.

    2.    <u>Meynard Cannot Represent a Class of All "Manual Workers" in the State of New York Because He Cannot Establish Commonality Across Positions and Locations Given the Lack of Numerosity Relating to His Specific Position.</u>

Any argument by Meynard that he can represent a class of employees that held jobs during the putative class that are different from the Produce Buyer/Specialist position that he held should be completely disregarded.

Before analyzing whether Meynard and the putative class were impacted by same allegedly unlawful policy or plan, the threshold question is whether the putative class shares similar job duties with Meynard *which would prevent a position-by-position analysis*.

Courts refuse to certify classes of employees where a named plaintiff seeks to represent employees holding different positions from himself or herself, even under the FLSA's far more lenient collective action standard. See Ryan v. Staff Care, Inc., 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (limiting class to employees holding the same three positions as the named plaintiffs); Stubbs v. McDonald's Corp., 227 F.R.D. 661, 665 (D. Kan. 2004) (conditional certification of FLSA claim denied where putative class consisted of first and second assistant managers and court found plaintiff lacked standing to represent first assistant manager position in the class because plaintiff held only the position of second assistant manager); Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (class denied where plaintiff sought to include all salaried non-officer level employees given material differences in duties); Sheffield v. Orius Corp., 211 F.R.D. 411, 413 (D. Or. 2002) (conditional certification denied

where putative class contained individuals who held different job titles, worked at different work sites, and were paid under different pay systems); see also Sherrill v. Sutherland Global Servs., 487 F. Supp. 2d, 344, 350 (W.D.N.Y. 2007) (refusing to extend conditional certification to "all hourly employees" based on the plaintiffs' showing that the same timekeeping system was used for all hourly employees).

The inappropriateness of Meynard seeking to represent a class of 3,300 employees holding (what he alleges) is at least 90 different job positions different from his own is underscored by case law and guidance from the New York State Department of Labor regarding the fact-specific and case-by-case analysis that must occur in order to determine whether an individual employee is a manual worker subject to the weekly pay frequency requirements of NYLL § 191(1)(a). NYLL § 190(4) defines "manual worker" to mean "a mechanic, workingman or laborer." N.Y. Lab. Law § 190(4); see Cuzco v. Orion Builders, Inc., No. 06 Civ. 2789(KMW)(THK), 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010) (construction and carpentry workers are manual workers for the purposes of NYLL § 191(1)(a)(i)). Obviously, Whole Foods' myriad of employees are not the singular position of "mechanics," so the central issue going forward would be whether the employees' respective individual job duties bring them within the purview of a "workingman or laborer."

The New York State Department of Labor looks at the duties performed by the individual employee in order to determine whether he or she is a "manual worker" and *makes a case-by-case determination irrespective of what may or may not be included in a job description*. See Exhibit B hereto, N.Y. Dep't of Labor Counsel Opinion Letter RO–09–0066, May 21, 2009. "The mere description of an employee as [having a particular job title] is not sufficient for a

11

determination that such employee is a 'manual worker.'" See Exhibit C hereto, N.Y. Dep't of Labor Counsel Opinion Letter RO–08–0061, December 4, 2008.

Thus, while a fail-safe class of "all manual workers" in New York is inappropriate for certification, even Meynard's representation of a purported class of 12 employees in the position of Produce Buyer/Specialist during the statutory period would require analysis of the actual duties of each employee at each store in order to determine ultimate liability. Reaching an answer to whether employees who held the Produce Buyer/Specialist role, let alone every position at Whole Foods during the relevant statutory period, qualify as a manual worker within the meaning of the NYLL cannot be accomplished on a class basis in this case as even a positive determination for Meynard would result in an impermissibly small class of 12 people. The Court should, accordingly, deny certification on this limited, threshold question alone.

C. **Plaintiff's Putative Class Cannot be Certified for the Additional Reason that Plaintiff Cannot Establish Predominance Under Rule 23(b), Particularly Given that He Can Only Speak for 12 Putative Class Members, Lacking Numerosity**

Because Plaintiff cannot satisfy the numerosity requirement of Rule 23(a)(1) (or, even at a first glance, the commonality requirement), the Court can deny certification without reaching Rule 23(b). However, related to the Rule 23(a)(2) commonality prerequisite, but more demanding, is the Rule 23(b)(3) requirement that plaintiff prove that common questions would "predominate" in any class trial. Myers v. Hertz Corp. 624 F.3d 537, 547 (2d Cir. 2010) (quoting FED. R. CIV. P. 23(b)(3)); see also Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 (2d Cir. 2007); Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002). As the Second Circuit held in Myers, "the main concern in the predominance inquiry [is] the balance between individual and common issues." 624 F.3d at 549.

Here, because Plaintiff's putative class indiscriminately lumps all Whole Foods employees who could potentially be "manual workers" in New York together regardless of what

12

position they held, sorting out the class members' individual issues will predominate over common issues. By Meynard's own assessment, there are at least 90 variations of the positions held at Whole Foods locations in New York during the alleged class period, each of which would require a case-by-case inquiry into whether it is a manual position that qualifies the worker who held that role to be paid on a weekly, as opposed to bi-weekly basis, during the 15-week putative class period that took place over eight years ago.

There is simply no availing argument that could possibly be advanced by Meynard to establish predominance. Moreover, related to the Rule 23(b)(3) predominance requirement is the Rule's requirement that the plaintiff prove that a class action be the superior mechanism for adjudicating the claims of each class member. Meynard cannot satisfy this requirement because the wide discrepancies in purported class members' job duties means that his request to represent "all manual workers" – particularly when he only held a position that 12 others held – constitutes an impermissible fail-safe class.

Here, based on the allegations alone and discovery to date, there would be too many individualized issues in a trial on the merits for a class action to be a manageable or appropriate – much less superior. Accordingly, the Court should affirmatively deny class certification and/or strike the class allegations from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Whole Foods respectfully requests that the Court grant Whole Foods' motion and affirmatively decline to certify any class. In the alternative, Whole Foods respectfully requests that the Court strike all class allegations from the Complaint.

                                    **DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

By:   */s/ Christopher M. Pardo*
       Christopher M. Pardo
       HUNTON ANDREWS KURTH LLP
       200 Park Avenue, 52nd Floor
       New York, New York 10166
       Tel: (212) 309-1000
       Fax: (212) 309-1100
       cpardo@HuntonAK.com

Dated: August 14, 2020

## CERTIFICATE OF SERVICE

     I, Christopher M. Pardo, counsel for Defendant Whole Foods Market Group, Inc., hereby certify that on August 14, 2020, the foregoing document was served by electronic mail only (per the agreement of the parties) upon counsel for Plaintiff as follows:

    Steven John Moser, Esq.
    Moser Employment Law
    3 School Street, Suite 207B
    Glen Cove, NY 11542
    *smoser@moseremploymentlaw.com*

                                                              */s/ Christopher M. Pardo*
                                                              Christopher M. Pardo